1
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
2
   Including Professional Corporations
GREGORY F. HURLEY, Cal. Bar No. 126791
3
ghurley@sheppardmullin.com
BRADLEY J. LEIMKUHLER, Cal. Bar No. 261024
4
bleimkuhler@sheppardmullin.com
650 Town Center Drive, 4th Floor
5
Costa Mesa, California 92626-1993
Telephone:  714.513.5100
6
Facsimile:   714.513.5130

7
Attorneys for Defendant,
DOMINO'S PIZZA LLC
8

9
UNITED STATES DISTRICT COURT

10
CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

11

12
GUILLERMO ROBLES,

13
          Plaintiff,

14
          v.

15
DOMINO'S PIZZA LLC,

16
          Defendant.

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 2:16-cv-06599
Hon. S. James Otero

**DEFENDANT DOMINO'S PIZZA LLC'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**

Trial Date:     None Set

Defendant Domino's Pizza LLC ("Defendant"), in answer to plaintiff Guillermo Robles' ("Plaintiff") Complaint, admits, denies, and alleges as follows:

## **INTRODUCTION**

1. In response to Paragraph 1 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

2. In response to Paragraph 2 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

3. In response to Paragraph 3 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

4. In response to Paragraph 4 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

5. In response to Paragraph 5 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

## **JURISDICTION AND VENUE**

6. In response to Paragraph 6 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

7. In response to Paragraph 7 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

8. In response to Paragraph 8 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

-1-

9.     In response to Paragraph 9 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

## **PARTIES**

10.     In response to Paragraph 10 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

11.     In response to Paragraph 11 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

12.     In response to Paragraph 12 of the Complaint, Defendant denies each and every allegation.

13.     In response to Paragraph 13 of the Complaint, Defendant admits that it maintains a website named www.dominos.com and mobile applications, that some of the features on the website and the mobile applications include a restaurant locator, permitting users to order food for pick-up and delivery, and to purchase gift cards for some locations.  Defendant also admits that it is a limited liability company with its principal place of business in Michigan.  Defendant denies each and every other allegation.

14.     In response to Paragraph 14 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

15.     In response to Paragraph 15 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

/ / /

/ / /

/ / /

-2-

1 | **THE AMERICAN WITH DISABILITIES ACT AND THE INTERNET**

2 |     16.    In response to Paragraph 16 of the Complaint, Defendant is not

3 | required to answer legal conclusions and argument, and on that basis, denies each

4 | and every allegation.

5 |     17.    In response to Paragraph 17 of the Complaint, Defendant is not

6 | required to answer legal conclusions and argument, and on that basis, denies each

7 | and every allegation.

8 |     18.    In response to Paragraph 18 of the Complaint, Defendant is not

9 | required to answer legal conclusions and argument, and on that basis, denies each

10 | and every allegation.

11 |     19.    In response to Paragraph 19 of the Complaint, Defendant is not

12 | required to answer legal conclusions and argument, and on that basis, denies each

13 | and every allegation.

14 |     20.    In response to Paragraph 20 of the Complaint, Defendant is not

15 | required to answer legal conclusions and argument, and on that basis, denies each

16 | and every allegation.

17 |     21.    In response to Paragraph 21 of the Complaint, Defendant is not

18 | required to answer legal conclusions and argument, and on that basis, denies each

19 | and every allegation.

20 |     22.    In response to Paragraph 22 of the Complaint, Defendant is not

21 | required to answer legal conclusions and argument, and on that basis, denies each

22 | and every allegation.

23 |     23.    In response to Paragraph 23 of the Complaint, Defendant is not

24 | required to answer legal conclusions and argument, and on that basis, denies each

25 | and every allegation.

26 | / / /

27 | / / /

28 | / / /

# **FACTUAL BACKGROUND**

24.     In response to Paragraph 24 of the Complaint, Defendant admits that it maintains a website named www.dominos.com, that some of the features on the website include a restaurant locator, and the website permits users to order food for pick-up and delivery.  Defendant denies each and every other allegation.

25.     In response to Paragraph 25 of the Complaint, Defendant admits that it maintains mobile applications, that some of the features on the mobile applications include a restaurant locator, and the mobile applications permit users to order food for pick-up and delivery.  Defendant denies each and every other allegation.

26.     In response to Paragraph 26, Defendant denies each and every allegation.

27.     In response to Paragraph 27, Defendant denies each and every allegation.

28.     In response to Paragraph 28, Defendant denies each and every allegation.

29.     In response to Paragraph 29, Defendant denies each and every allegation.

30.     In response to Paragraph 30, Defendant denies each and every allegation.

31.     In response to Paragraph 31, Defendant denies each and every allegation.

32.     In response to Paragraph 32, Defendant denies each and every allegation.

33.     In response to Paragraph 33, Defendant denies each and every allegation.

34.     In response to Paragraph 34, Defendant denies each and every allegation.

1      35.    In response to Paragraph 35, Defendant denies each and every

2  allegation.

3      36.    In response to Paragraph 36, Defendant denies each and every

4  allegation.

5      37.    In response to Paragraph 37, Defendant denies each and every

6  allegation.

7      38.    In response to Paragraph 38 of the Complaint, Defendant is not

8  required to answer legal conclusions and argument, and on that basis, denies each

9  and every allegation.

10      39.    (There is no Paragraph 39).

11      40.    (There is no Paragraph 40).

12      41.    (There is no Paragraph 41).

13      42.    (There is no Paragraph 42).

14      43.    In response to Paragraph 43 of the Complaint, Defendant is not

15  required to answer legal conclusions and argument, and on that basis, denies each

16  and every allegation.

17      44.    In response to Paragraph 44 of the Complaint, Defendant is not

18  required to answer legal conclusions and argument, and on that basis, denies each

19  and every allegation.

20      45.    In response to Paragraph 45, Defendant denies each and every

21  allegation.

22      46.    In response to Paragraph 46, Defendant denies each and every

23  allegation.

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

DEFENDANT DOMINO'S PIZZA LLC'S
ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL

**FIRST CAUSE OF ACTION**

**VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990,**

**42 U.S.C. § 12181 *et seq.* [DOMINOS.COM]**

47.     In response to Paragraph 47 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth herein, the responses contained in paragraphs 1 through 46 of this Answer as set forth above.

48.     In response to Paragraph 48 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

49.     In response to Paragraph 49 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

50.     In response to Paragraph 50 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

51.     In response to Paragraph 51 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

52.     In response to Paragraph 52 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

53.     In response to Paragraph 53 of the Complaint, Defendant denies each and every allegation.

54.     In response to Paragraph 54 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

**<u>SECOND CAUSE OF ACTION</u>**

**<u>VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990,</u>**

**<u>42 U.S.C. § 12181 *et seq.* [DOMINOS MOBILE APP]</u>**

55.    In response to Paragraph 55 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth herein, the responses contained in paragraphs 1 through 54 of this Answer as set forth above.

56.    In response to Paragraph 56 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

57.    In response to Paragraph 57 of the Complaint, Defendant denies each and every allegation.

58.    In response to Paragraph 58 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

**<u>THIRD CAUSE OF ACTION</u>**

**<u>VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA</u>**

**<u>CIVIL CODE § 51 *et seq.* [DOMINOS.COM]</u>**

59.    In response to Paragraph 59 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth herein, the responses contained in paragraphs 1 through 58 of this Answer as set forth above.

60.    In response to Paragraph 60 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

61.    In response to Paragraph 61 of the Complaint, Defendant denies each and every allegation.

62.    In response to Paragraph 62 of the Complaint, Defendant denies each and every allegation.

63.     In response to Paragraph 63 of the Complaint, Defendant denies each and every allegation.

64.     In response to Paragraph 64 of the Complaint, Defendant denies each and every allegation.

65.     In response to Paragraph 65 of the Complaint, Defendant denies each and every allegation.

66.     In response to Paragraph 66 of the Complaint, Defendant denies each and every allegation.

## FOURTH CAUSE OF ACTION

## VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 *et seq.* [DOMINOS MOBILE APP]

67.     In response to Paragraph 67 (misidentified as Paragraph 42) of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth herein, the responses contained in paragraphs 1 through 66 of this Answer as set forth above.

68.     In response to Paragraph 68 (misidentified as Paragraph 43) of the Complaint, Defendant denies each and every allegation.

69.     In response to Paragraph 69 (misidentified as Paragraph 44) of the Complaint, Defendant denies each and every allegation.

70.     In response to Paragraph 70 (misidentified as Paragraph 45) of the Complaint, Defendant denies each and every allegation.

71.     In response to Paragraph 71 (misidentified as Paragraph 46) of the Complaint, Defendant denies each and every allegation.

72.     In response to Paragraph 72 (misidentified as Paragraph 47) of the Complaint, Defendant denies each and every allegation.

73.     In response to Paragraph 73 (misidentified as Paragraph 48) of the Complaint, Defendant denies each and every allegation.

-8-

Defendant denies all allegations not specifically and expressly admitted in this Answer.

In addition, Defendant asserts the following affirmative defenses with respect to all of Plaintiff's causes of actions and claims.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

(Lack of Standing)

1. Plaintiff lacks standing to pursue his alleged claims. To show standing, "a plaintiff has the burden of proving: (1) that he or she suffered an 'injury in fact,' (2) a causal relationship between the injury and the challenged conduct, and (3) that the injury likely will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Here, Plaintiff lacks standing to pursue his alleged claims because, among other reasons, he is not a bona fide patron, he never attempted to access Defendant's website (and/or mobile applications), and/or he does not intend to access Defendant's website (and/or mobile applications) in the future. Indeed, Plaintiff does not even alleged that he attempted to access Defendant's website (and/or mobile applications) on a particular date or explain what problems he allegedly encountered.

## SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

2. Plaintiff's claims are barred to the extent they are based on visits to the subject website (and/or mobile applications) beyond the Statute of Limitations.

## THIRD AFFIRMATIVE DEFENSE

(Failure to State a Claim)

3. The Complaint, and each and every claim therein, fails to state a claim for which relief can be granted and should, therefore, be dismissed.

## FOURTH AFFIRMATIVE DEFENSE

### (Effective Access)

4.     The alleged barriers provide effective access to Plaintiff.  Even if the features alleged in the Complaint do not comply with applicable access standards, if any applicable standards exist, Defendant's website (and/or mobile applications) nonetheless provided effective access to Plaintiff because any alleged noncompliance as alleged in the Complaint was *de minimis*, the website (and/or mobile applications) was usable and accessible despite its alleged noncompliance, and/or Plaintiff was able to use and access Defendant's website (and/or mobile applications).

## FIFTH AFFIRMATIVE DEFENSE

### (Defendant Provided Services Via Alternative Methods)

5.     Any alleged wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because Defendant was ready and willing to accommodate Plaintiff's alleged disability by providing access via alternative methods but Plaintiff never asked for or sought any assistance.

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

6.     Plaintiff's claims are barred under the doctrine of unclean hands since Plaintiff is not a bona fide patron, but a serial plaintiff who filed this lawsuit to try to extort a monetary settlement.

## SEVENTH AFFIRMATIVE DEFENSE

### (Technically Infeasible)

7.     Any alleged wrongful acts or omissions performed by Defendant or its agents, if there were any, does not subject Defendant to liability because full compliance with the standards for the alleged barriers identified in the Complaint would be technically infeasible.

-10-

## EIGHTH AFFIRMATIVE DEFENSE

### (Undue Burden)

8.    Insofar as Defendant has not made changes to its website (and/or mobile applications), which Plaintiff contends should have been made as alleged in the Complaint, those changes were and are not required under federal, or California law, and any requirements to make those changes would impose an undue burden on Defendant.

## NINTH AFFIRMATIVE DEFENSE

### (Reasonable Modifications to Policies, Practices and Procedures)

9.    Plaintiff's claims are barred because Defendant was willing to make reasonable modifications to its policies, practices, and/or procedures to accommodate Plaintiff's alleged disability but Plaintiff never asked for or sought assistance.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

10.    Plaintiff failed to properly mitigate his alleged damages and is purposefully accessing or alleging to be deterred from accessing Defendant's website (and/or mobile applications) in order to improperly stack his damages and therefore is precluded from recovering those alleged damages.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Fundamental Alteration)

11.    Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because fixing the barriers alleged in the Complaint would, if granted, result in a fundamental alteration of Defendant's services.

/ / /

/ / /

/ / /

-11-

## TWELFTH AFFIRMATIVE DEFENSE

### (Removal of Access Barriers Was Not Readily Achievable)

12.     Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because the removal of the alleged barriers identified in the Complaint was not readily achievable or easily accomplishable and/or able to be carried out without much difficulty or expense when taking into account the factors set forth at 42 U.S.C. § 12181.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Legitimate Business Justifications)

13.     The Complaint, and each and every purported claim alleged therein, are barred because any action taken with respect to Plaintiff was for legitimate, non-discriminatory business reasons unrelated to Plaintiff's alleged disability or other asserted protected status.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

14.     Defendant and its agents, if any, acted reasonably and in good faith at all times material herein, based on all relevant facts, law, and circumstances known by them at the time that they acted.  Accordingly, Plaintiff is barred, in whole or in part, from any recovery in this action.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Mootness)

15.     Plaintiff's claims are barred under the doctrine of mootness because Defendant's website (and/or mobile applications) complies with all applicable standards, if any exist, and/or , the website (and/or mobile applications) is usable and accessible to persons with a vision disability, including Plaintiff, and/or Plaintiff is able to use and access Defendant's website (and/or mobile applications).

DEFENDANT DOMINO'S PIZZA LLC'S
                                                                 ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Equivalent Facilitation)

16.     Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because Defendant provided and/or was willing to provide equivalent facilitation with respect to the barriers alleged in the Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Claims Subject to Arbitration)

17.     Each of Plaintiff's claims are subject to a mandatory and binding arbitration provision set forth in Defendant's terms and conditions.  Plaintiff agreed to abide by Defendant's terms and conditions, including the mandatory arbitration provision, when he utilized Defendant's services.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Forum Non Conveniens)

18.     Plaintiff's claims are barred and/or subject to transfer in whole or in part because they have been filed in an inconvenient forum or *forum non conveniens*.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Improper Venue)

19.     Plaintiff's claims are barred and/or subject to transfer in whole or in part because they have been filed an improper venue.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Primary Jurisdiction)

20.     Plaintiff's claims are barred and/or subject to transfer in whole or in part under the doctrine of primary jurisdiction.  The Department of Justice has yet to promulgate any standards and/or regulations governing the use of websites and/or mobile applications.

-13-

1

## **PRAYER**

2      **WHEREFORE**, Defendant prays that this Court enter a judgment as follows:

3      1.      That the Complaint be dismissed with prejudice and that judgment be

4  entered in favor of Defendant;

5      2.      That Plaintiff take nothing by way of his Complaint;

6      3.      That Defendant be awarded its costs of suit incurred in defense of this

7  action, including its reasonable attorney's fees; and

8      4.      For such further and other relief as the Court may deem just and proper.

9  Dated:  September 29, 2016

10                     SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

11

12                     By      /s/ *Gregory F. Hurley*

13                             GREGORY F. HURLEY

14                             Attorneys for Defendant,
                               DOMINO'S PIZZA LLC
15

16          **DEMAND FOR JURY TRIAL**

17      Defendant hereby demands a trial by jury.

18
    Dated:  September 29, 2016
19
                       SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
20

21

22                     By      /s/ *Gregory F. Hurley*
                               GREGORY F. HURLEY
23

24                             Attorneys for Defendant,
                               DOMINO'S PIZZA LLC
25

26

27

28

-14-