Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
Caitlin J. Scott, Esq. (State Bar No. 310619)
**MANNING LAW, APC**
4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
Office: (949) 200-8755
Fax: (866) 843-8308
ADAPracticeGroup@manninglawoffice.com

Attorneys for Plaintiff GUILLERMO ROBLES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| GUILLERMO ROBLES, an individual, <br><br> Plaintiff, <br><br> v. <br><br> DOMINO'S PIZZA LLC, a limited liability corporation, <br><br> Defendant. | Case No.: 16-06599-SJO <br><br> **JOINT RULE 26(f) REPORT** <br><br> **Date: November 28, 2016** <br> **Time: 8:30 a.m.** <br> **Hon. S. James Otero** |

NOW COME Plaintiff GUILLERMO ROBLES ("Plaintiff") and Defendant DOMINO'S PIZZA LLC ("Defendant") (collectively referred to as "the parties"), by and through the undersigned counsel and hereby respectfully submit the instant Joint Rule 26(f) Scheduling Report.

1

I. **STATEMENTS OF THE CASE**

<u>Plaintiff's Statement</u>: Defendant, which maintains places of accommodation, offers a website, Dominos.com, along with a mobile application ("Mobile App") for the iPhone, which are both heavily integrated with Defendant's places of public accommodation and function as gateways to Defendant's restaurants.  Defendant's website and Mobile App provide consumers with access to an array of goods and services including restaurant locators, product descriptions, product sales, special pricing offers, customizable orders, pick-up and delivery services, and a variety of other functions, but is denying equal access to visually-impaired customers such as Plaintiff.  Defendant's website and Mobile App contain access barriers that prevent free and full use by visually-impaired persons using screen reading software.  These barriers are pervasive and include, but are not limited to, the following: the lack of alternative text that allows a screen reader to speak the alternative text where a sighted user would see a picture, contrast errors, missing form control labels in which various form controls do not have properly associated text labels, multiple and/or duplicative form labels, and empty links that contain no text. The foregoing access barriers prevent Plaintiff from full and equal access to the services and privileges offered by Defendant.

Based thereon, Plaintiff has alleged causes of action based on Defendant's violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12181 et seq. and the Unruh Civil Rights Act, California Civil Code § 51 et seq.

<u>Defendant's Statement</u>:  Defendant denies that its website and/or Mobile App are not accessible.  The Department of Justice has not issued any accessibility standards for websites and/or mobile applications.  Plaintiff does not even identify a particular date when he attempted to access Defendant's website or describe any specific problems he allegedly encountered.  Instead, the Complaint appears to set forth a non-specific list of complaints based upon inapplicable standards.

Defendant also contends that this action is subject to arbitration.  Defendant needs to conduct limited discovery to establish the evidence it needs to compel arbitration of Plaintiff's claims.

## II. DISCOVERY PLAN

### A. Initial Disclosures

The Parties have agreed to mutually exchange initial disclosures on or before November 29, 2016.

### B. Scope and Timing of Discovery

<u>Plaintiff's Statement</u>:  Plaintiff proposes that that discovery shall commence immediately upon the parties' meet and confer efforts in accordance with FRCP 26(d).  Plaintiff believes that phasing of discovery is not necessary in this instance. Plaintiff intends to conduct discovery on the following topics via written discovery and deposition(s) of Defendant's person most knowledgeable pursuant to FRCP 30(b)(6):

1. Defendant's operation of places of public accommodation;
2. Defendant's ownership of the website, Dominos.com, referenced in the Complaint for this action;
3. Defendant's ownership of Domino's Mobile App referenced in the Complaint for this action;
4. The design of Dominos.com;
5. The design of Domino's Mobile App;
6. The accessibility of Dominos/com by visually-impaired individuals;
7. The accessibility of Domino's Mobile App by visually-impaired individuals;
8. Dominos.com's compliance with version 2.0 of the Web Content Accessibility Guidelines set forth by the international website standards organization W3C;
9. Domino's Mobile App's compliance with version 2.0 of the Web Content

  Accessibility Guidelines set forth by the international website standards organization W3C;

10. Training provided by Defendant on web design and accessibility for disabled users of Dominos.com;

11. Training provided by Defendant on iPhone application design and accessibility for disabled users Domino's Mobile App;

12. Complaints about Dominos.com and Domino's Mobile App's accessibility to the visually impaired;

13. Government investigations of Dominos.com and Domino's Mobile App;

14. All actions taken by Defendant to make Dominos.com and Domino's Mobile App accessible to visually-impaired users.

Defendant's Statement:

  Defendant believes that Plaintiff is bound by terms of service which requires them to arbitrate this claim. *E.g. Whitt v. Prosper*, Case No. 1:15-cv-00136-GHW (order dated July 14, 2015). Defendant proposes to initiate limited discovery to determine whether Plaintiff may proceed in this Court or whether Plaintiff must abide by the arbitration provision. Defendant believes that with Plaintiff's cooperation, this discovery can be completed by mid-February 2017, and a motion to compel arbitration brought within 30 days of the completion of that limited discovery.

  Subject to Defendant's reservation for its motion to compel arbitration, the Parties propose the following schedule of Pretrial Dates:

| Matter | Time | Day(s) or Weeks Before Trial | Plaintiff's Request | Defendant's Request | Court Order |
|---|---|---|---|---|---|
| **Trial Date (Jury) Estimated Length: 5 Days** | 9:00 a.m. | | December 5, 2017 | | |

| | | | | | |
|---|---|---|---|---|---|
| **Final Pretrial Conference; Discuss Previously-Filed Motions in Limine; File Agreed-Upon Set of Jury Instructions and Verdict Forms and Joint Statement re Disputed Instructions and Verdict Forms; File Proposed *Voir Dire* Questions and Agreed-To Statement of Case; File Witness List, Exhibit List, and Trial Brief** | 9:00 a.m. | 8 days before trial | November 27, 2017 | | |
| **Last Day for Hearing Motions** | | 45 days before trial | October 20, 2017 | | |
| **Discovery Cut-Off** | | 45 days before trial | October 20, 2017 | | |

Additional Matters To Be Determined At Scheduling Conference:

| | | | | | |
|---|---|---|---|---|---|
| **Last Day to Conduct Settlement Conference** | | 3 weeks prior to pretrial conference | November 6, 2017 | | |
| **Last Day to Amend Pleadings or Add Parties** | | 3 weeks prior to pretrial conference | November 6, 2017 | December 28, 2016 | |

Defendant believes there should be no need to amend the pleadings and that in order to avoid unnecessary delay that the deadline be set at no later than thirty days from the date of this Conference.

**C.     Disclosure of Electronically Stored Information**

Plaintiff's Statement: Plaintiff requests that documents and/or things responsive to discovery requests shall be produced in its native format, with all metadata included, as they are kept in the usual course of business or shall be

organized and labeled to correspond with each category to which they are responsive. If the documents only exist in hard copy, then they shall be produced in a searchable PDF format.

<u>Defendant's Statement</u>: Defendant will meet and confer with Plaintiff regarding the disclosure or discovery of electronically stored information once it learns of the scope of Plaintiff's discovery requests.

### D. Claims of Privilege

The Parties are unaware at this time as to any specific claims of privilege that may arise. However, if any such issues do arise they will redact information or take any other steps needed to preserve privileges, i.e. request a stipulated protective order.

### E. Changes in Limitations

The Parties do not believe at this time that any specific changes should be made on the limitations of discovery or other aspects of this litigation imposed under the Federal Rules of Civil Procedure or by Local Rule. To the extent a protective order is necessary in this matter before any confidential or proprietary information is exchanged, the Parties will work together to jointly submit it to the Court.

## III. DISPOSITIVE MOTIONS

Both Parties anticipate filing motions for summary judgment. No other dispositive motions are anticipated at this time.

## IV. POTENTIAL FOR SETTLEMENT / PARTICIPATION IN ADR PROGRAM

To date the Parties have not participated in settlement discussions. The Parties agree that a speedy resolution in this matter is in the best interest of both parties and believe that this case is well-suited for mediation. The Parties believe that a court-appointed mediator is appropriate and will explore whether initial mediation is appropriate by March 31, 2017.

## V. WHETHER THE CASE IS COMPLEX OR REQUIRES REFERENCE TO THE PROCEDURES SET FORTH IN THE MANUAL ON COMPLEX LITIGATION

At this time, the Parties do not believe the case requires a complex designation.

## VI. THE LIKELIHOOD OF THE APPEARANCE OF ADDITIONAL PARTIES

At this time, the Parties do not believe that any additional Parties will be added.

Dated: November 18, 2016         **MANNING LAW, APC**

By: /s/ *Joseph R. Manning Jr., Esq.*
Joseph R. Manning Jr., Esq.
Caitlin J. Scott, Esq.
Attorneys for Plaintiff

Dated: November 18, 2016

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**

By: /s/ *Bradley J. Leimkuhler*
BRADLEY J. LEIMKUHLER
Attorneys for Defendant,
DOMINO'S PIZZA LLC