# Exhibit A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BILLY RAY KIDWELL,

    Plaintiff,

v.                              Case No: 2:16-cv-403-FtM-99CM

FLORIDA COMMISSION ON
HUMAN RELATIONS and
SEAWORLD ENTERTAINMENT,
INC.,

    Defendants.

## ORDER

This matter comes before the Court upon review of Plaintiff's Motion for Court Ordered Service of Summons and Complaint on the Defendant, SeaWorld Entertainment, and Motion to Show Cause (Doc. 8); Plaintiff's Verified Motion to Proceed In Forma Pauperis and Request for Issue Preclusion as to Poverty, with Sworn Declaration (Doc. 15); Plaintiff's Motion for Emergency Hearing on Plaintiff's Pending Motions for Court Ordered Service on SeaWorld, Plaintiff's Motion for SeaWorld to Show Cause, and for an "Adkins" Hearing to Grant Plaintiff Leave to Proceed *In Forma Pauperis*, and Enforce Rule 4 (Doc. 19); and Plaintiff's Motion to Reconsider this Court's Order of August 3, 2016 for Abuse of Discretion, or in the Alternative Clarify Order (Doc. 22).

    **I.**     **Background**

On May 25, 2016, Plaintiff filed a Complaint (the "Complaint") against the Florida Commission on Human Relations (the "FCHR") and SeaWorld

Entertainment, Inc. ("SeaWorld") (collectively "Defendants"). Doc. 1. Plaintiff alleges that he is a disabled veteran and lives in Florida. *Id.* ¶ 80. According to the Complaint, Plaintiff and his family visited Busch Gardens, a large amusement park in Tampa, on June 28, 2014. *Id.* ¶ 164. Plaintiff's claim of discrimination against SeaWorld stems from three accounts: either SeaWorld's or Busch Gardens'[1] (1) pricing policy, (2) lack of accommodations on its online website, and (3) prohibition of service dogs and unavailability of an electrical wheelchair into Busch Gardens.

First, Plaintiff argues that Busch Gardens required Plaintiff to pay a full-priced ticket for entry although Plaintiff could enjoy only two rides because of his disability. *Id.* ¶¶ 133-34, 139. Plaintiff also asserts that Busch Gardens charged $50 for a one-day rental of an electrical wheelchair. *Id.* ¶ 146. Second, Plaintiff alleges that Busch Gardens did not allow Plaintiff's two service dogs into Busch Gardens and provide an electrical wheelchair to Plaintiff although Plaintiff called and sent an email to Busch Gardens. *Id.* ¶¶ 166-69, 196. Plaintiff claims that because he did not have an electrical wheelchair and service dogs, he could not enjoy rides and became ill while waiting for other family members in Busch Gardens. *Id.* ¶¶ 203-09. Lastly, Plaintiff asserts that Busch Gardens' online ticket website was complex to navigate and did not provide accommodations for Plaintiff's disability.

---

[1] Although the Complaint seems to hold SeaWorld responsible for Busch Gardens' actions, the Complaint does not show how the two entities, Busch Gardens and SeaWorld, are related. Doc. 1 ¶¶ 26-27. Rather, the Complaint seems to mix the roles of SeaWorld and Busch Gardens in the incident described above. *Id.* ¶¶ 8-51.

*Id.* ¶¶ 180, 182-83.  As a result, Plaintiff alleges that SeaWorld violated Title III of the Americans with Disabilities Act ("ADA").

With regard to the FCHR, Plaintiff argues that the FCHR did not provide an impartial complaint process when Plaintiff attempted to bring a claim against SeaWorld before the FCHR.  *Id.* ¶¶ 204, 238, 241-48.  Plaintiff alleges that the FCHR violated Title II of the ADA and the Florida Civil Rights Act ("FCRA")[2] by determining Plaintiff's complaint regarding the above incidents insufficient and not providing accommodations for filing of his complaint.  *Id.* ¶¶ 254-57, 267, 274. Plaintiff also claims that the FCHR's regulations regarding service animals do not comply with Title II.  *Id.* ¶¶ 260-61.

Based on the above allegations, Plaintiff seeks that the Court order (1) SeaWorld to make its online website and its amusement parks accessible to the disabled, (2) Defendants to comply with the federal regulations regarding service animals, (3) the FCHR not to enact its own regulations and to comply with Title II of the ADA, and (4) Defendants to pay monetary damages to Plaintiff.  *Id.* at 64-67 ¶¶ 1-20.

## II. Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 15)

### a. Indigency

Plaintiff requests leave to proceed without prepayment of the filing fees and costs pursuant to 28 U.S.C. § 1915.  In accordance with 28 U.S.C. § 1915, the Court

---

[2] Because a claim under the FCRA is analyzed under the same framework as the ADA, the Court will not analyze separately Plaintiff's FCRA claims. *Chanda v. Engelhard/ICC*, 234 F.3d 1219, 1221 (11th Cir. 2000).

- 3 -

must first determine that Plaintiff meets the requirements of indigency and then conduct a sufficiency review of the Complaint (Doc. 1).

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). When considering a motion filed pursuant to 28 U.S.C. § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). A person need not be "absolutely destitute" or reduce himself to a public charge in order to proceed *in forma pauperis*; rather "an affidavit will be held sufficient if it represents that the litigant, because of [his] poverty, is unable to pay for the court fees and costs, and to support and provide necessities for [himself] and [his] dependents." *Martinez*, 364 F.3d at 1307.

Here, Plaintiff's Affidavit shows that he is qualified to proceed without prepayment of costs in this matter. Plaintiff is a disabled veteran who supports his family with his disability income from the Department of Veterans Affairs and social security income. Doc. 15-1 ¶ 5. He also states that he has debts from paying medical bills of his wife and daughter who recently had a car accident. *Id.* ¶¶ 12, 14. In addition, Plaintiff is not employed and has no investments to derive income from. *Id.* ¶ 28.

b. *Sufficiency of the Complaint*

Even assuming Plaintiff meets the financial criteria to proceed *in forma pauperis*, the Court must proceed to determine the sufficiency of Plaintiff's claims.

Under Section 1915 of Title 28 of the United States Code, the Court shall dismiss an action if the action is deemed frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

With respect to whether a complaint "fails to state a claim on which relief may be granted," section 1915(e)(2)(B)(ii) mirrors the language of Federal Rule of Civil Procedure 12(b)(6), so courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Ashcroft*, 556 U.S. at 678 (quotations and citation omitted). Instead, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683-84 (11th Cir. 2001) (internal quotation and citation omitted).

Rule 8(a) requires that a pleading set forth a claim of relief and contain a short and plain statement in which the pleader is entitled to relief. Fed. R. Civ. P. 8(a). This requirement ensures that the defendant is given fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 561-63 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). "[T]he

pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). The allegations in the complaint also may not be conclusory. *Twombly*, 550 U.S. at 555; *Id*. Federal Rule 10(b) requires that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence– and each defense other than a denial– must be stated in and separate count or defense.

Fed. R. Civ. P. 10(b).

While the Court holds pro se complaints to a less stringent standard than pleadings drafted by attorneys, *Ortiz v. Degrees*, No. 210-cv-278-FtM-29SPC, 2010 WL 2889773, at *1 (M.D. Fla. June 28, 2010), a pro se litigant still is bound to follow the pleading requirements set forth in the Federal Rules of Civil Procedure. *See Goldsmith v. City of Atmore,* 996 F.2d 1155, 1161 (11th Cir. 1993). "Where allegations are vague and ambiguous, leaving the reader to guess at precisely what the plaintiff was claiming, the judge should require the plaintiff to replead his claims." *McFarlin v. Douglas Cty.*, 587 F. App'x 593, 595 (11th Cir. 2014) (citations omitted).

### a) Plaintiff's Standing

Article III of the United States Constitution limits the Court's jurisdiction to cases or controversies, *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1146 (2013), and requires that there be a case or controversy at all stages of the litigation. *Chafin*

*v. Chafin*, 133 S. Ct. 1017, 1023 (2013). "A plaintiff must demonstrate three things to establish standing under Article III." *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001). The plaintiff must demonstrate that (1) "he suffered an 'injury-in-fact,'" (2) a causal connection exists "between the asserted injury-in-fact and the challenged action of the defendant," and (3) "the injury will be redressed by a favorable decision." *Id.* (internal quotation marks omitted).

"Standing is limited to claims for which the plaintiff is 'among the injured.'" *Access Now, Inc. v. S. Fla. Stadium Corp*, 161 F. Supp. 2d 1357, 1364 (S.D. Fla. 2001). Accordingly, Plaintiff lacks standing to bring claims or make allegations on behalf of all disabled veterans in Florida. These allegations include, for example, "Florida is a horrendous state for America's Disabled Combat Veterans to live in," and "Plaintiff, and America's Disabled Veterans, with unique, or severe P.T.S.D. are wrongfully excluded from the Busch Gardens Accessibility Guide." Doc. 1 ¶¶ 1-5, 222-23.

With regard to the FCHR, it is not clear what "injury-in-fact" that Plaintiff suffered because he was not denied access to or benefit of the FCHR's complaint process. In fact, the Complaint demonstrates that he was able to submit a complaint to the FCHR, which the agency considered and determined insufficient. *Id.* ¶¶ 241, 253, 266, 274. Furthermore, Plaintiff does not allege at all what injury the FCHR's regulation regarding service animals caused to Plaintiff and how the FCHR caused that injury. *Id.* ¶¶ 260-61.

In addition, "a party has standing to seek injunctive relief only if the party alleges . . . a real and immediate-as opposed to a merely conjectural or hypothetical-

threat of future injury." *Id.* In an ADA case, the plaintiff "lacks standing to seek injunctive relief unless he alleges facts giving rise to an inference that he will suffer future immediate discrimination by the defendant." *Id.* In analyzing the likelihood that the plaintiff will suffer a future injury, the court examines the following factors: "(1) the proximity of the place of public accommodation to plaintiff's residence, (2) past patronage of defendant's business, (3) the definitiveness of plaintiff's plan to return, and (4) the plaintiff's frequency of travel near the defendant." *Hoewishcer v. Cedar Bend Club, Inc.*, 877 F. Supp. 2d 1212, 1223 (M.D. Fla. 2012). The plaintiff "either must have attempted to return to the non-compliant building or at least intend to do so in the future." *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1326 (11th Cir. 2013).

Here, Plaintiff's likelihood of suffering a future injury is conjectural. With regard to either Busch Gardens or SeaWorld, Plaintiff alleges that he lives hundreds miles away from Busch Gardens. *Rosenkrantz v. Markopoulos*, 254 F. Supp. 2d 1250, 1253 (M.D. Fla. 2003) (holding that the plaintiff demonstrated a speculative or conjectural future injury because the plaintiff lived hundreds of miles away and had been to the establishment only once); Doc. 1 ¶ 165. According to the Complaint, he visited Busch Gardens only twice in the past, on June 28, 2014 and August 16, 2014. Doc. 1 ¶¶ 190, 215; *see Rosenkrantz*, 254 F. Supp. 2d at 1253; *Hoewishcer*, 877 F. Supp. 2d at 1223. Plaintiff does not allege at all that he intends to return to Busch Gardens "at a specific point in time in the near future." *Hoewischer*, 877 F. Supp. 2d at 1223. Given the distance between Plaintiff's residence and Busch Gardens,

Plaintiff's lack of expressed desire to return, and the infrequency of his trips to Busch Gardens, the Court finds that Plaintiff's future injury from Busch Gardens' alleged discrimination is speculative. *Cf. Houston*, 733 F.3d at 1326 (finding that the threat of future injury was real and immediate because the plaintiff had been to the non-compliant building in the past, wanted to return to the building, and frequently travelled directly past the building).

Similarly, Plaintiff's future injury from the FCHR's challenged practice is not real or immediate. The Complaint contains only one past incident of the FCHR's alleged discrimination. Doc. 1 ¶¶ 241, 253, 266, 274; *see Shotz*, 256 F.3d at 1082. Plaintiff also does not allege at all if he attempted to return or intends to do so in the future. *See Shotz*, 256 F.3d at 1082. "Absent such an allegation, the likelihood of future discrimination remains 'conjectural, hypothetical, or contingent,' and not 'real and immediate.'" *Id.; see Grimes v. Florida,* No. 6:14-cv-244-Orl-28KRS, 2014 WL 1331045, at *5 (M.D. Fla. Apr. 1, 2014) (finding the plaintiff, who alleged a state trial court's refusal of her disability accommodation requests during litigation of personal injury suit, lacked standing for injunctive relief because she did not allege that she was currently involved in litigation or that she intended or was likely to be involved in litigation).

    b) <u>Plaintiff's Claim against SeaWorld under Title III of the ADA</u>

Only injunctive relief is available to individual plaintiffs under Title III; monetary damages are not. *Holloman v. Burger King Rest.,* No. 3:13-cv-1138-J-39PDB, 2014 WL 1328922, at* 3 (M.D. Fla. 2014) (citing *Jairath v. Dyer,* 154 F.3d

1280, 1283 n.7 (11th Cir. 1998)). Here, because the Court finds that Plaintiff lacks standing to bring injunctive relief, Plaintiff cannot seek a viable remedy against SeaWorld under Title III. *See id.*

Even assuming Plaintiff has standing, Plaintiff fails to state a claim under Rule 12(b)(6). Under Title III of the ADA, the plaintiff must allege that (1) he is disabled (within the meaning of the ADA), (2) the defendant is a place of public accommodation, (3) the defendant denied him full and equal enjoyment of its goods, services, facilities, or privileges, and (4) the denial was based on the plaintiff's disability. *Holloman,* 2014 WL 1328922, at* 1 (citing *Schiavo ex rel Schindler v. Schiavo,* 403 F.3d 1289, 1299 (11th Cir. 2005)); *see also Davis v. Ma,* 848 F. Supp. 2d 1105 (C.D. Cal. 2012) (where a customer was denied service in a restaurant due to having his service dog). Discrimination under Title III includes "failing to take steps to ensure that no individual with a disability is excluded by the absence of auxiliary aids and services." *Johnson v. Yashoda Hosp., Inc.,* No. 2:15-cv-611-FtM-99CM, 2016 WL 6681023, at *2 (M.D. Fla. Nov. 14, 2016).

Here, Plaintiff claims that he is disabled under the meaning of the ADA. Plaintiff, however, does not make clear which of the two entities, SeaWorld or Busch Gardens, allegedly denied him full and equal enjoyment of its goods, services, facilities, or privileges. Doc. 1. Although the Complaint names SeaWorld and Busch Gardens interchangeably, the incidents that gave rise to the Complaint seem to involve Busch Gardens only. Nonetheless, Plaintiff chose SeaWorld over Busch Gardens as a named defendant without sufficiently showing SeaWorld's relation to

Busch Gardens.

Regardless, Plaintiff may not claim a violation of Title III based on an internet website's accessibility. Neither Busch Gardens' nor SeaWorld's online website is a physical or public accommodation under the ADA. *Access Now, Inc. v. Sw. Airlines, Co.*, 227 F. Supp. 2d 1312, 1321 (S.D. Fla. 2002). "[T]he internet is a unique medium – known to its users as 'cyberspace' – located in no particular geographical location but available to anyone, anywhere in the world, with access to the internet." *See id.* (internal quotation marks omitted). Hence, Plaintiff is unable to demonstrate that either Busch Gardens' or SeaWorld's online website prevents his access to "a specific, physical, concrete space such as a particular airline ticket counter or travel agency." *See id.* As a result, Plaintiff may not plead a claim based on accessibility of an online website under Title III of the ADA. *See id.*

Plaintiff's claim based on either Busch Gardens' or SeaWorld's pricing policy also is insufficient under Title III. Plaintiff alleges that the policy of selling tickets to him at an equal price as his able-bodied counterparts and of charging $50 for renting electrical wheelchairs is discrimination under Title III of the ADA. Doc. 1 ¶¶ 149-50. The ADA does not mandate either Busch Gardens or SeaWorld to provide a ticket to Plaintiff due to his disabled status, but rather an opportunity to obtain a ticket. *Louie v. Nat'l Football League*, 185 F. Supp. 2d 1306, 1309 (S.D. Fla. 2002). In other words, the ADA "does not require a facility to afford a disabled guest a greater opportunity to purchase [tickets] than his able-bodied counterpart." *Access Now*, 161 F. Supp. 2d at 1367. Similarly, Title III "does not require a public

accommodation to provide its customers, clients, or participants with personal devices, such as wheelchairs.'" 28 C.F.R. § 36.306. Hence, Plaintiff's claim based on either Busch Gardens' or SeaWorld's pricing policy is without merit. *See id.*

  c) <u>Plaintiff's Claim against the FCHR under Title II of the ADA</u>

With regard to the FCHR, "[t]o establish a claim of disability under Title II of the ADA, [a plaintiff] must establish that (1) he [] is a qualified individual with a disability; (2) was denied the full and equal benefit of services, programs, or activities; (3) and that the denial was by a public entity." *Schwartz v. The Vills. Charter Sch., Inc.*, 165 F. Supp. 3d 1153, 1173 (M.D. Fla. 2016). Under Title II, "a public entity" includes "any department, agency, special purpose district, or other instrumentality of a State or States or local government." *Id.*; 42 U.S.C. § 12131.

"In cases alleging reasonable accommodation, the defendant's duty to provide a reasonable accommodation is not triggered until the plaintiff makes a 'specific demand' for an accommodation." *Smith v. Rainey*, 747 F. Supp. 2d 1327, 1338 (M.D. Fla. 2010). "[F]or a demand to be specific enough to trigger the duty to provide a reasonable accommodation, the defendant must have enough information to know of both the disability and desire for an accommodation, or circumstances must at least be sufficient to cause a reasonable [entity] to make appropriate inquiries about the possible need for an accommodation." *Barron v. Sch. Bd. of Hillsborough Cty.*, 3 F. Supp. 3d 1323, 1330 (M.D. Fla. 2014).

Here, the Complaint does not show that Plaintiff made a demand specific enough to inform his disability or sufficient circumstances to the FCHR. *See id.*

Case 2:16-cv-00303-SES-CFM Document 42 Filed 01/27/17 Page 13 of 17 PageID 694
Case 2:16-cv-00303-SES-CFM Document 43-2 Filed 01/02/17 Page 13 of 17 PageID 693
#:217

Plaintiff asserts that he requested "Low Stress Access" as a reasonable accommodation, but does not allege that he submitted with the request what disability he is suffering from. Doc. 1 ¶ 254. Plaintiff argues that he submitted to the FCHR a proof of his disability without alleging that this proof accompanied his request for accommodation. *Id.* ¶¶ 276-77. Hence, the Complaint does not make clear whether Plaintiff made the requisite specific demand that triggers the FCHR's duty under Title II. *See Smith*, 747 F. Supp. 2d at 1338. As a result, the Court finds that Plaintiff's claim against the FCHR under Title II of the ADA is insufficient and would not withstand a motion to dismiss under Rule 12(b)(6).

In addition, to prevail on a claim for compensatory damages under the ADA, "a plaintiff must show that a defendant violated his rights under the statutes and did so with discriminatory intent." *McCullum v. Orlando Reg'l Healthcare Sys., Inc.*, 768 F.3d 1135, 1147 (11th Cir. 2014). "A plaintiff may prove discriminatory intent by showing that a defendant was deliberately indifferent to his statutory rights." *Id.* A showing of deliberate indifference requires that "the defendant knew that harm to a federally protected right was substantially likely and failed to act on that likelihood." *Id.* The FCHR's alleged failure to provide the requested accommodation is not enough to support a finding of deliberate indifference. *See id.* Hence, to seek compensatory damages against the FCHR, Plaintiff must show the FCHR acted with discriminatory intent.

### d) The FCHR's Sovereign Immunity

Even if Plaintiff has standing to bring and has stated claims under Title II against the FCHR, the Complaint does not show that the FCHR is exempt from sovereign immunity of the Eleventh Amendment. Although the Eleventh Amendment "ordinarily prohibits a citizen from using an arm of the state in federal court," the ADA "unequivocally expresses an intent to abrogate sovereign immunity." *Black v. Wiginton*, 811 F.3d 1259, 1269 (11th Cir. 2016). The ADA abrogates sovereign immunity "when a plaintiff complains about a conduct that violates both Title II and the Fourteenth Amendment." *Id.* The plaintiff "who alleges that type of claim has successfully invoked our jurisdiction unless his allegations are 'immaterial and made solely for purpose of obtaining jurisdiction' or 'wholly insubstantial and frivolous.'" *Id.* The standard is "whether the cause of action alleged is so patently without merit as to justify . . . the court's dismissal for want of jurisdiction." *McGinnis v. Ingram Equip. Co., Inc.*, 918 F.2d 1491, 1494 (11th Cir. 1990).

Here, Plaintiff's Complaint does not allege any claim under the Fourteenth Amendment. Doc. 1. Furthermore, having found that Plaintiff lacks standing and has not stated a claim against the FCHR under Title II, the Court finds that his allegations are wholly insubstantial or frivolous because they do not have a plausible foundation. *See Black*, 811 F.3d at 1269. As a result, the Court finds that it does not have jurisdiction to entertain Plaintiff's claims against the FCHR under the doctrine of sovereign immunity. *See id.*

Case 2:16-cv-00503-SES-CFM Document 42 Filed 01/27/17 Page 15 of 17 PageID 690
Case 2:16-cv-00503-SES-CFM Document 42-1 Filed 01/27/17 Page 16 of 17 PageID 696
#:219

e) <u>Plaintiff's Shotgun Pleading</u>

A "shotgun pleading" is one which fails to articulate claims with sufficient clarity to enable Defendants to adequately frame a response. *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 980 (11th Cir. 2008). Plaintiff's Complaint is a "shotgun pleading" because it contains vague, conclusory statements that are "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

Against the FCHR, the Complaint contains vague, conclusory statements that the FCHR denied benefits to Plaintiff because the FCHR favors corporations and has a biased political affiliation. Doc. 1 ¶¶ 72, 234-36, 244. Likewise, Plaintiff claims that SeaWorld harmed Plaintiff because it "wants to discourage the disabled from visiting [its] parks." *Id.* ¶¶ 142, 145. Along with vague, conclusory allegations, the Complaint sets forth irrelevant statements including the lengthy descriptions of how he became certified as a disabled veteran and Defendants' alleged donations and connections to the governor. *Id.* ¶¶ 90-112, 227-31. As a result, the Complaint fails to articulate claims with sufficient clarity to enable Defendants to adequately frame a response. *See Davis*, 516 F.3d 955 at 980.

Accordingly, the Court will deny without prejudice Plaintiff's motion to proceed *in forma pauperis* (Doc. 15) and direct Plaintiff to file an amended complaint that reflects the above instructions.

### III. Plaintiff's Three Remaining Motions (Docs. 8, 19, 22)

Plaintiff's Motion for Court Ordered Service of Summons and Complaint on the Defendant, SeaWorld Entertainment, and Motion to Show Cause (Doc. 8); Motion for Emergency Hearing on Plaintiff's Pending Motions for Court Ordered Service on SeaWorld, Plaintiff's Motion for SeaWorld to Show Cause, and for an "Adkins" Hearing to Grant Plaintiff Leave to Proceed In Forma Pauperis, and Enforce Rule 4 (Doc. 19); and Plaintiff's Motion to Reconsider this Court's Order of August 3, 2016 for Abuse of Discretion, or in the Alternative Clarify Order (Doc. 22) remain.

Plaintiff's two motions (Docs. 8, 19) seek the Court's service of the summons and the Complaint to SeaWorld. On August 3, 2016, the Court took under advisement Plaintiff's emergency motion for hearing (Doc. 19). Doc. 22. Based upon the findings above, these two motions are now moot. As a result, Plaintiff's motion to reconsider the Court's Order (Doc. 22) also is moot.

ACCORDINGLY, it is hereby

### ORDERED:

1. Plaintiff's Verified Motion to Proceed In Forma Pauperis and Request for Issue Preclusion as to Poverty with Sworn Declaration (Doc. 15) is **DENIED without prejudice**.

2. Plaintiff's Motion for Court Ordered Service of Summons and Complaint on the Defendant, SeaWorld Entertainment, and Motion to Show Cause (Doc. 8); Plaintiff's Motion for Emergency Hearing on Plaintiff's Pending Motions for Court Ordered Service on SeaWorld, Plaintiff's Motion for SeaWorld to Show Cause, and for

an "Adkins" Hearing to Grant Plaintiff Leave to Proceed In Forma Pauperis, and Enforce Rule 4 (Doc. 19); and Plaintiff's Motion to Reconsider this Court's Order of August 3, 2016 for Abuse of Discretion, or in the Alternative Clarify Order (Doc. 22) are **DENIED as moot**.

      3.     Plaintiff shall have up to and including **January 31, 2017** to file an amended complaint. Plaintiff's failure to file an amended complaint, along with a new motion to proceed *in forma pauperis* and supporting documents, or pay the filing fee, within the time permitted may result in the Court recommending that this action be dismissed.

      **DONE** and **ORDERED** in Fort Myers, Florida on this 17th day of January, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record

Billy Ray Kidwell *pro se*