# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LISA GATHERS, et al.,      16cv1375

    Plaintiffs,      LEAD CASE

v.

NEW YORK & COMPANY, Inc.,

    Defendant.


RACHEL GNIEWKOWSKI, et al.,      16cv1686

    Plaintiffs,      MEMBER CASE

v.

PARTY CITY HOLDCO INC.,

    Defendant

## **MEMORANDUM OPINION**

### I. Introduction

Rachel Gniewskowski, R. David New, and Access Now, Inc. ("Plaintiffs"), initiated this action on September 6, 2016, against Party City Holdco Inc. ("Defendant"), alleging that its Website is inaccessible to visually impaired consumers in violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* Currently pending before this Court is Defendant's Motion for Summary Judgment, along with a brief and concise statement of material facts ("CSMF") in support. Doc. Nos. 100-02. Plaintiff filed a Response thereto, along with a responsive CSMF and counterstatement of material facts.[1] Doc. Nos. 112-14. Defendant filed a Reply. Doc. No. 118. This matter is now ripe for review.

---

[1] Defendant has filed a Motion to Strike Plaintiffs' Counterstatement of Material Facts, arguing that Plaintiffs' filing does not comply with LCvR 56(C)(1)(i), because they filed *both* a responsive CSMF and a separate counterstatement of material facts instead of just filing one document. Doc. No. 122. However, despite how LCvR 56(C)(1)(i) is phrased, parties opposing summary judgment routinely file separate counterstatements of fact. Thus,

1

## II. Factual Background

Gniewkowksi and New are legally blind individuals who use screen reader software ("SRS") to access the Internet and read website content. Compl. ¶ 18. Access Now is an advocacy organization, of which New is president, that engages in educational efforts and litigation to enforce compliance with the ADA. *Id.* ¶ 11.

### A. Plaintiffs' Allegations

Defendant offers products for sale on its Website, which also allows users to read product descriptions, reviews, and the like. *Id.* ¶ 17. Plaintiffs accessed Defendant's Website in the past and allegedly encountered a number of "digital access barriers" that prevented them from being able to fully use and enjoy the Website. *Id.* ¶¶ 19-20. As relief, Plaintiff seek, *inter alia*, a permanent injunction that would require:

> a) that Defendant retain a qualified consultant acceptable to Plaintiffs ("MutuallyAgreed Upon Consultant") and who shall assist it in improving the accessibility of its Website so that it complies with version 2.0 of the Web Content Accessibility Guidelines ("WCAG 2.0 AA");
>
> b) that Defendant work with the Mutually Agreed Upon Consultant to ensure that all employees involved in website development and content development be given web accessibility training on a periodic basis calculated to achieve ongoing compliance with WCAG 2.0 AA;
>
> c) that Defendant work with the Mutually Agreed Upon Consultant to perform an automated accessibility audit on a periodic basis to evaluate whether Defendant's Website continues to comply with WCAG 2.0 AA on an ongoing basis;
>
> d) that Defendant work with the Mutually Agreed Upon Consultant to perform end-user accessibility/usability testing on a periodic basis with said testing to be performed by individuals with various disabilities to evaluate whether Defendant's Website continues to comply with WCAG 2.0 AA on an ongoing basis; and,

---

while Plaintiffs' filing might fail to technically comply with the rule, this type of error does not call for striking the filing. This motion (doc. no. 122) will therefore be denied.

e) that Defendant work with the Mutually Agreed Upon Consultant to create an accessibility policy that will be posted on its Website, along with an e-mail address and toll free phone number to report accessibility-related problems.

*Id.* ¶ 6.

### B. The Gomez Litigation

On June 3, 2016, Andres Gomez sued Party City Corporation, Defendant's parent company, in the United States District Court for the Southern District of Florida, at Case No. 1:16-cv-22022-KMM. *See* Def.'s Ex. C, Doc. No. 103-3. Like Gniewskowski and New, Gomez is legally blind and uses SRS to interface with websites. In his complaint, Gomez alleged that "Defendant's Website does not integrate properly with [his SRS] or any other commercially available SRS used by [Gomez], nor was there any function within Defendant's Website to adjust its formatting to permit access for the visually impaired." Def.'s Ex. C, ¶ 10. As a result, he claimed that he was "unable to . . . enjoy full and equal access to the Defendant's goods and services[.]" *Id.* ¶ 18. Gomez's complaint also identified a number of "discriminatory failures and defects with respect to [Defendant's] Website[.]" *Id.* In addition to a declaration that Defendant's Website violated the ADA, Gomez sought "an Order directing Defendant to alter its Website to make it accessible to, and useable by, individuals with disabilities to the full extent required by Title III of the ADA." *Id.* at 9. He also sought "an Order directing [Party City] to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow [Party City] to undertake and complete corrective procedures." *Id.*

Gomez and Party City ultimately entered into a confidential Settlement and Release Agreement. On October 7, 2016, the parties filed a Stipulation of Dismissal with Prejudice. On October 10, 2016, the district court entered an Order dismissing the case with prejudice.

3

### III. Standard of Review

Summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A fact is "material" if proof of its existence or non-existence might affect the outcome of the suit under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011). Disputes must be both: (1) material, meaning concerning facts that will affect the outcome of the issue under substantive law, and (2) genuine, meaning there is sufficient evidence supporting the claimed factual dispute "to require a jury or judge to resolve the parties' differing versions of the truth at trial." *In re Lemington Home for Aged*, 659 F.3d 282, 290 (3d Cir. 2011).

A party moving for summary judgment has the initial burden of supporting its assertion that fact(s) cannot be genuinely disputed by citing to particular parts of materials in the record – *i.e.*, depositions, documents, affidavits, stipulations, or other materials – or by showing that: (1) the materials cited by the non-moving party do not establish the presence of a genuine dispute, or (2) that the non-moving party cannot produce admissible evidence to support its fact(s). Fed. R. Civ. P. 56(c)(1). The moving party may discharge its burden by "pointing out to the district court" the "absence of evidence to support the nonmoving party's case" when the nonmoving party bears the ultimate burden of proof for the claim in question. *Conoshenti v. Pub. Serv. Elec. & Gas Co.*, 364 F.3d 135, 140 (3d Cir. 2004) (quoting *Singletary v. Pa. Dept. of Corr.*, 266 F.3d 186, 192 n. 2 (3d Cir. 2001) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

Conversely, in order to defeat a motion for summary judgment, the non-moving party must support its assertion that fact(s) are genuinely disputed by citing to particular parts of materials in the record, or by showing that: (1) the materials cited by the moving party do not establish the absence of a genuine dispute, or (2) the moving party cannot produce admissible evidence to support its fact(s). Fed. R. Civ. P. 56(c)(1). When determining whether there are any genuine issues of material fact, all inferences should be drawn in favor of the non-moving party. *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006).

In reviewing a motion for summary judgment, the Court does not make credibility determinations, and summary judgment is "inappropriate when a case will turn on credibility determinations." *El v. Southeastern Pa. Transp. Auth.*, 479 F.3d 232 (3d Cir. 2007) (citing *Anderson*, 477 U.S. at 255).

**IV.     Discussion**

Defendant's Motion for Summary Judgment presents one issue for this Court to decide: whether the settlement in the Gomez litigation bars Plaintiffs' claims in this action through the operation of res judicata, otherwise known as claim preclusion.  Under federal law, res judicata applies "'when three circumstances are present: (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies, and (3) a subsequent suit based on the same cause of action.'" *Hoffman v. Nordic Nats., Inc.*, 837 F.3d 272, 279 (3d Cir. 2016) (quoting *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008)).  There is no dispute as to the first requirement. However, the parties disagree as to whether the second and third requirements are met.

With regard to the privity requirement, it is well settled that "[a] judgment or decree among parties to a lawsuit resolves issues as among them, but it does not conclude the rights of strangers to those proceedings." *Richards v. Jefferson Cnty., Ala.*, 517 U.S. 793, 798 (1996)

5

(citation omitted). "Thus there is generally a bar against applying [res judicata] to those who were not parties in the prior litigation." *Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299, 310 (3d Cir. 2009). "A well-established exception to that bar exists when the nonparty is in privity with someone who was a party to the prior suit." *Id.* The United States Court of Appeals for the Third Circuit, relying upon United States Supreme Court precedent, identified six situations in which privity may be found:

> 1) the nonparty agrees to be bound by the determination of issues in an action between others;
>
> 2) a substantive legal relationship—*i.e.*, traditional privity—exists that binds the nonparty;
>
> 3) the nonparty was "adequately represented by someone with the same interests who [wa]s a party[;]"
>
> 4) the nonparty assumes control over the litigation in which the judgment is rendered;
>
> 5) the nonparty attempts to bring suit as the designated representative of someone who was a party in the prior litigation; and,
>
> 6) the nonparty falls under a special statutory scheme that "expressly foreclos[es] successive litigation by nonlitigants."

*Id.* at 312-13 (quoting *Taylor v. Sturgell*, 553 U.S. 880, 893-95 (2008)).

Defendant invokes the third exception, arguing that Gomez adequately represented Plaintiffs' interests in the prior lawsuit. The Court finds, however, that this exception is not applicable. As the Court of Appeals for the Third Circuit has explained, this exception is "carefully circumscribed" as follows:

> {T]he interests of the party and nonparty must be *squarely aligned* and there must be either an *understanding that the party is acting in a representative capacity* or *special procedural protections must have been in place in the original action to ensure the due process rights of nonparties* who might face . . . claim preclusion. In class action suits, for example, the procedural safeguards of Federal Rule of

6

> Civil Procedure 23 must be followed, including the provision in Rule 23(c)(2) requiring notice to nonparties.

*Id.* at 313 (emphasis added).  In addition to "properly conducted class actions," the Supreme Court has identified "suits brought by trustees, guardians, and other fiduciaries" as the types of suits that might have "preclusive effect on nonparties" in subsequent litigation under the "adequate representation" exception.  *Taylor*, 553 U.S. at 894 (citations omitted).

In this case, no matter whether the interests of Plaintiffs and Gomez are "squarely aligned," Gomez did not act in a representative capacity with respect to Plaintiffs.  The complaint in Gomez's lawsuit made clear that Gomez brought his lawsuit "individually." Def.'s Ex. C, Doc. No. 63-3 at 1.  He did not purport to represent anyone other than himself.  *See Richards*, 517 U.S. at 801 (concluding that the adequate-representation exception was not met where the "parties in [the prior action] did not sue on behalf of a class; their pleadings did not purport to assert any claim against or on behalf of nonparties; and the judgment they received did not purport to bind any . . . nonparties").  Nor have Defendants pointed to any "procedural protections . . . in the original action" that were intended to protect Plaintiffs' rights to due process.  For example, there is nothing in the record to suggest that Plaintiffs received notice of the prior settlement, let alone that the district court in the prior Florida litigation took care to determine whether the settlement was fair as to absent parties. *See Nationwide*, 571 F.3d at 313 n.19 (noting that "prior notice greatly strengthens any argument for preclusion"); *Gutierrez v. Chung*, 2013 WL 655141, at *6 (E.D. Cal. Feb. 21, 2013) (declining to apply res judicata since the plaintiff did not have "any notice of the proposed settlement . . . nor is there any indication that the district court in the prior litigation approved the stipulation of dismissal as fair to absent parties").  Accordingly, the Court concludes that the requirements of the adequate-representation exception have not been satisfied.  To hold otherwise would require the Court "to circumvent

7

procedural safeguards and 'create [a] de facto class action[]'" – something Supreme Court and Third Circuit precedent makes plain the Court cannot do. *See Nationwide*, 571 F.3d at 313 n.20 (quoting *Taylor*, 553 U.S. at 901).

Defendant's reliance on *Nelson v. Chicago Park Dist.*, 945 N.E.2d 634 (Ill. App. Ct. 2011), for the proposition that sufficient "procedural protections" were in place in the Gomez litigation does not convince the Court otherwise. *Nelson* was a taxpayer action, which, under Illinois law, was brought "on behalf of [the individual plaintiffs] themselves and as representatives of a class of taxpayers similarly situated within a taxing district or area[.]" *Id.* at 643 (internal citation and quotation marks omitted). Gomez, on the other hand, brought suit "individually." Thus, unlike in *Nelson*, it cannot be said that Gomez understood his "lawsuit to be on behalf of absent parties." *Id.* at 644. Further, although the docket from the Gomez litigation reveals that the district court issued an order dismissing the case upon the filing of a stipulation of dismissal, there is no indication in the record that the parties filed the confidential settlement agreement with the court (which is not common practice), let alone that the court actually reviewed the settlement for fairness to any absent parties, as was the case in *Nelson*.

Because Plaintiffs and Gomez are not in privity, "due process prevents the former from being bound by the latter's judgment." *Richards*, 517 U.S. at 802. Thus, this Court need not consider whether the final requirement of res judicata – identity of causes of action – is met. Regardless of whether it is, Defendant is not entitled to judgment as a matter of law.

## V. Conclusion

Based upon the foregoing, Defendant's Motion for Summary Judgment will be denied.

An appropriate Order will follow.

<u>s/Arthur J. Schwab</u>
Arthur J. Schwab
United States District Judge
