# Exhibit D

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA GATHERS, et al., <br><br> Plaintiffs, <br> vs. <br><br> NEW YORK & COMPANY, INC., <br><br> Defendant. | No. 2:16-cv-1375-AJS <br><br> LEAD CASE |
| RACHEL GNIEWKOWSKI, et al, <br><br> Plaintiffs, <br> vs. <br><br> PARTY CITY HOLDCO INC., <br><br> Defendant. | No. 2:16-cv-1686-AJS <br><br> MEMBER CASE |

**MEMORANDUM IN SUPPORT OF DEFENDANT PARTY CITY HOLDCO INC.'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56**

# **TABLE OF CONTENTS**

PAGE

Table of Authorities……………………………………………………………………………..iii

I.     PRELIMINARY STATEMENT……………………………………………………….1

II.    FACTS AND PROCEDURAL HISTORY…………………………………………….3

III.   LEGAL STANDARD………………………………………………………………….4

IV.   ARGUMENT…………………………………………………………………………..5

        A.    The Prior Suit Reached A Final Judgment on the Merits……………..……….6

        B.    Gomez Adequately Represented Plaintiffs' Interests To Be Bound By That Judgment…………………………………………………………………….6

        C.    Plaintiffs' Subsequent Suit Is Based On The Same Cause of Action…………...10

V.    CONCLUSION………………………………………………………………………13

# TABLE OF AUTHORITIES

Cases

*Allen v. McCurry*,
   449 U.S. 90 (1980) ............................................................................................ 2

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) .......................................................................................... 5

*Armbuster v. Unisys Corp.*,
   32 F. 3d 768 (3d Cir. 1994) .............................................................................. 5

*Blunt v. Lower Merion Sch. Dist.*,
   767 F. 3d 247 (3d Cir. 2014) .......................................................................... 11

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) .......................................................................................... 5

*Coolspring Stone Supply, Inc. v. Am. States Life Ins. Co.*,
   10 F.3d 144 (3d Cir. 1993) .............................................................................. 5

*Edwards v. Alabama Dep't of Corrections*,
   81 F. Supp. 2d 1242 (M.D. Ala. 2000) ........................................................... 9

*Elkadrawy v. Vanguard Group, Inc.*,
   584 F.2d 169 (3d Cir. 2009) .......................................................................... 12

*First Options of Chicago Inc. v. Kaplan*,
   913 F. Supp. 377 (E.D. Pa. 1996) ................................................................... 7

*Gambocz v. Yelencsics*,
   468 F.2d 837 (3d Cir. 1972) ............................................................................ 6

*Hart v. Yamaha-Parts Distribs., Inc.*,
   787 F.2d 1468 (11th Cir. 1986) ...................................................................... 9

*Hoffman v. Nordic Nats., Inc.*,
   837 F.3d 272 (3d Cir. 2016) ............................................................................ 6

*Huber v. Taylor*,
   519 F. Supp. 2d 542 (W.D. Pa. 2007) ............................................................ 7

*In re Piper Aircraft Corp.*,
   244 F.3d 1289 (11th Cir. 2001) .................................................................... 11

*Joy Techs. Inc. v. N. Am. Rebuild Co. Inc.*, No.,
   12-0144, 2012 WL 1802023 (W.D. Pa. May 15, 2012) ................................ 6

*Lawlor v. National Screen Service Corp.*,
   349 U.S. 322, (1955) ........................................................................................ 6

*Los Angeles Branch NAACP v. Los Angeles Unified Sch. Dist.*,
   750 F.2d 731 (9th Cir. 1984) .......................................................................... 9

*Melrose, Inc. v. Pittsburgh*,
   613 F.3d 380 (3d Cir. 2010) ............................................................................ 4

*Monahan v. New York City Dep't of Corrections*,
   214 F.3d 275 (2d Cir. 2000) .................................................................................................... 7
*Nat'l Ass'n of the Deaf v. Harvard Univ.*,
   No. 15-cv-30023, 2016 WL 3561622 (D. Mass. Feb. 9, 2016) ................................................ 13
*Okoro v. Bohman*,
   164 F.3d 1059 (7th Cir. 1999) ................................................................................................ 11
*Post v. Hartford Ins. Co.*,
   501 F.3d 154 (3d Cir. 2007) ................................................................................................... 12
*Quigley v. Braniff Airways, Inc.*,
   85 F.R.D. 74 (N.D. Tex. 1979) ............................................................................................... 10
*R/S Financial Corp. v. Kovalchick*,
   716 A.2d 1228 (Pa. 1998) ........................................................................................................ 2
*Richards v. Jefferson County, Ala.*,
   517 U.S. 793 (1996) ................................................................................................................. 7
*Rycoline Prods., Inc. v. C & W Unlimited*,
   109 F.3d 883 (3d Cir. 1997) ..................................................................................................... 5
*Saldana v. Kmart Corp.*,
   260 F.3d 228 (3d Cir. 2001) ..................................................................................................... 5
*Sam Mannino Enter., LLC v. John W. Stone Oil Distrib., LLC*,
   127 F. Supp. 3d 318 (W.D. Pa. 2015) ................................................................................... 4, 5
*Sheridan v. NGK Metals Corp.*,
   609 F.3d 239 (3d Cir. 2010) ................................................................................................... 12
*Smith v. Morgan*,
   75 Fed. Appx. 505 (6th Cir. 2003) .......................................................................................... 12
*Sondel v. Nw. Airlines, Inc.*,
   56 F.3d 934 (8th Cir. 1995) ...................................................................................................... 8
*Taylor v. Sturgell*,
   553 U.S. 880 (2008) ......................................................................................................... 5, 6, 8
*Walworth Co. v. United Steelworkers of America, AFL-CIO*,
   443 F. Supp. 349 (W.D. Pa. 1978) ............................................................................... 6, 10, 11
*Williams v. Murdoch*,
   330 F.2d 745 (3d Cir. 1964) ..................................................................................................... 5
*Williamson v. Columbia Gas & Elec. Corp.*,
   186 F.2d 464 (3d Cir. 1950) ................................................................................................... 11

Rules

FED. R. CIV. P. 56 .............................................................................................................. 0, 3, 4

Other Authorities

18 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 4405 ........................... 5

Now comes the Defendant, Party City Holdco Inc. ("Party City"), by counsel, and for its Memorandum in Support of its Motion for Summary Judgment submits as follows:

## PRELIMINARY STATEMENT

Plaintiffs—two legally blind individuals and a non-profit organization advocating on behalf of blind individuals—have brought a single cause of action against Party City for alleged violations of Title III of the Americans with Disabilities Act ("ADA"). The gravamen of Plaintiffs' suit is that Party City's website, www.partycity.com, is "not accessible to blind and visually impaired consumers in violation of Title III of the [ADA]." Ex. A, ¶ 1. However, months before Plaintiffs brought the case sub judice an individual in privity with Plaintiffs sued Party City asserting the identical cause of action with respect to the same website. That lawsuit reached a final judgment on the merits and Plaintiffs' claim is now barred in its entirety by the doctrine of res judicata.

On June 03, 2016, Andres Gomez ("Gomez"), a legally blind resident of Florida, sued Party City Corporation[1] in U.S. District Court for the Southern District of Florida for violating Title III of the Americans with Disabilities Act ("ADA") (the "Gomez matter"). *See* Ex. C. Gomez alleged that Party City Corporation violated the ADA because its website, www.partycity.com, did not operate "in a way which does not exclude or discriminate against visually impaired persons such as Plaintiff." Ex. C, ¶ 11. On October 10, 2016, Chief Judge K. Michael Moore dismissed the action with prejudice pursuant to a settlement agreement between the parties. Ex. E, at 5-6; *see also* Exs. F, G. The settlement agreement awarded Gomez's

---

[1] Gomez sued Party City Corporation, a Delaware Corporation, whereas Plaintiffs in the case sub judice have sued Party City Holdco Inc., another Delaware Corporation and the ultimate parent corporation of Party City Corporation. The settlement agreement in the Gomez matter, which Party City has produced to Plaintiffs subject to a protective order maintaining its confidentiality, applied to all Party City Corporation affiliates, including Party City Holdco Inc.

attorneys' fees and costs as well as injunctive relief designed to make Party City's website more readily accessible for individuals with vision impairments. Since October 2016, Party City has been removing access barriers to its website pursuant to the settlement agreement and will continue to modify www.partycity.com to fulfill its settlement obligations. Plaintiffs' claims herein must therefore be barred by res judicata.

Under the doctrine of res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (citations omitted). The doctrine "relieve[s] parties of the cost and vexation of multiple lawsuits, conserve[s] judicial resources, and, by preventing inconsistent decisions, encourage[s] reliance on adjudication." *Id.*; *see also R/S Financial Corp. v. Kovalchick*, 716 A.2d 1228, 1230 (Pa. 1998) ("The doctrine of res judicata developed to shield parties from the burden of re-litigating a claim with the same parties, or a party in privity with an original litigant, and to protect the judiciary from the corresponding inefficiency and confusion that re-litigation of a claim would breed.")

The present suit is exactly the sort of vexatious duplicative litigation that claim preclusion is designed to avoid. Having reached a final judgment in a Title III dispute in October, which involved a legally binding commitment to address and remedy alleged website access barriers, no company should reasonably expect to be sued in November by a new party in another jurisdiction for the same claim arising out of the same nucleus of operative facts. If a defendant corporation believed that it would be subject to the same claim in every jurisdiction in which it conducted business that would create a perverse disincentive to settlement. This is particularly true where the U.S. Government has not issued regulations defining what makes a website compliant with Title III of the ADA. Why would Party City, which operates retail

locations in forty-five U.S. states and Puerto Rico, settle a suit in Florida, pay legal fees, *and agree to injunctive relief* if another legally-blind plaintiff could bring an identical suit in Pennsylvania the following month relating to the same website seeking similar relief?  Couldn't that then be followed by another legally-blind plaintiff in New Jersey seeking one more modification to the website?

Finally, the extent to which the injunctive relief sought in the case sub judice varies from the injunctive relief sought by Gomez and agreed to by the company is irrelevant for the purposes of res judicata.  If Party City had not settled the Gomez matter but instead tried the case and won outright, Plaintiffs' claims would still be precluded.  What is relevant is whether the Gomez matter reached a final judgment on the merits, whether Gomez adequately represented the interests of Plaintiffs here, and whether Plaintiffs' claims are based on the same cause of action as the Gomez matter.  All three questions can be answered affirmatively.

Accordingly, Party City is entitled to summary judgment pursuant to Federal Rule of Civil Procedure 56, and all claims asserted against Defendant dismissed in their entirety.

## FACTS AND PROCEDURAL HISTORY

Defendant Party City is a Delaware Corporation operating specialty retail party supply stores throughout the United States.  Party City also operates a website, www.partycity.com, through which customers can purchase products online.

On June 3, 2016, Gomez sued Party City Corporation in the U.S. District Court for the Southern District of Florida "for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act."  Ex. C, ¶ 1.  Gomez is legally blind and a qualified individual with a disability under the ADA.  Ex. C, ¶ 4.  Gomez alleged that the company "provid[ed]/operat[ed] its Website in a manner which denies use to those with vision

impairments such as Plaintiff" and "improperly screened out and denied those individuals from the opportunity to participate in its goods, services, facilities, privileges, advantages, or accommodations." Ex. C, ¶ 15. Gomez specified a number of allegedly "discriminatory failures and defects with respect to" www.partycity.com that prevented Gomez from fully accessing the website. Ex. C, ¶ 23(a-x).

On July 5, 2016, the company answered Gomez' Complaint denying, *inter alia*, any allegation that the company was in violation of the ADA. *See* Ex. D. On August 3, 2016, Chief Judge Moore set a trial date for February 2017. *See* Ex. E, at 3-4 (Dkt. No. 14). The parties ultimately entered a Joint Notice of Settlement on September 28, 2016 followed by the entry of a Stipulation of Dismissal with Prejudice on October 7, 2016. *See respectively* Exs. F, G. On October 10, 2016, Chief Judge Moore ordered that the Gomez matter be dismissed with prejudice. Ex. E, at 5-6 (Dkt. No. 21).

Plaintiffs in the case sub judice filed their Complaint on November 8, 2016. Party City filed its Answer on December 22, 2016 in which it raised res judicata as an affirmative defense.

Since resolving the Gomez matter, Party City has been actively removing barriers that prevent the legally blind from accessing its website pursuant to the settlement agreement with Gomez. Party City will be continuing these efforts in 2017.

## **LEGAL STANDARD**

"Summary judgment is appropriate only where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." *Sam Mannino Enter., LLC v. John W. Stone Oil Distrib., LLC*, 127 F. Supp. 3d 318, 326 (W.D. Pa. 2015) (citing FED. R. CIV. P. 56(a); *Melrose, Inc. v. Pittsburgh*, 613 F.3d 380, 387 (3d Cir. 2010)). "Material facts are those that will affect the outcome of the trial under governing law." *Id*.

[1014-874/1119732/1] 4

(citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A court must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." *Armbuster v. Unisys Corp.*, 32 F. 3d 768, 777 (3d Cir. 1994).

"The moving party bears the initial responsibility of stating the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact." *Sam Mannino*, 127 F. Supp. At 326 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "If the moving party meets this burden, the party opposing summary judgment 'may not rest upon the mere allegations or denials of the . . . pleading,' but 'must set forth specific facts showing that there is a genuine issue for trial.'" *Id*. (quoting *Saldana v. Kmart Corp.*, 260 F.3d 228, 232 (3d Cir. 2001)). "For an issue to be genuine, the nonmovant needs to supply more than a scintilla of evidence in support of its position—there must be sufficient evidence (not mere allegations) for a reasonable jury to find for the nonmovant." *Id*. (quoting *Coolspring Stone Supply, Inc. v. Am. States Life Ins. Co.*, 10 F.3d 144, 148 (3d Cir. 1993)).

When considering matters outside the pleadings, res judicata is properly raised in a motion for summary judgment. *See* 18 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 4405; *Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 886-87 (3d Cir. 1997). *See also Williams v. Murdoch*, 330 F.2d 745, 749 (3d Cir. 1964) (holding that res judicata may even be raised by motion to dismiss and noting that "[t]he defense of res judicata, therefore, could be asserted successfully at the early stage of this proceeding if it were valid.")

## ARGUMENT

I. **PLAINTIFFS' CLAIMS ARE BARRED BY THE DOCTRINE OF RES JUDICATA**

The federal common law doctrine of res judicata applies when a federal court examines whether a claim is precluded by the prior judgment of another federal court. *Taylor v. Sturgell*,

553 U.S. 880, 891 (2008) ("The preclusive effect of a federal court judgment is determined by federal common law.") The federal law of res judicata involves a three-pronged test, barring a second suit where there has been: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Hoffman v. Nordic Nats., Inc.*, 837 F.3d 272, 279 (3d Cir. 2016). All three elements are present here.

### A. The Prior Suit Reached A Final Judgment on the Merits

It is well settled that "[d]ismissal with prejudice constitutes an adjudication of the merits as fully and completely as if the order had been entered after trial." *Gambocz v. Yelencsics*, 468 F.2d 837, 840 (3d Cir. 1972) (citing *Lawlor v. National Screen Service Corp.*, 349 U.S. 322, 327, (1955)). S*ee also Walworth Co. v. United Steelworkers of America, AFL-CIO*, 443 F. Supp. 349, 451 n. 1 (W.D. Pa. 1978) (noting that this prerequisite of res judicata is "clearly satisfied" when "[t]he stipulation of dismissal in the prior suit is specifically stated to be 'with prejudice,' thereby constituting a judgment on the merits."); *Joy Techs. Inc. v. N. Am. Rebuild Co. Inc.*, No. 12-0144, 2012 WL 1802023, at *6 (W.D. Pa. May 15, 2012) ("judicially approved settlement agreements are considered final judgments on the merits for purposes of res judicata") (citation omitted). The district court in the Gomez matter dismissed the case with prejudice. No further analysis is required to demonstrate that Defendant has met the first res judicata prong.

### B. Gomez Adequately Represented Plaintiffs' Interests To Be Bound By That Judgment

Plaintiffs in the case sub judice needn't have been parties to the prior suit to be subject to the preclusive effects of res judicata. The Supreme Court has held that "a nonparty may be bound by a judgment because she was 'adequately represented by someone with the same interests who [wa]s a party' to the suit." *Taylor v. Sturgell*, 553 U.S. 880, 894 (2008) (quoting

[1014-874/1119732/1] 6

*Richards v. Jefferson County, Ala.*, 517 U.S. 793, 798 (1996)); *see also Huber v. Taylor*, 519 F. Supp. 2d 542, 267-68 (W.D. Pa. 2007) (this Court noted that privity exists "where the party adequately represented the nonparties' interests in the prior proceeding") (quoting *First Options of Chicago Inc. v. Kaplan*, 913 F. Supp. 377 (E.D. Pa. 1996)); *Monahan v. New York City Dep't of Corrections*, 214 F.3d 275, 285-286 (2d Cir. 2000) (noting that "literal privity is not a requirement for *res judicata* to apply" when holding that the interests of individual union members were adequately represented in a prior suit brought by the union's president).

This case falls squarely into this category, one of the exceptions to the general rule against precluding a nonparty identified by the Supreme Court in *Taylor*. On a plain reading of their respective complaints, there is no meaningful difference between the interests of Plaintiffs and Gomez.

As stated in his Complaint, Gomez is a legally blind individual and member of a legally protected class of disabled persons under the ADA. Ex. C, ¶ 4. According to Gomez, Party City operated "its Website in a manner which denies use to those with vision impartments such as [Gomez] . . . and denied those individuals from the opportunity to participate" in www.partycity.com. Ex. C, ¶ 15. Gomez alleged that he is required to use "screen reader software" to interface with websites. Ex. C, ¶ 9. Gomez alleged to have visited www.partycity.com on multiple occasions and was unable to fully access the website's content. *See* Ex. C, ¶¶ 17, 18, 20. The first of the alleged "discriminatory failures and defects" with Party City's website that Gomez cited was that it did not contain an ADA policy towards visually impaired persons. Ex. C, ¶ 23(a).

Like Gomez, the individual Plaintiffs in the case sub judice also self-describe as legally blind and members of a class of disabled persons under the ADA. Ex. A, ¶¶ 10, 12. Plaintiff

Access Now, Inc. ("ANI") alleges that it is a non-profit whose primary purpose is to represent the interests of persons with disabilities, such as the individual Plaintiffs (one of whom is the President of ANI). Ex. A, ¶ 11. Also like Gomez, individual Plaintiffs use "screen reader software in order to access the internet and read website content." Ex. A, ¶ 18. Again, like Gomez, Plaintiffs allege that they made several attempts to access www.partycity.com, but were similarly unable to fully access the website's content. Ex. A, ¶ 19. Plaintiffs also highlight their desire for Party City to develop a policy to make its website accessible to the legally blind. Ex. A, ¶ 23. Finally, Gomez sought—as Plaintiffs currently seek—a declaratory judgment that www.partycity.com violated Title III of the ADA and an injunction directing Party City bring its website in compliance with the ADA. *Compare* Ex. C, ¶ 28 ("WHEREFORE") *with* Ex. A, ¶ 33 ("WHEREFORE").

While the verbiage may vary between the two pleadings, the interests of the plaintiffs in both cases are patently identical: both suits allegedly seek to make www.partycity.com compliant with the ADA by making the website more accessible to the legally blind. Thus a plain read of the respective pleadings indicates that Gomez adequately represented the interests of Plaintiffs.

Although Party City maintains that privity is facially evident, reasoning by analogy to class action lawsuits underscores this fact. Findings of nonparty privity on the basis of mutual interest arise frequently in the context of class action lawsuits. *See, e.g.*, *Taylor*, 553 U.S. at 894 ("[r]epresentative suits with preclusive effect on nonparties include properly conducted class actions"); *Sondel v. Nw. Airlines, Inc.*, 56 F.3d 934, 937-38 (8th Cir. 1995) (affirming dismissal of subsequent action on res judicata grounds and noting privity "expresses the idea that as to certain matters and in certain circumstances persons who are not parties to an action but who are connected with it in their interests are affected by the judgment with reference to interests

involved in the action, as if they were parties." (citations omitted)); *Los Angeles Branch NAACP v. Los Angeles Unified Sch. Dist.*, 750 F.2d 731, 741 (9th Cir. 1984) (holding that plaintiff class in school desegregation case were in privity with prior class with whom their interests were aligned noting that the "nonparty is bound under the rule if he was so far represented by others that his interested received actual and efficient protection." (citations omitted)); *Edwards v. Alabama Dep't of Corrections*, 81 F. Supp. 2d 1242, 1247 (M.D. Ala. 2000) (holding that res judicata barred plaintiffs' ADA claims re: treatment of HIV-positive inmates in Alabama prisons, noting that HIV-positive inmates were identical classes in both litigations for the purposes of privity and citing to, *inter alia*, *Hart v. Yamaha-Parts Distribs., Inc.*, 787 F.2d 1468, 1472 (11th Cir. 1986) (privity exists "where the nonparty's interests were represented adequately in the original suit")).

Though not a class-action, Gomez sued Party City to bring its website in compliance with the ADA and to make it accessible and usable by all legally blind individuals. *See* Ex. C, ¶¶ 1, 12-15, 25. Gomez, like Plaintiffs here, repeatedly refers to the class of individuals he sought to protect, namely visually impaired persons qualifying for a disability under the ADA. *Compare* Ex. C, ¶¶ 4 (Gomez "suffers from a disability as defined under the ADA and is a member of a legally protected class of disabled persons"), 10 (alleging no function "within Defendant's Website to adjust its formatting to permit access for the visually impaired"), 11 ("Defendant's Website . . . must be operated in a way which does not exclude or discriminate against visually impaired persons such as" Gomez), 15 (Party City's website allegedly "denies use to those with vision impairments such as Plaintiff . . . and denied those individuals from the opportunity to participate") *with* Ex. A, ¶¶ 3 ("Defendant's Website contains digital barriers which limit the ability of blind and visually impaired consumers to access the site"), 10, 12 (Individual Plaintiffs

are "legally blind" and "therefore [] member[s] of a protected class under the ADA"), 24 ("[w]ithout injunctive relief, Plaintiffs and other blind individuals will continue to be unable to independently use the Website in violation of their rights under the ADA").

Much like the members of a certified class, Plaintiffs' interests here were adequately represented by Gomez even if the nature of the relief sought by Gomez differs at the margins. Before his elevation to the Fifth Circuit Court of Appeals, Judge Higginbotham in a class certification order observed that:

> [A]dequacy of representation does not revolve around whether the various class members receive the relief they seek. If class members could sit back and see whether the court awards them a desirable judgment and then attack the judgment collaterally if unsatisfied with the award they receive, the purpose of res judicata would be undermined and class action defendants would be placed in a precarious and unfair position."

*Quigley v. Braniff Airways, Inc.*, 85 F.R.D. 74, 76–77 (N.D. Tex. 1979).

True daylight cannot be found between the core interests of Plaintiffs and those of Gomez. The interests of one legally blind individual seeking accessibility under the ADA with respect to a specific website must be sufficiently similar to another legally blind individual seeking accessibility under the ADA to the same website less than a year later.

### C. Plaintiffs' Subsequent Suit Is Based On The Same Cause of Action

In *Walworth Co. v. United Steelworkers of America, AFL-CIO*, this Court analyzed whether plaintiff's claim seeking damages for an alleged illegal labor strike and work stoppage were barred by the dismissal with prejudice of a prior action seeking injunctive relief. 443 F. Supp. 349 (W.D. Pa. 1978). This Court focused its attention on this third element: "[t]he question confronting us, therefore, is whether or not plaintiff's prior suit seeking injunctive relief is based on the same cause of action as the case sub judice." *Id.* at 351. In holding that res judicata barred plaintiff's suit, this Court emphasized that "the nature of the cause of action be

the focal point of consideration rather than the nature of the relief which is obtainable." *Id*. This Court noted that while the nature of the relief requested differed as between the former and latter lawsuits, the "underlying nature of the claim remained predicated upon a violation of Section 301 of the Labor Management Relations Act." *Id*.

Plaintiffs' claim here, as in *Walworth*, is based on a single cause of action identical to that advanced by Gomez in the prior action: alleged violations of Title III of the ADA. This fact ought to be dispositive, given that this Court will apply res judicata even when plaintiffs in different actions rely on different statutes. *See Williamson v. Columbia Gas & Elec. Corp.*, 186 F.2d 464, 468 (3d Cir. 1950) ("it is now the law that the fact that different statutes are relied on does not render the claims different 'causes of action' for purposes of res judicata").

Should this Court wish to look beyond the facial evidence of identical causes of action, there is ample justification to hold that the claims in the case sub judice are identical to those in the Gomez matter. The Third Circuit has noted that: "[w]e take a 'broad view' of what constitutes the same cause of action" and that "res judicata generally is thought to turn on the *essential similarity* of the underlying events giving rise to the various legal claims." *Blunt v. Lower Merion Sch. Dist.*, 767 F. 3d 247, 277 (3d Cir. 2014) (citations omitted) (emphasis in original); *see also In re Piper Aircraft Corp.*, 244 F.3d 1289, 1295 (11th Cir. 2001) ("It is well settled that res judicata turns primarily on the commonality of the facts of the prior and subsequent actions, not on the nature of the remedies sought."); *Okoro v. Bohman*, 164 F.3d 1059, 1061 (7th Cir. 1999) ("Under the federal common law of res judicata, a subsequent suit is barred if the claim on which it is based arises from the same incident, events, transaction, circumstances, or other factual nebula as a prior suit that had gone to final judgment.").

When analyzing the "essential similarity," courts consider several factors including whether the acts complained of and the demands for relief are the same and whether the theory of recovery is the same. *See Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 261 (3d Cir. 2010) (noting, however, that it is not dispositive that a plaintiff asserts a different theory of recovery or seeks different relief in the two actions). The two suits at issue involve legally blind individuals who viewed www.partycity.com on multiple occasions, but allegedly could not fully access the website's content because of their disability. Plaintiffs in both suits sought declaratory judgments that the website was not ADA compliant. Plaintiffs in both suits sought injunctive relief requiring Party City to bring its website into compliance with the ADA. By any objective standard, the underlying events giving rise to the two claims are essentially similar.

It is irrelevant whether Plaintiffs argue that the exact nature of the injunctive relief they seek differs from that sought by Gomez. "Res judicata bars not only claims brought in the previous action, but also claims that could have been brought." *Elkadrawy v. Vanguard Group, Inc.*, 584 F.2d 169, 173-174 (3d Cir. 2009) (citing *Post v. Hartford Ins. Co.*, 501 F.3d 154, 169 (3d Cir. 2007)) (and noting that "[t]he fact that several new and discrete discriminatory events are alleged does not compel a different result."); s*ee also Porter v. Cancelmi*, No. 04-1736 2006, WL 3490589, at *4 (W.D. Pa. Dec. 4, 2006) (quoting *Smith v. Morgan*, 75 Fed. Appx. 505, 506 (6th Cir. 2003) ("Under claim preclusion, a final judgment on the merits bars any and all claims by the parties or their privies based on the same cause of action, as to . . . every theory of recovery that could have been presented."))

Plaintiffs impliedly admit that there is no statutory or regulatory standard for what constitutes a compliant website under the ADA. Ex. A, ¶ 16 (noting that an international organization "provides widely accepted *guidelines* for making websites accessible to individuals

with disabilities") (emphasis added). Party City does not argue here, as defendants in other jurisdictions have, that this is necessarily a basis for a stay of the action. *See, e.g.*, *Nat'l Ass'n of the Deaf v. Harvard Univ.*, No. 15-cv-30023, 2016 WL 3561622 (D. Mass. Feb. 9, 2016). Rather, the conspicuous absence of a definitive legal standard should weigh on this Court's application of res judicata.

Having agreed to injunctive relief, Party City settled the Gomez matter in October 2016 achieving dismissal with prejudice, a final decision on the merits. In November 2016, Plaintiffs sued Party City for the same cause of action arising out of the same nucleus of operative facts. If, in the absence of a definitive legal standard for compliance, Party City were to settle the case sub judice with some degree of the injunctive relief sought by Plaintiff, what would stop a future plaintiff next month from requesting some other type of injunctive relief; only to be followed by a subsequent plaintiff? Until the government determines what it means for a website to be in compliance with the ADA, there is theoretically always one more line of computer code that one might argue should be re-written.

Res judicata is designed to achieve judicial economy, create uniformity, and provide the certainty necessary for parties to settle disputes, as in the Gomez matter, with the knowledge and belief that they cannot be sued again.

## CONCLUSION

WHEREFORE, for the foregoing reasons, and because there are no disputed issues of material fact, Defendant Party City Holdco, Inc. respectfully requests that the Court grant its motion for summary judgment.

Dated: January 6, 2017

Respectfully submitted,

**CAMPOLO, MIDDLETON
& McCORMICK, LLP**

/s/ Jonathan R. Harrington_____
**By: Jonathan R. Harrington, Esq.**
*Attorneys for Defendant Party City*
*Admitted Pro Hac Vice*
4175 Veterans Memorial Highway, Ste. 400
Ronkonkoma, New York 11779
(631) 738-9100
jharrington@cmmllp.com

**FOX ROTHSCHILD LLP**
David J. Garraux, Esq. (Pa. ID No. 204350)
*Attorneys for Defendant Party City*
500 Grant Street, Suite 2500
Pittsburgh, PA 15219
(412) 394-6585
dgarraux@foxrothschild.com

## CERTIFICATE OF SERVICE

I hereby certify that on the below date, a true and accurate copy of the foregoing Memorandum In Support Of Defendant Party City Holdco Inc.'s Motion For Summary Judgment Pursuant To Fed. R. Civ. P. 56 was filed and served by way of the Court's CM/ECF system on the following counsel of record:

Benjamin J. Sweet, Esquire
R. Bruce Carlson, Esquire
Stephanie K. Goldin, Esquire
Kevin W. Tucker, Esquire
Carlson Lynch Sweet & Kilpela, LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
412-322-9243 (phone)
412-231-0246 (fax)
*Attorneys for Plaintiffs*

Dated: January 6, 2017

**CAMPOLO, MIDDLETON & McCORMICK, LLP**

/s/ Jonathan R. Harrington
**By: Jonathan R. Harrington, Esq.**
*Attorneys for Defendant Party City*
4175 Veterans Memorial Highway, Ste. 400
Ronkonkoma, New York 11779
(631) 738-9100
jharrington@cmmllp.com

**FOX ROTHSCHILD LLP**
David J. Garraux, Esq.
*Attorneys for Defendant Party City*
500 Grant Street, Suite 2500
Pittsburgh, PA 15219
(412) 394-6585
dgarraux@foxrothschild.com