Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
Caitlin J. Scott, Esq. (State Bar No. 310619)
**MANNING LAW, APC**
4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
Office: (949) 200-8755
ADAPracticeGroup@manninglawoffice.com

Attorneys for Plaintiff GUILLERMO ROBLES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| GUILLERMO ROBLES,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>DOMINO'S PIZZA LLC,<br><br>　　　　Defendant. | Case No.. 2:16-cv-06599<br><br>Hon. S. James Otero<br><br>**DECLARATION OF ROSEMARY MUSACHIO IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>*[Filed concurrently with Plaintiff's Opposition to Defendants' Motion For Summary Judgment; Plaintiff's Statement of Genuine Disputes of Material Fact; Plaintiff's Additional Statement of Uncontroverted Material Facts; Plaintiff's Evidentiary Objections; Plaintiff's Request for Judicial Notice; Declaration of Caitlin J. Scott; Declaration of Guillermo Robles; Proposed Order]*<br><br>Date:　　March 27, 2017<br>Time:　　10:00 a.m.<br>Ctrm.:　　10C<br><br>Action Filed:　September 1, 2016 |

1
DECLARATION OF ROSEMARY MUSACHIO IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

I, Rosemary Musachio, declare as follows:

1. I have personal knowledge as to all matters set forth in this Declaration, and could and would competently testify to them under oath if called as a witness.

2. I am the President of REM Creative Communications, LLC, a consultant firm that provides advice and consultation to businesses for purposes of achieving compliance with the ADA.

3. I have extensive experience in the information technology industry, most particularly in testing and evaluating the accessibility of internet websites. I can qualify as an expert witness in the fields relevant to this action, based upon the education, experience, training, and knowledge I have gained as described in my Resume, a true and correct copy of which is attached as Exhibit "A". My qualifications may be summarized to include the following partial list:

   A) More than 12 years experience as an IT analyst, including review and analysis of hundreds of internet websites for compliance and access issues which arise under the ADA;

   B) Many years of experience using the Level AA Success Criteria under version 2.0 of the Web Content Accessibility Guidelines ("WCAG 2.0"), published by the World Wide Web Consortium ("W3C"), which is the main international standards organization for the World Wide Web;

   C) Extensive experience as an educator with the mission of educating others on digital accessibility and mainstream and assistive technology, conducting accessibility assessments of websites, documents and software, and remediation to ensure accessibility to websites for persons with disabilities who utilize screen-reading software or assistive technology (commonly known as "AT");

   D) More than 20 years experience as a writer and researcher for many companies and publications (a list can be provided upon request);

  E) A Bachelor's degree, Magna Cum Laude, in Communications from Cleveland State University, with an emphasis on communications issues that disabled persons encounter;

  F) Multiple engagements as an IT Accessibility Consultant for many companies (a list can be provided upon request);

  G) Dedicated Author of Columns for Audacity Magazine for two years;

  H) Editor of Newsletters for industry and for persons with disabilities; and,

  I) Lecturer and Speaker on communication barrier topics at various conferences, as listed on my Resume.

4. My curriculum vitae is included in my Resume attached hereto as Exhibit A.

5. I have cerebral palsy and I require and use the screen-reading software program, Job Access With Speech ("JAWS") and assistive technology to perform my job functions as the Chief Accessibility Officer for Ruh Global LLC. I use this recognized, "gold-standard" screen-reading software program to evaluate services, such as websites and screen-reading software programs. JAWS, allow me to test and evaluate the accessibility of services such as internet websites. JAWS is the same software reading program which Plaintiff Guillermo Robles used to try to access the Domino's website.

6. Upon request from counsel for Plaintiff Guillermo Robles in this action, in September 2016, and again in March 2017, I conducted a high-level assessment of www.dominos.com (the "Website"), a website maintained by Defendant, Domino's Pizza, LLC ("Defendant"), to determine whether the services offered on the Website were equally accessible to blind or visually-impaired persons using screen-reading software or other assistive technology. In evaluating the Website, I used the screen-reading software program, JAWS and the web browser which is most compatible with JAWS, Internet Explorer. After evaluating and

3
DECLARATION OF ROSEMARY MUSACHIO IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

browsing through the main levels of pages on the Website, I was retained to give my opinion as to whether the services offered by the Website meet the needs of customers and potential customers, who use screen-reading technology or other AT, to understand and navigate the website, or service, and to independently, privately, and securely place purchases for delivery or carry-out at a Domino's location of their choice.  To make a determination as to whether the Website meets the needs of those customers and potential customers, I tested the user experience of the Website using JAWS in the context of the common industry accepted practices of web accessibility.

      7.     The following deficiencies are the central difficulties that I found with the Website, which impair visually-impaired person in using the Website:

A) A skip-over link does not exist to allow users to bypass repetitive navigation links, the "Search" placeholder exists in the edit box but it is deleted when users tab into it.

B) The reference to "Categories" that head the side links is not structured as a heading.

C) Screen reader users cannot tab pass the browser buttons to reach any interface controls on the website.

D) The ad carousel does not have a pause button, so it does not give users time to tab through ads.

E) The buttons on the carousel are not labeled to let screen reader users know which button they are selecting.

F) The carousel images do not have text alternatives to convey information to screen reader users.

G) On product pages, where users navigate to select and purchase products, the "Qty" edit box is not labeled to allow screen reader users to identify and navigate to it.

DECLARATION OF ROSEMARY MUSACHIO IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

  H) The tabs that start with "Description" do not convey to screen reader users that they are tabs or which one is selected, the "+" and "-" controls are not keyboard accessible, when users tab away from the "Share" link, the keyboard focus skips to the bottom navigation links, and the "Add Cart" button cannot be activated by any method.[1]

  8. Based on my knowledge and personal experience using AT to access the internet due to my disability, identifying WCAG 2.0 deficiencies, other access deficiencies, I found that the Website is not equally accessible to persons that are blind or have significant vision loss.

  9. Based on my knowledge and personal experience using AT to access the internet due to my disability, identifying WCAG 2.0 deficiencies, other access deficiencies, and how correct them, it is not an undue burden for Defendant to make coding changes to render the Website accessible to persons who use screen-reading software on their computers.

  10. When I conducted my assessment of the website in September 2016, there was no accessibility banner with a phone number on the Website that Defendant referenced on page 7 of its Motion for Summary Judgment.  I further reviewed the Declaration of Caitlin J. Scott and Exhibit 1, attached thereto, as to the Website as it existed on January 30, 2017.  I have concluded that, since the website did not contain a phone number regarding accessibility prior to January 30, 2017 or February 6, 2017, then a phone number currently on the Website does not factor into whether the website is accessible now or was accessible at the time Plaintiff attempted to navigate it.

  11. Based on my knowledge and personal experience using AT to access the internet due to my own disability, it is also my opinion that the phone number on the

---

[1] Note that the listed deficiencies violate WCAG 2.0.

5
DECLARATION OF ROSEMARY MUSACHIO IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Website Defendant referenced on page 7 of its Motion for Summary Judgment, does not have the appropriate characteristics of an auxiliary aid that ensures effective communication or protects the privacy and independence of persons with visually-impaired disabilities.

I declare under penalty of perjury under the laws of the State of Ohio, and the laws of the United States of America, that the foregoing is true and correct, and that this Declaration was executed on March 6, 2017, at Warrensville Heights, Ohio.

By: */s/ Rosemary Musachio*
Rosemary Musachio

**Certification Pursuant to Local Rule 5-4.3.4(a)(2)(i)**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I, Joseph R. Manning, Jr., hereby do attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: March 6, 2017          By: /s/ *Joseph R. Manning, Jr.*