1 | Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
2 | Caitlin J. Scott, Esq. (State Bar No. 310619)
  | **MANNING LAW, APC**
3 | 4667 MacArthur Blvd., Suite 150
  | Newport Beach, CA 92660
4 | Office: (949) 200-8755
5 | ADAPracticeGroup@manninglawoffice.com

6 |

7 | Attorneys for Plaintiff GUILLERMO ROBLES

8 |

9 | UNITED STATES DISTRICT COURT

10 | CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

11 |

| GUILLERMO ROBLES, | Case No. 2:16-cv-06599 |
|---|---|
| Plaintiff, | Hon. S. James Otero |
| vs. | **DECLARATION OF CAITLIN J. SCOTT IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT 'S MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, DISMISSAL OR STAY** |
| DOMINO'S PIZZA LLC, | |
| Defendant. | |

*[Filed concurrently with Plaintiff's Opposition to Defendants' Motion For Summary Judgment; Plaintiff's Statement of Genuine Disputes of Material Fact; Plaintiff's Additional Statement of Uncontroverted Material Facts; Plaintiff's Evidentiary Objections; Plaintiff's Request for Judicial Notice; Declaration of Guillermo Robles; Declaration of Rosemary Musachio; Proposed Order]*

Date:     March 27, 2017
Time:     10:00 a.m.
Ctrm.:    10C

Action Filed:     September 1, 2016

1

I, Caitlin J. Scott, declare as follows:

1.    I am an attorney duly admitted to practice before this Court. I am an associate for Manning Law, APC, attorneys of record for Plaintiff Guillermo Robles ("Plaintiff"). If called as a witness, I could and would competently testify to all facts within my personal knowledge.

2.    This declaration is being submitted in support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment, or in the alternative, Dismissal or Stay (the "Motion").

3.    I have personally reviewed and familiarized myself with the Federal Rules of Civil Procedure, the Central District of California's Local Rules of Court as well as this Court's Standing Order.

4.    Pursuant to this Court's Standing Order: "All motions must include a declaration by counsel briefly describing the parties' discussion and attempt to eliminate the need for the motion and the date of such discussion. Filings not in compliance with L.R. 7-3 will be denied". (Standing Order, ¶ 23.)

5.    I have reviewed all of the moving papers filed with the instant action, including the only declaration submitted by Defendant's counsel, the Declaration of Bradley J. Leimkuhler, counsel of record for Defendant, Domino's Pizza, LLC ("Domino's" or "Defendant"). (Dkt. 31, Attch. 7.) Mr. Leimkuhler's Declaration failed to include the required declaration describing the parties meet and confer efforts, any descriptions about discussions or attempts to eliminate the need for the instant Motion. (Dkt No. 32, ECF No. 6.)

6.    At no time, did any attorney named as trial counsel for Defendant, meet and confer (in person or otherwise) regarding the instant Motion. At no time did any attorney from trial counsel for Defendant's firm meet and confer, attempt to meet and confer (in person or otherwise) regarding the Motion.

7.    I personally attended the Scheduling Conference in the instant action on November 28, 2016. (Dkt. No. 26.) Defendant's lead trial counsel, Gregory F.

Hurley and Bradley J. Leimkuhler, were unable to attend the Scheduling Conference, and sought leave of court to allow an associate, Alison Kleaver, to make an appearance at the Scheduling Conference in the instant action. (Dkt. No. 21.) The court granted the request and Ms. Kleaver attended the Scheduling Conference on behalf of Mr. Hurley and Mr. Leimkuhler. (Dkt. No. 24.)

8.      Immediately following the Scheduling Conference, I asked Ms. Kleaver whether she was actively working on this case. Ms. Kleaver responded she was not the handling attorney, was not involved in this case and told me, Plaintiffs counsel should continue to communicate directly with the attorneys of record, Mr. Hurley and Mr. Leimkueler.

9.      At no point in time, did Ms. Kleaver meet and confer, in person or otherwise, regarding the substance of the instant Motion.

10.     At no point in time before or after the Scheduling Conference on November 28, 2016, did Mr.  Hurley, Mr. Leimkuhler or Michael J. Chilleen (Added as Counsel of Record for Defendant on December 15, 2016) (Dkt. No. 28), arrange an in-person meet and confer, pursuant to this Court's Order and the requirements outlined in L.R. 7-3, so that the parties could address the substantive arguments brought by Defendant in the instant Motion.

11.     Had the aforementioned counsel for Defendant met and conferred with counsel of record for Plaintiff, and in good faith, tried to resolve the substantive matters raised in the instant Motion, counsel for Plaintiff would have been given proper notice and been given the opportunity to address certain aspects of the instant Motion. Specifically, counsel for Plaintiff would have been able to address the glaring substantive error presented by Defendant's Motion, as Defendant's Motion attempts to adjudicate the merits of Defendant's mobile website not the mobile application, as pled in Plaintiff's Complaint. (Dkt. No. 1, ¶¶ 3: 19-25, 5:3-8, 11:6-9, 12:10-12, 13:21-26, 14:1-2, 15:8-10, 17:22-25, 19:5-9, 20:10-14, 21:18-20, 22:21-

1    26, 25:15-20, 26:21-28, 30:14-17, 31:18-25, 32:26-28, 33:3-5, 34:8-15, 35:16-18,

2    36:21-28, 43:15-27, 44:7-10, 45:11-15, 55:16-18, 56:19-20, 57:21-28, 68:16-21

3    [mislabeled as 43:16-21],  69:24-28 [mislabeled as 44:24-28]. )

4         12.     At no point in time did Defendant's counsel seek leave of court to file a

5    motion exceeding twenty (20) pages. (Standing Order, ¶ 24.) ("All pleadings must

6    comply with L.R. 11, except that no memorandum or points and authorities or

7    opposition may exceed twenty pages…").  Defendant's instant Motion is

8    impermissibly twenty-five pages in length. (Dkt. 32, ECF No. 1.)

9         13.     Attached as Exhibit 1 is a true and correct representation of

10    Defendant's website, Dominos.com, as it existed on January 30, 2017 and prior to

11    January 30, 2017, in which there was no "accessibility banner" containing a phone

12    number which persons using screen-reading software could call to obtain assistance.

13         14.     Attached as Exhibit 2 is a true and correct representation of

14    Defendant's website as it existed on February 6, 2017, which shows a "banner.

15         15.     Plaintiff received Defendant's discovery responses dated January 26,

16    2017, from Defendant's counsel's office. Defendant's discovery responses

17    contained no references to an accessibility banner when it was asked to "Describe

18    all of YOUR policies, practices, procedures, or rules that relate to the accessibility

19    of the WEBSITE for the last two (2) years to the present." (Defendant Domino's

20    Pizza LLC's Responses to Plaintiff Guillermo Robles' Interrogatories ["Defendant's

21    Responses to Interrogatories"]; Ex. 3., Pg. 7, ll 8-28; Pg. 8, ll 1-13.)

22         16.     The discovery responses Defendant served on Plaintiff's counsel of

23    record do not reference the "accessibility banner" referenced in any part of the

24    Motion. (Defendant's Responses to Interrogatories, Ex. 3.)

25

26

27

28

DECLARATION OF CAITLIN J. SCOTT IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

1    I declare under penalty of perjury under the laws of the State of California

2  and the laws of the United States of America, that the foregoing is true and correct,

3
   and that this Declaration was executed on March 6, 2017, at Newport Beach,
4
   California.
5

6

7

8                              By:  */s/ Caitlin J. Scott*

9                                   CAITLIN J. SCOTT

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                        5
   DECLARATION OF CAITLIN J. SCOTT IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S
   MOTION FOR SUMMARY JUDGMENT