1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      A Limited Liability Partnership
2     Including Professional Corporations
   GREGORY F. HURLEY, Cal. Bar No. 126791
3  ghurley@sheppardmullin.com
   MICHAEL J. CHILLEEN, Cal. Bar No. 210704
4  mchilleen@sheppardmullin.com
   BRADLEY J. LEIMKUHLER, Cal. Bar No. 261024
5  bleimkuhler@sheppardmullin.com
   650 Town Center Drive, 4th Floor
6  Costa Mesa, California 92626-1993
   Telephone:  714.513.5100
7  Facsimile:   714.513.5130

8  Attorneys for Defendant,
   DOMINO'S PIZZA LLC
9

10            UNITED STATES DISTRICT COURT

11      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

12

13 | GUILLERMO ROBLES,                | Case No. 2:16-cv-06599-SJO-FFMx
   |                                  | Hon. S. James Otero
14 |         Plaintiff,               |
   |                                  | **DEFENDANT DOMINO'S PIZZA
15 |     v.                           | LLC'S RESPONSES TO
   |                                  | PLAINTIFF GUILLERMO
16 | DOMINO'S PIZZA LLC,              | ROBLES' INTERROGATORIES**
   |                                  |
17 |         Defendant.               | **(SET ONE)**
   |                                  |
18 |                                  | Action Filed:  September 1, 2016
   |                                  | Trial Date:    August 29. 2017
19

20

21 PROPOUNDING PARTY:        PLAINTIFF GUILLERMO ROBLES

22 RESPONDING PARTY:         DEFENDANT DOMINO'S PIZZA LLC

23 SET NO.:                  ONE

24

25

26

27

28

SMRH:480331200.2

DEFENDANT DOMINO'S PIZZA LLC'S RESPONSES TO
TO PLAINTIFF ROBLES' INTERROGATORIES (SET ONE)

## PRELIMINARY STATEMENT

Defendant Domino's Pizza LLC, ("Defendant") hereby serves its responses and objections to Plaintiff Guillermo Robles' first set of Interrogatories.  Discovery and preparation with respect to this litigation is ongoing and not complete at this time.  Among other things, Defendant has not yet had an opportunity to depose Plaintiff or Plaintiff's experts.

Accordingly, the information contained in these responses is based upon the facts and information currently known or believed by Defendant, and Defendant reserves the right to supplement its responses as additional facts are discovered.

Defendant further reserves the right to rely upon, and to present as evidence at trial, such additional information as may be discovered and/or developed by Defendant and its attorneys throughout the course of this litigation.

## GENERAL OBJECTIONS

1. Each response given to the Interrogatories and any documents identified therein are subject to all objections including, but not limited to, privilege, relevancy, authenticity, and admissibility which would require exclusion of the evidence if it were offered in Court, all of which objections and grounds are hereby reserved.

2. Defendant objects to each of the Interrogatories to the extent they seek information or documents which are not relevant to the subject matter of the pending action or reasonably calculated to lead to the discovery of admissible evidence.

3. Defendant objects to each of the Interrogatories to the extent they are overly broad or unduly burdensome.

4. Defendant objects to each of the Interrogatories to the extent they seek documents, tangible things or information which have been prepared in anticipation of litigation or for trial, or are otherwise subject to protection pursuant to the work-product doctrine.

-1-

1        5.     Defendant objects to each of the Interrogatories to the extent they seek
2   documents or information subject to protection under the attorney-client privilege or
3   any other applicable privilege or protection.

4        6.     Defendant objects to each of the Interrogatories to the extent they are
5   unreasonably cumulative or duplicative, or that the information or documents
6   requested therein are obtainable from some other source that is more convenient,
7   less burdensome, or less expensive.

8        7.     Defendant objects to each of the Interrogatories to the extent that the
9   burden or expense of responding to such Interrogatory outweighs the benefit of such
10  Interrogatory.

11       8.     Defendant objects to each of the Interrogatories to the extent that the
12  Interrogatories seek information consisting of, or documents which contain, trade
13  secrets or other proprietary, confidential, research, development or commercial
14  information.

15       9.     Defendant objects to each of the Interrogatories to the extent they
16  exceed the total number of permissible interrogatories, including all discreet
17  subparts, permitted by Fed. R. Civ. P. 33.

18       10.     Defendant objects to each of the Definitions and Instructions contained
19  in the Interrogatories to the extent they are overly broad and unduly burdensome.

20       11.     Defendant objects to each of the Interrogatories to the extent that it may
21  be construed as calling for information already in Plaintiffs' possession, custody or
22  control, or that are available from public sources on the grounds that such
23  Interrogatories are unduly burdensome and oppressive, and as such, exceed the
24  bounds of permissible discovery.

25       12.     Defendant is continuing its investigation and analyses of the facts and
26  law related to this case, and has not yet concluded its investigation, discovery and
27  preparation for trial.  Therefore, these responses are given without prejudice to
28  Defendant's right to produce or use any subsequently discovered facts or writings or

1  to add to, modify or otherwise change or amend the responses herein. These

2  responses are based on writings and information currently available to Defendant.

3  The information is true and correct to the best of Defendant's knowledge, as of this

4  date, and is subject to correction, and supplementation for any inadvertent errors,

5  mistakes, or omissions.

6       The preliminary statement and all general objections are hereby incorporated

7  into each of the following Responses.

8                      **RESPONSE TO INTERROGATORIES**

9  **INTERROGATORY NO. 1:**

10       State all facts that support each of YOUR denials to Requests for Admission

11  propounded forthwith.

12  **RESPONSE TO INTERROGATORY NO. 1:**

13       Defendant incorporates its Preliminary Statement and General Objections as

14  though fully stated herein. Defendant objects to this interrogatory to the extent that

15  it calls for information protected by the attorney-client and/or the work product

16  privileges. Defendant objects to this interrogatory on the grounds that it seeks

17  information that is neither relevant nor reasonably calculated to lead to the discovery

18  of admissible evidence. Defendant objects to this interrogatory on the grounds that

19  it is vague and ambiguous, including as to the term "denials." Defendant objects to

20  this interrogatory on the grounds that it calls for a legal conclusion. Defendant

21  objects to this interrogatory because it is overbroad, oppressive, and unduly

22  burdensome. Defendant objects to this interrogatory to the extent it seeks early

23  disclosure of expert opinions that are more appropriately the subject of expert

24  discovery.

25       Defendant objects to this interrogatory because neither the Unruh Act nor the

26  ADA provide any specific accessibility guidelines for private websites and/or

27  mobile applications. Defendant objects to this interrogatory because Plaintiff may

28  not sue to enforce third-party technical standards that have not been adopted by the

-3-

1 relevant governmental enforcement agency.  Until the Court has determined whether

2 Defendant is required to meet the technical standards alleged by Plaintiff, discovery

3 is inappropriate.

4      Defendant objects to this interrogatory on the grounds that Plaintiff lacks

5 standing to sue because he has refused to disclosed what date he encountered the

6 alleged barriers on the website and/or mobile application making answering this

7 interrogatory overbroad and unduly burdensome.  Plaintiff's complaint does not

8 identify the specific pages or elements that the Plaintiff contends violate the ADA,

9 nor does it provide any guidance on how Plaintiff interacted with the website and/or

10 mobile application, or any of the dates that Plaintiff used the website and/or mobile

11 application.  Until Defendant has that information, Defendant cannot competently

12 respond.

13      Defendant objects to this interrogatory to the extent it purports to constitute a

14 single interrogatory.  Defendant will construe this interrogatory as a separate

15 interrogatory for each and every request for admission that is denied.  *See Safeco of*

16 *America v. Rawstrom*, 181 F.R.D. 441, 445 (C.D. Cal. 1998) (interrogatory asking

17 for the basis for denial of any accompanying requests for admission is treated as an

18 interrogatory with discreet subparts); *see also Miller v. Holzmann*, 240 F.R.D. 1, 3,

19 (D. D.C. 2006).  Defendant objects to this interrogatory to the extent it violates the

20 maximum number of interrogatories allowed.

21 **INTERROGATORY NO. 2:**

22      State the name, current address, and telephone number of every employee or

23 agent of Defendant who participated in the design of the WEBSITE.

24 **RESPONSE TO INTERROGATORY NO. 2:**

25      Defendant incorporates its Preliminary Statement and General Objections as

26 though fully stated herein.  Defendant objects to this interrogatory to the extent that

27 it calls for information protected by the attorney-client and/or the work product

28 privileges.  Defendant objects to this interrogatory on the grounds that it seeks

     DEFENDANT DOMINO'S PIZZA LLC'S RESPONSES TO
TO PLAINTIFF ROBLES' INTERROGATORIES (SET ONE)

1  information that is neither relevant nor reasonably calculated to lead to the discovery
2  of admissible evidence.  Defendant objects to this interrogatory on the grounds that
3  it is vague and ambiguous, including as to the term "participated in the design of the
4  WEBSITE."  Defendant objects to this interrogatory on the grounds that it calls for a
5  legal conclusion.  Defendant objects to this interrogatory because it is overbroad,
6  oppressive, and unduly burdensome.  Defendant objects to this interrogatory to the
7  extent it seeks early disclosure of expert opinions that are more appropriately the
8  subject of expert discovery.  Defendant objects to this interrogatory to the extent it
9  violates the maximum number of interrogatories allowed.
10       Defendant objects to this interrogatory because neither the Unruh Act nor the
11  ADA provide any specific accessibility guidelines for private websites and/or
12  mobile applications.  Defendant objects to this interrogatory because Plaintiff may
13  not sue to enforce third-party technical standards that have not been adopted by the
14  relevant governmental enforcement agency.  Until the Court has determined whether
15  Defendant is required to meet the technical standards alleged by Plaintiff, discovery
16  is inappropriate.
17       Defendant objects to this interrogatory on the grounds that Plaintiff lacks
18  standing to sue because he has refused to disclosed what date he encountered the
19  alleged barriers on the website and/or mobile application making answering this
20  interrogatory overbroad and unduly burdensome.  Plaintiff's complaint does not
21  identify the specific pages or elements that the Plaintiff contends violate the ADA,
22  nor does it provide any guidance on how Plaintiff interacted with the website and/or
23  mobile application, or any of the dates that Plaintiff used the website and/or mobile
24  application.  Until Defendant has that information, Defendant cannot competently
25  respond.
26
27
28

-5-

DEFENDANT DOMINO'S PIZZA LLC'S RESPONSES TO
TO PLAINTIFF ROBLES' INTERROGATORIES (SET ONE)

1  **INTERROGATORY NO. 3:**

2       State the name, current address, and telephone number of all third-party

3  consultant or vendor who performed analysis relating to the accessibility of the

4  WEBSITE for the last two (2) years to the present.

5  **RESPONSE TO INTERROGATORY NO. 3:**

6       Defendant incorporates its Preliminary Statement and General Objections as

7  though fully stated herein.  Defendant objects to this interrogatory to the extent that

8  it calls for information protected by the attorney-client and/or the work product

9  privileges.  Defendant objects to this interrogatory on the grounds that it seeks

10  information that is neither relevant nor reasonably calculated to lead to the discovery

11  of admissible evidence.  Defendant objects to this interrogatory on the grounds that

12  it is vague and ambiguous, including as to the term "performed analysis relating to

13  the accessibility of the WEBSITE."  Defendant objects to this interrogatory on the

14  grounds that it calls for a legal conclusion.  Defendant objects to this interrogatory

15  because it is overbroad, oppressive, and unduly burdensome.  Defendant objects to

16  this interrogatory to the extent it seeks early disclosure of expert opinions that are

17  more appropriately the subject of expert discovery.  Defendant objects to this

18  interrogatory to the extent it violates the maximum number of interrogatories

19  allowed.

20       Defendant objects to this interrogatory because neither the Unruh Act nor the

21  ADA provide any specific accessibility guidelines for private websites and/or

22  mobile applications.  Defendant objects to this interrogatory because Plaintiff may

23  not sue to enforce third-party technical standards that have not been adopted by the

24  relevant governmental enforcement agency.  Until the Court has determined whether

25  Defendant is required to meet the technical standards alleged by Plaintiff, discovery

26  is inappropriate.

27       Defendant objects to this interrogatory on the grounds that Plaintiff lacks

28  standing to sue because he has refused to disclosed what date he encountered the

-6-

DEFENDANT DOMINO'S PIZZA LLC'S RESPONSES TO
TO PLAINTIFF ROBLES' INTERROGATORIES (SET ONE)

1   alleged barriers on the website and/or mobile application making answering this
2   interrogatory overbroad and unduly burdensome.  Plaintiff's complaint does not
3   identify the specific pages or elements that the Plaintiff contends violate the ADA,
4   nor does it provide any guidance on how Plaintiff interacted with the website and/or
5   mobile application, or any of the dates that Plaintiff used the website and/or mobile
6   application.  Until Defendant has that information, Defendant cannot competently
7   respond.
8   **INTERROGATORY NO. 4:**
9          Describe all of YOUR policies, practices, procedures, or rules that relate to
10  the accessibility of the WEBSITE for the last two (2) years to the present.
11  **RESPONSE TO INTERROGATORY NO. 4:**
12         Defendant incorporates its Preliminary Statement and General Objections as
13  though fully stated herein.  Defendant objects to this interrogatory to the extent that
14  it calls for information protected by the attorney-client and/or the work product
15  privileges.  Defendant objects to this interrogatory on the grounds that it seeks
16  information that is neither relevant nor reasonably calculated to lead to the discovery
17  of admissible evidence.  Defendant objects to this interrogatory on the grounds that
18  it is vague and ambiguous, including as to the term "policies, practices, procedures,
19  or rules that relate to the accessibility of the WEBSITE."  Defendant objects to this
20  interrogatory on the grounds that it calls for a legal conclusion.  Defendant objects
21  to this interrogatory because it is overbroad, oppressive, and unduly burdensome.
22  Defendant objects to this interrogatory to the extent it seeks early disclosure of
23  expert opinions that are more appropriately the subject of expert discovery.
24  Defendant objects to this interrogatory to the extent it violates the maximum number
25  of interrogatories allowed.
26         Defendant objects to this interrogatory because neither the Unruh Act nor the
27  ADA provide any specific accessibility guidelines for private websites and/or
28  mobile applications.  Defendant objects to this interrogatory because Plaintiff may

-7-

1  not sue to enforce third-party technical standards that have not been adopted by the

2  relevant governmental enforcement agency.  Until the Court has determined whether

3  Defendant is required to meet the technical standards alleged by Plaintiff, discovery

4  is inappropriate.

5         Defendant objects to this interrogatory on the grounds that Plaintiff lacks

6  standing to sue because he has refused to disclosed what date he encountered the

7  alleged barriers on the website and/or mobile application making answering this

8  interrogatory overbroad and unduly burdensome.  Plaintiff's complaint does not

9  identify the specific pages or elements that the Plaintiff contends violate the ADA,

10  nor does it provide any guidance on how Plaintiff interacted with the website and/or

11  mobile application, or any of the dates that Plaintiff used the website and/or mobile

12  application.  Until Defendant has that information, Defendant cannot competently

13  respond.

14  **INTERROGATORY NO. 5:**

15         Describe YOUR reports that measure compliance with YOUR accessibility

16  policies that apply to the WEBSITE for the last two (2) years to the present.

17  **RESPONSE TO INTERROGATORY NO. 5:**

18         Defendant incorporates its Preliminary Statement and General Objections as

19  though fully stated herein.  Defendant objects to this interrogatory to the extent that

20  it calls for information protected by the attorney-client and/or the work product

21  privileges.  Defendant objects to this interrogatory on the grounds that it seeks

22  information that is neither relevant nor reasonably calculated to lead to the discovery

23  of admissible evidence.  Defendant objects to this interrogatory on the grounds that

24  it is vague and ambiguous, including as to the term "reports that measure

25  compliance with YOUR accessibility policies that apply to the WEBSITE."

26  Defendant objects to this interrogatory on the grounds that it calls for a legal

27  conclusion.  Defendant objects to this interrogatory because it is overbroad,

28  oppressive, and unduly burdensome.  Defendant objects to this interrogatory to the

-8-

1  extent it seeks early disclosure of expert opinions that are more appropriately the

2  subject of expert discovery.  Defendant objects to this interrogatory to the extent it

3  violates the maximum number of interrogatories allowed.

4      Defendant objects to this interrogatory because neither the Unruh Act nor the

5  ADA provide any specific accessibility guidelines for private websites and/or

6  mobile applications.  Defendant objects to this interrogatory because Plaintiff may

7  not sue to enforce third-party technical standards that have not been adopted by the

8  relevant governmental enforcement agency.  Until the Court has determined whether

9  Defendant is required to meet the technical standards alleged by Plaintiff, discovery

10  is inappropriate.

11      Defendant objects to this interrogatory on the grounds that Plaintiff lacks

12  standing to sue because he has refused to disclosed what date he encountered the

13  alleged barriers on the website and/or mobile application making answering this

14  interrogatory overbroad and unduly burdensome.  Plaintiff's complaint does not

15  identify the specific pages or elements that the Plaintiff contends violate the ADA,

16  nor does it provide any guidance on how Plaintiff interacted with the website and/or

17  mobile application, or any of the dates that Plaintiff used the website and/or mobile

18  application.  Until Defendant has that information, Defendant cannot competently

19  respond.

20  **INTERROGATORY NO. 6:**

21      If YOU contend the WEBSITE is as accessible to a visually-impaired person

22  as a non-visually impaired person, please state all facts supporting your contention.

23  **RESPONSE TO INTERROGATORY NO. 6:**

24      Defendant incorporates its Preliminary Statement and General Objections as

25  though fully stated herein.  Defendant objects to this interrogatory to the extent that

26  it calls for information protected by the attorney-client and/or the work product

27  privileges.  Defendant objects to this interrogatory on the grounds that it seeks

28  information that is neither relevant nor reasonably calculated to lead to the discovery

-9-

of admissible evidence. Defendant objects to this interrogatory on the grounds that it is vague and ambiguous, including as to the term "as accessible to a visually-impaired person as a non-visually impaired person." Defendant objects to this interrogatory on the grounds that it calls for a legal conclusion. Defendant objects to this interrogatory because it is overbroad, oppressive, and unduly burdensome. Defendant objects to this interrogatory to the extent it seeks early disclosure of expert opinions that are more appropriately the subject of expert discovery. Defendant objects to this interrogatory to the extent it violates the maximum number of interrogatories allowed.

Defendant objects to this interrogatory because neither the Unruh Act nor the ADA provide any specific accessibility guidelines for private websites and/or mobile applications. Defendant objects to this interrogatory because Plaintiff may not sue to enforce third-party technical standards that have not been adopted by the relevant governmental enforcement agency. Until the Court has determined whether Defendant is required to meet the technical standards alleged by Plaintiff, discovery is inappropriate.

Defendant objects to this interrogatory on the grounds that Plaintiff lacks standing to sue because he has refused to disclosed what date he encountered the alleged barriers on the website and/or mobile application making answering this interrogatory overbroad and unduly burdensome. Plaintiff's complaint does not identify the specific pages or elements that the Plaintiff contends violate the ADA, nor does it provide any guidance on how Plaintiff interacted with the website and/or mobile application, or any of the dates that Plaintiff used the website and/or mobile application. Until Defendant has that information, Defendant cannot competently respond.

SMRH:480331200.2

DEFENDANT DOMINO'S PIZZA LLC'S RESPONSES TO TO PLAINTIFF ROBLES' INTERROGATORIES (SET ONE)

**INTERROGATORY NO. 7:**

If YOU contend there are no access barriers on the WEBSITE that prevent visually-impaired individuals from fully accessing the WEBSITE, state all facts supporting YOUR contention.

**RESPONSE TO INTERROGATORY NO. 7:**

Defendant incorporates its Preliminary Statement and General Objections as though fully stated herein. Defendant objects to this interrogatory to the extent that it calls for information protected by the attorney-client and/or the work product privileges. Defendant objects to this interrogatory on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this interrogatory on the grounds that it is vague and ambiguous, including as to the term "access barriers" and "visually-impaired individuals." Defendant objects to this interrogatory on the grounds that it calls for a legal conclusion. Defendant objects to this interrogatory because it is overbroad, oppressive, and unduly burdensome. Defendant objects to this interrogatory to the extent it seeks early disclosure of expert opinions that are more appropriately the subject of expert discovery. Defendant objects to this interrogatory to the extent it violates the maximum number of interrogatories allowed.

Defendant objects to this interrogatory because neither the Unruh Act nor the ADA provide any specific accessibility guidelines for private websites and/or mobile applications. Defendant objects to this interrogatory because Plaintiff may not sue to enforce third-party technical standards that have not been adopted by the relevant governmental enforcement agency. Until the Court has determined whether Defendant is required to meet the technical standards alleged by Plaintiff, discovery is inappropriate.

Defendant objects to this interrogatory on the grounds that Plaintiff lacks standing to sue because he has refused to disclosed what date he encountered the

-11-

DEFENDANT DOMINO'S PIZZA LLC'S RESPONSES TO TO PLAINTIFF ROBLES' INTERROGATORIES (SET ONE)

1  alleged barriers on the website and/or mobile application making answering this

2  interrogatory overbroad and unduly burdensome.  Plaintiff's complaint does not

3  identify the specific pages or elements that the Plaintiff contends violate the ADA,

4  nor does it provide any guidance on how Plaintiff interacted with the website and/or

5  mobile application, or any of the dates that Plaintiff used the website and/or mobile

6  application.  Until Defendant has that information, Defendant cannot competently

7  respond.

8  **INTERROGATORY NO. 8:**

9       If YOU contend the WEBSITE has not impeded PLAINTIFF'S full and equal

10  enjoyment of goods and services offered in actual, physical places of

11  accommodation operated by YOU, state all facts supporting YOUR contention.

12  **RESPONSE TO INTERROGATORY NO. 8:**

13       Defendant incorporates its Preliminary Statement and General Objections as

14  though fully stated herein.  Defendant objects to this interrogatory to the extent that

15  it calls for information protected by the attorney-client and/or the work product

16  privileges.  Defendant objects to this interrogatory on the grounds that it seeks

17  information that is neither relevant nor reasonably calculated to lead to the discovery

18  of admissible evidence.  Defendant objects to this interrogatory on the grounds that

19  it is vague and ambiguous, including as to the terms "not impeded" and "actual,

20  physical places of accommodation operated by YOU."  Defendant objects to this

21  interrogatory on the grounds that it calls for a legal conclusion.  Defendant objects

22  to this interrogatory because it is overbroad, oppressive, and unduly burdensome.

23  Defendant objects to this interrogatory to the extent it seeks early disclosure of

24  expert opinions that are more appropriately the subject of expert discovery.

25  Defendant objects to this interrogatory to the extent it violates the maximum number

26  of interrogatories allowed.

27       Defendant objects to this interrogatory because neither the Unruh Act nor the

28  ADA provide any specific accessibility guidelines for private websites and/or

-12-

1  mobile applications.  Defendant objects to this interrogatory because Plaintiff may
2  not sue to enforce third-party technical standards that have not been adopted by the
3  relevant governmental enforcement agency.  Until the Court has determined whether
4  Defendant is required to meet the technical standards alleged by Plaintiff, discovery
5  is inappropriate.

6        Defendant objects to this interrogatory on the grounds that Plaintiff lacks
7  standing to sue because he has refused to disclosed what date he encountered the
8  alleged barriers on the website and/or mobile application making answering this
9  interrogatory overbroad and unduly burdensome.  Plaintiff's complaint does not
10  identify the specific pages or elements that the Plaintiff contends violate the ADA,
11  nor does it provide any guidance on how Plaintiff interacted with the website and/or
12  mobile application, or any of the dates that Plaintiff used the website and/or mobile
13  application.  Until Defendant has that information, Defendant cannot competently
14  respond.

15  **INTERROGATORY NO. 9:**

16        If YOU contend the WEBSITE has not impeded PLAINTIFF'S full and equal
17  enjoyment of goods and services offered in the WEBSITE state all facts supporting
18  YOUR contention.

19  **RESPONSE TO INTERROGATORY NO. 9:**

20        Defendant incorporates its Preliminary Statement and General Objections as
21  though fully stated herein.  Defendant objects to this interrogatory to the extent that
22  it calls for information protected by the attorney-client and/or the work product
23  privileges.  Defendant objects to this interrogatory on the grounds that it seeks
24  information that is neither relevant nor reasonably calculated to lead to the discovery
25  of admissible evidence.  Defendant objects to this interrogatory on the grounds that
26  it is vague and ambiguous, including as to the terms "not impeded" and "full and
27  equal enjoyment of goods and services offered in the WEBSITE."  Defendant
28  objects to this interrogatory on the grounds that it calls for a legal conclusion.

-13-

1 | Defendant objects to this interrogatory because it is overbroad, oppressive, and

2 | unduly burdensome.  Defendant objects to this interrogatory to the extent it seeks

3 | early disclosure of expert opinions that are more appropriately the subject of expert

4 | discovery.  Defendant objects to this interrogatory to the extent it violates the

5 | maximum number of interrogatories allowed.

6 | Defendant objects to this interrogatory because neither the Unruh Act nor the

7 | ADA provide any specific accessibility guidelines for private websites and/or

8 | mobile applications.  Defendant objects to this interrogatory because Plaintiff may

9 | not sue to enforce third-party technical standards that have not been adopted by the

10 | relevant governmental enforcement agency.  Until the Court has determined whether

11 | Defendant is required to meet the technical standards alleged by Plaintiff, discovery

12 | is inappropriate.

13 | Defendant objects to this interrogatory on the grounds that Plaintiff lacks

14 | standing to sue because he has refused to disclosed what date he encountered the

15 | alleged barriers on the website and/or mobile application making answering this

16 | interrogatory overbroad and unduly burdensome.  Plaintiff's complaint does not

17 | identify the specific pages or elements that the Plaintiff contends violate the ADA,

18 | nor does it provide any guidance on how Plaintiff interacted with the website and/or

19 | mobile application, or any of the dates that Plaintiff used the website and/or mobile

20 | application.  Until Defendant has that information, Defendant cannot competently

21 | respond.

22 | **INTERROGATORY NO. 10:**

23 | If YOU contend the WEBSITE does not violate Title III of the Americans

24 | with Disabilities Act, state all facts supporting YOUR contention.

25 | **RESPONSE TO INTERROGATORY NO. 10:**

26 | Defendant incorporates its Preliminary Statement and General Objections as

27 | though fully stated herein.  Defendant objects to this interrogatory to the extent that

28 | it calls for information protected by the attorney-client and/or the work product

-14-

1   privileges.  Defendant objects to this interrogatory on the grounds that it seeks
2   information that is neither relevant nor reasonably calculated to lead to the discovery
3   of admissible evidence.  Defendant objects to this interrogatory on the grounds that
4   it is vague and ambiguous, including as to the term "violate."  Defendant objects to
5   this interrogatory on the grounds that it calls for a legal conclusion.  Defendant
6   objects to this interrogatory because it is overbroad, oppressive, and unduly
7   burdensome.  Defendant objects to this interrogatory to the extent it seeks early
8   disclosure of expert opinions that are more appropriately the subject of expert
9   discovery.  Defendant objects to this interrogatory to the extent it violates the
10   maximum number of interrogatories allowed.

11         Defendant objects to this interrogatory because neither the Unruh Act nor the
12   ADA provide any specific accessibility guidelines for private websites and/or
13   mobile applications.  Defendant objects to this interrogatory because Plaintiff may
14   not sue to enforce third-party technical standards that have not been adopted by the
15   relevant governmental enforcement agency.  Until the Court has determined whether
16   Defendant is required to meet the technical standards alleged by Plaintiff, discovery
17   is inappropriate.

18         Defendant objects to this interrogatory on the grounds that Plaintiff lacks
19   standing to sue because he has refused to disclosed what date he encountered the
20   alleged barriers on the website and/or mobile application making answering this
21   interrogatory overbroad and unduly burdensome.  Plaintiff's complaint does not
22   identify the specific pages or elements that the Plaintiff contends violate the ADA,
23   nor does it provide any guidance on how Plaintiff interacted with the website and/or
24   mobile application, or any of the dates that Plaintiff used the website and/or mobile
25   application.  Until Defendant has that information, Defendant cannot competently
26   respond.

27

28

SMRH:480331200.2   DEFENDANT DOMINO'S PIZZA LLC'S RESPONSES TO
                     TO PLAINTIFF ROBLES' INTERROGATORIES (SET ONE)

1    **INTERROGATORY NO. 11:**

2        If YOU contend the WEBSITE does not violate the Unruh Civil Rights Act,

3    state all facts supporting YOUR contention.

4    **RESPONSE TO INTERROGATORY NO. 11:**

5        Defendant incorporates its Preliminary Statement and General Objections as

6    though fully stated herein.  Defendant objects to this interrogatory to the extent that

7    it calls for information protected by the attorney-client and/or the work product

8    privileges.  Defendant objects to this interrogatory on the grounds that it seeks

9    information that is neither relevant nor reasonably calculated to lead to the discovery

10   of admissible evidence.  Defendant objects to this interrogatory on the grounds that

11   it is vague and ambiguous, including as to the term "violate."  Defendant objects to

12   this interrogatory on the grounds that it calls for a legal conclusion.  Defendant

13   objects to this interrogatory because it is overbroad, oppressive, and unduly

14   burdensome.  Defendant objects to this interrogatory to the extent it seeks early

15   disclosure of expert opinions that are more appropriately the subject of expert

16   discovery.  Defendant objects to this interrogatory to the extent it violates the

17   maximum number of interrogatories allowed.

18       Defendant objects to this interrogatory because neither the Unruh Act nor the

19   ADA provide any specific accessibility guidelines for private websites and/or

20   mobile applications.  Defendant objects to this interrogatory because Plaintiff may

21   not sue to enforce third-party technical standards that have not been adopted by the

22   relevant governmental enforcement agency.  Until the Court has determined whether

23   Defendant is required to meet the technical standards alleged by Plaintiff, discovery

24   is inappropriate.

25       Defendant objects to this interrogatory on the grounds that Plaintiff lacks

26   standing to sue because he has refused to disclosed what date he encountered the

27   alleged barriers on the website and/or mobile application making answering this

28   interrogatory overbroad and unduly burdensome.  Plaintiff's complaint does not

-16-

1  identify the specific pages or elements that the Plaintiff contends violate the ADA,

2  nor does it provide any guidance on how Plaintiff interacted with the website and/or

3  mobile application, or any of the dates that Plaintiff used the website and/or mobile

4  application.  Until Defendant has that information, Defendant cannot competently

5  respond.

6  **INTERROGATORY NO. 12:**

7      State the name, current address, and telephone number of every employee or

8  agent of Defendant who participated in the design of the MOBILE APP.

9  **RESPONSE TO INTERROGATORY NO. 12:**

10     Defendant incorporates its Preliminary Statement and General Objections as

11 though fully stated herein.  Defendant objects to this interrogatory to the extent that

12 it calls for information protected by the attorney-client and/or the work product

13 privileges.  Defendant objects to this interrogatory on the grounds that it seeks

14 information that is neither relevant nor reasonably calculated to lead to the discovery

15 of admissible evidence.  Defendant objects to this interrogatory on the grounds that

16 it is vague and ambiguous, including as to the term "participated in the design of the

17 MOBILE APP."  Defendant objects to this interrogatory on the grounds that it calls

18 for a legal conclusion.  Defendant objects to this interrogatory because it is

19 overbroad, oppressive, and unduly burdensome.  Defendant objects to this

20 interrogatory to the extent it seeks early disclosure of expert opinions that are more

21 appropriately the subject of expert discovery.  Defendant objects to this

22 interrogatory to the extent it violates the maximum number of interrogatories

23 allowed.

24     Defendant objects to this interrogatory because neither the Unruh Act nor the

25 ADA provide any specific accessibility guidelines for private websites and/or

26 mobile applications.  Defendant objects to this interrogatory because Plaintiff may

27 not sue to enforce third-party technical standards that have not been adopted by the

28 relevant governmental enforcement agency.  Until the Court has determined whether

-17-

1    Defendant is required to meet the technical standards alleged by Plaintiff, discovery
2    is inappropriate.
3          Defendant objects to this interrogatory on the grounds that Plaintiff lacks
4    standing to sue because he has refused to disclosed what date he encountered the
5    alleged barriers on the website and/or mobile application making answering this
6    interrogatory overbroad and unduly burdensome.  Plaintiff's complaint does not
7    identify the specific pages or elements that the Plaintiff contends violate the ADA,
8    nor does it provide any guidance on how Plaintiff interacted with the website and/or
9    mobile application, or any of the dates that Plaintiff used the website and/or mobile
10   application.  Until Defendant has that information, Defendant cannot competently
11   respond.
12   **INTERROGATORY NO. 13:**
13         State the name, current address, and telephone number of all third-party
14   consultant or vendor who performed analysis relating to the accessibility of the
15   MOBILE APP for the last two (2) years to the present.
16   **RESPONSE TO INTERROGATORY NO. 13:**
17         Defendant incorporates its Preliminary Statement and General Objections as
18   though fully stated herein.  Defendant objects to this interrogatory to the extent that
19   it calls for information protected by the attorney-client and/or the work product
20   privileges.  Defendant objects to this interrogatory on the grounds that it seeks
21   information that is neither relevant nor reasonably calculated to lead to the discovery
22   of admissible evidence.  Defendant objects to this interrogatory on the grounds that
23   it is vague and ambiguous, including as to the term "performed analysis relating to
24   the accessibility of the MOBILE APP."  Defendant objects to this interrogatory on
25   the grounds that it calls for a legal conclusion.  Defendant objects to this
26   interrogatory because it is overbroad, oppressive, and unduly burdensome.
27   Defendant objects to this interrogatory to the extent it seeks early disclosure of
28   expert opinions that are more appropriately the subject of expert discovery.

-18-

1  Defendant objects to this interrogatory to the extent it violates the maximum number
2  of interrogatories allowed.
3          Defendant objects to this interrogatory because neither the Unruh Act nor the
4  ADA provide any specific accessibility guidelines for private websites and/or
5  mobile applications.  Defendant objects to this interrogatory because Plaintiff may
6  not sue to enforce third-party technical standards that have not been adopted by the
7  relevant governmental enforcement agency.  Until the Court has determined whether
8  Defendant is required to meet the technical standards alleged by Plaintiff, discovery
9  is inappropriate.
10         Defendant objects to this interrogatory on the grounds that Plaintiff lacks
11 standing to sue because he has refused to disclosed what date he encountered the
12 alleged barriers on the website and/or mobile application making answering this
13 interrogatory overbroad and unduly burdensome.  Plaintiff's complaint does not
14 identify the specific pages or elements that the Plaintiff contends violate the ADA,
15 nor does it provide any guidance on how Plaintiff interacted with the website and/or
16 mobile application, or any of the dates that Plaintiff used the website and/or mobile
17 application.  Until Defendant has that information, Defendant cannot competently
18 respond.
19 **INTERROGATORY NO. 14:**
20         Describe all of YOUR policies, practices, procedures, or rules that relate to
21 the accessibility of the MOBILE APP for the last two (2) years to the present.
22 **RESPONSE TO INTERROGATORY NO. 14:**
23         Defendant incorporates its Preliminary Statement and General Objections as
24 though fully stated herein.  Defendant objects to this interrogatory to the extent that
25 it calls for information protected by the attorney-client and/or the work product
26 privileges.  Defendant objects to this interrogatory on the grounds that it seeks
27 information that is neither relevant nor reasonably calculated to lead to the discovery
28 of admissible evidence.  Defendant objects to this interrogatory on the grounds that

-19-

1   it is vague and ambiguous, including as to the term "policies, practices, procedures,

2   or rules that relate to the accessibility of the MOBILE APP."  Defendant objects to

3   this interrogatory on the grounds that it calls for a legal conclusion.  Defendant

4   objects to this interrogatory because it is overbroad, oppressive, and unduly

5   burdensome.  Defendant objects to this interrogatory to the extent it seeks early

6   disclosure of expert opinions that are more appropriately the subject of expert

7   discovery.  Defendant objects to this interrogatory to the extent it violates the

8   maximum number of interrogatories allowed.

9          Defendant objects to this interrogatory because neither the Unruh Act nor the

10  ADA provide any specific accessibility guidelines for private websites and/or

11  mobile applications.  Defendant objects to this interrogatory because Plaintiff may

12  not sue to enforce third-party technical standards that have not been adopted by the

13  relevant governmental enforcement agency.  Until the Court has determined whether

14  Defendant is required to meet the technical standards alleged by Plaintiff, discovery

15  is inappropriate.

16         Defendant objects to this interrogatory on the grounds that Plaintiff lacks

17  standing to sue because he has refused to disclosed what date he encountered the

18  alleged barriers on the website and/or mobile application making answering this

19  interrogatory overbroad and unduly burdensome.  Plaintiff's complaint does not

20  identify the specific pages or elements that the Plaintiff contends violate the ADA,

21  nor does it provide any guidance on how Plaintiff interacted with the website and/or

22  mobile application, or any of the dates that Plaintiff used the website and/or mobile

23  application.  Until Defendant has that information, Defendant cannot competently

24  respond.

25  **INTERROGATORY NO. 15:**

26         Describe YOUR reports that measure compliance with YOUR accessibility

27  policies that apply to the MOBILE APP for the last two (2) years to the present.

28

**RESPONSE TO INTERROGATORY NO. 15:**

Defendant incorporates its Preliminary Statement and General Objections as though fully stated herein. Defendant objects to this interrogatory to the extent that it calls for information protected by the attorney-client and/or the work product privileges. Defendant objects to this interrogatory on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this interrogatory on the grounds that it is vague and ambiguous, including as to the term "reports that measure compliance with YOUR accessibility policies that apply to the MOBILE APP." Defendant objects to this interrogatory on the grounds that it calls for a legal conclusion. Defendant objects to this interrogatory because it is overbroad, oppressive, and unduly burdensome. Defendant objects to this interrogatory to the extent it seeks early disclosure of expert opinions that are more appropriately the subject of expert discovery. Defendant objects to this interrogatory to the extent it violates the maximum number of interrogatories allowed.

Defendant objects to this interrogatory because neither the Unruh Act nor the ADA provide any specific accessibility guidelines for private websites and/or mobile applications. Defendant objects to this interrogatory because Plaintiff may not sue to enforce third-party technical standards that have not been adopted by the relevant governmental enforcement agency. Until the Court has determined whether Defendant is required to meet the technical standards alleged by Plaintiff, discovery is inappropriate.

Defendant objects to this interrogatory on the grounds that Plaintiff lacks standing to sue because he has refused to disclosed what date he encountered the alleged barriers on the website and/or mobile application making answering this interrogatory overbroad and unduly burdensome. Plaintiff's complaint does not identify the specific pages or elements that the Plaintiff contends violate the ADA, nor does it provide any guidance on how Plaintiff interacted with the website and/or

-21-

DEFENDANT DOMINO'S PIZZA LLC'S RESPONSES TO
TO PLAINTIFF ROBLES' INTERROGATORIES (SET ONE)

1   mobile application, or any of the dates that Plaintiff used the website and/or mobile

2   application.  Until Defendant has that information, Defendant cannot competently

3   respond.

4   **INTERROGATORY NO. 16:**

5       If YOU contend the MOBILE APP is as accessible to a visually-impaired

6   person as a non-visually impaired person, please state all facts supporting your

7   contention.

8   **RESPONSE TO INTERROGATORY NO. 16:**

9       Defendant incorporates its Preliminary Statement and General Objections as

10  though fully stated herein.  Defendant objects to this interrogatory to the extent that

11  it calls for information protected by the attorney-client and/or the work product

12  privileges.  Defendant objects to this interrogatory on the grounds that it seeks

13  information that is neither relevant nor reasonably calculated to lead to the discovery

14  of admissible evidence.  Defendant objects to this interrogatory on the grounds that

15  it is vague and ambiguous, including as to the term "as accessible to a visually-

16  impaired person as a non-visually impaired person."  Defendant objects to this

17  interrogatory on the grounds that it calls for a legal conclusion.  Defendant objects

18  to this interrogatory because it is overbroad, oppressive, and unduly burdensome.

19  Defendant objects to this interrogatory to the extent it seeks early disclosure of

20  expert opinions that are more appropriately the subject of expert discovery.

21  Defendant objects to this interrogatory to the extent it violates the maximum number

22  of interrogatories allowed.

23      Defendant objects to this interrogatory because neither the Unruh Act nor the

24  ADA provide any specific accessibility guidelines for private websites and/or

25  mobile applications.  Defendant objects to this interrogatory because Plaintiff may

26  not sue to enforce third-party technical standards that have not been adopted by the

27  relevant governmental enforcement agency.  Until the Court has determined whether

28

-22-

1  Defendant is required to meet the technical standards alleged by Plaintiff, discovery

2  is inappropriate.

3       Defendant objects to this interrogatory on the grounds that Plaintiff lacks

4  standing to sue because he has refused to disclosed what date he encountered the

5  alleged barriers on the website and/or mobile application making answering this

6  interrogatory overbroad and unduly burdensome.  Plaintiff's complaint does not

7  identify the specific pages or elements that the Plaintiff contends violate the ADA,

8  nor does it provide any guidance on how Plaintiff interacted with the website and/or

9  mobile application, or any of the dates that Plaintiff used the website and/or mobile

10  application.  Until Defendant has that information, Defendant cannot competently

11  respond.

12  **INTERROGATORY NO. 17:**

13       If YOU contend there are no access barriers on the MOBILE APP that

14  prevent visually-impaired individuals from fully accessing the WEBSITE, state all

15  facts supporting YOUR contention.

16  **RESPONSE TO INTERROGATORY NO. 17:**

17       Defendant incorporates its Preliminary Statement and General Objections as

18  though fully stated herein.  Defendant objects to this interrogatory to the extent that

19  it calls for information protected by the attorney-client and/or the work product

20  privileges.  Defendant objects to this interrogatory on the grounds that it seeks

21  information that is neither relevant nor reasonably calculated to lead to the discovery

22  of admissible evidence.  Defendant objects to this interrogatory on the grounds that

23  it is vague and ambiguous, including as to the term "access barriers" and "visually-

24  impaired individuals."  Defendant objects to this interrogatory on the grounds that it

25  calls for a legal conclusion.  Defendant objects to this interrogatory because it is

26  overbroad, oppressive, and unduly burdensome.  Defendant objects to this

27  interrogatory to the extent it seeks early disclosure of expert opinions that are more

28  appropriately the subject of expert discovery.  Defendant objects to this

-23-

1 | interrogatory to the extent it violates the maximum number of interrogatories
2 | allowed.
3 |      Defendant objects to this interrogatory because neither the Unruh Act nor the
4 | ADA provide any specific accessibility guidelines for private websites and/or
5 | mobile applications.  Defendant objects to this interrogatory because Plaintiff may
6 | not sue to enforce third-party technical standards that have not been adopted by the
7 | relevant governmental enforcement agency.  Until the Court has determined whether
8 | Defendant is required to meet the technical standards alleged by Plaintiff, discovery
9 | is inappropriate.
10 |      Defendant objects to this interrogatory on the grounds that Plaintiff lacks
11 | standing to sue because he has refused to disclosed what date he encountered the
12 | alleged barriers on the website and/or mobile application making answering this
13 | interrogatory overbroad and unduly burdensome.  Plaintiff's complaint does not
14 | identify the specific pages or elements that the Plaintiff contends violate the ADA,
15 | nor does it provide any guidance on how Plaintiff interacted with the website and/or
16 | mobile application, or any of the dates that Plaintiff used the website and/or mobile
17 | application.  Until Defendant has that information, Defendant cannot competently
18 | respond.

**INTERROGATORY NO. 18:**

     If YOU contend the MOBILE APP has not impeded PLAINTIFF'S full and
equal enjoyment of goods and services offered in actual, physical places of
accommodation operated by YOU, state all facts supporting YOUR contention.

**RESPONSE TO INTERROGATORY NO. 18:**

     Defendant incorporates its Preliminary Statement and General Objections as
though fully stated herein.  Defendant objects to this interrogatory to the extent that
it calls for information protected by the attorney-client and/or the work product
privileges.  Defendant objects to this interrogatory on the grounds that it seeks
information that is neither relevant nor reasonably calculated to lead to the discovery

-24-

of admissible evidence.  Defendant objects to this interrogatory on the grounds that it is vague and ambiguous, including as to the terms "not impeded" and "actual, physical places of accommodation operated by YOU."  Defendant objects to this interrogatory on the grounds that it calls for a legal conclusion.  Defendant objects to this interrogatory because it is overbroad, oppressive, and unduly burdensome.  Defendant objects to this interrogatory to the extent it seeks early disclosure of expert opinions that are more appropriately the subject of expert discovery.  Defendant objects to this interrogatory to the extent it violates the maximum number of interrogatories allowed.

Defendant objects to this interrogatory because neither the Unruh Act nor the ADA provide any specific accessibility guidelines for private websites and/or mobile applications.  Defendant objects to this interrogatory because Plaintiff may not sue to enforce third-party technical standards that have not been adopted by the relevant governmental enforcement agency.  Until the Court has determined whether Defendant is required to meet the technical standards alleged by Plaintiff, discovery is inappropriate.

Defendant objects to this interrogatory on the grounds that Plaintiff lacks standing to sue because he has refused to disclosed what date he encountered the alleged barriers on the website and/or mobile application making answering this interrogatory overbroad and unduly burdensome.  Plaintiff's complaint does not identify the specific pages or elements that the Plaintiff contends violate the ADA, nor does it provide any guidance on how Plaintiff interacted with the website and/or mobile application, or any of the dates that Plaintiff used the website and/or mobile application.  Until Defendant has that information, Defendant cannot competently respond.

1   **INTERROGATORY NO. 19:**

2       If YOU contend the MOBILE APP has not impeded PLAINTIFF's full and

3   equal enjoyment of goods and services offered in the MOBILE APP state all facts

4   supporting YOUR contention.

5   **RESPONSE TO INTERROGATORY NO. 19:**

6       Defendant incorporates its Preliminary Statement and General Objections as

7   though fully stated herein.  Defendant objects to this interrogatory to the extent that

8   it calls for information protected by the attorney-client and/or the work product

9   privileges.  Defendant objects to this interrogatory on the grounds that it seeks

10   information that is neither relevant nor reasonably calculated to lead to the discovery

11   of admissible evidence.  Defendant objects to this interrogatory on the grounds that

12   it is vague and ambiguous, including as to the terms "not impeded" and "full and

13   equal enjoyment of goods and services offered in the MOBILE APP."  Defendant

14   objects to this interrogatory on the grounds that it calls for a legal conclusion.

15   Defendant objects to this interrogatory because it is overbroad, oppressive, and

16   unduly burdensome.  Defendant objects to this interrogatory to the extent it seeks

17   early disclosure of expert opinions that are more appropriately the subject of expert

18   discovery.  Defendant objects to this interrogatory to the extent it violates the

19   maximum number of interrogatories allowed.

20       Defendant objects to this interrogatory because neither the Unruh Act nor the

21   ADA provide any specific accessibility guidelines for private websites and/or

22   mobile applications.  Defendant objects to this interrogatory because Plaintiff may

23   not sue to enforce third-party technical standards that have not been adopted by the

24   relevant governmental enforcement agency.  Until the Court has determined whether

25   Defendant is required to meet the technical standards alleged by Plaintiff, discovery

26   is inappropriate.

27       Defendant objects to this interrogatory on the grounds that Plaintiff lacks

28   standing to sue because he has refused to disclosed what date he encountered the

1 alleged barriers on the website and/or mobile application making answering this

2 interrogatory overbroad and unduly burdensome.  Plaintiff's complaint does not

3 identify the specific pages or elements that the Plaintiff contends violate the ADA,

4 nor does it provide any guidance on how Plaintiff interacted with the website and/or

5 mobile application, or any of the dates that Plaintiff used the website and/or mobile

6 application.  Until Defendant has that information, Defendant cannot competently

7 respond.

8 **INTERROGATORY NO. 20:**

9      If YOU contend the MOBILE APP does not violate Title III of the Americans

10 with Disabilities Act, state all facts supporting YOUR contention.

11 **RESPONSE TO INTERROGATORY NO. 20:**

12      Defendant incorporates its Preliminary Statement and General Objections as

13 though fully stated herein.  Defendant objects to this interrogatory to the extent that

14 it calls for information protected by the attorney-client and/or the work product

15 privileges.  Defendant objects to this interrogatory on the grounds that it seeks

16 information that is neither relevant nor reasonably calculated to lead to the discovery

17 of admissible evidence.  Defendant objects to this interrogatory on the grounds that

18 it is vague and ambiguous, including as to the term "violate."  Defendant objects to

19 this interrogatory on the grounds that it calls for a legal conclusion.  Defendant

20 objects to this interrogatory because it is overbroad, oppressive, and unduly

21 burdensome.  Defendant objects to this interrogatory to the extent it seeks early

22 disclosure of expert opinions that are more appropriately the subject of expert

23 discovery.  Defendant objects to this interrogatory to the extent it violates the

24 maximum number of interrogatories allowed.

25      Defendant objects to this interrogatory because neither the Unruh Act nor the

26 ADA provide any specific accessibility guidelines for private websites and/or

27 mobile applications.  Defendant objects to this interrogatory because Plaintiff may

28 not sue to enforce third-party technical standards that have not been adopted by the

-27-

DEFENDANT DOMINO'S PIZZA LLC'S RESPONSES TO
                                        TO PLAINTIFF ROBLES' INTERROGATORIES (SET ONE)

1  relevant governmental enforcement agency.  Until the Court has determined whether

2  Defendant is required to meet the technical standards alleged by Plaintiff, discovery

3  is inappropriate.

4         Defendant objects to this interrogatory on the grounds that Plaintiff lacks

5  standing to sue because he has refused to disclosed what date he encountered the

6  alleged barriers on the website and/or mobile application making answering this

7  interrogatory overbroad and unduly burdensome.  Plaintiff's complaint does not

8  identify the specific pages or elements that the Plaintiff contends violate the ADA,

9  nor does it provide any guidance on how Plaintiff interacted with the website and/or

10  mobile application, or any of the dates that Plaintiff used the website and/or mobile

11  application.  Until Defendant has that information, Defendant cannot competently

12  respond.

13  **INTERROGATORY NO. 21:**

14         If YOU contend the MOBILE APP does not violate the Unruh Civil Rights

15  Act, state all facts supporting YOUR contention.

16  **RESPONSE TO INTERROGATORY NO. 21:**

17         Defendant incorporates its Preliminary Statement and General Objections as

18  though fully stated herein.  Defendant objects to this interrogatory to the extent that

19  it calls for information protected by the attorney-client and/or the work product

20  privileges.  Defendant objects to this interrogatory on the grounds that it seeks

21  information that is neither relevant nor reasonably calculated to lead to the discovery

22  of admissible evidence.  Defendant objects to this interrogatory on the grounds that

23  it is vague and ambiguous, including as to the term "violate."  Defendant objects to

24  this interrogatory on the grounds that it calls for a legal conclusion.  Defendant

25  objects to this interrogatory because it is overbroad, oppressive, and unduly

26  burdensome.  Defendant objects to this interrogatory to the extent it seeks early

27  disclosure of expert opinions that are more appropriately the subject of expert

28

1  discovery.  Defendant objects to this interrogatory to the extent it violates the
2  maximum number of interrogatories allowed.
3       Defendant objects to this interrogatory because neither the Unruh Act nor the
4  ADA provide any specific accessibility guidelines for private websites and/or
5  mobile applications.  Defendant objects to this interrogatory because Plaintiff may
6  not sue to enforce third-party technical standards that have not been adopted by the
7  relevant governmental enforcement agency.  Until the Court has determined whether
8  Defendant is required to meet the technical standards alleged by Plaintiff, discovery
9  is inappropriate.
10      Defendant objects to this interrogatory on the grounds that Plaintiff lacks
11  standing to sue because he has refused to disclosed what date he encountered the
12  alleged barriers on the website and/or mobile application making answering this
13  interrogatory overbroad and unduly burdensome.  Plaintiff's complaint does not
14  identify the specific pages or elements that the Plaintiff contends violate the ADA,
15  nor does it provide any guidance on how Plaintiff interacted with the website and/or
16  mobile application, or any of the dates that Plaintiff used the website and/or mobile
17  application.  Until Defendant has that information, Defendant cannot competently
18  respond.
19  **INTERROGATORY NO. 22:**
20      State all facts upon which you rely for YOUR seventh affirmative defense
21  wherein YOU allege "full compliance with the standards for the alleged barriers
22  identified in the Complaint would be technically infeasible."
23  **RESPONSE TO INTERROGATORY NO. 22:**
24      Defendant incorporates its Preliminary Statement and General Objections as
25  though fully stated herein.  Defendant objects to this interrogatory to the extent that
26  it calls for information protected by the attorney-client and/or the work product
27  privileges.  Defendant objects to this interrogatory on the grounds that it seeks
28  information that is neither relevant nor reasonably calculated to lead to the discovery

-29-

1  of admissible evidence.  Defendant objects to this interrogatory on the grounds that
2  it is vague and ambiguous."  Defendant objects to this interrogatory on the grounds
3  that it calls for a legal conclusion.  Defendant objects to this interrogatory because it
4  is overbroad, oppressive, and unduly burdensome.  Defendant objects to this
5  interrogatory to the extent it seeks early disclosure of expert opinions that are more
6  appropriately the subject of expert discovery.  Defendant objects to this
7  interrogatory to the extent it violates the maximum number of interrogatories
8  allowed.

9        Defendant objects to this interrogatory because neither the Unruh Act nor the
10  ADA provide any specific accessibility guidelines for private websites and/or
11  mobile applications.  Defendant objects to this interrogatory because Plaintiff may
12  not sue to enforce third-party technical standards that have not been adopted by the
13  relevant governmental enforcement agency.  Until the Court has determined whether
14  Defendant is required to meet the technical standards alleged by Plaintiff, discovery
15  is inappropriate.

16        Defendant objects to this interrogatory on the grounds that Plaintiff lacks
17  standing to sue because he has refused to disclosed what date he encountered the
18  alleged barriers on the website and/or mobile application making answering this
19  interrogatory overbroad and unduly burdensome.  Plaintiff's complaint does not
20  identify the specific pages or elements that the Plaintiff contends violate the ADA,
21  nor does it provide any guidance on how Plaintiff interacted with the website and/or
22  mobile application, or any of the dates that Plaintiff used the website and/or mobile
23  application.  Until Defendant has that information, Defendant cannot competently
24  respond.

25  **INTERROGATORY NO. 23:**

26        State all facts upon which you rely for YOUR eleventh affirmative defense
27  wherein YOU allege "fixing the barriers alleged in the Complaint would, if granted
28  result in a fundamental alteration of Defendant's services."

DEFENDANT DOMINO'S PIZZA LLC'S RESPONSES TO
TO PLAINTIFF ROBLES' INTERROGATORIES (SET ONE)

**RESPONSE TO INTERROGATORY NO. 23:**

Defendant incorporates its Preliminary Statement and General Objections as though fully stated herein.  Defendant objects to this interrogatory to the extent that it calls for information protected by the attorney-client and/or the work product privileges.  Defendant objects to this interrogatory on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant objects to this interrogatory on the grounds that it is vague and ambiguous." Defendant objects to this interrogatory on the grounds that it calls for a legal conclusion.  Defendant objects to this interrogatory because it is overbroad, oppressive, and unduly burdensome.  Defendant objects to this interrogatory to the extent it seeks early disclosure of expert opinions that are more appropriately the subject of expert discovery.  Defendant objects to this interrogatory to the extent it violates the maximum number of interrogatories allowed.

Defendant objects to this interrogatory because neither the Unruh Act nor the ADA provide any specific accessibility guidelines for private websites and/or mobile applications.  Defendant objects to this interrogatory because Plaintiff may not sue to enforce third-party technical standards that have not been adopted by the relevant governmental enforcement agency.  Until the Court has determined whether Defendant is required to meet the technical standards alleged by Plaintiff, discovery is inappropriate.

Defendant objects to this interrogatory on the grounds that Plaintiff lacks standing to sue because he has refused to disclosed what date he encountered the alleged barriers on the website and/or mobile application making answering this interrogatory overbroad and unduly burdensome.  Plaintiff's complaint does not identify the specific pages or elements that the Plaintiff contends violate the ADA, nor does it provide any guidance on how Plaintiff interacted with the website and/or mobile application, or any of the dates that Plaintiff used the website and/or mobile

-31-

1  application.  Until Defendant has that information, Defendant cannot competently

2  respond.

3  **INTERROGATORY NO. 24:**

4      State all facts upon which you rely for YOUR twelfth affirmative defense

5  wherein YOU allege "removal of the alleged barriers identified in the Complaint

6  was not readily achievable or easily accomplishable and/or able to be carried out

7  without much difficulty or expense when taking into account the factors set forth at

8  42 U.S.C. § 12181."

9  **RESPONSE TO INTERROGATORY NO. 24:**

10      Defendant incorporates its Preliminary Statement and General Objections as

11  though fully stated herein.  Defendant objects to this interrogatory to the extent that

12  it calls for information protected by the attorney-client and/or the work product

13  privileges.  Defendant objects to this interrogatory on the grounds that it seeks

14  information that is neither relevant nor reasonably calculated to lead to the discovery

15  of admissible evidence.  Defendant objects to this interrogatory on the grounds that

16  it is vague and ambiguous."  Defendant objects to this interrogatory on the grounds

17  that it calls for a legal conclusion.  Defendant objects to this interrogatory because it

18  is overbroad, oppressive, and unduly burdensome.  Defendant objects to this

19  interrogatory to the extent it seeks early disclosure of expert opinions that are more

20  appropriately the subject of expert discovery.  Defendant objects to this

21  interrogatory to the extent it violates the maximum number of interrogatories

22  allowed.

23      Defendant objects to this interrogatory because neither the Unruh Act nor the

24  ADA provide any specific accessibility guidelines for private websites and/or

25  mobile applications.  Defendant objects to this interrogatory because Plaintiff may

26  not sue to enforce third-party technical standards that have not been adopted by the

27  relevant governmental enforcement agency.  Until the Court has determined whether

28

-32-

1   Defendant is required to meet the technical standards alleged by Plaintiff, discovery

2   is inappropriate.

3        Defendant objects to this interrogatory on the grounds that Plaintiff lacks

4   standing to sue because he has refused to disclosed what date he encountered the

5   alleged barriers on the website and/or mobile application making answering this

6   interrogatory overbroad and unduly burdensome.  Plaintiff's complaint does not

7   identify the specific pages or elements that the Plaintiff contends violate the ADA,

8   nor does it provide any guidance on how Plaintiff interacted with the website and/or

9   mobile application, or any of the dates that Plaintiff used the website and/or mobile

10  application.  Until Defendant has that information, Defendant cannot competently

11  respond.

12  **INTERROGATORY NO. 25:**

13       State all facts upon which you rely for YOUR fifteenth affirmative defense

14  wherein YOU allege "the website (and/or mobile applications) is usable and

15  accessible to persons with a vision disability, including Plaintiff, and/or Plaintiff is

16  able to use and access Defendant's website (and/or mobile applications)."

17  **RESPONSE TO INTERROGATORY NO. 25:**

18       Defendant incorporates its Preliminary Statement and General Objections as

19  though fully stated herein.  Defendant objects to this interrogatory to the extent that

20  it calls for information protected by the attorney-client and/or the work product

21  privileges.  Defendant objects to this interrogatory on the grounds that it seeks

22  information that is neither relevant nor reasonably calculated to lead to the discovery

23  of admissible evidence.  Defendant objects to this interrogatory on the grounds that

24  it is vague and ambiguous."  Defendant objects to this interrogatory on the grounds

25  that it calls for a legal conclusion.  Defendant objects to this interrogatory because it

26  is overbroad, oppressive, and unduly burdensome.  Defendant objects to this

27  interrogatory to the extent it seeks early disclosure of expert opinions that are more

28  appropriately the subject of expert discovery.  Defendant objects to this

-33-

1 | interrogatory to the extent it violates the maximum number of interrogatories
2 | allowed.

3 |     Defendant objects to this interrogatory because neither the Unruh Act nor the
4 | ADA provide any specific accessibility guidelines for private websites and/or
5 | mobile applications.  Defendant objects to this interrogatory because Plaintiff may
6 | not sue to enforce third-party technical standards that have not been adopted by the
7 | relevant governmental enforcement agency.  Until the Court has determined whether
8 | Defendant is required to meet the technical standards alleged by Plaintiff, discovery
9 | is inappropriate.

10 |     Defendant objects to this interrogatory on the grounds that Plaintiff lacks
11 | standing to sue because he has refused to disclosed what date he encountered the
12 | alleged barriers on the website and/or mobile application making answering this
13 | interrogatory overbroad and unduly burdensome.  Plaintiff's complaint does not
14 | identify the specific pages or elements that the Plaintiff contends violate the ADA,
15 | nor does it provide any guidance on how Plaintiff interacted with the website and/or
16 | mobile application, or any of the dates that Plaintiff used the website and/or mobile
17 | application.  Until Defendant has that information, Defendant cannot competently
18 | respond.

19 | Dated:  January 26, 2017

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By    *Gregory F. Hurley*
GREGORY F. HURLEY

Attorneys for Defendant,
DOMINO'S PIZZA LLC

-34-

SMRH:480331200.2

DEFENDANT DOMINO'S PIZZA LLC'S RESPONSES TO
TO PLAINTIFF ROBLES' INTERROGATORIES (SET ONE)

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and **not a party to this
action.** I am employed in the County of Orange, State of California.  My business
address is 650 Town Center Drive, 4th Floor, Costa Mesa, CA 92626-1993.

On January 26, 2017, I served true copies of the following document(s) described as
**DEFENDANT DOMINO'S PIZZA LLC'S RESPONSES TO PLAINTIFF
GUILLERMO ROBLES' INTERROGATORIES (SET ONE)** on the interested
parties in this action as follows:

**SERVICE LIST**

Joseph R. Manning, Jr., Esq.                    ***ATTORNEYS FOR PLAINTIFF***
Caitlin J. Scott, Esq.                                 ***Guillermo Robles***
MANNING LAW, APC
4667 MacArthur Blvd., Suite 150
Newport Beach, CA  92660
Tel:   (949) 200-8755
Fax:   (866) 843-8308
adapracticegroup@manninglawoffice.com

**BY MAIL:**  I enclosed the document(s) in a sealed envelope or package
addressed to the persons at the addresses listed in the Service List and placed the
envelope for collection and mailing, following our ordinary business practices.  I am
readily familiar with the firm's practice for collecting and processing
correspondence for mailing.  On the same day that correspondence is placed for
collection and mailing, it is deposited in the ordinary course of business with the
United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a
resident or employed in the county where the mailing occurred.

I declare under penalty of perjury under the laws of the United States of
America that the foregoing is true and correct and that I am employed in the office
of a member of the bar of this Court at whose direction the service was made.

Executed on January 26, 2017, at Costa Mesa, California.

*Carrie Strand*
Carrie Strand

-1-

SMRH:480331200.2                                                           PROOF OF SERVICE