Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
Caitlin J. Scott, Esq. (State Bar No. 310619)
**MANNING LAW, APC**
4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
Office: (949) 200-8755
ADAPracticeGroup@manninglawoffice.com

Attorneys for Plaintiff GUILLERMO ROBLES

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| GUILLERMO ROBLES,<br><br>Plaintiff,<br><br>vs.<br><br>DOMINO'S PIZZA LLC,<br><br>Defendant. | Case No.. 2:16-cv-06599<br><br>Hon. S. James Otero<br><br>**DECLARATION OF GUILLERMO ROBLES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>*[Filed concurrently with Plaintiff's Opposition to Defendants' Motion For Summary Judgment; Plaintiff's Statement of Genuine Disputes of Material Fact; Plaintiff's Additional Statement of Uncontroverted Material Facts; Plaintiff's Evidentiary Objections; Plaintiff's Request for Judicial Notice; Declaration of Caitlin J. Scott; Declaration of Rosemary Musachio; Proposed Order]*<br><br>Date:   March 27, 2017<br>Time:  10:00 a.m.<br>Ctrm.:  10C<br><br>Action Filed:   September 1, 2016 |

1

I, Guillermo Robles, declare as follows:

1. I am over the age of eighteen years, and am the Plaintiff in this action. I have personal knowledge as to all matters set forth in this declaration, and could and would competently testify to them under oath if called as a witness.

2. I am a blind individual and since birth, have been permanently blind.

3. Despite being permanently blind, I use the Job Access With Speech, commonly known as, "JAWS" screen-reading software program in order to access the internet and read website content on my computer. My JAWS screen-reading software vocalizes the visual information on my computer and provides the only method by which I, as a blind person, may independently access the internet on my computer. If websites are not designed to be compatible with screen-reading software, I cannot fully access websites and the information, products and services contained thereon.

4. I also use the VoiceOver screen-reading software program, which comes pre-installed on my iPhone, in order to access mobile applications and other features on my iPhone. The VoiceOver screen-reading software vocalizes visual content available on mobile applications I download on my iPhone or becomes available for me to read on my refreshable Braille-display, which is connected through the Bluetooth connection on my iPhone. VoiceOver screen-reading software is the only means by which I may independently access the mobile applications' contents I have downloaded on my iPhone. Thus, if mobile applications are not designed to be read by the VoiceOver screen-reading software I cannot fully and independently access the content available to sighted persons on the mobile applications I have downloaded on my iPhone.

5. On many separate occasions, since 2015, I have attempted to independently access, customize a pizza for purchase and place an order using Dominos.com

6. Beginning in July 2015, I attempted to independently, securely and

DECLARATION OF GUILLERMO ROBLES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT

privately access the website, Dominos.com, with the intended purpose of locating a Domino's physical location closest to me in Los Angeles County, customizing a pizza for pick-up at that location, and completing my intended transaction online. However, when I attempted to independently access the website Dominos.com, I encountered significant barriers to access which prevented me from finding the closest Domino's store location, selecting the closest store location for my pick-up order, customizing my pizza, setting up a "Pizza Profile" and was unable to independently, securely and privately complete my pizza order for carry out.

7. When I first visited Dominos.com I found that the website was very cluttered and difficult to understand.

8. I experienced a great deal of difficulty when trying to locate the "Delivery" and "Carryout" buttons on the website. It was unclear to me where they were located on the website and required an inordinate amount of time to locate.

9. I was aware that there was a carousel on the home page which featured information for users but the carousel could not be paused in order to have time to allow my screen-reading software to convey the information to me. Additionally, I could not identify what was on the carousel since not all of the information was labeled.

10. I was unable to customize the toppings on the "Pizza Builder" feature because my screen-reading software could not identify the specific information about what toppings were available to select for my pizza. The reason I was unable to identify the specific information about the toppings that were available to select for my pizza was because the topping selections were not labeled, so I was not able to select the toppings I wanted to put on my pizza.

11. I also discovered that once I located the "Add to Cart" button that I was not able to activate it.

12. I was unable to locate a specific store where I could pick up a pizza

1  since I was unable to sort through the various results.  The results that were
2  generated were convoluted which made the process confusing and time consuming.
3      13.    I was unable to independently create a "Pizza Profile" and privately
4  enter my personal information or my credit card information because I could not
5  identify what the various fields were associated with (i.e. street address, apartment
6  number, credit card number, etc).
7      14.    After my first experience with the website, having been unable to
8  independently locate a Domino's location nearest me in Los Angeles County, I
9  returned to Defendant's website approximately ten times, every few months, to
10 check back and determine if the accessibility of the website had been improved and
11 attempt to independently place an order for pick-up at a physical Domino's location.
12 After each of these visits and numerous attempts, I did not find Domino's had made
13 any improvements to its website. In addition, despite filing this action, I am still
14 unable to access the website and complete a purchase for a pizza using JAWS.
15     15.    Beginning in 2016, I attempted to independently, securely, and
16 privately access the Domino's mobile application I downloaded on my iPhone with
17 the intended purpose of locating a Domino's physical location closest to me in Los
18 Angeles County, customizing a pizza for carry out at that location, and completing
19 my intended transaction through the mobile application. Ultimately, I was unable to
20 pick-up any pizza at a Domino's location due to the access barriers I encountered.
21     16.    After my first attempt to access Domino's mobile application, having
22 been unable to independently locate a Domino's location nearest me in Los Angeles
23 County, I returned to Defendant's mobile application on many occasions after
24 discovering Domino's mobile application had an update I could download. Each
25 time I updated Domino's mobile application, I returned hoping the accessibility
26 barriers were removed and I would be able to purchase a pizza for pick-up and be
27 able to choose the location I wanted to pick up the pizza from in Los Angeles
28

County. However, on each occasion I returned to the updated Domino's mobile application, I discovered the accessibility of Domino's mobile application had not improved and was unable to select a location for pick-up of the pizza I wanted to order and was unable to customize an order, place an order, or pick up a pizza.

17. In addition, despite filing this action, I am still unable to access the mobile application and complete a purchase for a pizza.

18. Since first downloading Domino's mobile application in 2016 and after updating the mobile application on numerous occasions since my first attempt to, I have never found any method by which I could contact Domino's and notify Defendant about the barriers to access I encountered.

19. On February 28, 2017, I revisited Dominos.com and after not being able to select a location where I could place an order for pick-up, I discovered text on the homepage which stated "If you are using a screen reader and are having problems using this website, please call 800-252-4031 for assistance." I called the 800 number and was placed on hold and repeatedly told I would be connected to a representative shortly for more than 10 minutes.

20. All of this caused me to experience difficulty, discomfort, embarrassment, distress, discouragement, and frustration.

I declare under penalty of perjury under the laws of the State of California and the laws of the United States of America, that the foregoing is true and correct, and that this Declaration was executed on March 6, 2017, in Orange County, California.

By: */s/ Guillermo Robles*
   GUILLERMO ROBLES

**Certification Pursuant to Local Rule 5-4.3.4(a)(2)(i)**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I, Joseph R. Manning, Jr., hereby do attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED:   March 6, 2017                    By: /s/ *Joseph R. Manning, Jr.*