Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
Michael J. Manning, Esq. (State Bar No. 286879)
Tristan P. Jankowski, Esq. (State Bar No. 290301)
Osman M. Taher, Esq. (State Bar No. 272441)
**MANNING LAW, APC**
20062 S.W. Birch St., Suite 200
Newport Beach, CA 92660
Office: (949) 200-8755
Fax: (866) 843-8308
DisabilityRights@manninglawoffice.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| GUILLERMO ROBLES, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>DOMINO'S PIZZA LLC, a limited liability corporation,<br>    Defendant. | **Case No.:** 2:16-cv-06599-SJO-FFM<br><br>**MOTION FOR LEAVE TO AMEND PLAINTIFF'S COMPLAINT**<br><br>**DATE:** June 17, 2019<br>**TIME:** 10:00 AM<br>**COURTROOM:** 10C<br><br>**HON. S. JAMES OTERO** |

---

**MOTION FOR LEAVE TO AMEND COMPLAINT**
1

## I. INTRODUCTION

On September 24, 2018, Plaintiff GUILLERMO ROBLES ("Plaintiff") filed the complaint in this case alleging violations of the Americans With Disabilities Act ("ADA") and the Unruh Civil Rights Act ("Unruh Act"). [ECF No. 1]. The Plaintiff's complaint alleges that DOMINO'S PIZZA LLC's ("Defendant") website, Dominos.com, and its mobile application are not accessible to persons with disabilities.

On April 15, 2019, the Court held a Status Conference and ordered the Last Day to Amend the Compliant to Wednesday, May 15, 2019. [ECF No. 56].

On May 3, 2019, Plaintiff's expert, Rosemary Musachio, who is a Certified Professional in Accessibility Core Competencies (CPACC), Certified Professional in Web Accessibility (CPWA), Web Accessibility Specialist (WAS), inspected Defendant's website and mobile application. On May 10, 2019, Plaintiff revisited the Defendant's website and mobile application to further assess if anything has changed since his last several visits after his first in early 2015. Plaintiff now moves to amend his Complaint to elaborate on the areas addressed in the Complaint by adding additional factual allegations encountered by Plaintiff and confirmed by Plaintiff's expert.

## II. LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure gives parties the opportunity to amend their pleadings in two different circumstances. The first circumstance, which is not available to Plaintiff at this time, is *Amending as a Matter of Course.* This is an automatic amendment that is allowed as long as it is done either before a response to the pleading is filed or 20 days after the pleading sought to be amended is filed.[1]

Secondly, if time has passed or a responsive pleading has been filed, the amending party's only other option is to either seek the consent of the opposing party

---

[1] FRCP 15(a)1

to amend, or obtain leave to amend from the court.[2]  When seeking leave to amend from the court, the court will give leave to amend "when justice so requires."[3] Generally, leave to amend will be granted unless the weighing of several factors show that the amendment would be inappropriate.[4]  It may be denied where it creates an element of undue surprise or prejudice to the opposing party.[5]  Courts have pointed out that no unfair prejudice should be found simply because a party has to defend against a better-pleaded claim.[6]  Where a deficiency could be cured by an amendment, leave to amend should be granted.[7]

### III.  ARGUMENT

As stated above, Defendants have violated the ADA and Unruh Act by failing to operate and maintain its website and mobile application in a state accessible to persons with disabilities.  Plaintiffs seek leave of Court to elaborate on the areas addressed in the Complaint by adding additional factual allegations and additional violations found by Plaintiff and Plaintiff's expert.  Motions to Amend should be granted as justice so requires and Plaintiff is entitled to relief from Defendants based upon a Complaint conforming to the evidence which seeks complete relief.   As such, justice requires that Plaintiff be granted leave to amend Plaintiff's operative pleading.

---

[2] FRCP 15(a)2

[3] FRCP 15(a)2

[4] United States ex rel. Lee v. SmithKline Beecham, Inc., 245 F. 3d. 1048, 1052 (9th Cir. 2001) (Weighing bad faith undue delay, prejudice and futility)

[5] Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F. 3d 1048 1052 (9th Cir. 2003) ("[I]t is the consideration of prejudice to the opposing party that carries the greatest weight.")

[6] Popp Telcom, Inc. v. American Sharecom, Inc., 210 F.3d 928, 943 (8th Cir. 2000) ("The inclusion of a claim based on facts already known or available to both sides does not prejudice the non-moving party.")

[7] Lopez v Smith, 203 F. 3d 1122, 1130 (9th Cir. 200) (leave to amend should be granted even if not requested).

MOTION FOR LEAVE TO AMEND COMPLAINT
3

Motions to amend should only be denied if granting the motion would cause undue surprises or prejudice to other party. At this stage of litigation and the nature of the requested amendment, Defendants' strategy in defending this matter will be minimally affected as Defendants and defense counsel are readily familiar with both the allegations and associated causes of action. Moreover, Defendants have not yet begun discovery since this case has been remanded from by the Ninth Circuit Court of Appeals on February 6, 2019. Since the amended Complaint would not materially change any position Defendants have taken, this would not constitute undue surprise on the Defendants.

For the reasons discussed above, Plaintiff's amendment would not adversely affect Defendants' defenses. Thus, it would not constitute undue prejudice on Defendant as the opposing parties.

## IV. CONCLUSION

This Court should grant Plaintiff leave to amend Plaintiff's Complaint because justice does so require. It would not cause undue surprise or prejudice to Defendants because it neither adversely affects Defendants, nor does it substantially change Defendants' defenses. In no way does it cause prejudice to Defendants as Defendants are already preparing to defend in relatively the same manner as it would after an amendment to Plaintiff's operative pleading. Therefore, in weighing these factors, this Court should grant Plaintiff's Motion for Leave to Amend the Complaint.

Dated: May 15, 2019            **MANNING LAW, APC**

                                      By: */s/ Joseph R. Manning, Jr., Esq.*
                                          Joseph R. Manning Jr., Esq.
                                          Attorneys for Plaintiff