Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
Michael J. Manning, Esq. (State Bar No. 286879)
Tristan P. Jankowski, Esq. (State Bar No. 290301)
Osman M. Taher, Esq. (State Bar No. 272441)
**MANNING LAW, APC**
20062 S.W. Birch St., Suite 200
Newport Beach, CA 92660
Office: (949) 200-8755
Fax: (866) 843-8308
DisabilityRights@manninglawoffice.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| GUILLERMO ROBLES, an individual, <br><br> Plaintiff, <br><br> v. <br><br> DOMINO'S PIZZA LLC, a limited liability corporation, <br> Defendant. | **Case No.:** 2:16-cv-06599-SJO-FFM <br><br> **REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND PLAINTIFF'S COMPLAINT** <br><br> **DATE:** June 17, 2019 <br> **TIME:** 10:00 AM <br> **COURTROOM:** 10C <br><br> **HON. S. JAMES OTERO** |

---

**REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT**

TO DEFENDANT AND TO ITS ATTORNEYS OF RECORD:

Plaintiff Guillermo Robles respectfully submits this reply memorandum in support of his motion for leave to file his first amended complaint.

**A.** **Plaintiff Made Defendant Known His Intent To Amend In the Meet And Confer On the Scheduling Order, At The Hearing For the Scheduling Order, And Thereafter; Defendant Categorically Will Not Agree To Any Stipulation**

Defendant has known that Plaintiff planned to amend his Complaint since at least the April 15, 2019, scheduling conference when Plaintiff's counsel requested time to amend and this Court granted it.  Defendant has further acknowledged that Plaintiff attempted on three occasions, by email, by phone, and in person, to request that Defendant to stipulate to allow Plaintiff to amend his Complaint; a routine occurrence that a "court should freely give leave when justice so requires." Fed. Rule Civ. Proc. Rule 15(2).

At the April 15, 2019, Scheduling Conference, Defendant's counsel objected to allow Plaintiff a deadline for leave to amend, which demonstrates that Defendant would have categorically refused to stipulate regardless of whether a day or a week passes after having been presented with a proposed amendment. The proposed amendment makes the Complaint more detailed and provides the Defendant the "fair notice" it claims is its right and, despite the fact that Plaintiff met and conferred on three occasions prior to filing this Motion, Defendant never provided any substantive reason *why* it would not stipulate.

Accordingly, Defendant both knew that Plaintiff planned to amend his Complaint for quite some time, and it is apparent in Defendant's Opposition that it has (and given an additional six days would still have had) no intention to stipulate to allow Plaintiff to amend, regardless of the content of such amendment.  Defendant has further suffered no undue prejudice for not having an additional week's time before it would inevitably say "no," had the Parties succeeded in thoroughly discussing the

proposed amended Complaint.

**B. Plaintiff Filed His Motion For Leave to Amend Before the May 15, 2019, Deadline And The Rule 15(a) Standard Applies**

The defense spends significant argument to distort the fact that Plaintiff's Motion is timely, such that Plaintiff purportedly needs "good cause" under Rule 16 for leave to amend and to change the Court's Scheduling Order. Defendant then cites numerous inapplicable case law to support its wrong premise; that Plaintiff did not file before the Court's deadline to amend on May 15, 2019.

Indeed, Plaintiff filed his Motion at 3:30 p.m. on May 15, 2019, [Dkt. No. 60] within the deadline prescribed by the Court's Scheduling Order [Dkt. No. 56], the Rule 15(a) standard must therefore apply, and all of Defendant's argument regarding late requests for leave to amend are inapposite.

**C. The Weighing of Factors Do Not Show That Amendment Is Inappropriate; Defendant Will Not Be Prejudiced By More Specific Facts Of An Amended Complaint**

Leave to amend will be granted unless the weighing of several factors show that the amendment would be inappropriate. *United States ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F. 3d. 1048, 1052 (9th Cir. 2001) (Weighing bad faith undue delay, prejudice and futility). These factors all lean in Plaintiff's favor.

*1. No Bad Faith Undue Delay*

There is no bad faith undue delay because Plaintiff filed his Motion within the deadline prescribed by this Court, Defendant has known for over a month that Plaintiff intended to amend his complaint, and Defendant would oppose Plaintiff's request for leave regardless of the amended complaint's content.

*2. No Undue Surprise or Prejudice*

Leave may be denied where it creates an element of undue surprise or prejudice to the opposing party. *Eminence Capital, L.L.C. v. Aspeon, Inc.*, 316 F. 3d 1048 1052 (9th Cir. 2003) ("[I]t is the consideration of prejudice to the opposing party that carries

**REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT**

the greatest weight.") There is no undue surprise or prejudice for Defendant when Plaintiff has timely filed his Motion by the deadline provided by the court and provides more specific descriptions of barriers that caused Plaintiff from full and equal enjoyment of Defendant's website and mobile app, and the goods and services provided thereto in connection with Defendant's brick and mortar restaurants.  Courts have pointed out that no unfair prejudice should be found simply because a party has to defend against a better-pleaded claim.  *Popp Telcom, Inc. v. American Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000).

Defendant suffers no prejudice for more specific descriptions of barriers related to Plaintiff's ability, as a blind person, to navigate the website, view descriptions of options and promotions, or make selections to order pizza for delivery or pick up. (Dkt No. 60-4, FAC ¶¶ 37-46)   These facts go to the essence of Plaintiff's denial to access to at Defendant's physical restaurants because the inaccessible functions on Defendant's website and mobile application are directly connected with the goods and services offered at Defendant's physical restaurants. These additional details benefit all Parties and the Court because they help establish the truth of the matter and zero-in on continued barriers to access that Defendant has long maintained it cannot (or refuses to) identify.

Notably, the additional pleadings are not separate "new" barriers that prevented Plaintiff from ordering a pizza, accessing information about Defendant's offerings, and otherwise use the essential features of Defendant's website.  They are more detail about the same barriers that prevent the access to features originally alleged in the Complaint.  Defendant therefore continues to have fair notice of barriers in the operative Complaint, as discussed in *Oliver v. Ralphs*, 654 F.3d 903 (9th Cir. 2011), even though there is now more detail about those barriers in the proposed amended Complaint.

Moreover, by the position taken here, Defendant should be estopped from any defense or objection in the future regarding "fair notice" or any related theory because

it opposes Plaintiff's request here for leave to file an amended Complaint that is more detailed than the original it replaces, although both address the same inaccessible website and mobile application.

Defendant curiously cites several nonbinding district court cases in Florida about a nexus between websites and physical locations, despite the 9th Circuit's decision on this very case that also discussed nexus. Nor are Defendant's nexus arguments persuasive or applicable here even if they were binding. Plaintiff's additional pleadings help further establish evidence of a nexus between the inaccessible functions of the website (e.g. placing an order for deliver or pick up from a physical restaurant, locating a store, taking advantage of promotions offered on websites/apps for pizza offered at physical restaurants, etc.).  This is a motion for leave to amend that is frequently granted with liberality; not a motion into the sufficiency of pleading a nexus between the website and restaurant that defendant more appropriately must attack by dispositive motion.

Notwithstanding its irrelevant arguments, Defendant has not and cannot show prejudice for Plaintiff's request for leave to amend brought within the time restraints ordered by this Court that provide more detailed pleadings that go to the root of the issues of this case.

*3.      Amendment Is Not Futile*

This is not a situation where the Court dismissed with leave to amend and Plaintiff is attempting to remedy deficiencies in the pleading with a futile amendment. Therefore, amendment is not futile and actually helps the Parties and the Court better understand the issues.

**D.      Conclusion**

Plaintiff respectfully requests that leave to amend be granted because the weighing of the *United States ex rel. Lee v. SmithKline Beecham, Inc.* factors show that amendment is not inappropriate, Defendant will not be prejudiced by having to defend a better pleaded claim, and Defendant has not suffered undue prejudice for not

1   more thoroughly discussing issues to which Defendant had no intention to stipulate.

2

3   Dated: June 3, 2019         **MANNING LAW, APC**

4

5                       By: */s/ Joseph R. Manning, Jr., Esq.*
                              Joseph R. Manning Jr., Esq.

6                               Attorneys for Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

**REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT**