UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | |
|---|---|
| Priority | _____ |
| Send | _____ |
| Enter | _____ |
| Closed | _____ |
| JS-5/JS-6 | _____ |
| Scan Only | _____ |

**CASE NO.:** 2:16-CV-06599-SJO (FFMx)    **DATE:** June 13, 2019

**TITLE:** Guillermo Robles v. Domino's Pizza, LLC

========================================================================

**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                                        Not Present
Courtroom Clerk                                         Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**     **COUNSEL PRESENT FOR DEFENDANT:**

Not Present                                             Not Present

========================================================================

**PROCEEDINGS (in chambers): ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** [Docket No. 60]

This matter comes before the Court on Plaintiff Guillermo Robles' ("Plaintiff" or "Robles") Motion for Leave to File First Amended Complaint ("Motion"), filed on May 15, 2019. Defendant Domino's Pizza, LLC, filed an Opposition to the Motion ("Opposition") on May 24, 2019. Plaintiff Replied ("Reply") on June 3, 2019. The Court found this matter suitable for disposition without oral argument and vacated the hearing set for June 17, 2019. *See* Fed. R. Civ. P. 78(b). For the following reasons, the Court **GRANTS** Plaintiff's Motion.

I.      FACTUAL AND PROCEDURAL BACKGROUND

    A.      Factual Background

Plaintiff, who is blind, filed the Complaint in this action on September 1, 2016. The Complaint alleges as follows.

Domino's Pizza, LLC, purportedly discriminated against Plaintiff based on his disability because Defendant prevented him from being able to fully access the company's online services. (*See* Compl. ¶ 2, ECF No. 1.) As a blind individual, Plaintiff uses screen-reading software to access the internet and interact with online services. (*See* Compl. ¶¶ 17-19.) Defendant allegedly did not design nor maintain its online storefront Dominos.com ("Website") and iOS mobile application ("App") in accord with widespread standards that permit screen-reading software to function adequately ("Standards"). (*See* Compl. ¶¶ 20-22.) Plaintiff claims that Defendant's failure to incorporate the Standards denied him, and continues to deny him, the ability to take advantage of services available to the public. (*See* Compl. ¶¶ 26-27.)

Starting "as early as 2015," Plaintiff attempted to access and order food from the Defendant's Website and App. (*See* Compl. ¶¶ 1, 31.) Defendant's failure to incorporate the widespread Standards resulted in his inability to place an order for a pizza from Defendant. (*See* Complaint at ¶ 28, 31.) In 2016, Plaintiff again tried to order a pizza from both online portals, but was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.: 2:16-CV-06599-SJO (FFMx)　　　DATE: June 13, 2019

unsuccessful. (*See* Complaint at ¶ 29, 32.) In the proposed amended Complaint, Plaintiff asserts that on May 10, 2019, he revisited both Defendant's Website and App and remained unable to access their services. (*See* Motion at 2: 13-14, ECF No. 60.)

Plaintiffs brings the following causes of action against Defendant: (1) violation of the Americans with Disabilities Act ("ADA") of 1990, 42 U.S.C. § 12101 et seq., based on the Website, (2) violation of the ADA based on the App, (3) violation of the California Unruh Civil Rights Act ("UCRA"), California Civil Code § 51 et seq., based on the Website, and (4) violation of the UCRA for the App.  Plaintiffs seeks damages and an injunction ordering Defendant to incorporate the Standards. (*See* Complaint at ¶ 4-5, 65, 47 (*sic*).)

　　　B.　　Procedural Background

Defendant filed a Motion for Summary Judgment on February 22, 2017, which this Court granted on March 20, 2017.  The Court held that because Defendant had not received notice that its Website and App must comply with the ADA, imposing liability on Defendant would violate Defendant's due process rights.  Plaintiff appealed this Court's order to the Ninth Circuit on April 12, 2017.

On February 6, 2019, the Ninth Circuit reversed and remanded this action, holding that "the district court erred in holding that imposing liability in this case would violate Domino's due process rights. Domino's has received fair notice that its website and app must provide effective communication and facilitate 'full and equal enjoyment' of Domino's goods and services to its customers who are disabled."  *See Robles v. Domino's Pizza*, No. 17-55504, Slip Op. at 21 (9th Cir., Jan. 15, 2019).

After the remand, this Court subsequently a Scheduling Conference and set May 15, 2019 as the last day on which Plaintiff could amend pleadings.  (*See* Order Setting Scheduling Conference, ECF No. 51; Minutes of Scheduling Conference, ECF No. 56.)

On May 3, 2019, Plaintiff retained an expert to inspect Defendant's Website and App. (*See* Motion at 2:10-13.) Based on the expert's opinion, Plaintiff brings the instant Motion. Plaintiff seeks leave to file a First Amended Complaint that incorporates the expert's findings and provides additional factual allegations to bolster his four causes of action. (*See* Motion at 2:15-18.)

II.　　DISCUSSION

　　　A.　　Legal Standard

A party may amend its pleading once as a matter of course within 21 days after service of a responsive pleading or motion under Rule 12(b), (e), or (f), whichever is earlier. *See* Fed. R. Civ. P. 15(a)(1)(B).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

CASE NO.: 2:16-CV-06599-SJO (FFMx)         DATE: June 13, 2019

justice so requires." Fed. R. Civ. P. 15(a)(2). "Although [Rule 15] should be interpreted with 'extreme liberality' . . . leave to amend is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citing *United States v. Webb*, 655 F.2d 977, 979 (9th Cir.1981)).

The Ninth Circuit considers five factors in determining whether this Court should grant leave to amend: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *Learjet, Inc. v. ONEOK, Inc.*, 715 F.3d 716, 738 (9th Cir. 2013) (citation omitted). Leave to amend lies "within the sound discretion of the trial court," and the court "must be guided by the underlying purpose of Rule 15–to facilitate decision on the merits rather than on the pleadings or technicalities." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185-86 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).

  B. <u>Analysis</u>

The Court addresses each of the five factors in turn and ultimately **GRANTS** Plaintiff leave to file an amended complaint.[1]

    1. <u>Bad Faith</u>

There is no evidence that Plaintiff proceeded in bad faith, although Plaintiff's actions in failing to amend the Complaint by the amendment cut-off date fall short of the diligence that he must show in proceeding with this litigation.

On the one hand, Plaintiff did have about two weeks after the expert inspected Defendant's Website and App on May 3, 2019 in which to amend pleadings before this Court's May 15, 2019 deadline. Plaintiff did not amend the Complaint. Plaintiff could have secured his expert's services at an earlier date, or he could have amended his pleadings after the expert's inspection on May 3, 2019 but before May 15, 2019.

---

[1] In ruling on the instant Motion, the Court draws the parties' attention to two matters. First, Plaintiff should abide by the deadlines set in this Court's scheduling orders. Although the Court grants Plaintiff permission to amend the Complaint, the Court will not look favorably upon Plaintiff missing deadlines in the future. Second, both parties should meet and confer prior to filing motions pursuant to Local Rule 7-3. It appears here that Plaintiff did not abide by this requirement. Failure to timely meet and confer with opposing counsel may result in sanctions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.:  2:16-CV-06599-SJO (FFMx)          DATE: June 13, 2019

On the other hand, the Court sympathizes with the fact that at least part of Plaintiff's delay relates to Plaintiff's effort to obtain an expert's opinion and findings. With this report, Plaintiff seeks to provide as much information as possible to this Court and to Defendant. Where, as here, a delay in amending a pleading is partly due to a Plaintiff's effort to provide a well-pleaded complaint that meets federal pleading standards, this Court generally permits a litigant to amend the complaint. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1053 (9th Cir. 2003).

In its Opposition, Defendant argues that Plaintiff proceeds in bad faith because Plaintiff's counsel violated Local Rule 7-3. (*See* Opposition at 6:26-7:5, ECF No. 61.) While it may be true that Plaintiff did not meet and confer prior to filing the instant Motion, this fact is not enough to show bad faith. As noted previously, Plaintiff must comply with the Local Rules and the Initial Standing Order in all future pleadings.

2.      Undue Delay

Plaintiff did not engage in undue delay. Plaintiff's actions fall short of competent because he waited a month after the amendment deadline before bringing this Motion. Nevertheless, because the parties have not started discovery yet and are at an early stage of litigation, this factor favors granting Plaintiff leave to amend the Complaint. *See Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (finding undue delay when a plaintiff waited until the close of discovery to seek to amend a complaint).

Plaintiff undoubtedly could have hired an expert earlier in this process, perhaps soon after the Ninth Circuit's remand order. At worst, however, Plaintiff delayed for a matter of months. The Court thus holds that Plaintiff did not engage in undue delay in seeking to amend his Complaint.

3.      Prejudice to the Opposing Party

Defendant will not suffer prejudice based on an amendment to the Complaint. Plaintiff proposed amended complaint advances no new legal theories. The facts involved are nearly the same as those already alleged in the previous complaint. *See Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990) (finding prejudice where allowing an amendment would have forced a defendant to litigate an entirely different legal claim and theory). Defendant contends that Plaintiff expands his legal claims. (*See* Opposition at 2:13-23.) The Court disagrees: although Plaintiff expands some of the factual bases of his claims based on his expert's analysis of the Website and App, Plaintiff's legal claims remain the exact same. There are four causes of action in the original complaint and the amended complaint. Defendant will have the chance to challenge Plaintiff's

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority ___
Send ___
Enter ___
Closed ___
JS-5/JS-6 ___
Scan Only ___

CASE NO.: **2:16-CV-06599-SJO (FFMx)**    DATE: **June 13, 2019**

factual allegations in the future, including on a motion to dismiss under Rule 12(b)(6), but these arguments are premature at the present stage of litigation.[2]

### 4. Futility of the Amendment

Based on a preliminary review of the draft amended complaint, which Plaintiff provides as an exhibit, the Court holds that the amendments are not futile. Plaintiff adds new factual allegations connected to the expert's analysis of the Website and App. These factual allegations help Plaintiff prove the ADA violation. Accordingly, this factor favors allowing Plaintiff to amend the Complaint.

### 5. Previous Amendments to the Complaint

In examining the fifth factor, the Ninth Circuit's decision in *Royal Ins. Co. of Am. v. Sw. Marine*, 194 F.3d 1009 (9th Cir. 1999) is instructive. In that case, Royal Insurance Company ("Royal") sued Southwest Marine ("Southwest") for negligence, breach of contract, and breach of warranty when Southwest allegedly caused $900,000 of damage to a boat insured by Royal. *Id.* at 1013. Royal amended the original complaint to correct minor deficiencies and, later, amended the complaint again to assert additional claims against Southwest. *Id.* However, the district court denied Royal's motion for leave to file a third amended complaint because the facts involved were known to Royal at the time of filing. *Id.* On appeal, the Ninth Circuit stated, "'[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action.'" *Id.* at 1016-17 (quoting *Acri v. International Assoc. of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir.1986)).

Here, Plaintiff did not "kn[o]w or should have known the facts and theories raised by the amendment in the original pleading." *See Jackson*, 902 F.2d at 1388. Although Plaintiff was aware of alleged accessibility issues since the beginning of this litigation, the expert report helped Plaintiff catalog and understand the specific areas where Defendant's Website and App were deficient. Once Plaintiff received the expert's opinions in May 2019, Plaintiff sought to amend the Complaint.

### III. RULING

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Leave to File An Amended Complaint. Plaintiff's First Amended Complaint must be filed and served on Defendants **10 days**

---

[2] Defendant contends that he plans to file a writ of certiorari petition with the Supreme Court of the United States. (*See* Opposition at 2:3-5.) If the Supreme Court grants his petition, this Court will stay all proceedings pending the Supreme Court's decision.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.:  2:16-CV-06599-SJO (FFMx)            DATE: June 13, 2019

after the date of this order.  Defendant's response is due **10 days** thereafter.

IT IS SO ORDERED.