Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
Michael J. Manning, Esq. (State Bar No. 286879)
Tristan P. Jankowski, Esq. (State Bar No. 290301)
Osman M. Taher, Esq. (State Bar No. 272441)
**MANNING LAW, APC**
20062 S.W. Birch St., Suite 200
Newport Beach, CA 92660
Office: (949) 200-8755
Fax: (866) 843-8308
DisabilityRights@manninglawoffice.com


Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| GUILLERMO ROBLES, an individual,<br><br>            Plaintiff,<br><br>v.<br><br>DOMINO'S PIZZA LLC, a limited liability corporation,<br>            Defendant. | **Case No.:** 2:16-cv-06599-SJO-FFM<br><br>**OPPOSITION TO MOTION FOR STAY**<br><br>**DATE:** June 17, 2019<br>**TIME:** 10:00 AM<br>**COURTROOM:** 10C<br><br>**HON. S. JAMES OTERO** |

TO DEFENDANT AND TO ITS ATTORNEYS OF RECORD:

Plaintiff Guillermo Robles ("Plaintiff") respectfully submits this memorandum in opposition to Defendant Domino's Pizza LLC's (Defendant) motion for stay.

## I.   <u>Legal Standard</u>

The Court "has broad discretion to stay proceedings as an incident to its power to control its own docket," *Clinton v. Jones*, 520 U.S. 681, 706 (1997), and in considering the "economy of time and effort for itself, for counsel and for litigants," *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). This power applies "especially in cases of extraordinary public moment," where "a plaintiff may be required to submit to delay not immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted." *Clinton*, 520 U.S. at 707 (citation and internal quotation marks omitted). However, the Court "must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977). "The proponent of a stay bears the burden of establishing its need." *Clinton*, 520 U.S. at 708.

"[T]he decisionmaker should generally consider the following factors: (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation." *Keating v. Office of Thrift Supervision,* 45 F.3d 322, 324-325 (9th Cir. 1995).

## II.   <u>Analysis</u>

A stay is inappropriate at this stage of the litigation because Defendant has merely applied for certiorari with the United States Supreme Court (not been granted and less than 2% chance of being selected) and there is no third circuit split as

---

Defendant has framed in its petition. Further delay of this case on a tenuous probability of certiorari being granted that is less than victory on of a single number on a roulette wheel does not foster good cause to stay. Further, Defendant has planned to petition the Supreme Court for several months and even informed this Court of its plan at the April 15, 2019, scheduling conference. Yet only now – after the Court has set precise scheduling dates and deadlines and after Plaintiff has amended his Compliant – does Defendant request the Court stay the case. In doing so, Defendant has burdened the Court and Plaintiff, and Defendant will not be prejudiced by proceeding pending the likely outcome is that certiorari will be denied. It is therefore inefficient to stay this case in the interim. Further, Defendant and Plaintiff will not be burdened by proceeding at least through discovery before a decision on Defendant's certiorari petition. Plaintiff, on the other hand, will be prejudiced by a stay because this case has been pending since 2016, Defendant has made no improvements to the accessibility of its website and mobile application and apparently has no intention to do so, and Plaintiff continues to be denied full and equal access, as provided in detail in his amended complaint. The *Keating* factors weigh in Plaintiff's favor and Defendant has failed to meet its burden of establishing its need to stay this case.

### A. Certiorari Is Unlikely To Be Granted

The United State Supreme Court's website approximates how unlikely Defendant's case will be given plenary review: "Each Term, approximately 7,000-8,000 new cases are filed in the Supreme Court." *See* https://www.supremecourt.gov/about/justicecaseload.aspx "Plenary review, with oral arguments by attorneys, is currently granted in about 80 of those cases each Term, and the Court typically disposes of about 100 or more cases without plenary review." *Id.* This equates to approximately 1% -1.2% of cases, like Defendant's, that the Supreme Court grants review.

In its certiorari petition, Defendant claims that the Ninth Circuit has adopted a new, third standard for application of the ADA to the internet. Really, there is only a

two-way split. The First, Second and Seventh simply hold that all websites are public accommodations subject to the ADA and the Third, Sixth, Eleventh and Ninth Circuits find that a website is covered by the ADA only if it has some nexus to a physical place of business. Defendant argues in its petition that the Ninth Circuit has adopted that if there is any connection between a website or mobile app and a physical store then the website or mobile app must be accessible regardless of the nature of that connection. Defendant argues that the Ninth Circuit's holding requires that the website itself be accessible regardless of whether the services it offers are available in other forms.

These extreme views are *not* the Ninth Circuit's holding and Defendant has attempted to involve issues that it did not contest and that the Circuit court did not need to address. "This nexus between Domino's website and app and physical restaurants—which Domino's does not contest—is critical to our analysis." *Robles v. Domino's Pizza LLC*, 913 F.3d 898 (9th Cir. 2019). Footnote 6: "We need not decide whether the ADA covers the websites or apps of a physical place of public accommodation where their inaccessibility does not impede access to the goods and services of a physical location." *Id.* Footnote 4: "We believe that the mere presence of the phone number, without discovery on its effectiveness, is insufficient to grant summary judgment in favor of Domino's." *Id.*

Accordingly, the Supreme Court will recognize that Defendant's reading of the Ninth Circuit opinion is wrong and does not create a three-way Circuit split. Further, the two-way split that exists does not arise to a conflict of law that is so contentious that could limit Domino's exposure because the Ninth Circuit's nexus prerequisite is already more stringent than those that do not require a nexus. In sum, the Supreme Court is especially unlikely to grant certiorari in this case and, even if it did, resolution of the Circuit split would likely leave the Ninth Circuit's interpretation intact or eliminate the nexus requirement for ADA website and mobile application cases.

By the same token, persons who are not parties to the civil litigation will not be affected by a denial to stay this action, and this factor too goes in Plaintiff's favor.

---

### B.      Defendant Has Inconvenienced The Court And A Stay Is Inefficient

Defendant has planned to petition the Supreme Court for several months, yet utterly failed to inform this to the Court at the April 15, 2019, scheduling conference that Defendant wanted to stay this case, despite also telling the Court that it planned to petition for certiorari, after the Court revisited the status of this case, set strict dates and deadlines, and after Plaintiff has amended his Complaint.  In doing so Defendant has inconvenienced the Court in its management of its cases, and has not demonstrated good cause to now alter the Court's scheduling order for a petition that has less than a 2% chance of being granted.  Further, a stay will require a change to the scheduling order or, at a minimum, an extension to the time allotted for discovery.  Such a change to the scheduling order is not support by good cause.  This factor is in Plaintiff's favor.

### C.      Plaintiff Will Be Prejudiced By Further Undue Delay Of A Case Filed In 2016

This case was initially filed in September 2016 with facts that arose in 2015. Since then and despite several district court rulings throughout the country and in the Ninth Circuit that the ADA applies to websites, Defendant has continued to discriminate against Plaintiff and has ostensibly made no effort to improve the accessibility of its website and mobile application for persons who are blind.  Instead, Defendant has doubled-down and is continuing to avoid its obligations under law by delaying justice. Plaintiff has been, and is still being, intentionally denied access by Defendant for over four years.  Justice delayed is justice denied and further delay of an already old case to wait for a petition that is unlikely to be granted weighs in favor of denying a stay.

### D.      Defendant Will Not Be Prejudiced By Proceeding To Discovery

Defendant will not be burdened by proceeding at least through discovery before the Supreme Court decides Defendant's certiorari petition. The Court set discovery cut-off in this case for December 23, 2019, and there is time enough before then for the Supreme Court to decide whether it will hear the case, which appears exceptionally

---

unlikely.  Defendant is no more prejudiced than Plaintiff to work this older case, conduct discovery before facts become stale, and pending a petition that is unlikely to be granted.

**III.**   **Conclusion**

Plaintiff respectfully requests that Defendant's request to stay this case be denied pending its petition to certiorari because Defendant has failed to bear the burden of establishing its need. *Clinton*, 520 U.S. at 708.  Plaintiff requests that stay only be ordered in the unlikely event that the Supreme Court actually grants certiorari and hears the case.

Dated: June 24, 2019            **MANNING LAW, APC**

By: */s/ Joseph R. Manning, Jr., Esq.*
Joseph R. Manning Jr., Esq.
Attorneys for Plaintiff