SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GREGORY F. HURLEY, Cal. Bar No. 126791
ghurley@sheppardmullin.com
MICHAEL J. CHILLEEN, Cal. Bar No. 210704
mchilleen@sheppardmullin.com
BRADLEY J. LEIMKUHLER, Cal. Bar No. 261024
bleimkuhler@sheppardmullin.com
650 Town Center Drive, 10th Floor
Costa Mesa, California 92626-1993
Telephone:  714.513.5100
Facsimile:   714.513.5130

Attorneys for Defendant,
DOMINO'S PIZZA LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GUILLERMO ROBLES,<br><br>        Plaintiff,<br><br>    v.<br><br>DOMINO'S PIZZA LLC,<br><br>        Defendant. | Case No. 2:16-cv-06599<br>Hon. S. James Otero<br><br>**DEFENDANT DOMINO'S PIZZA LLC'S REPLY IN SUPPORT OF MOTION FOR STAY**<br><br>Date:   July 15, 2019<br>Time:  10:00 a.m.<br>Ctrm.:  10C<br><br>Action Filed:  September 1, 2016<br>Trial Date:     March 24, 2020 |

**TABLE OF CONTENTS**

**Page**

I.  INTRODUCTION ................................................................................................ 1

II. THIS CASE HAS NATIONWIDE IMPORTANCE. ......................................... 1

III. PLAINTIFF SUFFERS NO PREJUDICE. ....................................................... 3

IV. THE INTEREST OF THE PUBLIC SERVES A STAY. ................................. 4

V.  CONCLUSION .................................................................................................. 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Busk v. Integrity Staffing Solutions, Inc.*
   2013 WL 4786254 (D. Nev. Sept. 5, 2013) ........................................................... 3

*Gomez v. La Carretta Enterprises*
   2017 U.S. Dist. LEXIS 202662 (S.D. Fla. Dec. 6, 2017 ........................................ 2

*Price v. Everglades College, Inc.*
   2018 WL 3428156 (M.D. Fla. July 16, 2018) ....................................................... 2

*Robles v. Domino's Pizza LLC*
   913 F.3d 898 (9th Cir. 2019) ................................................................................. 2

## I. INTRODUCTION

Defendant Domino's Pizza LLC's ("Defendant" or "Domino's") motion to stay this action pending the U.S. Supreme Court's decision on Domino's petition for a writ of certiorari should be granted. This action presents a question of national importance – namely the application of the Americans with Disabilities Act ("ADA") – to websites and mobile application and Domino's petition seeks to resolve a circuit split that has emerged on this question. Plaintiff Guillermo Robles' ("Plaintiff") opposition identifies no prejudice to him in permitting a stay of this case pending the outcome of this petition. As a result, this case should be stayed in the interests of judicial efficiency and to avoid prejudicing Defendant.

A copy of Domino's petition is attached to this brief as Exhibit A, which sets forth in detail its position as to why a grant of certiorari is appropriate. This was filed with the U.S. Supreme Court on June 13, 2019.

## II. THIS CASE HAS NATIONWIDE IMPORTANCE.

Plaintiff admits in his opposition papers that there is a circuit split in how or if the ADA applies to websites. *See* Dkt. 67 at 3-4 (First, Second, and Seventh hold that all websites are places of public accommodations and Third, Sixth, Ninth, and Eleventh hold that websites may be subject to the ADA if there is a "nexus" to a physical location). This, alone, is worthy of review by the Supreme Court. As the internet can be accessed everywhere, it makes no sense whatsoever for a website to be subject to different rules depending on the geographic location of a particular circuit court.

In addition, Plaintiff is simply wrong that the Ninth Circuit's decision in this case does not deepen that split and create a third rule applying to websites. For example, District Courts in Florida have understood the Eleventh Circuit's "nexus" analysis to limit applicability of the ADA to websites only to the extent they impeded access to a physical location. As explained by a court in the Middle District of Florida:

> In clarifying the nexus requirement, district courts in the Eleventh Circuit have distinguished between an inability to use a website to gain information about a physical location and an inability to use a website that impedes access to enjoy a physical location, holding that the former "is insufficient to state a claim." **One rationale underlying this holding is that a contrary finding would require all websites with *any* nexus to a physical public accommodation to be formatted in such a way that they are accessible to screen reader software. District courts in the Eleventh Circuit have been unwilling to take a leap with such far-reaching implications, and this Court is no exception.**

*Price v. Everglades College, Inc.*, 2018 WL 3428156, *2 (M.D. Fla. July 16, 2018) (emphasis added); *see also Gomez v. La Carretta Enterprises*, 2017 U.S. Dist. LEXIS 202662, *9 (S.D. Fla. Dec. 6, 2017) ("If the Court allows ADA accessibility claims to proceed for these websites under a theory that a visually impaired plaintiff was denied access to information about the physical business location, then this Court would be saying, in effect, that all websites must interface with screen readers. The Court is not willing to take that leap because it would eviscerate the framework established by district courts within the Eleventh Circuit construing *Rendon*.").

The Ninth Circuit, using the same framework as in *Rendon*, viewed the issue differently because it extended Title III of the ADA to Domino's website and mobile app <u>because</u> they bear a nexus to its restaurant locations.  In order words, it was enough that the website or app – taken in isolation – was allegedly inaccessible if Domino's operated physical places of public accommodation. *Robles v. Domino's Pizza LLC*, 913 F.3d 898, 905 (9th Cir. 2019).

This represents an unprecedented expansion of the ADA's applicability to the virtual sphere.  In addition, the inherent national nature of websites and mobile

applications means that whatever Circuit Court extends the application of websites or mobile applications the furthest becomes the *de facto* last word on the subject. Therefore, this case is ripe for Supreme Court review.

Domino's submits that Plaintiff is simply wrong that the fact that many petitions to the Supreme Court are not granted means that this lawsuit is not likely to be granted given its national importance.

### III.     PLAINTIFF SUFFERS NO PREJUDICE.

In his First Amended Complaint, Plaintiff self-identified as an ADA tester. Plaintiff has also filed numerous identical lawsuits in this District making substantially the same allegations. As a result, his interest in this litigation is largely derived from his desire to expand the scope of the ADA. Plaintiff is simply wrong about being denied access to Defendant's goods and services. Defendant offers multiple options for him (and other members of the blind community) to order a pizza, including by phone, calling a phone number on its website, he can order by twitter, or even use a voice activated device like Amazon Alexa.

Moreover, Plaintiff suffers no prejudice from putting off discovery while the Supreme Court considers the issue. As the *Busk* court explained, forcing both parties to proceed to discovery and waste resources on a case that may never go forward in its current form makes no sense and be prejudicial. *Busk v. Integrity Staffing Solutions, Inc.*, 2013 WL 4786254 (D. Nev. Sept. 5, 2013). Waiting a few months to determine whether the case will go forward, and if so, how precisely the ADA applies to websites will greatly promote judicial efficiency because the parties will be certain as to how the law applies (or does not apply) to Plaintiff's claims.

In the meantime, Domino's suffers prejudice because it will continue to be forced to guess at what makes a website and/or mobile application sufficiently accessible for Plaintiff without the benefit of any regulatory guidance on the issue.

## IV. THE INTEREST OF THE PUBLIC SERVES A STAY.

In connection with Domino's appeal to the Ninth Circuit, an amicus brief was filed in support of Domino's position that had the backing of industry groups from nearly every sector of the economy. Those groups included the Restaurant Law Center, the American Bankers Association, the American Hotel & Lodging Association, the American Resort Development Association, the Asian American Hotel Owners Association, the Chamber of Commerce of the United States of America, International Council of Shopping Centers, the International Franchise Association, the National Association of Convenience Stores, the National Association of Home Builders of the United States, the National Association of Realtors®, the National Association of Theatre Owners, the National Federation of Independent Small Business Legal Center, the National Multifamily Housing Council, the National Retail Federation, and the Retail Litigation Center. (Amicus Brief attached as Exhibit B.)

Many of these members operate websites in conjunction with their businesses, but they are utilized in a variety of ways and for a host of different reasons. All of them have an interest in understanding what obligations the ADA imposes, if any, upon their websites and new, emerging ways in which those businesses communicate with the public. Many of them have been sued by serial plaintiffs, such as Mr. Robles. In fact, in 2018 alone, estimates are several thousand nearly identical lawsuits have been filed involving website accessibility. *See, e.g.* Minh N. Vu et al., *Number of Federal Website Accessibility Lawsuits Nearly Triple, Exceeding 2250 in 2018*, ADA Title III: News & Insights (Jan. 31, 2019). The absence of regulations has made businesses sitting ducks for such lawsuits. *E.g.*, Shannon Behnken, *Businesses 'sitting ducks' for lawsuits because websites aren't ADA compliant*, WLFA (Feb. 7, 2019).

The public interest in served by encouraging a stay of this litigation to afford the Supreme Court a chance to resolve this question and avoid burdening Domino's

with costly discovery while the question of the ADA's applicability to websites is being resolved.

## V. CONCLUSION

For all the foregoing reasons, Defendant respectfully requests the Court grant its motion for a stay.

Dated: July 1, 2019

        SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

        By      /s/ *Gregory F. Hurley*
            GREGORY F. HURLEY

        Attorneys for Defendant,
        DOMINO'S PIZZA LLC