UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

CASE NO.: <u>2:16-CV-06599-SJO-FFM</u>   DATE: <u>July 30, 2019</u>

TITLE:   <u>Guillermo Robles v. Domino's Pizza, LLC</u>

========================================================================
PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                                     Not Present
Courtroom Clerk                                      Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**                   **COUNSEL PRESENT FOR DEFENDANT:**

Not Present                                          Not Present

========================================================================
PROCEEDINGS (in chambers):   **ORDER DENYING DEFENDANT'S MOTION TO STAY PENDING DEFENDANT'S WRIT OF CERTIORARI** [Docket No. 64]

This matter is before the Court on Defendant Domino's Pizza, LLC ("Defendant" or "Domino's") Motion to Stay Proceedings Pending Defendant's Writ of Certiorari ("Motion"), filed on June 11, 2019. Plaintiff Guillermo Robles filed an Opposition to the Motion ("Opposition") on June 24, 2019. Defendant Replied ("Reply") on July 1, 2019. The Court found this matter suitable for disposition without oral argument. *See* Fed. R. Civ. P. 78(b). For the following reasons, the Court **DENIES** Defendant's Motion.

I.   <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

   A.   <u>Factual Background</u>

The operative complaint in this action alleges as follows. Domino's Pizza, LLC, purportedly discriminated against Plaintiff based on his disability because Defendant prevented him from being able to access the company's online services. (*See* First Am. Compl. ("FAC") ¶ 2, ECF No. 66.) As a blind individual, Plaintiff uses screen-reading software to access the internet and interact with online services. (*See* FAC ¶¶ 10, 17-19.) Defendant allegedly did not design nor maintain its online storefront Dominos.com ("Website") and iOS mobile application ("App") in accord with widespread standards that permit screen-reading software to function adequately ("Standards"). (*See* FAC ¶¶ 20-22.) Plaintiff claims that Defendant's failure to incorporate the Standards denied him, and continues to deny him, the ability to take advantage of services available to the public. (*See* FAC ¶¶ 26-27.)

Starting "as early as 2015," Plaintiff attempted to access and order food from the Defendant's Website and App. (*See* FAC ¶¶ 42-44.) Defendant's failure to incorporate the widespread Standards resulted in his inability to place an order for a pizza from Defendant. (*See* FAC ¶¶ 38, 43.) Plaintiff asserts that from 2016 to 2019, he has tried on multiple occasions to order a pizza from both portals, but has been unable to access their services. (*See* FAC ¶ 45.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.: **2:16-CV-06599-SJO-FFM**         DATE: **July 30, 2019**

Plaintiff brings the following causes of action against Defendant: (1) violation of the Americans with Disabilities Act ("ADA") of 1990, 42 U.S.C. § 12101 et seq., based on the Website, (2) violation of the ADA based on the App, (3) violation of the California Unruh Civil Rights Act ("UCRA"), California Civil Code § 51 et seq., based on the Website, and (4) violation of the UCRA based on the App. Plaintiff seeks damages and an injunction ordering Defendant to incorporate the Standards. (*See* FAC 22-26.)

  B. Procedural Background

Defendant filed a Motion for Summary Judgment on February 22, 2017, which this Court granted on March 20, 2017. The Court held that the Department of Justice had to promulgate regulations determining whether the ADA should apply to electronic mediums, such as the Website and App. The Court also ruled that because Defendant had not received notice that its Website and App must comply with the ADA, imposing liability on Defendant would violate Defendant's due process rights. Plaintiff appealed this Court's decision to the Ninth Circuit Court of Appeals on April 12, 2017.

On February 6, 2019, the Ninth Circuit reversed this Court's summary judgment order and remanded this action to this Court, holding that "the district court erred in holding that imposing liability in this case would violate Domino's due process rights. Domino's has received fair notice that its website and app must provide effective communication and facilitate 'full and equal enjoyment' of Domino's goods and services to its customers who are disabled." *Robles v. Domino's Pizza*, 913 F.3d 898, 909 (9th Cir. 2019).

After the Ninth Circuit's decision, this Court set a Scheduling Conference and ordered that May 15, 2019 would be the last day on which Plaintiff could amend pleadings. (*See* Order Setting Scheduling Conference, ECF No. 51; Minutes of Scheduling Conference, ECF No. 56.) Defendant also filed a petition for writ of certiorari with the United States Supreme Court.

On May 15, 2019, based on new expert testimony, Plaintiff filed a Motion for Leave to File a FAC, which this Court granted on June 13, 2019. (*See* Mot for Leave to File FAC, ECF No. 60; Order Granting Leave To File FAC, ECF No. 65.)

II. DISCUSSION

  A. Legal Standard

"A trial court may ... find it efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Levya v. Certified Grocers of California, Ltd.,* 593 F.2d 857, 863-64 (9th Cir. 1979). The decision regarding whether or not to grant a stay proceedings is firmly within the discretion of the district court. "The trial court's power to administer the court calendar and to control the time and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

CASE NO.:  2:16-CV-06599-SJO-FFM                DATE: July 30, 2019

conduct of trial is broad." *U.S. v. Doe*, 627 F.2d 181, 183-84 (9th Cir. 1980). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). A *Landis* stay should not be granted "unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Leyva*, 593 F.2d at 857, 863-64. "'[I]f there is even a fair possibility that the stay ... will work damage to some one else,' the stay may be inappropriate absent a showing by the moving party of 'hardship or inequity.'" *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (quoting *Landis.*, 299 U.S. at 255).

After a final decision by a United States Court of Appeals, a party may seek final review with the Supreme Court of the United States. *See* 28 USC § 2101 (f). "In any case in which the final judgment or decree of any court is subject to review by the Supreme Court on writ of certiorari, the execution and enforcement of such judgment or decree may be stayed a reasonable time to enable the party aggrieved to obtain a writ of certiorari from the Supreme Court. The stay may be granted by a judge of the court rendering the judgment...." *Id.*

A stay is not "a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (internal citations omitted). The decision to grant a stay is an "exercise of judicial discretion." *Id.* A court's judgment on whether to grant a stay should be "guided" by a consideration of four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* The first two factors are "the most critical," and the last two factors are considered "once an applicant satisfies the first two." *Id.*; *E. Bay Sanctuary Covenant v. Trump*, 909 F.3d 1219, 1246 (9th Cir. 2018). For the first factor, the chance of success on the merits must be "better than negligible." *Nken*, 556 U.S. at 434. "By the same token, simply showing some 'possibility of irreparable injury' fails to satisfy the second factor." *Id.* at 434-35 (internal citations omitted).

"The party requesting the stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken*, 556 U.S. at 433-34.

    B.    <u>Analysis</u>

This Court applies the *Nken* factors in turn and concludes that Defendant does not carry its burden to justify a stay of this litigation.[1]

---

[1] If the Supreme Court does grant certiorari in the instant case, that decision will divest this Court of jurisdiction, and the litigation before this Court will necessarily be stayed.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.:   2:16-CV-06599-SJO-FFM            DATE: July 30, 2019

      1.    <u>Defendant Has Not Made a Sufficiently Strong Showing that It Will Succeed on the Merits Of Its Petition for Certiorari.</u>

In its Motion, Defendant claims that the Ninth Circuit impermissibly expanded ADA applicability to include standalone online portals (such as Defendant's Website and App) – that is, those online portals that do not have a nexus to a physical storefront. (*See* Mot. 11-12.) Defendant alleges that, in doing so, the Ninth Circuit purportedly exacerbated an existing two-way circuit split. (*See* Mot. 11-12.) Defendant claims that the Supreme Court inevitably will have to resolve the possible circuit split by clarifying the manner in which the ADA applies to online portals. (*See* Mot. 11-12.)

As a threshold matter, the Court notes that the United States Supreme Court grants certiorari in only a handful of cases every year.  Accordingly, it is difficult for Defendant to show that it will prevail on the merits if its writ petition, irrespective of the substance of the arguments that it makes.

Moreover, Defendant does not show that the instant case squarely presents the issue of whether the ADA applies to websites and apps.  Although this Court acknowledges that the Supreme Court may reach this issue in the future, in the instant case, the Ninth Circuit expressly stated that it was not deciding "whether the ADA covers the website or apps of a physical place of public accommodation where their inaccessibility does not impede access to the goods and services of a physical location." *Robles*, 913 F.3d at 905 n. 6.  Rather, the Ninth Circuit only decided whether it was necessary for the Department of Justice ("DOJ") to promulgate regulations clarifying the ADA's applicability to these portals. *Id.*  As the Ninth Circuit put it, "[o]ur Constitution does not require that Congress or DOJ spell out exactly how Domino's should fulfill this obligation." *Id.* at 909.  The Ninth Circuit decision, thus, rested on principles of administrative law and the DOJ's obligations with respect to the ADA.  Adjudicating the appeal of the instant case, therefore, only requires answering the question of whether the DOJ must promulgate regulations governing the ADA's applicability to Websites and Apps.

The procedural posture of this case also does not create a three-way Circuit split.  Rather, the Ninth Circuit simply  raises an issue separate and independent from the ADA's applicability to electronic mediums.  The Ninth Circuit held that it was not necessary for the DOJ to promulgate regulations governing the applicability of the ADA to Websites and Apps.  With our without the Ninth Circuit's decision in this case, the law of the Ninth Circuit remains that the ADA applies to electronic mediums that have a nexus to a physical location. *See Reed v. CVS Pharmacy, Inc.*, No. CV 17-3877-MWF (SKX), 2017 WL 4457508, at *3 (C.D. Cal. Oct. 3, 2017).  *See also Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1114 (9th Cir. 2000) (holding that to bring an ADA cause of action, there must be "some connection between the good or service complained of and an actual physical place").  Ultimately, while there may a Circuit split with respect to whether the ADA applies to electronic mediums, the instant case does not squarely present that issue to the Supreme Court.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

CASE NO.: <u>2:16-CV-06599-SJO-FFM</u>  DATE: <u>July 30, 2019</u>

Defendant must make "a strong showing that he is likely to succeed on the merits" of his petition for certiorari. *Nken*, 556 U.S. at 434. In light of the fact that the Supreme Court grants certiorari in only a handful cases, Defendant does not show a likelihood of succeeding on the merits.[2]

　　　　2.　　Defendant Will Not Suffer Irreparable Injury if Stay is Not Granted

With respect to irreparable injury, Defendant contends that, in the absence of a stay, it may have to engage in discovery which *may* be unnecessary if the Supreme Court rules in its favor. (*See* Mot. 10.)

This argument is unpersuasive. As noted previously, the Supreme Court grants certiorari in a limited number of cases. Thus it is very likely that Defendant will need to litigate the instant case before this Court. Defendant cannot state that it is a burden to continue with litigation that it is obliged to continue in any event.

Moreover, Defendant does not need to litigate this case before this Court and the Supreme Court at the same time, as Defendant appears to suggest. As the litigation proceeds before this Court, the petition for writ of certiorari will remain pending. In these circumstances, Defendant will only have to litigate before this Court. If the Supreme Court grants certiorari, this grant will divest this Court of jurisdiction. Defendant again will only litigate before one forum, the United States Supreme Court.

Ultimately, Defendant does not show that he will be forced to engage in costly and burdensome litigation in the absence of a stay. Accordingly, Defendant does not show irreparable injury.

---

[2] Defendant briefly alleges that Plaintiff impermissibly expanded the nature of his claims in his FAC to include third-party content from providers such as Coca-Cola and the National Dairy Council. (*See* Mot. 3-4.) Defendant contends that if Plaintiff's allegations are allowed to stand, then Defendant's Website would be responsible for content that these third-party providers publish to the Website. (*See* Mot. 3-4.) Although Defendant's argument might be true, the Court does not understand how the impermissible amendment of a complaint impacts the issue of a stay of litigation. Defendant will have an opportunity to challenge Plaintiff's factual allegations in the future, including on a motion to dismiss under Rule 12(b)(6). (*See* Civil Minutes 4-5, ECF No. 65.) At this time, Defendant fails to make a sufficiently convincing case for a stay.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

**CASE NO.:** 2:16-CV-06599-SJO-FFM          **DATE:** July 30, 2019

### 3. Plaintiff Will Be Substantially Injured If a Stay is Granted

Defendant contends that Plaintiff will not be injured if a stay is granted. Defendant argues that Plaintiff is a serial filer of ADA lawsuits, that Plaintiff may not actually have been a bona fide customer of Defendant, that Plaintiff may not actually be able to establish standing, and that Plaintiff's law firm has had a complaint filed against it for bringing lawsuits on behalf of a plaintiff who lacked standing. (*See* Mot. 10.) Defendant further alleges that Plaintiff may actually *gain* from a stay because the Supreme Court would presumably clarify which portions of the ADA would apply to cases like the ones Plaintiff allegedly brings. (*See* Mot. 10-11.)

As a threshold matter, Defendant raises a series of substantive arguments about the allegations that Plaintiff makes in the operative complaint. A motion for a stay is not the appropriate vehicle through which to raise those challenges. Defendant can make these arguments in subsequent pleadings.

Furthermore, delaying an action that has already been pending for several years is prejudicial to Plaintiff. Plaintiff has a strong interest in the timely resolution of litigation. This is especially the case in circumstances such as this one, where the Ninth Circuit has already ruled that this Court is well within its competence to decide the dispute before it:

> [T]he application of the ADA to the facts of this case are well within the court's competence. Properly framed, the issues for the district court to resolve on remand are whether Domino's website and app provide the blind with auxiliary aids and services for effective communication and full and equal enjoyment of its products and services. Courts are perfectly capable of interpreting the meaning of "equal" and "effective" and have done so in a variety of contexts.
>
> *Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 910–11 (9th Cir. 2019).

The Ninth Circuit's decision is binding on this Court and provides sufficient guidance for this Court to continue with this litigation. Plaintiff's ability to vindicate his rights in this lawsuit is important, and he will be substantially injured if this Court were to delay the litigation further.

### 4. The Public Interest Is In an Efficient Resolution to Claims

In its Reply, Defendant cites specific organizations, purportedly representing "industry groups from nearly every sector of the economy," that are interested in resolving the circuit split that currently exists. (*See* Reply 4.) Defendant contends that a stay, and a subsequent Supreme Court ruling, would be in the public interest because these organizations and their member businesses could better "[understand] what obligations the ADA imposes, if any, upon their websites." (*See* Reply 4.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

| | |
|---|---|
| **CASE NO.:** 2:16-CV-06599-SJO-FFM | **DATE:** July 30, 2019 |

Although there may be a public interest in the Supreme Court adjudicating the question of whether the ADA applies to website, this has very little to do with whether this Court should stay this litigation. Granting Plaintiff a timely resolution of his claim, which has been pending for several years, is a substantial interest that would be injured if this Court were to issue a stay of litigation.

III.     RULING

For the reasons explained above, the Court **DENIES** Defendant's Motion to Stay Pending Defendant's Writ of Certiorari.

IT IS SO ORDERED.