1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      A Limited Liability Partnership
2     Including Professional Corporations
   GREGORY F. HURLEY, Cal. Bar No. 126791
3  ghurley@sheppardmullin.com
   BRADLEY J. LEIMKUHLER, Cal. Bar No. 261024
4  bleimkuhler@sheppardmullin.com
   650 Town Center Drive, 4th Floor
5  Costa Mesa, California 92626-1993
   Telephone:  714.513.5100
6  Facsimile:  714.513.5130

7  Attorneys for Defendant,
   DOMINO'S PIZZA LLC
8

9                UNITED STATES DISTRICT COURT

10       CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

11

12 GUILLERMO ROBLES,                  Case No. 2:16-cv-06599
                                      Honorable S. James Otero
13            Plaintiff,
                                      **DEFENDANT DOMINO'S PIZZA
14       v.                           LLC'S ANSWER TO FIRST
                                      AMENDED COMPLAINT;
15 DOMINO'S PIZZA LLC,                DEMAND FOR JURY TRIAL**

16            Defendant.

17
                                      Action Filed:  September 1, 2016
18                                    Trial Date:    None Set

19

20

21

22

23

24

25

26

27

28

Defendant Domino's Pizza LLC ("Defendant"), in answer to plaintiff Guillermo Robles' ("Plaintiff") First Amended Complaint, admits, denies, and alleges as follows:

## INTRODUCTION

1. In response to Paragraph 1 of the Complaint, Defendant is without sufficient information for Defendant to admit or deny and Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

2. In response to Paragraph 2 of the Complaint, Defendant denies each and every allegation. In addition, Defendant denies that a website can be sued under the laws asserted by Plaintiff. *See Martinez v. San Diego County Credit Union,* Superior Court of California, County of San Diego, Case No. 37-2017-00024673-CU-CR-NC (Cal. Sup. Nov. 19, 2018) (court dismisses website case because the ADA and the Unruh Act do not apply to websites). San Diego County Credit Union Opinion attached as Exhibit A.

3. In response to Paragraph 3 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

4. In response to Paragraph 4 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

5. In response to Paragraph 5 of the Complaint, Defendant denies each and every allegation.

## JURISDICTION AND VENUE

6. In response to Paragraph 6 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

-1-

7.     In response to Paragraph 7 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

8.     In response to Paragraph 8 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

9.     In response to Paragraph 9 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

## **PARTIES**

10.     In response to Paragraph 10 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

11.     In response to Paragraph 11 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

12.     In response to Paragraph 12 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

13.     In response to Paragraph 13 of the Complaint, Defendant denies each and every allegation.

14.     In response to Paragraph 14 of the Complaint, Defendant denies each and every allegation.

15.     In response to Paragraph 15 of the Complaint, Defendant denies each and every allegation.

16.     In response to Paragraph 16 of the Complaint, Defendant admits that it is a Michigan limited liability company and has its principal place of business in Ann Arbor, Michigan.  As to the remainder of the allegations in Paragraph 16,

DEFENDANT DOMINO'S PIZZA LLC'S
ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL

1   Defendant is not required to answer legal conclusions and argument, and on that

2   basis, denies each and every allegation.

3   **VISUALLY-IMPAIRED PERSONS' ACCESS TO THE INTERNET**

4   17.     In response to Paragraph 17 of the Complaint, Defendant is not

5   required to answer legal conclusions and argument, and on that basis, denies each

6   and every allegation.

7   18.     In response to Paragraph 18 of the Complaint, Defendant is not

8   required to answer legal conclusions and argument, and on that basis, denies each

9   and every allegation.

10   19.     In response to Paragraph 19 of the Complaint, Defendant is not

11   required to answer legal conclusions and argument, and on that basis, denies each

12   and every allegation.

13   20.     In response to Paragraph 20 of the Complaint, Defendant is not

14   required to answer legal conclusions and argument, and on that basis, denies each

15   and every allegation.

16   21.     In response to Paragraph 21 of the Complaint, Defendant is not

17   required to answer legal conclusions and argument, and on that basis, denies each

18   and every allegation.

19   22.     In response to Paragraph 22 of the Complaint, Defendant is not

20   required to answer legal conclusions and argument, and on that basis, denies each

21   and every allegation.

22   23.     In response to Paragraph 23 of the Complaint, Defendant is not

23   required to answer legal conclusions and argument, and on that basis, denies each

24   and every allegation.

25   24.     In response to Paragraph 24 of the Complaint, Defendant is not

26   required to answer legal conclusions and argument, and on that basis, denies each

27   and every allegation.

28

SMRH:4842-8141-4830.1

DEFENDANT DOMINO'S PIZZA LLC'S
ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL

25.    In response to Paragraph 25 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

26.    In response to Paragraph 26 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

27.    In response to Paragraph 27 of the Complaint, Defendant denies each and every allegation.

## FACTUAL BACKGROUND

28.    . In response to Paragraph 28 of the Complaint, Defendant admits that it maintains a website and mobile applications.  The subject website and mobile applications speak for their selves.  Defendant denies each and every other allegation

29.    In response to Paragraph 29 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

30.    In response to Paragraph 30, of the Complaint, Defendant admits that it maintains a website and mobile applications.  The subject website and mobile applications speak for their selves.  Defendant denies each and every other allegation.

31.    In response to Paragraph 31, Defendant denies each and every allegation.

32.    In response to Paragraph 32, Defendant denies each and every allegation.

33.    In response to Paragraph 33, Defendant is without sufficient information for Defendant to admit or deny and Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

-4-

1      34.     In response to Paragraph 34, Defendant is without sufficient
2  information for Defendant to admit or deny and Defendant is not required to answer
3  legal conclusions and argument, and on that basis, denies each and every allegation.

4      35.     In response to Paragraph 35, Defendant is without sufficient
5  information for Defendant to admit or deny and Defendant is not required to answer
6  legal conclusions and argument, and on that basis, denies each and every allegation.

7      36.     In response to Paragraph 36, Defendant denies each and every
8  allegation.

9      37.     In response to Paragraph 37, Defendant denies each and every
10  allegation.

11      38.     In response to Paragraph 38, Defendant denies each and every
12  allegation.

13      39.     In response to Paragraph 39, Defendant denies each and every
14  allegation.

15      40.     In response to Paragraph 40, Defendant denies each and every
16  allegation.

17      41.     In response to Paragraph 41, Defendant denies each and every
18  allegation.

19      42.     In response to Paragraph 42 of the Complaint, Defendant denies each
20  and every allegation.

21      43.     In response to Paragraph 43 of the Complaint, Defendant denies each
22  and every allegation.

23      44.     In response to Paragraph 44 of the Complaint, Defendant denies each
24  and every allegation.

25      45.     In response to Paragraph 45, Defendant denies each and every
26  allegation.

27      46.     In response to Paragraph 46, Defendant denies each and every
28  allegation.

-5-

DEFENDANT DOMINO'S PIZZA LLC'S
ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL

47.     In response to Paragraph 47 of the Complaint, Defendant denies each and every allegation.

48.     In response to Paragraph 48 of the Complaint, Defendant denies each and every allegation.

49.     In response to Paragraph 49, Defendant denies each and every allegation.

50.     In response to Paragraph 50 of the Complaint, Defendant denies each and every allegation.

51.     In response to Paragraph 51, Defendant denies each and every allegation.

## FIRST CAUSE OF ACTION

## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12181 *et seq.* [DOMINOS.COM]

### (By Plaintiff Against All Defendants)

52.     In response to Paragraph 52 (misidentified as Paragraph 42) of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth herein, the responses contained in paragraphs 1 through 51 of this Answer as set forth above.

53.     In response to Paragraph 53 (misidentified as Paragraph 43) of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

54.     In response to Paragraph 54 (misidentified as Paragraph 44) of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

55.     In response to Paragraph 55 (misidentified as Paragraph 45 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

-6-

56.     In response to Paragraph 56 (misidentified as Paragraph 46) of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

57.     In response to Paragraph 57 (misidentified as Paragraph 47) of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

58.     In response to Paragraph 58 (misidentified as Paragraph 48) of the Complaint, Defendant denies each and every allegation.

59.     In response to Paragraph 59 (misidentified as Paragraph 49) of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

## <u>SECOND CAUSE OF ACTION</u>

## <u>VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12181 *et seq.* [DOMINOS MOBILE APP]</u>

60.     In response to Paragraph 60 (misidentified as Paragraph 50) of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth herein, the responses contained in paragraphs 1 through 59 of this Answer as set forth above.

61.     In response to Paragraph 61 (misidentified as Paragraph 51) of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

62.     In response to Paragraph 62 (misidentified as Paragraph 52) of the Complaint, Defendant denies each and every allegation.

63.     In response to Paragraph 63 (misidentified as Paragraph 53) of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

-7-

**THIRD CAUSE OF ACTION**

**VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA**

**CIVIL CODE § 51 *et seq.* [DOMINOS.COM]**

64.　　In response to Paragraph 64 (misidentified as Paragraph 54) of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth herein, the responses contained in paragraphs 1 through 58 of this Answer as set forth above.

65.　　In response to Paragraph 65 (misidentified as Paragraph 55) of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

66.　　In response to Paragraph 66 (misidentified as Paragraph 56) of the Complaint, Defendant denies each and every allegation.

67.　　In response to Paragraph 67 (misidentified as Paragraph 57) of the Complaint, Defendant denies each and every allegation.

68.　　In response to Paragraph 68 (misidentified as Paragraph 58) of the Complaint, Defendant denies each and every allegation.

69.　　In response to Paragraph 69 (misidentified as Paragraph 59) of the Complaint, Defendant denies each and every allegation.

70.　　In response to Paragraph 70 of the Complaint, (misidentified as Paragraph 60) Defendant denies each and every allegation.

71.　　In response to Paragraph 71 (misidentified as Paragraph 61) of the Complaint, Defendant denies each and every allegation.

**FOURTH CAUSE OF ACTION**

**VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA**

**CIVIL CODE § 51 *et seq.* [DOMINOS MOBILE APP]**

72.　　In response to Paragraph 72 (misidentified as Paragraph 42) of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth

-8-

DEFENDANT DOMINO'S PIZZA LLC'S
ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL

herein, the responses contained in paragraphs 1 through 71 of this Answer as set forth above.

73.    In response to Paragraph 73 (misidentified as Paragraph 43) of the Complaint, Defendant denies each and every allegation.

74.    In response to Paragraph 74 (misidentified as Paragraph 44) of the Complaint, Defendant denies each and every allegation.

75.    In response to Paragraph 75 (misidentified as Paragraph 45) of the Complaint, Defendant denies each and every allegation.

76.    In response to Paragraph 76 (misidentified as Paragraph 46) of the Complaint, Defendant denies each and every allegation.

77.    In response to Paragraph 77 (misidentified as Paragraph 47) of the Complaint, Defendant denies each and every allegation.

78.    In response to Paragraph 78 (misidentified as Paragraph 48) of the Complaint, Defendant denies each and every allegation.

Defendant denies all allegations not specifically and expressly admitted in this Answer.

In addition, Defendant asserts the following affirmative defenses with respect to all of Plaintiff's claims and causes of action.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

(Lack of Standing)

1.    Plaintiff lacks standing to pursue their alleged claims.  To show standing, "a plaintiff has the burden of proving: (1) that he or she suffered an "injury in fact," (2) a causal relationship between the injury and the challenged conduct, and (3) that the injury likely will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  Here, Plaintiff lacks standing to pursue their alleged claims because, among other reasons, they are not bona fide patrons, they never attempted to access Defendant's website, and/or they do not

-9-

intend to access Defendant's website in the future.  Indeed, Plaintiff do not even allege that they attempted to access Defendant's website on a particular date or explain what problems they allegedly encountered.

## SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

2.     Plaintiff's claims are barred to the extent that they are based on events that occurred more than two years prior to the date the Complaint was filed.  Cal. Civ. Proc. § 335.1.

## THIRD AFFIRMATIVE DEFENSE

(Effective Access)

3.     The alleged barriers provide effective access to Plaintiff.  Defendant's website provided effective access to Plaintiff because any alleged noncompliance was de minimis, the website was usable and accessible despite its alleged noncompliance, and/or Plaintiff was able to use and access Defendant's website.

## FOURTH AFFIRMATIVE DEFENSE

(Removal of Access Barriers Was Not Readily Achievable)

4.     Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because the removal of the alleged barriers identified in the Complaint was not readily achievable or easily accomplishable and/or able to be carried out without much difficulty or expense when taking into account the factors set forth at 42 U.S.C. § 12181.

## FIFTH AFFIRMATIVE DEFENSE

(Defendant Provided Services Via Alternative Methods)

5.     Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because Defendant was ready and willing to accommodate Plaintiff's alleged disability by providing access via alternative methods, but Plaintiff never asked for or sought any

-10-

1   assistance.

2   ### SIXTH AFFIRMATIVE DEFENSE

3   (Unclean Hands)

4   6.      Plaintiff's claims are barred under the doctrine of unclean hands since

5   Plaintiff is not bona fide patrons, but a professional plaintiff who filed this lawsuit to

6   try to extort a monetary settlement.  Plaintiff's counsel, MANNING LAW, APC is a

7   Place of Public of Accommodation under the ADA subject to the same laws that

8   Plaintiff pleads against Defendant.  As shown below both the past and current

9   websites for MANNING LAW, APC has accessibility issues under the same laws

10  that Plaintiff seeks to enforce.





## SEVENTH AFFIRMATIVE DEFENSE

### (Technically Infeasible)

7.     Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because full compliance with the standards for the alleged barriers identified in the Complaint would be technically infeasible.

## EIGHTH AFFIRMATIVE DEFENSE

### (Undue Burden)

8.     Insofar as Defendant has not made changes to its website, which Plaintiff contends should have been made, those changes were not and are not required under federal or California law, and any requirements to make those changes would impose an undue burden upon Defendant.

## NINTH AFFIRMATIVE DEFENSE

### (Reasonable Modifications to Policies, Practices and Procedures)

9.     Plaintiff's claims are barred because Defendant was willing to make reasonable modifications to its policies, practices, and/or procedures to accommodate Plaintiff's alleged disability, but Plaintiff never asked for nor sought assistance.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

10.     Plaintiff failed to properly mitigate Plaintiff's alleged damages and is purposefully accessing or alleging to be deterred from accessing Defendant's website in order to improperly stack Plaintiff's damages and therefore is precluded from recovering those alleged damages.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Fundamental Alteration)

11.     Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because fixing the

-12-

1  barriers alleged in the Complaint, would, if granted, result in a fundamental
2  alteration of Defendant's services.

### TWELFTH AFFIRMATIVE DEFENSE

#### (Legitimate Business Justifications)

12.     The Complaint, and each and every purported claim alleged therein, are barred because any action taken with respect to Plaintiff were for legitimate, non-discriminatory business reasons unrelated to Plaintiff's alleged disability or other asserted protected status.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (Good Faith)

13.     Defendant and its agents, if any, acted reasonably and in good faith at all times material herein, based on all relevant facts, law, and circumstances known by them at the time that they acted.  Accordingly, Plaintiff is barred, in whole or in part, from any recovery in this action.

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (Mootness)

14.     Plaintiff's claims are barred under the doctrine of mootness because Defendant's website complies with all applicable standards, if any.

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (Equivalent Facilitation)

15.     Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because Defendant provided and/or was willing to provide equivalent facilitation with respect to the barriers alleged in the Complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Ripeness/Lack of Due Process)

Plaintiff's claims are barred under the doctrines of ripeness/lack of due process because the Department of Justice has not yet issued any accessibility

-13-

1  standards for websites (as explained further in the attached letters from certain
2  members of Congress, certain members of the Senate, and certain State Attorney
3  Generals).  *See* Exhibits B, C, and D.

4  **SEVENTEENTH AFFIRMATIVE DEFENSE**

5  (Primary Jurisdiction)

6  17.    Plaintiff's claims are barred under the doctrine of primary jurisdiction.
7  The Department of Justice has yet to promulgate any standards and/or regulations
8  governing the use of websites.

9  **EIGHTEENTH AFFIRMATIVE DEFENSE**

10  (Due Process)

11  18.    Plaintiff's claims violate Defendant's constitutional right to due
12  process.

13  **NINETEENTH AFFIRMATIVE DEFENSE**

14  (Content on the Website is Provided by Another Information Content Provider)

15  19.    Plaintiff's claims are barred pursuant to 47 U.S.C. § 230, a Provision of
16  the Communication Decency Act, as content on the website is provided by another
17  information content provider.

18  **TWENTIETH AFFIRMATIVE DEFENSE**

19  (Effective Communication)

20  20.    Plaintiff's claims are barred because Defendant provided effective
21  communication.

22

23  **TWENTY-FIRST AFFIRMATIVE DEFENSE**

24  (Technically Infeasible)

25  21.    Any allegedly wrongful acts or omissions performed by Defendant or
26  its agents, if there were any, do not subject Defendant to liability because full
27  compliance with the standards, if any, for the alleged barriers identified in the
28  Complaint would be technically infeasible.

-14-

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(Indispensable Party)

22.     Plaintiff's alleged claims are barred, in whole or in part, because of Plaintiff's failure to name an indispensable party or parties.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Arbitration)

22.     Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because this lawsuit and Plaintiff's claims against Defendant are subject to mandatory arbitration and thus Plaintiff's claims cannot properly be adjudicated in this forum.

## PRAYER

**WHEREFORE**, Defendant prays that this Court enter a judgment as follows:

1.     That the Complaint be dismissed with prejudice and that judgment be entered in favor of Defendant;

2.     That Plaintiff takes nothing by way of their Complaint;

3.     That Defendant be awarded its costs of suit incurred in defense of this action, including its reasonable attorney's fees; and

4.     For such further and other relief as the Court may deem just and proper.

Dated:  December 13, 2019

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By     _____
                /s/ *Gregory F. Hurley*
                GREGORY F. HURLEY

                Attorneys for Defendant,
                DOMINO'S PIZZA LLC

-15-

1
## **DEMAND FOR JURY TRIAL**

2
    Defendant hereby demands a trial by jury.

3

4
Dated:  December 13, 2019

5

6
            SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

7

8
       By              /s/ *Gregory F. Hurley*
                       GREGORY F. HURLEY

9

10
                 Attorneys for Defendant,
                 DOMINO'S PIZZA LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SMRH:4842-8141-4830.1

DEFENDANT DOMINO'S PIZZA LLC'S
ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL