1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      A Limited Liability Partnership
2      Including Professional Corporations
   GREGORY F. HURLEY, Cal. Bar No. 126791
3  ghurley@sheppardmullin.com
   BRADLEY J. LEIMKUHLER, Cal. Bar No. 261024
4  bleimkuhler@sheppardmullin.com
   STACY M. DOMINGUEZ, Cal. Bar No. 279161
5  sdominguez@sheppardmullin.com
   650 Town Center Drive, 10th Floor
6  Costa Mesa, California 92626-1993
   Telephone:  714.513.5100
7  Facsimile:  714.513.5130

8  Attorneys for DOMINO'S PIZZA LLC

9                  UNITED STATES DISTRICT COURT

10        CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

11

12 GUILLERMO ROBLES,                    Case No. 2:16-cv-06599
                                        Hon. Jesus G. Bernal
13              Plaintiff,
                                        **MEMORANDUM OF POINTS AND**
14      v.                              **AUTHORITIES IN SUPPORT OF**
                                        **DEFENDANT DOMINO'S PIZZA**
15 DOMINO'S PIZZA LLC,                  **LLC'S MOTION TO COMPEL (1)**
                                        **RESPONSES TO REQUESTS FOR**
16              Defendant.              **PRODUCTION; AND (2)**
                                        **RESPONSES TO**
17                                      **INTERROGATORIES; REQUEST**
                                        **FOR SANCTIONS**
18
                                        Filed Concurrently with Notice of
19                                      Motion to Compel; Declaration of
                                        Bradley J. Leimkuhler; and [Proposed]
20                                      Order

21                                      Judge:  Hon. Jesus G. Bernal
                                        Date:    September 28, 2020
22                                      Time:   9:00 a.m.

23
                                        Trial Date:      December 8, 2020
24

25

26

27

28

# **TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ................................................................................. 1

II.     STATEMENT OF FACTS .................................................................... 2

    A.      Plaintiff's Allegations. ............................................................... 2

        1.      Document Demands and Destruction of iPhone That Is the Subject of This Litigation. .................................................... 4

        2.      Interrogatories ................................................................. 5

III.    ARGUMENT ....................................................................................... 6

    A.      Legal Standard. ........................................................................... 6

    B.      The Court Should Order Plaintiff To Produce The Items Specified In Defendant's Requests for Production Nos. 18-23, 25, 26 and 28. ............................................................................... 7

    C.      The Court Should Order Plaintiff To Provide Full and Complete Responses to Interrogatories Nos. 1, 2, 7, 8, and 10. ............................ 10

    D.      The Court Should Issue Sanctions for the Spoliation of Evidence and Reasonable Attorneys' Fees. ............................................... 12

IV.    CONCLUSION .................................................................................. 16

SMRH:4813-9158-8553.1

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

## <u>Cases</u>

4

*Beeman & Pharmacy Services, Inc. v. Caremark Inc.*

5
    322 F.Supp.3d 1027 (2018) ................................................................... 13

6

*Biselli v. Cty. of Ventura*
    No. CV 09-08694 CAS (Ex), 2012 WL 2061688 (C.D. Cal. June 4, 2012)....... 13

7

8

*Chapman v. Pier One Imports, US*
    631 F.3d 939 (9th Cir. 2011) ................................................................... 3

9

*Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*

10
    482 F.3d 1091 (9th Cir. 2007) ................................................................ 14

11

*Donald v. Café Royale, Inc.*

12
    218 Cal. App. 3d 168 (1990) .................................................................. 8

13

*Dreith v. Nu Image, Inc.*

14
    648 F.3d 779 (9th Cir. 2011) ................................................................. 15

15

*Leon v. IDX Sys. Corp.*

16
    464 F.3d 951 (9th Cir. 2006) ....................................................... 12, 13, 14

17

*Molski v. Kahn Winery*

18
    405 F. Supp. 2d 1160 (C.D. Cal. 2005) ................................................... 10

19

*Oliver v. Ralphs Grocery Co.*
    654 F.3d 903 (9th Cir. 2011) ................................................................... 3

20

*Oppenheimer Fund, Inc. v. Sanders*

21
    437 U.S. 340 (1978) ............................................................................. 6

22

*Pringle v. Adams*

23
    No. SACV 10-1656 ....................................................................... 13, 15

24

*Reinsdorf v. Skechers U.S.A. Inc.*

25
    296 F.R.D. 604 (C.D. Cal. 2013)............................................................ 12

26

*Robles v. Bose Corporation*

27
    Case No. 16-cv-06806 (filed 9/9/2016)...................................................... 2

28

SMRH:4813-9158-8553.1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DOMINO'S PIZZA LLC'S MOTION TO COMPEL; REQUEST FOR SANCTIONS

*Robles v. Calvin Klein*
  Case No. 17-cv-00919 (filed 2/3/2017)................................................................2

*Robles v. Cheesecake Factory, Inc.*
  Case No. 16-cv-07400 (filed 10/3/2016)..............................................................2

*Robles v. Dunkin Brands*
  Case No. 17-cv-01086 (filed 2/10/2017)..............................................................2

*Robles v. La Salsa Family Restaurant*
  Case No. 17-cv-00916 (filed 2/3/2017)................................................................2

*Robles v. The Melting Pot Restaurants, Inc.*
  Case No. 17-cv-01237 (filed 2/15/2017)..............................................................3

*Robles v. Panda Express, Inc.*
  Case No. 16-cv-009474 (filed 12/22/2016)..........................................................2

*Robles v. Pizza Hut.*
  Case No. 16-cv-08211 (filed 11/3/2016)..............................................................2

*Soto v. City of Concord*
  162 F.R.D. 603 (N.D.Cal.1995) ...........................................................................6

*Wanderer v. Johnston*
  910 F.2d 652 (9th Cir. 1990) ..............................................................................15

Statutes

42 U.S. C. § 12188(a)(l) .......................................................................................11

Americans with Disabilities Act ("ADA")..........................................................*passim*

California's Unruh Civil Rights Act ("Unruh") ..................................................*passim*

Other Authorities

California Civil Code.............................................................................................11

Fed. R. Civ. P. 37.............................................................................................1, 6

Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv) .......................................................................6

Fed. R. Civ. P. 37(a)(4).........................................................................................7

Fed. R. Civ. P. 37(a)(5).........................................................................................16

-iii-

SMRH:4813-9158-8553.1

Case No. 2:16-cv-06599

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT
DOMINO'S PIZZA LLC'S MOTION TO COMPEL; REQUEST FOR SANCTIONS

Fed. R. Civ. P. 37(d)(3) ................................................................................................. 7

FRCP 26(b)(1) ............................................................................................................... 6

FRCP 33 ......................................................................................................................... 6

FRCP 34 ......................................................................................................................... 6

FRCP 34(B)(2)(b) .......................................................................................................... 6

Local Rule 37-4 ............................................................................................................ 15

Local Rule Rule 37-2.4 .................................................................................................. 1

Local Rule 7-4 ................................................................................................................ 1

Local Rule 26(b) ............................................................................................................ 6

Local Rule 37-1 ............................................................................................................ 16

SMRH:4813-9158-8553.1

Case No. 2:16-cv-06599

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT
DOMINO'S PIZZA LLC'S MOTION TO COMPEL; REQUEST FOR SANCTIONS

Pursuant to Rule 37-2.4 and 7-4 of the Local Rules of the Central District of California and Fed. R. Civ. P. 37, Defendant Domino's Pizza LLC ("Defendant"), by and through counsel, hereby submit its memorandum of points and authorities support of Defendant's Motion to Compel (1) Responses to Requests for Production and (2) Responses to Interrogatories, and (3) for Sanctions ("Motion").

## I.   <u>INTRODUCTION</u>

Serial Plaintiff and admitted "tester", Guillermo Robles ("Plaintiff") filed this form lawsuit against Defendant Domino's Pizza LLC ("Defendant") for allegedly denying Plaintiff, who claims to be visually impaired, full and equal access to its website and mobile application in alleged violation of the Americans with Disabilities Act ("ADA"), as well as California's Unruh Civil Rights Act ("Unruh Act"). Plaintiff seeks injunctive relief, attorney's fees, and statutory damages.

There are no disability access regulations or standards for websites or mobile applications that have been adopted under the ADA or the Unruh Act. As Defendant desires to have as many people visit its restaurants as possible, including persons with disabilities, Defendant has actively taken steps to ensure its website and mobile application do not have accessibility barriers to the visually impaired since long before Plaintiff brought this lawsuit. Despite this, Plaintiff claims that he was unable to access Defendant's website and mobile application using his "screen reading" software and VoiceOver technology. Nevertheless, Plaintiff has refused to identify the specific injunctive relief he seeks and how, specifically, he was denied access to Defendant's website and mobile application. Plaintiff also refuses to identify the specific dates and times upon which he claims to have attempted to access Defendant's website and mobile application.

Therefore, Defendant has asked Plaintiff to produce for inspection and copying the computer and cell phone (or any other electronic device) Plaintiff used to access the internet (including Defendant's website and mobile application), the software Plaintiff used to access the internet, and any other assistive devices

Case No. 2:16-cv-06599

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DOMINO'S PIZZA LLC'S MOTION TO COMPEL; REQUEST FOR SANCTIONS

1  Plaintiff used.  Moreover, as Plaintiff is a serial ADA litigant, Defendant has

2  requested to inspect his hard drives and/or for Plaintiff to produce his browsing

3  history to prove that he, in fact, attempted to use Defendant's website and mobile

4  application before he filed this lawsuit.  Defendant needs to know what settings

5  Plaintiff set his screen reader to, the version number of his screen reader, the version

6  of his operating system, and name and type of internet browser.  Defendant would

7  like to depose Plaintiff while he is attempting to use Defendant's website and

8  mobile application in order to determine whether or not Plaintiff is able to do so.

9        However, Plaintiff has refused to produce the devices, and apparently

10  destroyed the device he bases his mobile application claim upon, necessitating this

11  motion to compel and for sanctions.

12  **II.    STATEMENT OF FACTS**

13        **A.    Plaintiff's Allegations.**

14        On September 1, 2016, Plaintiff filed this action alleging that was denied the

15  full use and enjoyment of services on Defendant's website and mobile application as

16  a result of "accessibility barriers."   These barriers allegedly caused a denial of

17  Plaintiff's full and equal access "multiple" times in the past, and now deter Plaintiff

18  on a "regular basis" from visiting Defendant's restaurant locations.

19        Plaintiff is a serial litigant who has filed multiple actions regarding disability

20  access in this Court.[1]  (FAC, at ¶ 11).  Plaintiff's counsel has filed multiple identical

21  lawsuits against other retailers making the same allegations as against Defendant.

22

23  _____

24  [1] In this court alone, within a year of the filing of this matter, Plaintiff brought several other disability discrimination cases.  *E.g., Robles v. Bose Corporation*, Case

25  No. 16-cv-06806 (filed 9/9/2016); *Robles v. Cheesecake Factory, Inc.*, Case No. 16-cv-07400 (filed 10/3/2016); *Robles v. Pizza Hut.*, Case No. 16-cv-08211 (filed

26  11/3/2016); *Robles v. Panda Express, Inc.*, Case No. 16-cv-009474 (filed

27  12/22/2016); *Robles v. La Salsa Family Restaurant*, Case No. 17-cv-00916 (filed

28  2/3/2017); *Robles v. Calvin Klein*, Case No. 17-cv-00919 (filed 2/3/2017); *Robles v.*

There are no legally set standards for how a website or mobile application must be designed in order for it to be accessible to the visually impaired.  Given that the Department of Justice has not promulgated such standards, defendants rely on plaintiffs to outline the deficiencies they experienced so that the businesses can respond accordingly.  *See Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011) (ADA plaintiffs required to disclose specific barriers in his complaint); *Chapman v. Pier One Imports, US*, 631 F.3d 939 (9th Cir. 2011) (ADA plaintiffs must tie harm from alleged barrier they encountered to their particular disability). Plaintiff has refused to specifically identify the accessibility barriers he encountered on Defendant's website and mobile application or identify the specific injunctive relief he desires.

In any event, the crux of Plaintiff's allegation is that he is unable to use his screen reading software and VoiceOver features to access Defendant's website and mobile application.  Defendant contends that its website and mobile application are, and were at the time of Plaintiff's "several" alleged attempts in 2016, accessible to the visually impaired.

Therefore, Defendant needs to inspect the computer(s), software, and device(s) that he normally uses to connect to the internet and explore on his cellular device, including those specific devices that he purportedly used to access Defendant's website and mobile application.  Defendant also wishes to inspect Plaintiff's browsing history to confirm Plaintiff's allegations that he did, in fact, attempt to access Defendant's website and mobile application when he claims to have done so.

Plaintiff has refused to submit to this discovery and has apparently destroyed his iPhone that is the basis of his mobile application claims.

---

*Dunkin Brands*, Case No. 17-cv-01086 (filed 2/10/2017); *Robles v. The Melting Pot Restaurants, Inc.*, Case No. 17-cv-01237 (filed 2/15/2017).

**B.**     **Defendant's Discovery Requests and Spoliation of Evidence.**

1.     Document Demands and Destruction of iPhone That Is the Subject of This Litigation.

On February 7, 2017, Defendant propounded demands for inspection seeking access to the electronic devices, computers, cellphone, mobile devices, iPhones, software, accessibility aids, and browsing history of Plaintiff's devices. (Leimkuhler Decl., ¶ 2, Exh. A).  Request for Production No. 21 sought **"[a]ll devices, including without limitation** desktop computers, laptop computers, cell phones, mobile devices, iPads, **iPhones**, and /or personal digital assistants, **YOU have used, attempted to use, and/or intend to use, to access the MOBILE APP**." (Exh. A. to Leimkuhler Decl., emphasis added).  On March 13, 2017, Plaintiff served a series of boilerplate objections and did not agree to produce any of the requested items for inspection.[2]  (Leimkuhler Decl., ¶ 3, Exh. B).  In 2019, following the reopening of discovery, Defendant served a second set of written discovery, including Requests for Production (Set Two) served on November 1, 2019.  (Leimkuhler Decl., ¶ 7, Exh. E).  Request for Production No. 34 sought "[a]ll documents evidencing [Plaintiff's] IP address, OS and version of OS for all devices used to access the website or mobile app for the past three years."  (Exh. E. to Leimkuhler Decl.)  On December 5, 2019, Plaintiff served responses to Requests for Production (Set Two). (Leimkuhler Decl., ¶ 8, Exh. F). In response to Request for Production No. 34, Plaintiff responded "…Past iPhones, models, serial numbers, and firmware versions of his **previous iPhone are no longer available to Plaintiff after he replaced it in December, 2018**."  (Exh. F. to Leimkuhler Decl., emphasis added).  It is inexcusable that Plaintiff destroyed his iPhone while he was actively proceeding with this litigation.

---

[2] On March 20, 2017, Hon. S. James Otero granted Defendant's motion to dismiss this action.  Following Plaintiff's appeal, the Ninth Circuit reversed this decision on January 15, 2019.

2.      Interrogatories

On February 7, 2017, Defendant served Special Interrogatories (Set One) on Plaintiff relating to the specific injunctive relief Plaintiff seeks, and to identify each accessibility feature of the Website and Mobile Application that Plaintiff contends violates the ADA and the Unruh Act.  (Leimkuhler Decl. ¶ 4, Exh. C).  On March 13, 2017, Plaintiff responded with boilerplate objections and vague, generalized responses that failed to identify any specific accessibility barriers on the Website and Mobile Application.  (*Id*. ¶ 5, Exh. D).

**C.      The Parties' Meet and Confer Efforts.**

On August 10, 2020, Defendant sent a letter identifying the defects in Plaintiff's responses to the requests for production and interrogatories and possible spoliation of evidence.  (*Id*. ¶ 10, Exh. G).  Plaintiff ignored Defendant's meet and confer correspondence and did not attempt to coordinate dates in response to Plaintiff's letter.  (*Id*. ¶ 11.)   On August 20, 2020, on a call regarding other issues in the case, defense counsel asked whether Plaintiff's counsel, Greg Case, was prepared to speak on Defendant's August 10th meet and confer letter regarding Plaintiff's responses to written discovery.  (*Id*. ¶ 12.)  Mr. Case advised that Michael Manning, co-counsel for Plaintiff, would be handling that meet and confer.  (*Id*. ¶ 12.)  Later that day, Mr. Manning sent an email regarding Plaintiff's deposition, but did not provides dates for a call to meet and confer on Plaintiff's responses to discovery and concerns relating to possible spoliation.  (*Id*. ¶ 13, Exh. H).  As such, on August 24, 2020, in follow up on Mr. Manning's correspondence, defense counsel sought Mr. Manning's availability for a meet and confer regarding the August 10, 2020 letter and Plaintiff's deficient discovery responses and possible spoliation.  (*Id*. ¶ 14, Exh. I).  To date, Plaintiff's counsel has refused to engage in communications regarding supplemental responses to written discovery and possible spoliation of evidence.  (*Id*. ¶ 15).

As a result, Defendant has been forced to file a motion to compel (1) Responses to Requests for Production and (2) Responses to Interrogatories and for Sanctions ("Motion").  Defendant also requests that the Court (3) dismiss Plaintiff's mobile application claims against it; and (4) sanction Plaintiff in the amount of $6,000 for forcing, without substantial justification, Defendant to file this motion.

## III.   ARGUMENT

### A.   Legal Standard.

Discovery under the Federal Rules of Civil Procedure ("FRCP") "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  Under this standard, relevancy should be "construed 'liberally and with common sense' and discovery should be allowed unless the information sought has no conceivable bearing on the case."  *See Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D.Cal.1995) (quoting *Miller v. Pancucci*, 141 F.R.D. 292, 296 (C.D.Cal.1992)).  FRCP 26(b)(1) provides that a party may obtain discovery "regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).  FRCP 33 permits a party to serve interrogatories as to any matter that may be inquired into under Rule 26(b).  FRCP 34 permits a party to serve on another a party a request for production of documents.  FRCP 34(B)(2)(b) states that the production of responsive documents "be completed no later than the time for inspection specified in the request or another reasonable time specified in the response."

FRCP 37 permits a party to move for an order compelling the answer to discovery requests and the production of responsive documents in accordance with FRCP 33 and 34.  Rule 37 provides that a party may seek to compel discovery when, as here, a responding party fails to answer an interrogatory or refuses to provide requested documents or information.  Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv).

"[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).  Sanctions in the form of attorney's fees must be imposed for failure to comply with discovery requests, unless the failure was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(d)(3).

**B.**    **The Court Should Order Plaintiff To Produce The Items Specified In Defendant's Requests for Production Nos. 18-23, 25, 26 and 28.**

Plaintiff seeks injunctive relief and statutory damages based upon Defendant's allegedly inaccessible website and mobile application to the visually impaired.  All of Defendant's requests seek relevant and material information to the question of whether Plaintiff, in fact, was denied access to Defendant's website and mobile application.  Therefore, Plaintiff's objections lack merit.

1.    Request for Production No. 18

This requests asks Plaintiff to produce hard drives for all devices he used, attempted to use, or/intended to use to access the website.  Plaintiff's interrogatories identify a MacBook Pro that would be relevant to the ability of Defendant to determine and review whether Plaintiff actually attempted to visit the subject website and if he was able to access the alleged pages.  These hard drives may have information on them that would confirm or deny Plaintiff's story.  These hard drives may also have information on them that would assist Defendant in determining how Plaintiff browses the internet and uses a computer.

Plaintiff asserts a series of boilerplate objections to this request, all of which are without merit.  Defendant is not seeking privileged information.  If Plaintiff determines that privileged or private information is on the hard drives, then the parties can work out a solution, such as Plaintiff conducting a privilege review, before providing Defendant with a copy.  This request is not overbroad, as it is simply limited to the hard drive on the electronic device that Plaintiff claims she used to access Defendant's website.  Moreover, this request is specifically designed

-7-

to seek relevant and admissible evidence – namely evidence of Plaintiff's alleged visits to Defendant's website.  To be entitled to statutory damages under the Unruh Act, Plaintiff bears the burden of proof to establish he was denied access to the subject accommodation on a particular occasion.  *Donald v. Café Royale, Inc.*, 218 Cal. App. 3d 168 (1990).

### 2.     Request for Production No. 19

Similar to Request for Production No. 18, this request asks Plaintiff to produce hard drives for all devices he used, attempted to use, or/intended to use to access the mobile application.  Plaintiff again responds with meritless, boilerplate objections.  As outlined above, since Defendant was not present during these alleged attempts, the only way for Defendant to independently determine that Plaintiff did, in fact, attempt to visit Defendant's mobile application is to inspect Plaintiff's hard drives.  These hard drives may have information on them that would confirm or deny Plaintiff's story.  These hard drives may also have information on them that would assist Defendant in determining how Plaintiff uses his iPhone, the VoiceOver feature, and mobile applications on his cellular device.

### 3.     Request for Production Nos. 20-23

Requests for production numbers 20, 21, 22, and 23 all seek information and things specifically designed to determine how Plaintiff uses and accesses Defendant's website and mobile application.  Defendant wishes to inspect the computer and iPhone (or any other electronic device), screen reading programs, and other devices (such as a screen magnifier) that Plaintiff uses to access the website and mobile application.  The crux of Plaintiff's case is that he is unable to access Defendant's website and mobile application because they are "inaccessible" to him. There are no set standards by which Defendant's website has to meet or design around.  It is also Defendant's belief that its website is accessible to the blind and visually impaired.  Production of the devices and software that Plaintiff uses to access the website and mobile application would aid Defendant in determining what

-8-

access barriers Plaintiff claims to be experiencing.  This is particularly appropriate given that Plaintiff has refused to identify with specificity the particular barriers to access he claims to have encountered.  Inspection of the devices and software programs Plaintiff uses to access Defendant's website and mobile application will glean information and knowledge about how, specifically, Plaintiff uses the internet and mobile applications.  It is also possible that Plaintiff's difficulty in accessing Defendant's website and mobile application, assuming this is true, was caused by some problem with respect to Plaintiff's computer or iPhone, such as a virus, faulty software, or outdated programs.

Plaintiff's objections are without merit.  If Plaintiff determines that privileged or private information is on the computers and cell phone, then the parties can work out a solution, such as Plaintiff conducting a privilege review, before providing Defendant with the devices.  There is no conceivable privilege concern with respect to the software or screen reading devices.  Defendant's request is not overbroad, as it is limited to the specific devices and software that Plaintiff has put at issue in this litigation by claiming he could not access Defendant's website or mobile application by using those devices and software.  These items are directly relevant to this litigation, as discussed above.  Therefore, Plaintiff's objections lack merit.

3.    Requests for Production Nos. 25, 26, and 28

Request for production number 25, 26, and 28 seek Plaintiff's browsing history – such as that maintained in a web browsers cache.  This request would substantiate Plaintiff's claims that he actually visited Defendant's website.  It would also substantiate Plaintiff's allegations that he regularly uses the internet with a screen reader and his iPhone with VoiceOver technology.  Defendant narrowly tailored these requests to Defendant's website and mobile application and Plaintiff's use of the internet and his cell phone during the time period in which he claims to have been denied access to the website.

SMRH:4813-9158-8553.1

Plaintiff's objections are without merit.  Plaintiff's overbreadth and relevance objections to Defendant's request for Plaintiff's browsing history are without merit. These requests are tailored in response to Plaintiff's allegations – if that time period is overbroad, it is a result of Plaintiff's failure to provide dates of attempted access in his Complaint and discovery responses.  Moreover, Plaintiff is a serial litigant and, as such, lacks credibility on his assertion that he was "denied" access to Defendant's website and mobile application and that he intends to use it again.  *See, e.g., Molski v. Kahn Winery*, 405 F. Supp. 2d 1160, 1168 (C.D. Cal. 2005) ("Courts have found that a serial plaintiff's extensive litigation history can undercut a professed intent to return.").  Plaintiff's browsing history would substantiate his claims that he regularly uses the internet and Defendant's mobile application.  It would also permit Defendant with the basis for determining what websites and mobile applications Plaintiff is able to access and investigate those websites and mobile applications accordingly.

Therefore, the Court should compel Plaintiff to produce these items to Defendant.

**C.**     **The Court Should Order Plaintiff To Provide Full and Complete Responses to Interrogatories Nos. 1, 2, 7, 8, and 10.**

As outlined, Plaintiff seeks injunctive relief and statutory damages based upon Defendant's allegedly inaccessible website and mobile application to the visually impaired.  Defendant's interrogatories seek relevant and material information to the question of whether Plaintiff, in fact, was denied access to Defendant's website and mobile application.  Therefore, Plaintiff's objections lack merit.

### 1.     Interrogatory Nos. 1 and 2

These interrogatories ask Plaintiff to identify the specific injunctive relief he seeks in this action. Plaintiff states that he "seeks a permanent injunction to cause a change in Defendant's corporate policies, practices, and procedures so that

-10-

Case No. 2:16-cv-06599

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT
DOMINO'S PIZZA LLC'S MOTION TO COMPEL; REQUEST FOR SANCTIONS

Defendant's website and mobile application will become and remain accessible to blind and visually-impaired consumers, which includes Plaintiff. Plaintiff seeks that Defendant operate, maintain and provide an accessible website, free of barriers, when read by screen-reading software and an accessible Mobile Application, free of barriers, when read by screen-reading software on a smartphone."

Plaintiff's response does not specify the particular barriers or injunctive relief sought. Rather, it is a generalized response that provides no substantive information. The problem with the generalized response is that it does not limit the purported barriers to those identified by Plaintiff.  Instead, the general language make the accessibility barriers a moving target.  During trial, Plaintiff or his experts could try to allege previously undisclosed accessibility barriers to Defendant's severe prejudice.

> 2.   <u>Interrogatory Nos. 7 and 8</u>

These interrogatories ask Plaintiff to identify each claimed violation of disability access law that allegedly entitles Plaintiff to statutory damages.  Plaintiff cites the California Civil Code and 42 U.S. C. § 12188(a)(l) dodging the actual request for information relating to each violation that would frame Plaintiff's claims and allow Defendant to evaluate those claims.  Again, by failing to identify each violation, including specific webpages and features on each webpage, Plaintiff is allowed flexibility in his claims and Defendant is unable to prepare its defense.

> 3.   <u>Interrogatory No. 10</u>

This interrogatory asks Plaintiff to identify each date he inspected the Website and/or Mobile App, including identification of all persons who may have been present, and what item he intended on purchasing.  Plaintiff provides boilerplate objections and a general response listing an indefinite timeline from July 2015 to present – it seems unlikely that Plaintiff attempted to order a pizza every day since July 2015.  Plaintiff also fails to identify whether he was alone or with someone else when he attempted to do this.

Defendant's website is regularly maintained and updated. Therefore, in order for this response to be intelligible, and for Defendant to try to defend the claim, Plaintiff must identify what specific dates he attempted to use the website and/or mobile application.

For the foregoing reasons, the Court should compel Plaintiff to provide full and complete responses to Defendant's interrogatories.

## D. <u>The Court Should Issue Sanctions for the Spoliation of Evidence and Reasonable Attorneys' Fees.</u>

Plaintiff's spoliation of evidence and failure to engage in meet and confer efforts to resolve the discovery concerns resulted in this motion.  As such, Defendant requests that the Court (1) dismiss Plaintiff's mobile application claims, under the ADA and Unruh, against it; and (2) sanction Plaintiff in the amount of $6,000 for forcing Defendant to file this motion without substantial justification.

### 1. <u>Dismissal of the Mobile Application Claims Is Warranted Due to the Spoliation of Evidence.</u>

"Spoliation is 'the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence[,] in pending or reasonably foreseeable litigation.'" *Reinsdorf v. Skechers U.S.A. Inc*., 296 F.R.D. 604, 625-26 (C.D. Cal. 2013) (quoting *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 216 (S.D.N.Y. 2003) ).

The court's authority to sanction a party for despoiling evidence derives from two sources: "the inherent power of federal courts to levy sanctions in response to abusive litigation practices, and the availability of sanctions under [Fed. R. Civ. P.] 37 against a party who 'fails to obey an order to provide or permit discovery.' " *Leon v. IDX Sys. Corp*., 464 F.3d 951, 958 (9th Cir. 2006) (quoting Fed. R. Civ. P. 37(b)(2) ).

### a. **Plaintiff's Destruction of His iPhone Constituted Willful Spoliation.**

-12-

Case No. 2:16-cv-06599
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DOMINO'S PIZZA LLC'S MOTION TO COMPEL; REQUEST FOR SANCTIONS

1    Courts have the inherent power to dismiss an action "when a party has
2 willfully deceived the court and engaged in conduct utterly inconsistent with the
3 orderly administration of justice." *Leon*, 464 F.3d at 958 (dismissing case because
4 employee's destruction of computer data amounted to willful spoliation) (quoting
5 *Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir.
6 1995).  A party's conduct is "willful" if the party had "some notice that the
7 documents were potentially relevant to the litigation before they were destroyed.
8 *Leon*, 464 F.3d  at 969 (quoting *United States v. Kitsap Physicians Serv.*, 314 F.3d
9 995, 1001 (9th Cir. 2002) (emphasis added).  Spoliation is considered "willful" if
10 the party "has some notice that the documents were ***potentially relevant*** to the
11 litigation before they were destroyed." *Leon*, 464 F.3d at 959 (internal quotation
12 marks and citation omitted) (emphasis added).

13    As a preliminary matter in *Beeman & Pharmacy Services, Inc. v. Caremark
14 Inc.*, 322 F.Supp.3d 1027, 1035 (2018), the Court recognized that the producing
15 party had an obligation to preserve the documents at issue because they "should
16 have known that the evidence may be relevant to future litigation." *Ibid.*; *Pringle v.
17 Adams*, No. SACV 10-1656 JST (RZx), 2012 WL 1103939, at *7 (C.D. Cal. Mar.
18 30, 2012), aff'd, 556 F. App'x 586 (9th Cir. 2014) (quoting  In re *Napster, Inc.
19 Copyright Litig.*, 462 F.Supp.2d 1060, 1068 (N.D.Cal.2006) ); *Biselli v. Cty. of
20 Ventura*, No. CV 09-08694 CAS (Ex), 2012 WL 2061688, at *3 (C.D. Cal. June 4,
21 2012) (finding that the litigants had an obligation to preserve documents that had
22 been requested in discovery regardless of whether it was reasonably foreseeable that
23 such documents would be relevant evidence).

24    Similarly here, the cell phone is the crux of Plaintiff's Second and Fourth
25 Causes of Action, relating to the accessibility of the mobile application.  As
26 conceded in his Complaint and outlined above, Plaintiff is a serial Plaintiff and
27 "tester" who had several active matters filed within a year of this matter, just in this
28 District.  (FAC, at ¶ 11.)  Based on his experience as a professional litigant, Plaintiff

-13-

Case No. 2:16-cv-06599

SMRH:4813-9158-8553.1     MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT
DOMINO'S PIZZA LLC'S MOTION TO COMPEL; REQUEST FOR SANCTIONS

should have known that the cell phone, requested in Request for Production No. 21 in 2017, should be preserved.  (Exh. A to Leimkuhler Decl.).  Not only is the cell phone "potentially relevant", but it is the entirety of Plaintiff's mobile application claims and available defenses to same.  Instead of preserving the cell phone or handing it over to his attorney when getting a new cell phone in 2018 (after Defendant's request for the phone in 2017), Plaintiff disposed of the iPhone that was necessary to make his claims.  (Exh. F to Leimkuhler Decl.).  In the very least, his attorney should have known or advised their client to preserve this device.  They apparently did not.

> **b.** **The Ninth Circuit Five-Factor Test Indicates that an Issue Sanction is Appropriate for Plaintiff's Spoliation.**

The Ninth Circuit employs a five factor test to determine whether a terminating sanction is justified: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *Leon*, 464 F.3d at 958 ("While the district court need not make explicit findings regarding each of these factors, a finding of 'willfulness, fault, or bad faith' is required for dismissal to be proper [and] the district court must consider 'less severe alternatives' than outright dismissal.").

"In deciding whether to impose case-dispositive sanctions, the most critical factor is not merely delay or docket management concerns, but truth. What is most critical for case-dispositive sanctions, regarding risk of prejudice and of less drastic sanctions, is whether the [violation] threaten[s] to interfere with the rightful decision of the case."  *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1097 (9th Cir. 2007) (citations omitted) (internal quotation marks omitted).  Here, as in most cases, the first two factors – the public's interest in expeditious resolution of litigation, and the court's need to manage its docket –

-14-

weigh in favor of the imposition of a dismissal of the mobile application claims.  *See Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990).  While the fourth factor – the public policy favoring disposition of cases on their merits – "cuts against a default or dismissal sanction," as it does in most cases  *id*.; however, this factor on its own is not determinative.  *Pringle*, 2012 WL 1103939, at \*10 (citing  *Leon*, 464 F.3d at 960–61);  *Dreith v. Nu Image, Inc*., 648 F.3d 779, 788 (9th Cir. 2011).

Looking to the most critical factors of risk of prejudice to the party seeking sanctions and the availability of less drastic sanctions, it is important to comprehend that Defendants have been irreparably harmed by the Plaintiff's failure to preserve his iPhone – it is the single piece of evidence that can identify whether Plaintiff had the mobile application, what version of the mobile application, and Plaintiff's ability to navigate the application with VoiceOver technology provided by Apple.  Plaintiff alleged that he experienced accessibility problems when he attempted to use Defendant's Mobile App on his iPhone with VoiceOver.  (FAC, at ¶¶ 30-32, 38-45).  To rebut these claims, Defendant must defend what barriers Plaintiff encountered and why Plaintiff was allegedly unable to order a pizza.  The center of the defense lies in establishing the accessibility of the mobile application **on Plaintiff's (now destroyed) device**.  Without the iPhone, Defendant is unable to evaluate Plaintiff's claims relating to the mobile application.  Plaintiff will still be able to pursue this matter under his website claims, so the dismissal of the mobile application cause of actions does not foreclose his action against Defendant; rather, it results in no prejudice to either party.

Therefore, the proper curative sanction is to dismiss the specific mobile application claims in the Complaint.

2.      Defendant Is Entitled to Reasonable Attorneys' Fees As a Sanction.

Local Rule 37-4 states that the failure of any counsel to comply with or cooperate in the foregoing procedures may result in the imposition of sanctions.

Federal Rule of Civil Procedure 37(a)(5) grants the Court authority to award as a sanction Defendants' costs and fees in bringing a motion.

Plaintiff's refusal to meet and confer within the time period allowed by Rule 37-1 in addition to his and his counsel's improper conduct in destruction of evidence are all independent grounds for the imposition of sanctions. As discussed above, Plaintiff has asserted an array of boilerplate and inapplicable objections. The items sought are central to Plaintiff's allegations in his complaint that he attempted to, but was unable to access, Defendant's website and mobile application on his computer using his screen reading software and cell phone. Plaintiff's responses are severely deficient and would allow Plaintiff to attempt to ambush Defendant at trial with new website barrier allegations. Therefore, Plaintiff's objections and generalized responses are without substantial justification and have been asserted only to delay or to preserve alternative arguments at time of trial.

Accordingly, the Court should sanction Plaintiff and his counsel in the amount of $6,000. (Leimkuhler Decl. ¶ 17). Additionally, should the Court decline an issue sanction against Plaintiff as a result of the spoliation of his cell phone, Defendant requests that the Court sanction Plaintiff and his counsel in an amount greater than the $6,000 as a penalty for their apparent disregard for the preservation of evidence critical to the case at hand.

## IV.   CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court issue an Order (1) compelling Plaintiff to provide further responses to requests for production Nos. 18-23, 25, 26 and 28; (2) compelling Plaintiff to provide further responses to Interrogatories Nos. 1, 2, 7, 8, and 10. Defendant also requests that the

/ / /

/ / /

/ / /

/ / /

1

2  Court (1) dismiss Plaintiff's mobile application claims against it; and (2) sanction

3  Plaintiff in the amount of $6,000 for forcing Defendant to file this motion without

4  substantial justification.

5

6  Dated:  August 31, 2020

7                    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

8

9                    By  _____

10                                /s/ *Gregory F. Hurley*

                                GREGORY F. HURLEY

11

12                    Attorneys for DOMINO'S PIZZA LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SMRH:4813-9158-8553.1
Case No. 2:16-cv-06599

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT
DOMINO'S PIZZA LLC'S MOTION TO COMPEL; REQUEST FOR SANCTIONS