SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GREGORY F. HURLEY, Cal. Bar No. 126791
ghurley@sheppardmullin.com
BRADLEY J. LEIMKUHLER, Cal. Bar No. 261024
bleimkuhler@sheppardmullin.com
STACY M. DOMINGUEZ, Cal. Bar No. 279161
sdominguez@sheppardmullin.com
650 Town Center Drive, 10th Floor
Costa Mesa, California 92626-1993
Telephone:  714.513.5100
Facsimile:   714.513.5130

Attorneys for DOMINO'S PIZZA LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GUILLERMO ROBLES,<br><br>            Plaintiff,<br><br>      v.<br><br>DOMINO'S PIZZA LLC,<br><br>            Defendant. | Case No. 2:16-cv-06599<br>Hon. Jesus G. Bernal<br><br>**DECLARATION OF BRADLEY J. LEIMKUHLER IN SUPPORT OF DEFENDANT DOMINO'S PIZZA LLC'S MOTION TO COMPEL (1) RESPONSES TO REQUESTS FOR PRODUCTION; AND (2) RESPONSES TO INTERROGATORIES; REQUEST FOR SANCTIONS**<br><br>Filed Concurrently with Notice of Motion; Memorandum of Points & Authorities; and [Proposed] Order<br><br>Date:   September 28, 2020<br>Time:   9:00 a.m.<br><br>Trial Date:   December 8. 2020 |

## DECLARATION OF BRADLEY J. LEIMKUHLER

I, Bradley J. Leimkuhler, declare as follows:

1. I am an attorney duly admitted to practice before this Court. I am an associate with Sheppard, Mullin, Richter & Hampton LLP, attorneys of record for Defendant Domino's Pizza LLC ("Defendant"). If called as a witness, I could and would competently testify to all facts within my personal knowledge except where stated upon information and belief. This declaration is submitted in support of Defendant Domino's Pizza LLC's Motion To Compel (1) Responses To Requests For Production Of Documents And Things; And (2) Responses to Interrogatories; Request For Sanctions ("Motion").

2. On February 7, 2017, Defendant served Requests for Production (Set One) on Plaintiff. Defendant propounded demands for inspection seeking access to the electronic devices, computers, software, accessibility aids, and browsing history of Plaintiff's devices, including Request for Production No. 21 seeking "[a]ll devices, including without limitation desktop computers, laptop computers, cell phones, mobile devices, iPads, iPhones, and /or personal digital assistants, YOU have used, attempted to use, and/or intend to use, to access the MOBILE APP." Attached as **Exhibit A** to this Declaration is a true and correct copy of the requests for production served on February 7, 2017.

3. Attached as **Exhibit B** to this Declaration is a true and correct copy of Plaintiff's responses to Defendant's Requests for Production (Set One) that are dated March 13, 2017.

4. On February 7, 2017, Defendant served Interrogatories (Set One) on Plaintiff. Attached as **Exhibit C** to this Declaration is a true and correct copy of the interrogatories severed on February 7, 2017.

5. Attached as **Exhibit D** to this Declaration is a true and correct copy of Plaintiff's responses to Defendant's Interrogatories (Set One) that are dated March 13, 2017.

6.      As the Court is likely aware, in March 2017, following the initial discovery phase, Defendant's Motion to Dismiss was decided in Defendant's favor. That decision resulted in appeals to the Ninth Circuit Court of Appeals and the United State Supreme Court.  Ultimately, the case was remanded and discovery reopened.

7.      At that time, Defendant served a second set of written discovery, including Requests for Production (Set Two) served on November 1, 2019. Attached as **Exhibit E** to this Declaration is a true and correct copy of Defendant's Requests for Production (Set Two) that are dated November 1, 2019.

8.      On December 5, 2019, Plaintiff served responses to Requests for Production (Set Two).  Attached as **Exhibit F** to this Declaration is a true and correct copy of Plaintiff's responses to Defendant's Requests for Production (Set Two) that are dated December 5, 2019.  In response to Request for Production No. 34, Plaintiff responds "…Past iPhones, models, serial numbers, and firmware versions of his previous iPhone are no longer available to Plaintiff after he replaced in in December, 2018."

9.      In July of 2020, the matter was further delayed by the COVID-19 pandemic which resulted in a further continuance of the trial date and related discovery deadlines, reopening discovery and allowing the parties to address deficient responses.

10.     Attached as **Exhibit G** to this Declaration is a true and correct copy of the meet-and-confer letter dated August 10, 2020 I sent to Plaintiff's counsel regarding Plaintiff's responses to the document requests and interrogatories and possible spoliation of evidence.

11.     Plaintiff ignored Defendant's meet and confer correspondence and did not attempt to coordinate dates in response to my letter.

12.     On August 20, 2020, I met and conferred with Plaintiff's counsel, Greg Case, regarding supplemental responses to Defendant's discovery

1  responses.  During the call, I asked whether he was prepared to speak on the August
2  10 meet and confer letter regarding Plaintiff's responses.  Mr. Case advised that
3  Michael Manning, co-counsel for Plaintiff, would be handling that meet and confer
4  and that I would hear from him shortly.

5  13. Later that day, Mr. Manning sent me an email regarding
6  Plaintiff's deposition, but did not provides dates for a call to meet and confer on
7  Plaintiff's responses to discovery and concerns relating to possible spoliation.
8  Attached as **Exhibit H** to this Declaration is a true and correct copy of
9  correspondence dated August 20, 2020 from Plaintiff's counsel failing to
10 acknowledge further responses.

11 14. As such, in follow up on Mr. Manning's correspondence, I
12 replied on August 24, 2020 to seek Mr. Manning's availability for a meet and confer
13 regarding the August 10, 2020 letter.  Attached as **Exhibit I** to this Declaration is a
14 true and correct copy of a correspondence dated August 24, 2020 that I sent to
15 Plaintiff's counsel.

16 15. To date, Plaintiff's counsel has refused to engage in
17 communications regarding supplemental responses to written discovery and possible
18 spoliation of evidence.  As such, Defendant is forced to seek the Court's
19 intervention.

20 16. Due to Plaintiff's counsel's unresponsiveness, Defendant's
21 counsel has been unable to fulfill its obligations under Local Rules 37-1 and 37-2.

22 17. My billing rate in this case is $600 per hour.  I expect to spend
23 10 hours in connection with the instant motion to compel.  Accordingly, Defendant
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

1  requests that sanctions be imposed on Plaintiff and his counsel in the amount of
2  $6,000 (10 hours x $600).
3        I declare under penalty of perjury under the laws of the State of
4  California that the foregoing is true and correct.
5        Executed August 31, 2020, at Costa Mesa, California.

/s/ *Bradley J. Leimkuhler*
Bradley J. Leimkuhler