# Exhibit A

1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
2    Including Professional Corporations
   GREGORY F. HURLEY, Cal. Bar No. 126791
3  ghurley@sheppardmullin.com
   MICHAEL J. CHILLEEN, Cal. Bar No. 210704
4  mchilleen@sheppardmullin.com
   BRADLEY J. LEIMKUHLER, Cal. Bar No. 261024
5  bleimkuhler@sheppardmullin.com
   650 Town Center Drive, 4th Floor
6  Costa Mesa, California 92626-1993
   Telephone:  714.513.5100
7  Facsimile:   714.513.5130

8  Attorneys for Defendant,
   DOMINO'S PIZZA LLC
9

10              UNITED STATES DISTRICT COURT

11       CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

12

13  GUILLERMO ROBLES,                  Case No. 2:16-cv-06599-SJO-FFMx
                                       Hon. S. James Otero
14            Plaintiff,
                                       **DEFENDANT DOMINO'S PIZZA**
15       v.                            **LLC'S REQUESTS FOR**
                                       **PRODUCTION OF DOCUMENTS**
16  DOMINO'S PIZZA LLC,                **TO PLAINTIFF GUILLERMO**
                                       **ROBLES**
17            Defendant.
                                       **(SET ONE)**
18
                                       Action Filed:   September 1, 2016
19  ─────────────────────────────      Trial Date:     August 29, 2017

20

21  PROPOUNDING PARTY:      DEFENDANT DOMINO'S PIZZA LLC

22  RESPONDING PARTY:       PLAINTIFF GUILLERMO ROBLES

23  SET NO.:                ONE

24

25

26

27

28

DEFENDANT DOMINO'S PIZZA LLC'S REQUESTS FOR PRODUCTION OF
                   DOCUMENTS TO PLAINTIFF GUILLERMO ROBLES (SET ONE)

## INSTRUCTIONS

Pursuant to Federal Rule of Civil Procedure 34, Defendant Domino's Pizza LLC, (hereinafter "Defendant") demands that responding party, Plaintiff Guillermo Robles Plaintiff (hereinafter "Plaintiff"), produce for inspection and copying, at the offices of Sheppard Mullin Richter & Hampton LLP, 650 Town Center Drive, 4th Floor, Costa Mesa, California 92626, within 30 days after service of this request, the following specified items.

A written response hereto is required of the responding party within 30 days after service of this demand consisting of either a statement that responding party will comply with this demand, or statement that responding party lacks the ability to comply with this demand, or an objection to all or part of this demand.  The written response should identify the documents, if any, that are responsive to each request.

The singular shall include the plural and vice versa; the terms "and" and "or" shall be both conjunctive and disjunctive; the term "including" means including without limitation.

## PRIVILEGED DOCUMENTS

With respect to each document otherwise called for by this request, as to which a claim of privilege is asserted, separately state the following:

(1)    The type of document (e.g., letter, memorandum, note, etc.);

(2)    The name, business address, and present position of its author or authors;

(3)    The position of its author or authors at the time the document was prepared;

(4)    The name, business address, the present position of its addressee and all other recipients of the document;

(5)    The position of its addressee and all other recipients at the time the document was prepared and at the time it was received;

(6)    A general description of the subject of the document;

-1-

1     (7)    The basis of the claim of privilege; and

2     (8)    If the basis of the claim of privilege is the attorney-work product

3 doctrine, identify the proceeding for which the document was prepared.

4 **GENERAL DEFINITIONS**

5     1.    "YOU" or "YOUR" refers to Plaintiff Guillermo Robles, and his

6 agents, successors, assigns, employees, members, investigators, representatives and

7 all PERSONS or entities acting on his behalf or in his interest.

8     2.    "DEFENDANT" refers to Defendant Domino's Pizza LLC and its

9 agents, employees, members, investigators, representatives and all PERSONS acting

10 on its behalf or in its interest.

11     3.    "PERSON" or "PERSONS" means all individuals and entities,

12 including without limitation, individuals, representatives, associations, companies,

13 corporations, partnerships, limited partnerships, joint ventures, trusts, estates, public

14 agencies, departments, divisions, bureaus and boards.

15     4.    "WEBSITE" refers to the website located at or about

16 http://www.dominos.com and referred to in YOUR complaint in this ACTION.

17     5.    "MOBILE APP" refers to DEFENDANT's mobile application and

18 referred to in YOUR complaint in this ACTION.

19     6.    "ACCESS," "ACCESSIBILITY," or "ACCESSIBLE" refers to

20 disability or handicap access as that term is used in the Americans with Disabilities

21 Act (the "ADA").

22     7.    "DISABILITY ACCESS LAWS" means all federal, state, and local

23 laws and implementing regulations relating to access of the disabled, including but

24 not limited to, the ADA and the ADA Accessibility Guidelines ("ADAAG").

25     8.    The term "concerning" means concerning, regarding, referring to,

26 relating to, evidencing, reflecting, encompassing, comprising, or discussing.

27     9.    "DOCUMENT" means all written, printed means all written, printed,

28 typed, graphic or otherwise recorded matter, however produced or reproduced

-2-

1 (including non-identical copies, whether different from the original by reason of any
2 notation made on such copies or otherwise); preliminary, intermediary and final
3 drafts; writings, drawings, records and recordings of every kind and description,
4 whether inscribed by hand or by mechanical, electronic, microfilm, photographic or
5 other means (including information stored on computer storage device or media, as
6 well as audio, such as tape recordings, or visual means); reproductions of
7 statements, conversations or events; and all agreements, bids, bonds, calendars,
8 change orders, checks, contracts, correspondence, statements, receipts, returns,
9 summaries, data books, accounting records, work sheets, spread sheets, computer
10 print-outs, information storage media, diary entries, drawings and charts (including
11 additions and revisions), estimates, evaluations, financial statements and records,
12 inter- and intra-office COMMUNICATIONS, invoices, job site reports, logs,
13 memoranda of any type minutes of all meetings, notes of all types, orders, including
14 purchase orders, photographs, records, schedules, including additions and revisions,
15 surveyor's notes, reports or calculations, reports and studies of any kind, tape
16 recordings, (including any form of recording of any telephone or other conversation,
17 interview, conference, or meeting), and all working drawings, papers and files.
18 Note: If any computer software is necessary to read, print or utilize information
19 contained in any DOCUMENT, as defined hereinabove, such software shall be
20 identified together with the DOCUMENT or storage media to which it pertains.
21       10.    "COMMUNICATIONS" means any instance in which words or
22 information is transferred or transmitted between two or more PERSONS by
23 whatever manner or means, and regardless of how or by whom the communication
24 was initiated, including but not limited to, correspondence, conversation,
25 instructions, meetings, requests, demands, and conferences, and including postings
26 on social media and texts sent or received from any device.
27       11.    "IDENTIFY" manes to describe sufficiently to support a request for
28 production of documents, subpoena, Court Order, or deposition notice, the

1  DOCUMENT, COMMUNICATION, individual, etc. and to provide the full name,
2  date, author and specific section of codes or regulations referred to, and to provide
3  the full name, title, address and phone number of PERSONS as applicable.

4      12.    A.    "ACTION" means and refers to the lawsuit YOU filed as
5  referenced in the caption above, Case No. 2:16-cv-06599-SJO-FFMx.

6              **REQUEST FOR PRODUCTION OF DOCUMENTS**

7  **REQUEST FOR PRODUCTION NO. 1:**

8
9      All DOCUMENTS concerning YOUR claim that DEFENDANT
10 discriminated against YOU on the basis of YOUR disability.

11 **REQUEST FOR PRODUCTION NO. 2:**

12     All DOCUMENTS concerning any audit, survey, or inspection undertaken of
13 the WEBSITE, including any reports or other DOCUMENTS concerning the
14 WEBSITE and MOBILE APP generated by WAVE or similar programs.

15 **REQUEST FOR PRODUCTION NO. 3:**

16     All DOCUMENTS concerning ACCESS to the WEBSITE and MOBILE
17 APP.

18 **REQUEST FOR PRODUCTION NO. 4:**

19
20     All notebooks, binders, memorandums, logs, reports, or other DOCUMENTS
21 prepared, maintained, analyzed, or reviewed by YOU concerning the alleged
22 ACCESS barriers on the WEBSITE and MOBILE APP.

23 **REQUEST FOR PRODUCTION NO. 5:**

24     All DOCUMENTS concerning YOUR allegations that YOU suffered injury
25 of any kind as a result of alleged ACCESS barriers on the WEBSITE and MOBILE
26 APP.

27
28

-4-

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS concerning YOUR claim that corrections of the alleged ACCESS barriers on the WEBSITE are readily achievable.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS concerning YOUR claim that the WEBSITE and MOBILE APP violates DISABILITY ACCESS LAWS.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS concerning YOUR visit(s), use, or inspection of the WEBSITE and MOBILE APP including, but not limited to, any notes, photos, reports, or receipts.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS concerning any injury claimed by YOU as a result of DEFENDANT'S alleged discriminatory acts.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS supporting any damages claimed by YOU as a result of DEFENDANT'S alleged discriminatory acts.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS concerning DEFENDANT'S alleged intent to discriminate against YOU.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS which support YOUR claim set forth in YOUR complaint that DEFENDANT failed to provide YOU with full and equal ACCESS to its services.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS (including medical records) establishing the nature and extent of YOUR disability.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS concerning barriers to equal ACCESS on the WEBSITE and MOBILE APP.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS concerning any alleged barriers to equal ACCESS allegedly caused by DEFENDANT's policies concerning the WEBSITE and MOBILE APP.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS concerning all COMMUNICATIONS between YOU and DEFENDANT.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS concerning any services that DEFENDANT provided to YOU.

**REQUEST FOR PRODUCTION NO. 18:**

Copies of YOUR hard drives used from any device (including without limitation, desktop computers, laptop computers, cell phones, mobile devices, iPads, iPhones, and/or personal digital assistants) YOU have used, attempted to use, and/or intended to use to access the WEBSITE.

**REQUEST FOR PRODUCTION NO. 19:**

Copies of YOUR hard drives used from any device (including without limitation, desktop computers, laptop computers, cell phones, mobile devices, iPads,

iPhones, and/or personal digital assistants) YOU have used, attempted to use, and/or intended to use to access the MOBILE APP.

**REQUEST FOR PRODUCTION NO. 20:**

All devices, including without limitation desktop computers, laptop computers, cell phones, mobile devices, iPads, iPhones, and/or personal digital assistants, YOU have used, attempted to use, and/or intend to use, to access the WEBSITE.

**REQUEST FOR PRODUCTION NO. 21:**

All devices, including without limitation desktop computers, laptop computers, cell phones, mobile devices, iPads, iPhones, and/or personal digital assistants, YOU have used, attempted to use, and/or intend to use, to access the MOBILE APP.

**REQUEST FOR PRODUCTION NO. 22:**

All software programs, including screen reading programs, braille display programs, and/or screen magnification programs, YOU have used, attempted to use, and/or intend to use, to access the WEBSITE.

**REQUEST FOR PRODUCTION NO. 23:**

All software programs, including screen reading programs, braille display programs, and/or screen magnification programs, YOU have used, attempted to use, and/or intend to use, to access the MOBILE APP.

**REQUEST FOR PRODUCTION NO. 24:**

All devices, including screen readers, magnifying glasses, and/or auxiliary aids, YOU have used, attempted to use, and/or intend to use, to view the WEBSITE.

**REQUEST FOR PRODUCTION NO. 25:**

All browsing history and/or search history evidencing YOUR visit(s) or attempt(s) to visit the WEBSITE.

-7-

**REQUEST FOR PRODUCTION NO. 26:**

All browsing history and/or search history evidencing YOUR visit(s) or attempt(s) to visit the MOBILE APP.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS concerning screen shots concerning YOUR attempts to access or use the WEBSITE.

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS concerning screen shots concerning YOUR attempts to access or use the MOBILE APP.

**REQUEST FOR PRODUCTION NO. 29:**

All browsing and/or search history evidencing YOUR use of the internet in 2015.

**REQUEST FOR PRODUCTION NO. 30:**

All browsing and/or search history evidencing YOUR use of the internet in 2016.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS identified or referred to in YOUR response to DEFENDANT'S First Set of Interrogatories.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS which YOU intend to rely upon at trial.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS concerning YOUR claims and allegations in YOUR complaint.

1 | Dated:  February 7, 2017

2

3                     SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

4               By     *Gregory F. Hurley*

5                               GREGORY F. HURLEY

6                           Attorneys for Defendant,

7                           DOMINO'S PIZZA LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-9-

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF ORANGE

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Orange, State of California. My business address is 650 Town Center Drive, 4th Floor, Costa Mesa, CA 92626-1993.

On February 7, 2017, I served true copies of the following document(s) described as **DEFENDANT DOMINO'S PIZZA LLC'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF GUILLERMO ROBLES (SET ONE)** on the interested parties in this action as follows:

### SERVICE LIST

Joseph R. Manning, Jr., Esq.        ***ATTORNEYS FOR PLAINTIFF***
Caitlin J. Scott, Esq.                      ***Guillermo Robles***
MANNING LAW, APC
4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
Tel:   (949) 200-8755
Fax:   (866) 843-8308
adapracticegroup@manninglawoffice.com

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 7, 2017, at Costa Mesa, California.

Carrie Strand
Carrie Strand

-1-

SMRH:480557233.2                                          PROOF OF SERVICE