# Exhibit C

```
 1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      A Limited Liability Partnership
 2    Including Professional Corporations
    GREGORY F. HURLEY, Cal. Bar No. 126791
 3  ghurley@sheppardmullin.com
    MICHAEL J. CHILLEEN, Cal. Bar No. 210704
 4  mchilleen@sheppardmullin.com
    BRADLEY J. LEIMKUHLER, Cal. Bar No. 261024
 5  bleimkuhler@sheppardmullin.com
    650 Town Center Drive, 4th Floor
 6  Costa Mesa, California 92626-1993
    Telephone:  714.513.5100
 7  Facsimile:   714.513.5130

 8  Attorneys for Defendant,
    DOMINO'S PIZZA LLC
 9
```

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| GUILLERMO ROBLES, | Case No. 2:16-cv-06599-SJO-FFMx |
|---|---|
| Plaintiff, | Hon. S. James Otero |
| v. | **DEFENDANT DOMINO'S PIZZA LLC'S INTERROGATORIES TO PLAINTIFF GUILLERMO ROBLES** |
| DOMINO'S PIZZA LLC, | |
| Defendant. | **(SET ONE)** |
| | Action Filed: September 1, 2016 |
| | Trial Date: August 29, 2017 |

PROPOUNDING PARTY:   DEFENDANT DOMINO'S PIZZA LLC

RESPONDING PARTY:   PLAINTIFF GUILLERMO ROBLES

SET NO.:   ONE

## INSTRUCTIONS

Defendant Domino's Pizza LLC, ("Defendant"), propounds the following First Set of Interrogatories to Plaintiff Guillermo Robles ("Plaintiff").

These interrogatories are directed to Plaintiff and are to be answered in the manner and form required by Federal Rule of Civil Procedure 33. In answering these interrogatories, Plaintiff is to furnish all information available to him, including that which is in the possession of his employees, agents, investigators, representatives, or attorneys.

The singular shall include the plural and vice versa; the terms "and" and "or" shall be both conjunctive and disjunctive; the term "including" means including without limitation.

## GENERAL DEFINITIONS

1. "YOU" or "YOUR" refers to Plaintiff Guillermo Robles, and his agents, successors, assigns, employees, members, investigators, representatives and all PERSONS or entities acting on his behalf or in his interest.

2. "DEFENDANT" refers to Defendant Domino's Pizza LLC and its agents, employees, members, investigators, representatives and all PERSONS acting on its behalf or in its interest.

3. "PERSON" or "PERSONS" means all individuals and entities, including without limitation, individuals, representatives, associations, companies, corporations, partnerships, limited partnerships, joint ventures, trusts, estates, public agencies, departments, divisions, bureaus and boards.

4. "WEBSITE" refers to the website located at or about http://www.dominos.com and referred to in YOUR complaint in this ACTION.

5. "MOBILE APP" refers to DEFENDANT's mobile application and referred to in YOUR complaint in this ACTION.

6. "ACCESS," "ACCESSIBILITY," or "ACCESSIBLE" refers to disability or handicap access as that term is used in the Americans with Disabilities Act (the "ADA").

7. "DISABILITY ACCESS LAWS" means all federal, state, and local laws and implementing regulations relating to access of the disabled, including but not limited to, the ADA and the ADA Accessibility Guidelines ("ADAAG").

8. The term "concerning" means concerning, regarding, referring to, relating to, evidencing, reflecting, encompassing, comprising, or discussing.

9. "DOCUMENT" means all written, printed means all written, printed, typed, graphic or otherwise recorded matter, however produced or reproduced (including non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise); preliminary, intermediary and final drafts; writings, drawings, records and recordings of every kind and description, whether inscribed by hand or by mechanical, electronic, microfilm, photographic or other means (including information stored on computer storage device or media, as well as audio, such as tape recordings, or visual means); reproductions of statements, conversations or events; and all agreements, bids, bonds, calendars, change orders, checks, contracts, correspondence, statements, receipts, returns, summaries, data books, accounting records, work sheets, spread sheets, computer print-outs, information storage media, diary entries, drawings and charts (including additions and revisions), estimates, evaluations, financial statements and records, inter- and intra-office COMMUNICATIONS, invoices, job site reports, logs, memoranda of any type minutes of all meetings, notes of all types, orders, including purchase orders, photographs, records, schedules, including additions and revisions, surveyor's notes, reports or calculations, reports and studies of any kind, tape recordings, (including any form of recording of any telephone or other conversation, interview, conference, or meeting), and all working drawings, papers and files. Note: If any computer software is necessary to read, print or utilize information

contained in any DOCUMENT, as defined hereinabove, such software shall be identified together with the DOCUMENT or storage media to which it pertains.

10. "COMMUNICATIONS" means any instance in which words or information is transferred or transmitted between two or more PERSONS by whatever manner or means, and regardless of how or by whom the communication was initiated, including but not limited to, correspondence, conversation, instructions, meetings, requests, demands, and conferences, and including postings on social media and texts sent or received from any device.

11. "IDENTIFY" manes to describe sufficiently to support a request for production of documents, subpoena, Court Order, or deposition notice, the DOCUMENT, COMMUNICATION, individual, etc. and to provide the full name, date, author and specific section of codes or regulations referred to, and to provide the full name, title, address and phone number of PERSONS as applicable.

12. "ACTION" means and refers to the lawsuit YOU filed as referenced in the caption above, Case No. 2:16-cv-06599-SJO-FFMx.

## FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:**

IDENTIFY, in specific terms, all injunctive relief that YOU seek in this ACTION against DEFENDANT.

**INTERROGATORY NO. 2:**

IDENTIFY, in specific terms, all of the injunctive relief that YOU seek in this ACTION with respect to the WEBSITE and MOBILE APP.

**INTERROGATORY NO. 3:**

IDENTIFY each feature of the WEBSITE and MOBILE APP which YOU contend violates DISABILITY ACCESS LAWS.

**INTERROGATORY NO. 4:**

For each feature of the WEBSITE and MOBILE APP that YOU contend violates DISABILITY ACCESS LAWS, specify the statute or regulation which YOU contend that feature violates.

**INTERROGATORY NO. 5:**

For each feature of the WEBSITE and MOBILE APP that YOU contend violates DISABILITY ACCESS LAWS, describe every reason YOU contend the feature violates DISABILITY ACCESS LAWS.

**INTERROGATORY NO. 6:**

IDENTIFY each large business entity that successfully follows the Web Content Accessibility Guidelines, version 2.0, to ensure their websites are accessible as alleged in paragraph 21 of YOUR complaint in this ACTION.

**INTERROGATORY NO. 7:**

State the total amount of damages YOU are seeking in this ACTION and describe how YOU calculated the claimed damages.

**INTERROGATORY NO. 8:**

IDENTIFY each claimed violation of DISABILITY ACCESS LAWS that allegedly entitles YOU to statutory damages pursuant to California Civil Code §52(a) as alleged in YOUR complaint in this ACTION.

**INTERROGATORY NO. 9:**

IDENTIFY all COMMUNICATIONS YOU have had with DEFENDANT, including those COMMUNICATIONS concerning ACCESS or DISABILITY ACCESS LAWS.

**INTERROGATORY NO. 10:**

IDENTIFY each date YOU visited, used, or inspected the WEBSITE and MOBILE APP, including identification of all parties who may have been present on particular date and what item(s) YOU were intending on purchasing and/or browsing on that particular date.

**INTERROGATORY NO. 11:**

IDENTIFY each barrier to equal ACCESS that YOU encountered at the WEBSITE and MOBILE APP, the date of the alleged denial of equal ACCESS, and describe how YOU were specifically denied ACCESS to the goods and services provided by DEFENDANTS as a result of these alleged barriers.

**INTERROGATORY NO. 12:**

IDENTIFY any lawsuits that YOU have filed or intend to file in California regarding the lack of ACCESSIBILITY of public accommodations (include docket number and filing date).

**INTERROGATORY NO. 13:**

IDENTIFY, in specific terms, any evidence documenting YOUR visit(s), use, and/or inspection of the WEBSITE and MOBILE APP.

**INTERROGATORY NO. 14:**

IDENTIFY with specificity, the injuries YOU have suffered as a result of DEFENDANT'S actions and/or omissions, as alleged in YOUR complaint in this ACTION.

**INTERROGATORY NO. 15:**

IDENTIFY, with specificity, any actual damages YOU allegedly suffered as a result of visiting, using, or inspecting the WEBSITE and MOBILE APP including, but not limited to, emotional distress or physical injury.

**INTERROGATORY NO. 16:**

IDENTIFY the address(es) of YOUR residence(s) for the last ten years.

**INTERROGATORY NO. 17:**

Describe with particularity YOUR disability, the date YOUR disability began, and how it limits a major life activity.

**INTERROGATORY NO. 18:**

IDENTIFY any PERSON with knowledge of the facts that support YOUR contention that DEFENDANT violated DISABILITY ACCESS LAWS.

**INTERROGATORY NO. 19:**

IDENTIFY all DOCUMENTS that support YOUR contention that DEFENDANT violated DISABILITY ACCESS LAWS.

**INTERROGATORY NO. 20:**

IDENTIFY all devices, software and/or computer programs, including screen readers, braille display programs, and/or screen magnification programs, that YOU have used, attempted to use, or intend to use to access the WEBSITE and MOBILE APP.

**INTERROGATORY NO. 21:**

IDENTIFY the make and model of all equipment YOU have used, attempted to use, and/or intend to use, to access the WEBSITE and MOBILE APP and designate whether it is a laptop, desktop, tablet, phone, or other device.

**INTERROGATORY NO. 22:**

IDENTIFY all facts supporting YOUR contention that "it is DEFENDANT's policy and practice to deny blind users, including Plaintiff, access to dominos.com, specifically the goods and services offered by Domino's Pizza LLC, stores through dominos.com," as alleged in YOUR complaint in this ACTION.

**INTERROGATORY NO. 23:**

IDENTIFY all facts supporting YOUR contention that DEFENDANT has refused to remove access barriers to the WEBSITE as alleged in YOUR complaint in this ACTION.

**INTERROGATORY NO. 24:**

IDENTIFY the internet protocol (IP) address for each electronic device, including all laptops, desktops, tablets, and/or phones, which YOU have used, attempted to use, or intend to use to access the WEBSITE and MOBILE APP.

1  Dated: February 7, 2017

2  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

4  By  *Gregory F. Hurley*
5  GREGORY F. HURLEY

6  Attorneys for Defendant,
7  DOMINO'S PIZZA LLC

-7-

SMRH:480555222.2

DEFENDANT DOMINO PIZZA LLC'S
INTERROGATORIES TO PLAINTIFF ROBLES (SET ONE)

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF ORANGE

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Orange, State of California. My business address is 650 Town Center Drive, 4th Floor, Costa Mesa, CA 92626-1993.

On February 7, 2017, I served true copies of the following document(s) described as **DEFENDANT DOMINO'S PIZZA LLC'S INTERROGATORIES TO PLAINTIFF GUILLERMO ROBLES (SET ONE)** on the interested parties in this action as follows:

**SERVICE LIST**

| | |
|---|---|
| Joseph R. Manning, Jr., Esq.<br>Caitlin J. Scott, Esq.<br>MANNING LAW, APC<br>4667 MacArthur Blvd., Suite 150<br>Newport Beach, CA  92660<br>Tel:   (949) 200-8755<br>Fax:  (866) 843-8308<br>adapracticegroup@manninglawoffice.com | ***ATTORNEYS FOR PLAINTIFF***<br>***Guillermo Robles*** |

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 7, 2017, at Costa Mesa, California.

_____
Carrie Strand

-1-

SMRH:480555222.2                                                                                           PROOF OF SERVICE