# Exhibit D

Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
Caitlin J. Scott, Esq. (State Bar No. 310619)
**MANNING LAW, APC**
4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
Office: (949) 200-8755
Fax: (866) 843-8308
info@manninglawoffice.com

Attorneys for Plaintiff GUILLERMO ROBLES

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| GUILLERMO ROBLES, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DOMINO'S PIZZA LLC, a limited liability corporation,<br><br>Defendant. | Case No.: 2:16-CV-06599-SJO-FFM<br><br>JUDGE: Hon. S. James Otero<br>CTRM: 10C<br><br>**PLAINTIFF GUILLERMO ROBLES' RESPONSE TO DEFENDANT DOMINO'S FIRST SET OF INTERROGATORIES**<br><br>ACTION FILED: September 1, 2016<br>TRIAL DATE: August 17, 2017 |

PROPOUNDING PARTY:          DOMINO'S PIZZA LLC

RESPONDING PARTY:          GUILLERMO ROBLES

SET NUMBER:          ONE

1

## PRELIMINARY STATEMENT

Plaintiff Guillermo Robles ("Plaintiff") hereby serves his responses and objections to Domino's Pizza LLC's first set of Interrogatories.  Plaintiff has not fully completed his investigation of the facts relating to this case, has not fully completed his discovery in this action, and has not fully completed his preparation for trial.  All of the responses contained herein are based only upon such information and documents presently available to and specifically known to Plaintiff.  It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to the known facts, as well as establish entirely new factual and legal conclusions, all of which may lead to substantial additions to, changes and variations from the contentions set forth herein. Plaintiff, therefore, reserves his right to supplement or amend these discovery responses as discovery and investigation in this lawsuit progress.

The word usage and sentence structure may be that of the attorney assisting in the preparation of these discovery responses and, thus, do not necessarily purport to be the precise language of Plaintiff.

The objections asserted by Plaintiff below are asserted in good faith, based upon counsel's evaluation of Plaintiff's discovery obligations under the Federal Rules of Civil Procedure.  Nevertheless, Plaintiff, through counsel, offers and stands ready to confer with the Propounding Party in an effort to resolve or narrow, to the greatest extent possible, any dispute between the parties concerning these objections and responses.

The responses contained herein are made solely for the purpose of this Action.

## GENERAL OBJECTIONS

1.      Each response given to the Interrogatories and any documents identified therein are subject to all objections including, but not limited to, privilege, relevancy, authenticity, and admissibility which would require exclusion for the

2

evidence if it were offered in Court, all of which objections and grounds are hereby reserved.

2.     Plaintiff objects to each of the Interrogatories to the extent they seek information or documents which are not relevant to the subject matter of the pending action thereby expanding discovery beyond what is proportional to the needs of this case and the burden to Plaintiff of the proposed discovery outweighs its likely benefit.

3.     Plaintiff objects to each of the Interrogatories to the extent they are overly broad or unduly burdensome.

4.     Plaintiff objects to each of the Interrogatories to the extend they seek documents, tangible things or information which have been prepared in anticipation of litigation or for trial, or are otherwise subject to protection pursuant to the work-product doctrine.

5.     Plaintiff objects to each of the Interrogatories to the extent they seek documents or information subject to protection under the attorney-client privilege or any other applicable privilege or protection.

6.     Plaintiff objects to each of the Interrogatories to the extent they are unreasonably cumulative or duplicative, or that the information or documents requested therein are obtainable from some other source that is more convenient, less burdensome, or less expensive.

7.     Plaintiff objects to each of the Definitions and Instructions contained in the Interrogatories to the extent they are overly broad and unduly burdensome.

8.     Plaintiff objects to each of the Interrogatories to the extent that it may be construed as calling for information already in Defendant's possession, custody or control, or that are available from public sources on the grounds that such Interrogatories are unduly burdensome and oppressive, and as such, exceed the bounds of permissible discovery.

3

9.     Plaintiff is continuing his investigation and analyses of the facts and law related to this case, and has not yet concluded his investigation, discovery and preparation for trial.  Therefore, these responses are given without prejudice to Plaintiff's right to produce or use any subsequently discovered facts or writings or to add to, modify or otherwise change or amend the responses herein.  These responses are based on writings and information currently available to Plaintiff.  The information is true and correct to the best of Plaintiff's knowledge, as of this date, and is subject to correction, and supplementation for any inadvertent errors, mistakes, or omissions.

10.     Plaintiff objects to each of the Interrogatories to the extent that they are intended to harass and annoy Plaintiff.

11.     Plaintiff objects to each of the Interrogatories to the extent that they seek to violate third-party copyright protections and license agreements, and likewise seeks private information and/or things protected by individual privacy rights as set forth in Art. 1, Sec. 1 of the California Constitution.

The preliminary statement and all general objections are hereby incorporated into each of the following Responses.

## RESPONSES TO DEFENDANT'S INTERROGATORIES

**Interrogatory No. 1:**

IDENTIFY, in specific terms, all injunctive relief that YOU seek in this ACTION against DEFENDANT.

**Response to Interrogatory No. 1:**

Plaintiff objects to this Interrogatory as overly broad, unduly burdensome, vague, and ambiguous as it is not properly narrowed or limited in time or in scope. Plaintiff objects that this request is compound. Plaintiff objects to this request as it seeks information that is disproportionate to the needs of the case as defined by Rule 26(b)(1) and further fails to seek information that is relevant to the subject matter of the action. Therefore, Defendant seeks to expand discovery beyond what is

proportional to the needs of this case and the burden to Plaintiff of the proposed discovery outweighs its likely benefit.

Subject to and without waiving said objections, Plaintiff responds as follows:

Plaintiff seeks a permanent injunction to cause a change in Defendant's corporate policies, practices, and procedures so that Defendant's website and mobile application will become and remain accessible to blind and visually-impaired consumers, which includes Plaintiff. Plaintiff seeks that Defendant operate, maintain and provide an accessible website, free of barriers, when read by screen-reading software and an accessible Mobile Application, free of barriers, when read by screen-reading software on a smartphone.

**Interrogatory No. 2:**

IDENTIFY, in specific terms, all of the injunctive relief that YOU seek in this ACTION with respect to the WEBSITE and MOBILE APP.

**Response to Interrogatory No. 2:**

Plaintiff objects to this Interrogatory as overly broad, unduly burdensome, vague, and ambiguous as it is not properly narrowed or limited in time or in scope. Plaintiff objects that this request is compound. Plaintiff objects to this request as it seeks information that is disproportionate to the needs of the case as defined by Rule 26(b)(1) and further fails to seek information that is relevant to the subject matter of the action. Therefore, Defendant seeks to expand discovery beyond what is proportional to the needs of this case and the burden to Plaintiff of the proposed discovery outweighs its likely benefit.

Subject to and without waiving said objections, Plaintiff responds as follows: An accessible website, free of barriers, when read by screen-reading software and an accessible Mobile Application, free of barriers, when read by screen-reading software on a cellular smartphone.

**Interrogatory No. 3:**

IDENTIFY each feature of the WEBSITE and MOBILE APP which YOU

5

1    contend violates DISABILITY ACCESS LAWS.

2    **Response to Interrogatory No. 3:**

3         Plaintiff objects to this Interrogatory as overly broad, unduly burdensome,

4    vague, and ambiguous as it is not properly narrowed or limited in time or in scope.

5    Plaintiff objects that this request is compound. Plaintiff objects to this request as it

6    seeks information that is disproportionate to the needs of the case as defined by Rule

7    26(b)(1) and further fails to seek information that is relevant to the subject matter of

8    the action. Therefore, Defendant seeks to expand discovery beyond what is

9    proportional to the needs of this case and the burden to Plaintiff of the proposed

10    discovery outweighs its likely benefit.

11         Subject to and without waiving said objections, Plaintiff responds as follows:

12         I have encountered barriers to access on Defendant's website, Dominos.com,

13    and when using Defendant's mobile application. I was unable to find the closest

14    Domino's store location to place an order for pick-up. I was unable to find the

15    closest Domino's store location to place an order from, for carry-out or otherwise. I

16    was unable to complete an order for a customized pizza using Defendant's mobile

17    application or using Dominos.com. I was unable to independently, securely and

18    privately complete my pizza order for carry out. I encountered unlabeled buttons on

19    Defendant's website and mobile application when I was trying to locate the

20    "Delivery" and "Carry Out" options. I was unable to navigate, or otherwise find

21    information on the homepage of Dominos.com located in a carousel about

22    advertisements and specials offered by Defendant. The website and mobile

23    application lack the Alternative text ("Alt-text") I need to be read to me which

24    would allow me to place an order for carry-out via the website and mobile

25    application. Because the website and mobile application are not designed or

26    maintained so that my screen-reading software can read to me the features I need to

27    complete my order, I am unable to complete my order using Defendant's website

28    and mobile application.

6

**Interrogatory No. 4:**

For each feature of the WEBSITE and MOBILE APP that YOU contend violates DISABILITY ACCESS LAWS, specify the statute or regulation which YOU contend that feature violates.

**Response to Interrogatory No. 4:**

Plaintiff objects to this Interrogatory as overly broad, unduly burdensome, vague, and ambiguous as it is not properly narrowed or limited in time or in scope. Plaintiff objects that this request is compound. Plaintiff objects to this request as it seeks information that is disproportionate to the needs of the case as defined by Rule 26(b)(1) and further fails to seek information that is relevant to the subject matter of the action. This request also seeks information that is equally available to Defendant and wholly irrelevant to any claim or defense in this lawsuit. Therefore, Defendant seeks to expand discovery beyond what is proportional to the needs of this case and the burden to Plaintiff of the proposed discovery outweighs its likely benefit. Plaintiff objects to this interrogatory to the extent it seeks early disclosure of expert opinions that are more appropriately the subject of expert discovery.

Subject to and without waiving said objections, Plaintiff responds as follows:

I have encountered barriers to access on Defendant's website, Dominos.com, and when using Defendant's mobile application. I was unable to find the closest Domino's store location to place an order for pick-up. I was unable to find the closest Domino's store location to place an order from, for carry-out or otherwise. I was unable to complete an order for a customized pizza using Defendant's mobile application or using Dominos.com. I was unable to independently, securely and privately complete my pizza order for carry out. I encountered unlabeled buttons on Defendant's website and mobile application when I was trying to locate the "Delivery" and "Carry Out" options. I was unable to navigate, or otherwise find information on the homepage of Dominos.com located in a carousel about advertisements and specials offered by Defendant. The website and mobile

7

1   application lacks sufficient Alternative text ("Alt-text") for me to place an order for

2   carry-out via the website and mobile application. I was and am currently unable to

3   use the following features on both Defendant's website and mobile application:

4   Defendant's "Pizza Builder" feature of the website and mobile application which

5   contains unlabeled buttons that do not provide sufficient alt-text for me to place an

6   order for carry-out, or other means;  I was unable to customize my order privately,

7   securely and independently, due to the ingredients not being labeled as the

8   corresponding toppings to add to my intended order; I was unable to modify the

9   quantity of my order using screen-reading software; I was unable to input my

10  personal financial information and was therefore, unable to complete my order; I

11  was unable to complete my order because there were mislabeled fields and unlabeled

12  buttons during the order process on Defendant's website and mobile application.

13      These access barriers are violations of the ADA and Unruh Act, as fully

14  alleged in the Complaint.

15  **Interrogatory No. 5:**

16      For each feature of the WEBSITE and MOBILE APP that YOU contend

17  violates DISABILITY ACCESS LAWS, describe every reason YOU contend the

18  feature violates DISABILITY ACCESS LAWS.

19  **Response to Interrogatory No. 5:**

20      Plaintiff objects to this Interrogatory as overly broad, unduly burdensome,

21  vague, and ambiguous as it is not properly narrowed or limited in time or in scope.

22  Plaintiff objects that this request is compound. Plaintiff objects to this request as it

23  seeks information that is disproportionate to the needs of the case as defined by Rule

24  26(b)(1) and further fails to seek information that is relevant to the subject matter of

25  the action. This request also seeks information that is equally available to Defendant

26  and wholly irrelevant to any claim or defense in this lawsuit. Therefore, Defendant

27  seeks to expand discovery beyond what is proportional to the needs of this case and

28  the burden to Plaintiff of the proposed discovery outweighs its likely benefit.

8

Subject to and without waiving said objections, Plaintiff responds as follows:

I have encountered barriers to access on Defendant's website, Dominos.com, and when using Defendant's mobile application. I was unable to find the closest Domino's store location to place an order for pick-up. I was unable to find the closest Domino's store location to place an order from, for carry-out or otherwise. I was unable to complete an order for a customized pizza using Defendant's mobile application or using Dominos.com. I was unable to independently, securely and privately complete my pizza order for carry out. I encountered unlabeled buttons on Defendant's website and mobile application when I was trying to locate the "Delivery" and "Carry Out" options. I was unable to navigate, or otherwise find information on the homepage of Dominos.com located in a carousel about advertisements and specials offered by Defendant. The website and mobile application lacks sufficient Alternative text ("Alt-text") for me to place an order for carry-out via the website and mobile application. A lack of alt-text on graphics contained on Defendant's website and mobile application as well as, inaccessible forms, inaccessible image maps, and the lack of adequate prompting and labeling on Defendant's website and mobile application, prevent me from using the website and mobile application using my computer keyboard, braille display, and iPhone in conjunction with the screen-reading software installed on my computer and iPhone.

These access barriers are violations of the ADA and Unruh Act, as fully alleged in the Complaint.

**Interrogatory No. 6:**

Identify each large business entity that successfully follows the Web Content Accessibility Guidelines, version 2.0, to ensure their websites are accessible as alleged in paragraph 21 of YOUR complaint in this ACTION.

**Response to Interrogatory No. 6:**

Plaintiff objects to this request on the grounds it seeks confidential information. Plaintiff objects that this request is compound. Plaintiff objects to this

9

1   request on the grounds it seeks information protected by the attorney-client privilege

2   and work product doctrine.  Plaintiff further objects on the grounds that Defendant

3   seeks to expand discovery beyond what is proportional to the needs of this case and

4   the burden to Plaintiff of this overbroad and premature proposed discovery request

5   outweighs its likely benefit. This request also seeks information that is equally

6   available to Defendant and wholly irrelevant to any claim or defense in this lawsuit.

7   Plaintiff objects to this interrogatory on the grounds that it is vague and ambiguous,

8   including as to the term "large business entity" and "successfully follows."  Plaintiff

9   objects to this interrogatory to the extent it seeks early disclosure of expert opinions

10  that are more appropriately the subject of expert discovery.

11  **Interrogatory No. 7:**

12      State the total amount of damages YOU are seeking in this ACTION and

13  describe how YOU calculated the claimed damages.

14  **Response to Interrogatory No. 7:**

15      Plaintiff objects to this request on the grounds it seeks confidential

16  information. Plaintiff objects that this request is compound. Plaintiff objects to this

17  request on the grounds it seeks information protected by the attorney-client privilege

18  and work product doctrine.  Plaintiff further objects on the grounds that Defendant

19  seeks to expand discovery beyond what is proportional to the needs of this case and

20  the burden to Plaintiff of this overbroad and premature proposed discovery request

21  outweighs its likely benefit.  Plaintiff objects to this interrogatory on the grounds

22  that it is vague and ambiguous, including as to the term "damages."  Plaintiff objects

23  to this interrogatory to the extent it seeks early disclosure of expert opinions that are

24  more appropriately the subject of expert discovery.

25      Subject to and without waiving said objections, Plaintiff responds as follows:

26  Statutory damages of $4,000 per violation pursuant to § 52(a) of the California Civil

27  Code. Attorneys' fees and expenses pursuant to all applicable laws including,

28

1  without limitation, pursuant to 42 U.S.C. § 12188(a)(1), and California Civil Code §

2  52(a).

3  **Interrogatory No. 8:**

4      IDENTIFY each claimed violation of DISABILITY ACCESS LAWS that

5  allegedly entitles YOU to statutory damages pursuant to California Civil Code

6  §52(a) as alleged in YOUR complaint in this ACTION.

7  **Response to Interrogatory No. 8:**

8      Plaintiff objects to this Interrogatory as overly broad, unduly burdensome,

9  vague, and ambiguous as it is not properly narrowed or limited in time or in scope.

10  Plaintiff objects that this request is compound. Plaintiff objects to this request as it

11  seeks information that is disproportionate to the needs of the case as defined by Rule

12  26(b)(1) and further fails to seek information that is relevant to the subject matter of

13  the action. Plaintiff objects to this interrogatory to the extent it seeks early disclosure

14  of expert opinions that are more appropriately the subject of expert discovery.

15  Therefore, Defendant seeks to expand discovery beyond what is proportional to the

16  needs of this case and the burden to Plaintiff of the proposed discovery outweighs its

17  likely benefit. Plaintiff objects to this interrogatory to the extent it seeks early

18  disclosure of expert opinions that are more appropriately the subject of expert

19  discovery.

20      Subject to and without waiving said objections, Plaintiff responds as follows:

21      Statutory damages of $4,000 per violation pursuant to § 52(a) of the

22  California Civil Code. Attorneys' fees and expenses pursuant to all applicable laws

23  including, without limitation, pursuant to 42 U.S.C. § 12188(a)(1), and California

24  Civil Code § 52(a).

25  **Interrogatory No. 9:**

26      IDENTIFY all COMMUNICATIONS YOU have had with DEFENDANT,

27  including those COMMUNICATIONS concerning ACCESS or DISABILITY

28  ACCESS LAWS.

11

**Response to Interrogatory No. 9:**

Plaintiff objects to this Interrogatory as overly broad, unduly burdensome, vague, and ambiguous as it is not properly narrowed or limited in time or in scope. Plaintiff objects that this request is compound. Plaintiff objects to this request as it seeks information that is disproportionate to the needs of the case as defined by Rule 26(b)(1) and further fails to seek information that is relevant to the subject matter of the action. Plaintiff objects to this Request as it is intended to harass and annoy Plaintiff. Further, Plaintiff objects to this Request to the extent it seeks private information and/or things protected by individual privacy rights as set forth in Art. 1, Sec. 1 of the California Constitution. This request also seeks information that is equally available to Defendant and wholly irrelevant to any claim or defense in this lawsuit. Therefore, Defendant seeks to expand discovery beyond what is proportional to the needs of this case and the burden to Plaintiff of the proposed discovery outweighs its likely benefit.

**Interrogatory No. 10:**

IDENTIFY each date YOU visited, used, or inspected the WEBSITE and MOBILE APP, including identification of all parties who may have been present on particular date and what item(s) YOU were intending on purchasing and/or browsing on that particular date.

**Response to Interrogatory No. 10:**

Plaintiff objects to this Interrogatory as overly broad, unduly burdensome, vague, and ambiguous as it is not properly narrowed in scope. Plaintiff objects that this request is compound. Plaintiff objects to this request as it seeks information that is disproportionate to the needs of the case as defined by Rule 26(b)(1) and further fails to seek information that is relevant to the subject matter of the action. This request also seeks information that is equally available to Defendant. Plaintiff objects to this Request as it is intended to harass and annoy Plaintiff. Further, Plaintiff objects to this Request to the extent it seeks private information and/or

1   things protected by individual privacy rights as set forth in Art. 1, Sec. 1 of the
2   California Constitution. Therefore, Defendant seeks to expand discovery beyond
3   what is proportional to the needs of this case and the burden to Plaintiff of the
4   proposed discovery outweighs its likely benefit.

5        Subject to and without waiving said objections, Plaintiff responds as follows:

6        Since July 2015, I have been unable to order a pizza or place an order using
7   Dominos.com. Since early 2016, I have been unable to customize an order for pizza
8   using Defendant's mobile application. I have encountered barriers to access because
9   the website and mobile application was not coded for JAWS or VoiceOver to
10  sufficiently identify graphics found through Defendant's website or mobile
11  application, which would allow me to select toppings for me to place an order
12  independently, securely, and privately. I have encountered forms which prevented
13  me from being able to input my financial information. Defendant's coding of the
14  website and mobile application prevented me from being able to finding a location
15  to choose where I wanted to place an order for carry-out.

16  **Interrogatory No. 11:**

17       IDENTIFY each barrier to equal ACCESS that YOU encountered at the
18  WEBSITE and MOBILE APP, the date of the alleged denial of equal ACCESS, and
19  describe how YOU were specifically denied ACCESS to the goods and services
20  provided by DEFENDANTS as a result of these alleged barriers.

21  **Response to Interrogatory No. 11:**

22       Plaintiff objects to this Interrogatory as overly broad, unduly burdensome,
23  vague, and ambiguous as it is not properly narrowed in scope. Plaintiff objects that
24  this request is compound. Plaintiff objects to this request as it seeks information that
25  is disproportionate to the needs of the case as defined by Rule 26(b)(1) and further
26  fails to seek information that is relevant to the subject matter of the action. Plaintiff
27  objects to this Request as it is intended to harass and annoy Plaintiff. Further,
28  Plaintiff objects to this Request to the extent it seeks private information and/or

things protected by individual privacy rights as set forth in Art. 1, Sec. 1 of the California Constitution. Plaintiff objects to this interrogatory to the extent it seeks early disclosure of expert opinions that are more appropriately the subject of expert discovery. Therefore, Defendant seeks to expand discovery beyond what is proportional to the needs of this case and the burden to Plaintiff of the proposed discovery outweighs its likely benefit.

Subject to and without waiving said objections, Plaintiff responds as follows:

I was unable to find the closest Domino's store location to place an order for pick-up. A non-disabled person can rely solely on their ability to see and use of a mouse to select the features which I cannot see, such as the information associated with a particular Domino's store location. I was unable to complete an order for a customized pizza using Defendant's mobile application or using Dominos.com due to mislabeled buttons which were incapable of being read by the screen-reading software. I was unable to make my choices because I could not see what I needed to select and could not make my selection using a mouse. I was unable to independently, securely and privately complete my pizza order for carry out because my screen-reading software did not vocalize the information a non-disabled person could see and select using a mouse. I encountered unlabeled buttons on Defendant's website and mobile application when I tried to locate the "Delivery" and "Carry Out" options. My screen-reading software did not vocalize the information a sighted or non-disabled person could select using a mouse. I could not navigate or find information on the homepage of Dominos.com about advertisements and specials offered by Defendant because my screen-reading software did not vocalize the information a sighted or non-disabled person could select using a mouse. The website and mobile application lacked and lacks sufficient Alternative text ("Alt-text") for me to place an order for carry-out via the website and mobile application. The lack of alt-text on graphics contained on Defendant's website and mobile application as well as, inaccessible forms, inaccessible image maps, and the lack of

14

adequate prompting and labeling on Defendant's website and mobile application, prevented me from using the website and mobile application on my computer's keyboard, my braille display, and iPhone using JAWS on my computer or VoiceOver on my iPhone. A non-disabled person, or a sighted person who can manipulate a mouse, would have been able to select and input the required information, where I could not do so because I could not see the screen and I could not and cannot use a mouse.

**Interrogatory No. 12:**

IDENTIFY any lawsuits that YOU have filed or intend to file in California regarding the lack of ACCESSIBILITY of public accommodations (include docket number and filing date).

**Response to Interrogatory No. 12:**

Plaintiff objects to this Interrogatory as overly broad, unduly burdensome, vague, and ambiguous as it is not properly narrowed in scope. Plaintiff objects that this request is compound. Plaintiff objects to this request as it seeks information that is disproportionate to the needs of the case as defined by Rule 26(b)(1) and further fails to seek information that is relevant to the subject matter of the action. This request also seeks information that is equally available to Defendant and wholly irrelevant to any claim or defense in this lawsuit. Therefore, Defendant seeks to expand discovery beyond what is proportional to the needs of this case and the burden to Plaintiff of the proposed discovery outweighs its likely benefit. Plaintiff objects to this Request as it is intended to harass and annoy Plaintiff. Further, Plaintiff objects to this Request to the extent it seeks private information and/or things protected by individual privacy rights as set forth in Art. 1, Sec. 1 of the California Constitution.

**Interrogatory No. 13:**

IDENTIFY, in specific terms, any evidence documenting YOUR visit(s), use, and/or inspection of the WEBSITE and MOBILE APP.

15

1 | **Response to Interrogatory No. 13:**

2 |     Plaintiff objects to this Interrogatory as overly broad, unduly burdensome,

3 | vague, and ambiguous as it is not properly narrowed in scope. Plaintiff objects that

4 | this request is compound. Plaintiff objects to this request as it seeks information that

5 | is disproportionate to the needs of the case as defined by Rule 26(b)(1) and further

6 | fails to seek information that is relevant to the subject matter of the action.

7 | Therefore, Defendant seeks to expand discovery beyond what is proportional to the

8 | needs of this case and the burden to Plaintiff of the proposed discovery outweighs its

9 | likely benefit. Plaintiff objects to this Request as it is intended to harass and annoy

10 | Plaintiff. Further, Plaintiff objects to this Request to the extent it seeks private

11 | information and/or things protected by individual privacy rights as set forth in Art. 1,

12 | Sec. 1 of the California Constitution. This request also seeks information that is

13 | equally available to Defendant.

14 | **Interrogatory No. 14:**

15 |     IDENTIFY with specificity, the injuries YOU have suffered as a result of

16 | DEFENDANT'S actions and/or omissions, as alleged in YOUR complaint in this

17 | ACTION.

18 | **Response to Interrogatory No. 14:**

19 |     Plaintiff objects to this Interrogatory as overly broad, unduly burdensome,

20 | vague, and ambiguous as it is not properly narrowed in scope. Plaintiff objects that

21 | this request is compound. Plaintiff objects to this request as it seeks information that

22 | is disproportionate to the needs of the case as defined by Rule 26(b)(1) and further

23 | fails to seek information that is relevant to the subject matter of the action.

24 | Therefore, Defendant seeks to expand discovery beyond what is proportional to the

25 | needs of this case and the burden to Plaintiff of the proposed discovery outweighs its

26 | likely benefit. Plaintiff objects to this interrogatory because it is overbroad,

27 | oppressive, and unduly burdensome. Plaintiff objects to this Request as it is intended

28 | to harass and annoy Plaintiff. Further, Plaintiff objects to this Request to the extent it

16

1   seeks private information and/or things protected by individual privacy rights as set

2   forth in Art. 1, Sec. 1 of the California Constitution.

3        Subject to and without waiving said objections, Plaintiff responds as follows:

4   Statutory damages of $4,000 per violation pursuant to § 52(a) of the California Civil

5   Code. Attorneys' fees and expenses pursuant to all applicable laws including,

6   without limitation, pursuant to 42 U.S.C. § 12188(a)(1), and California Civil Code §

7   52(a).

8        I have further experienced difficulty, discomfort, embarrassment, distress,

9   discouragement, and frustration from not being able to complete a purchase using

10   Defendant's website, Dominos.com, or Defendant's mobile application.

11   **Interrogatory No. 15:**

12        IDENTIFY, with specificity, any actual damages YOU allegedly suffered as a

13   result of visiting, using, or inspecting the WEBSITE and MOBILE APP including,

14   but not limited to, emotional distress or physical injury.

15   **Response to Interrogatory No. 15:**

16        Plaintiff objects to this Interrogatory as overly broad, unduly burdensome,

17   vague, and ambiguous as it is not properly narrowed in scope. Plaintiff objects that

18   this request is compound. Plaintiff objects to this request as it seeks information that

19   is disproportionate to the needs of the case as defined by Rule 26(b)(1) and further

20   fails to seek information that is relevant to the subject matter of the action.

21   Therefore, Defendant seeks to expand discovery beyond what is proportional to the

22   needs of this case and the burden to Plaintiff of the proposed discovery outweighs its

23   likely benefit.   Plaintiff objects to this interrogatory because the information

24   requested is subsumed by the attorney-client privilege. Further, Plaintiff objects to

25   this Request to the extent it seeks private information and/or things protected by

26   individual privacy rights as set forth in Art. 1, Sec. 1 of the California Constitution.

27        Subject to and without waiving said objections, Plaintiff responds as follows:

28

17

Statutory damages of $4,000 per violation pursuant to § 52(a) of the California Civil Code. Attorneys' fees and expenses pursuant to all applicable laws including, without limitation, pursuant to 42 U.S.C. § 12188(a)(1), and California Civil Code § 52(a).

I have further experienced difficulty, discomfort, embarrassment, distress, discouragement, and frustration from not being able to complete a purchase using Defendant's website, Dominos.com, or Defendant's mobile application.

**Interrogatory No. 16:**

IDENTIFY the address(es) of YOUR residence(s) for the last ten years.

**Response to Interrogatory No. 16:**

Plaintiff objects to this Interrogatory as overly broad, unduly burdensome, vague, and ambiguous as it is not properly narrowed in scope. Plaintiff objects that this request is compound. Plaintiff objects to this request as it seeks information that is disproportionate to the needs of the case as defined by Rule 26(b)(1) and further fails to seek information that is relevant to the subject matter of the action. Therefore, Defendant seeks to expand discovery beyond what is proportional to the needs of this case and the burden to Plaintiff of the proposed discovery outweighs its likely benefit. Plaintiff objects to this Request as it is intended to harass and annoy Plaintiff. Further, Plaintiff objects to this Request to the extent it seeks private information and/or things protected by individual privacy rights as set forth in Art. 1, Sec. 1 of the California Constitution.

Subject to and without waiving said objections, Plaintiff responds as follows:

1115 Concord Street, Los Angeles, CA 90023;

5000 Echo Street, APT. 6, Los Angeles, CA 90042;

5010 Echo Street, Apartment A., Los Angeles, CA 90042;

1408 W. 11th Street, APT. 11, Los Angeles 90015; and,

10110 Summertime LN, Culver City, CA 90230.

**Interrogatory No. 17:**

18

Describe with particularity YOUR disability, the date YOUR disability began, and how it limits a major life activity.

**Response to Interrogatory No. 17:**

Plaintiff objects to this Interrogatory as overly broad, unduly burdensome, vague, and ambiguous as it is not properly narrowed in scope. Plaintiff objects that this request is compound. This request also seeks information that is equally available to Defendant, or less burdensome for Defendant to acquire. Plaintiff objects to this request as it seeks information that is disproportionate to the needs of the case as defined by Rule 26(b)(1) and further fails to seek information that is relevant to the subject matter of the action. Therefore, Defendant seeks to expand discovery beyond what is proportional to the needs of this case and the burden to Plaintiff of the proposed discovery outweighs its likely benefit. Plaintiff objects to this Request as it is intended to harass and annoy Plaintiff. Further, Plaintiff objects to this Request to the extent it seeks private information and/or things protected by individual privacy rights as set forth in Art. 1, Sec. 1 of the California Constitution.

Subject to and without waiving said objections, Plaintiff responds as follows:

I have been permanently blind since birth.

**Interrogatory No. 18:**

IDENTIFY any PERSON with knowledge of the facts that support YOUR contention that DEFENDANT violated DISABILITY ACCESS LAWS.

**Response to Interrogatory No. 18:**

Plaintiff objects to this Interrogatory as overly broad, unduly burdensome, vague, and ambiguous as it is not properly narrowed in scope. Plaintiff objects that this request is compound. This request also seeks information that is equally available to Defendant, or less burdensome for Defendant to acquire. Plaintiff objects to this request as it seeks information that is disproportionate to the needs of the case as defined by Rule 26(b)(1) and further fails to seek information that is relevant to the subject matter of the action. Therefore, Defendant seeks to expand

19

1  discovery beyond what is proportional to the needs of this case and the burden to

2  Plaintiff of the proposed discovery outweighs its likely benefit.

3      Subject to and without waiving said objections, Plaintiff responds as follows:

4  Plaintiff and Plaintiff's counsel.

5  **Interrogatory No. 19:**

6      IDENTIFY all DOCUMENTS that support YOUR contention that

7  DEFENDANT violated DISABILITY ACCESS LAWS.

8  **Response to Interrogatory No. 19:**

9      Plaintiff objects to this Interrogatory as overly broad, unduly burdensome,

10  vague, and ambiguous as it is not properly narrowed in scope. Plaintiff objects that

11  this request is compound. This request also seeks information that is equally

12  available to Defendant, or less burdensome for Defendant to acquire. Plaintiff

13  objects to this request as it seeks information that is disproportionate to the needs of

14  the case as defined by Rule 26(b)(1) and further fails to seek information that is

15  relevant to the subject matter of the action. Therefore, Defendant seeks to expand

16  discovery beyond what is proportional to the needs of this case and the burden to

17  Plaintiff of the proposed discovery outweighs its likely benefit.

18      Subject to and without waiving said objections, Plaintiff responds as follows:

19      Plaintiff's Complaint in this Action, The Complaint in the action captioned as

20  the following: Del-Orden v. Domino's Pizza LLC (Southern District of New York

21  [Foley Square], case no. 1:16-CV-03281), Plaintiff's Opposition to Defendant's

22  Motion for Summary Judgment and the supporting papers.

23  **Interrogatory No. 20:**

24      IDENTIFY all devices, software and/or computer programs, including screen

25  readers, braille display programs, and/or screen magnification programs, that YOU

26  have used, attempted to use, or intend to use to access the WEBSITE and MOBILE

27  APP.

28  **Response to Interrogatory No. 20:**

1    Plaintiff objects to this Interrogatory as overly broad, unduly burdensome,
2    vague, and ambiguous as it is not properly narrowed in scope. Plaintiff objects that
3    this request is compound. This request also seeks information that is equally
4    available to Defendant, or less burdensome for Defendant to acquire. Plaintiff
5    objects to this request as it seeks information that is disproportionate to the needs of
6    the case as defined by Rule 26(b)(1) and further fails to seek information that is
7    relevant to the subject matter of the action. Plaintiff objects to this Request as it is
8    intended to harass and annoy Plaintiff. Further, Plaintiff objects to this Request to
9    the extent it seeks private information and/or things protected by individual privacy
10   rights as set forth in Art. 1, Sec. 1 of the California Constitution. Plaintiff objects to
11   this interrogatory on the grounds that it is vague and ambiguous, including as to the
12   term "all devices." Therefore, Defendant seeks to expand discovery beyond what is
13   proportional to the needs of this case and the burden to Plaintiff of the proposed
14   discovery outweighs its likely benefit.

15       Subject to and without waiving said objections, Plaintiff responds as follows:

16       Plaintiff uses a MacBook Pro (approximately a mid-2012 model) which has
17   BootCamp installed to run JAWS. Plaintiff also owns an iPhone 6 with VoiceOver
18   and has a BrailleNote Apex display by HumanWare Inc.

19   **Interrogatory No. 21:**

20       IDENTIFY the make and model of all equipment YOU have used, attempted
21   to use, and/or intend to use, to access the WEBSITE and MOBILE APP and
22   designate whether it is a laptop, desktop, tablet, phone, or other device.

23   **Response to Interrogatory No. 21:**

24       Plaintiff objects to this Interrogatory as overly broad, unduly burdensome,
25   vague, and ambiguous as it is not properly narrowed or limited in time or in scope.
26   Plaintiff objects to this request as it seeks information that is disproportionate to the
27   needs of the case as defined by Rule 26(b)(1) and further fails to seek information
28   that is relevant to the subject matter of the action. Plaintiff objects to this Request as

1   it is intended to harass and annoy Plaintiff. Further, Plaintiff objects to this Request

2   to the extent it seeks to violate third-party copyright protections and license

3   agreements, and likewise seeks private information and/or things protected by

4   individual privacy rights as set forth in Art. 1, Sec. 1 of the California Constitution.

5   Plaintiff objects to this interrogatory on the grounds that it is vague and ambiguous,

6   including as to the term "all equipment." Therefore, Defendant seeks to expand

7   discovery beyond what is proportional to the needs of this case and the burden to

8   Plaintiff of the proposed discovery outweighs its likely benefit.

9         Subject to and without waiving said objections, Plaintiff responds as follows:

10        Plaintiff uses a MacBook Pro (approximately a mid-2012 model) which has

11   BootCamp installed to run JAWS. Plaintiff also owns an iPhone 6 with VoiceOver

12   and has a BrailleNote Apex display by HumanWare Inc.

13   **Interrogatory No. 22:**

14        IDENTIFY all facts supporting YOUR contention that "it is DEFENDANT's

15   policy and practice to deny blind users, including Plaintiff, access to dominos.com,

16   specifically the goods and services offered by Domino's Pizza LLC, stores through

17   dominos.com," as alleged in YOUR complaint in this ACTION.

18   **Response to Interrogatory No. 22:**

19        Plaintiff objects to this Interrogatory as overly broad, unduly burdensome,

20   vague, and ambiguous as it is not properly narrowed or limited in time or in scope.

21   Plaintiff objects that this request is compound. Plaintiff objects to this request as it

22   seeks information that is disproportionate to the needs of the case as defined by Rule

23   26(b)(1) and further fails to seek information that is relevant to the subject matter of

24   the action. Therefore, Defendant seeks to expand discovery beyond what is

25   proportional to the needs of this case and the burden to Plaintiff of the proposed

26   discovery outweighs its likely benefit.

27        Subject to and without waiving said objections, Plaintiff responds as follows:

28

I was unable to find the closest Domino's store location to place an order for pick-up or carry-out. A non-disabled, sighted person, can rely solely on their ability to see the screen and use a mouse to select the features I cannot see, such as the information associated with a particular Domino's store location. I was unable to complete an order for a customized pizza using Defendant's mobile application or using Dominos.com due to mislabeled buttons which were incapable of being read by the screen-reading software. I was unable to make my choices because I could not see what I needed to select and could not make my selection using a mouse. I was unable to independently, securely and privately complete my pizza order for carry out because my screen-reading software did not vocalize the information a non-disabled person could see and select using a mouse. I encountered unlabeled buttons on Defendant's website and mobile application when I tried to locate the "Delivery" and "Carry Out" options.   My screen-reading software did not vocalize the information a sighted or non-disabled person could select using a mouse. I could not navigate or find information on the homepage of Dominos.com about advertisements and specials offered by Defendant because my screen-reading software did not vocalize the information a sighted or non-disabled person could select using a mouse. The website and mobile application lacked and lacks sufficient Alternative text ("Alt-text") for me to place an order for carry-out via the website and mobile application. The lack of alt-text on graphics contained on Defendant's website and mobile application as well as, inaccessible forms, inaccessible image maps, and the lack of adequate prompting and labeling on Defendant's website and mobile application, prevented me from using the website and mobile application on my computer's keyboard, my braille display, and iPhone using JAWS on my computer or VoiceOver on my iPhone. A non-disabled person, or a sighted person who can manipulate a mouse, would have been able to select and input the required information, where I could not do so because I could not see the screen and I could not and cannot use a mouse.

1    Also see facts described in Plaintiff's Complaint in this Action, The
2    Complaint in the action captioned as the following: Del-Orden v. Domino's Pizza
3    LLC (Southern District of New York [Foley Square], case no. 1:16-CV-03281),
4    Plaintiff's Opposition to Defendant's Motion for Summary Judgment and the
5    supporting papers.

6    **Interrogatory No. 23:**

7    IDENTIFY all facts supporting YOUR contention that DEFENDANT has
8    refused to remove access barriers to the WEBSITE as alleged in YOUR complaint in
9    this ACTION.

10   **Response to Interrogatory No. 23:**

11   Plaintiff objects to this Interrogatory as overly broad, unduly burdensome,
12   vague, and ambiguous as it is not properly narrowed in scope. Plaintiff objects that
13   this request is compound. This request also seeks information that is equally
14   available to Defendant, or less burdensome for Defendant to acquire. This request
15   also seeks information that is equally available to Defendant and wholly irrelevant to
16   any claim or defense in this lawsuit. Plaintiff objects to this request as it seeks
17   information that is disproportionate to the needs of the case as defined by Rule
18   26(b)(1) and further fails to seek information that is relevant to the subject matter of
19   the action. Therefore, Defendant seeks to expand discovery beyond what is
20   proportional to the needs of this case and the burden to Plaintiff of the proposed
21   discovery outweighs its likely benefit. Plaintiff objects to this interrogatory to the
22   extent it seeks early disclosure of expert opinions that are more appropriately the
23   subject of expert discovery.

24   Subject to and without waiving said objections, Plaintiff responds as follows:

25   I was unable to find the closest Domino's store location to place an order for
26   pick-up or carry-out. A non-disabled, sighted person, can rely solely on their ability
27   to see the screen and use a mouse to select the features I cannot see, such as the
28   information associated with a particular Domino's store location. I was unable to

24

complete an order for a customized pizza using Defendant's mobile application or using Dominos.com due to mislabeled buttons which were incapable of being read by the screen-reading software. I was unable to make my choices because I could not see what I needed to select and could not make my selection using a mouse. I was unable to independently, securely and privately complete my pizza order for carry out because my screen-reading software did not vocalize the information a non-disabled person could see and select using a mouse. I encountered unlabeled buttons on Defendant's website and mobile application when I tried to locate the "Delivery" and "Carry Out" options.   My screen-reading software did not vocalize the information a sighted or non-disabled person could select using a mouse. I could not navigate or find information on the homepage of Dominos.com about advertisements and specials offered by Defendant because my screen-reading software did not vocalize the information a sighted or non-disabled person could select using a mouse. The website and mobile application lacked and lacks sufficient Alternative text ("Alt-text") for me to place an order for carry-out via the website and mobile application. The lack of alt-text on graphics contained on Defendant's website and mobile application as well as, inaccessible forms, inaccessible image maps, and the lack of adequate prompting and labeling on Defendant's website and mobile application, prevented me from using the website and mobile application on my computer's keyboard, my braille display, and iPhone using JAWS on my computer or VoiceOver on my iPhone. A non-disabled person, or a sighted person who can manipulate a mouse, would have been able to select and input the required information, where I could not do so because I could not see the screen and I could not and cannot use a mouse.

Also see facts described in Plaintiff's Complaint in this Action, The Complaint in the action captioned as the following: Del-Orden v. Domino's Pizza LLC (Southern District of New York [Foley Square], case no. 1:16-CV-03281),

1    Plaintiff's Opposition to Defendant's Motion for Summary Judgment and the

2    supporting papers.

3    **Interrogatory No. 24:**

4        IDENTIFY the internet protocol (IP) address for each electronic device,

5    including all laptops, desktops, tablets, and/or phones, which YOU have used,

6    attempted to use, or intend to use to access the WEBSITE and MOBILE APP.

7    **Response to Interrogatory No. 24:**

8        Plaintiff objects to this Interrogatory as overly broad, unduly burdensome,

9    vague, and ambiguous as it is not properly narrowed in scope. Plaintiff objects that

10   this request is compound. This request also seeks information that is equally

11   available to Defendant, or less burdensome for Defendant to acquire. This request

12   also seeks information that is equally available to Defendant and wholly irrelevant to

13   any claim or defense in this lawsuit. Plaintiff objects to this request as it seeks

14   information that is disproportionate to the needs of the case as defined by Rule

15   26(b)(1) and further fails to seek information that is relevant to the subject matter of

16   the action. Plaintiff objects to this Request as it is intended to harass and annoy

17   Plaintiff. Further, Plaintiff objects to this Request to the extent it seeks to violate

18   third-party copyright protections and license agreements, and likewise seeks private

19   information and/or things protected by individual privacy rights as set forth in Art. 1,

20   Sec. 1 of the California Constitution. Therefore, Defendant seeks to expand

21   discovery beyond what is proportional to the needs of this case and the burden to

22   Plaintiff of the proposed discovery outweighs its likely benefit.

23

24

25   Dated: March 13, 2017                    MANNING LAW, APC

26                                   By: /s/ Joseph R. Manning Jr., Esq.
27                                       Joseph R. Manning Jr., Esq.

28

26

## **PLAINTIFF'S VERIFICATION**

I Guillermo Robles, hereby verify that the foregoing responses to Defendant's Requests for Production, Set One, and Interrogatories, Set One, propounded on me are true and correct.

Date : March 13, 2017

Guillerm
o Robles

Digitally signed by
Guillermo Robles
Date: 2017.03.13
20:17:34 -07'00'

Guillermo Robles

1

# PROOF OF SERVICE
## STATE OF CALIFORNIA, COUNTY OF ORANGE

I, the undersigned, am employed in the County of Orange, State of California. I am over the age of eighteen (18) years and not a party to the cause. My address is 4667 MacArthur Boulevard, Suite 150, Newport Beach, CA 92660.

On March 13, 2017, I served the true copies of the foregoing document described as **PLAINTIFF'S RESPONSES TO DEFENDANT DOMINO'S FIRST SET OF INTERROGATORIES AND DOMINO'S FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS** on the interested parties in this action, addressed as follows:

> Bradley J. Leimkuhler, Esq.
> Gregory F. Hurley, Esq.
> Michael J. Chilleen
> SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
> 650 Town Center Drive, 4th Floor
> Costa Mesa, California 92626-1993
> Telephone: (714) 513-5100
> Facsimile: (714) 513- 5130

[X] BY United States Postal Service:  The documents were mailed as set forth above by U.S. Mail and placed in sealed, addressed envelopes on the above date and deposited into a U.S. Postal Service Mail box on the date set forth above, with postage thereon fully prepaid at Newport Beach, California prior to the time for collection on that day.

[ ] By E-mail or Electronic Transmission.  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed.  I did not receive, with a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this affidavit was executed on March 13, 2017.

_____
Caitlin Scott

MANNINGLAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660