# Exhibit E

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GREGORY F. HURLEY, Cal. Bar No. 126791
ghurley@sheppardmullin.com
MICHAEL J. CHILLEEN, Cal. Bar No. 210704
mchilleen@sheppardmullin.com
BRADLEY J. LEIMKUHLER, Cal. Bar No. 261024
bleimkuhler@sheppardmullin.com
650 Town Center Drive, 10th Floor
Costa Mesa, California 92626-1993
Telephone:   714.513.5100
Facsimile:    714.513.5130

Attorneys for Defendant,
DOMINO'S PIZZA LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GUILLERMO ROBLES,<br><br>          Plaintiff,<br><br>     v.<br><br>DOMINO'S PIZZA LLC,<br><br>          Defendant. | Case No. 2:16-cv-06599-SJO-FFMx<br>Hon. S. James Otero<br><br>**DEFENDANT DOMINO'S PIZZA LLC'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF GUILLERMO ROBLES**<br><br>**(SET TWO)**<br><br>Action Filed:   September 1, 2016<br>Trial Date:      March 24, 2020 |

PROPOUNDING PARTY:   DEFENDANT DOMINO'S PIZZA LLC

RESPONDING PARTY:    PLAINTIFF GUILLERMO ROBLES

SET NO.:                          TWO

## INSTRUCTIONS

Pursuant to Federal Rule of Civil Procedure 34, Defendant Domino's Pizza LLC, (hereinafter "Defendant") demands that responding party, Plaintiff Guillermo Robles Plaintiff (hereinafter "Plaintiff"), produce for inspection and copying, at the offices of Sheppard Mullin Richter & Hampton LLP, 650 Town Center Drive, 10th Floor, Costa Mesa, California 92626, within 30 days after service of this request, the following specified items.

A written response hereto is required of the responding party within 30 days after service of this demand consisting of either a statement that responding party will comply with this demand, or statement that responding party lacks the ability to comply with this demand, or an objection to all or part of this demand. The written response should identify the documents, if any, that are responsive to each request.

The singular shall include the plural and vice versa; the terms "and" and "or" shall be both conjunctive and disjunctive; the term "including" means including without limitation.

## PRIVILEGED DOCUMENTS

With respect to each document otherwise called for by this request, as to which a claim of privilege is asserted, separately state the following:

(1)     The type of document (e.g., letter, memorandum, note, etc.);

(2)     The name, business address, and present position of its author or authors;

(3)     The position of its author or authors at the time the document was prepared;

(4)     The name, business address, the present position of its addressee and all other recipients of the document;

(5)     The position of its addressee and all other recipients at the time the document was prepared and at the time it was received;

(6)     A general description of the subject of the document;

(7)     The basis of the claim of privilege; and

(8)     If the basis of the claim of privilege is the attorney-work product doctrine, identify the proceeding for which the document was prepared.

-1-

SMRH:4849-1044-2410.1         DEFENDANT DOMINO'S PIZZA LLC'S REQUESTS FOR PRODUCTION OF
                              DOCUMENTS TO PLAINTIFF GUILLERMO ROBLES (SET TWO)

## GENERAL DEFINITIONS

1. "YOU" or "YOUR" refers to Plaintiff Guillermo Robles, and his agents, successors, assigns, employees, members, investigators, representatives and all PERSONS or entities acting on his behalf or in his interest.

2. "DEFENDANT" refers to Defendant Domino's Pizza LLC and its agents, employees, members, investigators, representatives and all PERSONS acting on its behalf or in its interest.

3. "PERSON" or "PERSONS" means all individuals and entities, including without limitation, individuals, representatives, associations, companies, corporations, partnerships, limited partnerships, joint ventures, trusts, estates, public agencies, departments, divisions, bureaus and boards.

4. "WEBSITE" refers to the website located at or about http://www.dominos.com and referred to in YOUR complaint in this ACTION.

5. "MOBILE APP" refers to DEFENDANT's mobile application and referred to in YOUR complaint in this ACTION.

6. "ACCESS," "ACCESSIBILITY," or "ACCESSIBLE" refers to disability or handicap access as that term is used in the Americans with Disabilities Act (the "ADA").

7. "DISABILITY ACCESS LAWS" means all federal, state, and local laws and implementing regulations relating to access of the disabled, including but not limited to, the ADA and the ADA Accessibility Guidelines ("ADAAG").

8. The term "concerning" means concerning, regarding, referring to, relating to, evidencing, reflecting, encompassing, comprising, or discussing.

9. "DOCUMENT" means all written, printed means all written, printed, typed, graphic or otherwise recorded matter, however produced or reproduced (including non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise); preliminary, intermediary and final drafts; writings, drawings, records and recordings of every kind and description, whether inscribed by hand or by mechanical, electronic, microfilm, photographic or other means (including information stored on computer storage device or media,

-2-

SMRH:4849-1044-2410.1        DEFENDANT DOMINO'S PIZZA LLC'S REQUESTS FOR PRODUCTION OF
DOCUMENTS TO PLAINTIFF GUILLERMO ROBLES (SET TWO)

as well as audio, such as tape recordings, or visual means); reproductions of statements, conversations or events; and all agreements, bids, bonds, calendars, change orders, checks, contracts, correspondence, statements, receipts, returns, summaries, data books, accounting records, work sheets, spread sheets, computer print-outs, information storage media, diary entries, drawings and charts (including additions and revisions), estimates, evaluations, financial statements and records, inter- and intra-office COMMUNICATIONS, invoices, job site reports, logs, memoranda of any type minutes of all meetings, notes of all types, orders, including purchase orders, photographs, records, schedules, including additions and revisions, surveyor's notes, reports or calculations, reports and studies of any kind, tape recordings, (including any form of recording of any telephone or other conversation, interview, conference, or meeting), and all working drawings, papers and files. Note: If any computer software is necessary to read, print or utilize information contained in any DOCUMENT, as defined hereinabove, such software shall be identified together with the DOCUMENT or storage media to which it pertains.

10. "COMMUNICATIONS" means any instance in which words or information is transferred or transmitted between two or more PERSONS by whatever manner or means, and regardless of how or by whom the communication was initiated, including but not limited to, correspondence, conversation, instructions, meetings, requests, demands, and conferences, and including postings on social media and texts sent or received from any device.

11. "IDENTIFY" manes to describe sufficiently to support a request for production of documents, subpoena, Court Order, or deposition notice, the DOCUMENT, COMMUNICATION, individual, etc. and to provide the full name, date, author and specific section of codes or regulations referred to, and to provide the full name, title, address and phone number of PERSONS as applicable.

12. A. "ACTION" means and refers to the lawsuit YOU filed as referenced in the caption above, Case No. 2:16-cv-06599-SJO-FFMx.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS evidencing YOUR IP addresses, OS and version of OS for all devices used to ACCESS the WEBSITE or MOBILE APP for the past three years.

**REQUEST FOR PRODUCTION NO. 35:**

All DOCUMENTS evidencing telephone numbers, mobile telephone numbers and emails used to ACCESS the WEBSITE and MOBILE APP.

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS evidencing YOUR attempts to ACCESS the WEBSITE or MOBILE APP.

**REQUEST FOR PRODUCTION NO. 37:**

All DOCUMENTS evidencing YOUR attempts and the dates of YOUR attempts to download the MOBILE APP.

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS evidencing YOUR internet service provider (*e.g.* utility bills, cell phone bills, and/or cable bills).

Dated: November 1, 2019

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____
GREGORY F. HURLEY

Attorneys for Defendant,
DOMINO'S PIZZA LLC

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF ORANGE

At the time of service, I was over 18 years of age and **not a party to this action.** I am employed in the County of Orange, State of California. My business address is 650 Town Center Drive, 4th Floor, Costa Mesa, CA 92626-1993.

On November 1, 2019, I served true copies of the following document(s) described as **DEFENDANT DOMINO'S PIZZA LLC'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF GUILLERMO ROBLES (SET TWO)** on the interested parties in this action as follows:

## SERVICE LIST

| | |
|---|---|
| Joseph R. Manning, Jr., Esq.<br>Michael J. Manning, Esq.<br>MANNING LAW, APC<br>20062 S.W. Birch Street, Ste. 200<br>Newport Beach, CA 92660<br>Tel: (949) 200-8755<br>Fax: (866) 843-8308<br>adapracticegroup@manninglawoffice.com | ***ATTORNEYS FOR PLAINTIFF***<br>***Guillermo Robles*** |
| Caitlyn J. Scott, Esq.<br>Strategic Legal Practices, APC<br>1840 Century Park East, Ste. 430<br>Los Angeles, CA 90067<br>(310) 929-4906<br>Fax: (310) 929-4986<br>cscott@slpattorney.com | ***ATTORNEYS FOR PLAINTIFF***<br>***Guillermo Robles*** |

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 1, 2019, at Costa Mesa, California.

*Carrie Strand* (signature)
Carrie Strand

-1-