# Exhibit F

Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
**MANNING LAW, APC**
20062 S.W. Birch St. Ste.200
Newport Beach, CA 92660
Office: (949) 200-8755
Fax: (866) 843-8308
info@manninglawoffice.com

Attorneys for Plaintiff
GUILLERMO ROBLES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| GUILLERMO ROBLES, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DOMINO'S PIZZA LLC, a limited liability corporation,<br><br>Defendant. | Case No.: 16-06599-SJO-FFMx<br><br>**PLAINTIFF GUILLERMO ROBLES' RESPONSES TO DEFENDANT'S REQUESTS FOR PRODUCTION (SET TWO)** |

PROPOUNDING PARTY:    DOMINO'S PIZZA LLC

RESPONDING PARTY:    GUILLERMO ROBLES

SET NUMBER:    TWO

**PRELIMINARY STATEMENT**

1

Plaintiff Guillermo Robles ("Plaintiff") hereby serves his responses and objections to Domino's Pizza LLC's second set of Requests for Production of Documents. Plaintiff has not fully completed his investigation of the facts relating to this case, has not fully completed his discovery in this action, and has not fully completed his preparation for trial. All of the responses contained herein are based only upon such information and documents presently available to and specifically known to Plaintiff. It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to the known facts, as well as establish entirely new factual and legal conclusions, all of which may lead to substantial additions to, changes and variations from the contentions set forth herein. Plaintiff, therefore, reserves his right to supplement or amend these discovery responses as discovery and investigation in this lawsuit progress.

The word usage and sentence structure may be that of the attorney assisting in the preparation of these discovery responses and, thus, do not necessarily purport to be the precise language of Plaintiff.

The objections asserted by Plaintiff below are asserted in good faith, based upon counsel's evaluation of Plaintiff's discovery obligations under the Federal Rules of Civil Procedure. Nevertheless, Plaintiff, through counsel, offers and stands ready to confer with the Propounding Party in an effort to resolve or narrow, to the greatest extent possible, any dispute between the parties concerning these objections and responses.

The responses contained herein are made solely for the purpose of this Action.

## **GENERAL OBJECTIONS**

1. Each response given to the Document Requests and any documents identified therein are subject to all objections including, but not limited to, privilege, relevancy, authenticity, and admissibility which would require exclusion for the

evidence if it were offered in Court, all of which objections and grounds are hereby reserved.

2. Plaintiff objects to each of the Document Requests to the extent they seek information or documents which are not relevant to the subject matter of the pending action thereby expanding discovery beyond what is proportional to the needs of this case and the burden to Plaintiff of the proposed discovery outweighs its likely benefit.

3. Plaintiff objects to each of the Document Requests to the extent they are overly broad or unduly burdensome.

4. Plaintiff objects to each of the Document Requests to the extend they seek documents, tangible things or information which have been prepared in anticipation of litigation or for trial, or are otherwise subject to protection pursuant to the work-product doctrine.

5. Plaintiff objects to each of the Document Requests to the extent they seek documents or information subject to protection under the attorney-client privilege or any other applicable privilege or protection.

6. Plaintiff objects to each of the Document Requests to the extent they are unreasonably cumulative or duplicative, or that the information or documents requested therein are obtainable from some other source that is more convenient, less burdensome, or less expensive.

7. Plaintiff objects to each of the Definitions and Instructions contained in the Interrogatories to the extent they are overly broad and unduly burdensome.

8. Plaintiff objects to each of the Document Requests to the extent that it may be construed as calling for information already in Defendant's possession, custody or control, or that are available from public sources on the grounds that such Interrogatories are unduly burdensome and oppressive, and as such, exceed the bounds of permissible discovery.

9. Plaintiff is continuing his investigation and analyses of the facts and law related to this case, and has not yet concluded his investigation, discovery and preparation for trial. Therefore, these responses are given without prejudice to Plaintiff's right to produce or use any subsequently discovered facts or writings or to add to, modify or otherwise change or amend the responses herein. These responses are based on writings and information currently available to Plaintiff. The information is true and correct to the best of Plaintiff's knowledge, as of this date, and is subject to correction, and supplementation for any inadvertent errors, mistakes, or omissions.

The preliminary statement and all general objections are hereby incorporated into each of the following Responses.

**RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION**

**Request for Production No. 34:**

All DOCUMENTS evidencing YOUR IP addresses, OS and version of OS for all devices used to ACCESS the WEBSITE or MOBILE APP for the past three years.

**Response to Request for Production No. 34:**

Plaintiff objects to this request as it seeks information that is disproportionate to the needs of the case as defined by Rule 26(b)(1). Therefore, Defendant seeks to expand discovery beyond what is proportional to the needs of this case and the burden to Plaintiff of the proposed discovery outweighs its likely benefit. Plaintiff objects to this request to the extent that it seeks discovery of documents beyond what are available from a reasonable search of Plaintiff's files likely to contain relevant or responsive documents. Plaintiff objects to this request to the extent it purports to require Plaintiff to produce documents beyond those in his possession, custody or control. Plaintiff objects that this request infringes on his privacy rights. Plaintiff objects to this request because Defendant's website and the Defendant's mobile application are more available to Defendant and its counsel.

Subject to and without waiving said objections, Plaintiff responds as follows: Because it is unclear as to what form of documentation Defendant has requested, Plaintiff cannot identify, locate, or no longer has such documentation available to him. After making a diligent search and reasonable inquiry for requested documents Plaintiff will identify contents of the requested documents and produce photographs and/or photocopies from which this information was collected.

Current IP address: 10.0.0.5. Plaintiff does not know if this IP address changed within the last three years.

Current Mobile Phone, Model, OS Version, and Serial Number: iPhone 8 OS 13.2.3 Serial Number: C7CVN6LQJC6K.

Current personal computer: 15" laptop MacBook Pro mid 2012 edition running Window's Bootcamp

Past iPhones, models, serial numbers, and firmware versions of his previous iPhone are no longer available to Plaintiff after he replaced it in December, 2018. Plaintiff recalls that he had an iPhone 6 but does not recall version details.

**Request for Production No. 35:**

All DOCUMENTS evidencing telephone numbers, mobile telephone numbers and emails sed to ACCESS the WEBSITE and Mobile APP

**Response to Request for Production No. 35:**

Plaintiff objects to this request as it seeks information that is disproportionate to the needs of the case as defined by Rule 26(b)(1). Therefore, Defendant seeks to expand discovery beyond what is proportional to the needs of this case and the burden to Plaintiff of the proposed discovery outweighs its likely benefit. Plaintiff objects to this request to the extent that it seeks discovery of documents beyond what are available from a reasonable search of Plaintiff's files likely to contain relevant or responsive documents. Plaintiff objects to this request to the extent it purports to require Plaintiff to produce documents beyond those in his possession, custody or control. Plaintiff objects that this request infringes on his privacy rights. Plaintiff

1  objects to this request because Defendant's website and the Defendant's mobile
2  application are more available to Defendant and its counsel.
3      Subject to and without waiving said objections, Plaintiff responds as follows:
4  Plaintiff did not use "telephone numbers" and "emails" to try to access the
5  WEBSITE or Mobile APP. He used his personal computer and mobile phone to
6  access the WEBSITE and Mobile App.
7      Notwithstanding, Plaintiff's mobile telephone number is (323) 490-5753 and
8  his email address is g.robles1976@gmail.com.
9  **Request for Production No. 36:**
10     All DOCUMENTS evidencing YOUR attempts to ACCESS the WEBSITE or
11 MOBILE APP
12 **Response to Request for Production No. 36:**
13     Plaintiff objects to this request as it seeks information that is disproportionate
14 to the needs of the case as defined by Rule 26(b)(1). Therefore, Defendant seeks to
15 expand discovery beyond what is proportional to the needs of this case and the
16 burden to Plaintiff of the proposed discovery outweighs its likely benefit. Plaintiff
17 objects to this request to the extent that it seeks discovery of documents beyond what
18 are available from a reasonable search of Plaintiff's files likely to contain relevant or
19 responsive documents. Plaintiff objects to this request to the extent it seeks
20 information or documents protected by the attorney-client and/or work product
21 privileges. Plaintiff objects to this request to the extent it purports to require
22 Plaintiff to produce documents beyond those in his possession, custody or control.
23 Plaintiff objects that this request infringes on his privacy rights. Plaintiff objects to
24 this request because Defendant's website and the Defendant's mobile application are
25 more available to Defendant and its counsel.
26     Subject to and without waiving said objections, Plaintiff responds as follows:
27 Because it is unclear as to what form of documentation Defendant has requested,
28 Plaintiff cannot identify, locate, or no longer has such documentation available to

him. Plaintiff has conducted a diligent search and reasonable inquiry and is unable to locate any such documents that are not privileged attorney-client communication. Details regarding Plaintiff's attempts to access the website and mobile app are set forth in the operative complaint, previous responses to interrogatories, and other documents on record in this matter.

**Request for Production No. 37:**

All DOCUMENTS evidencing YOUR attempts and the dates of YOUR attempts to download the MOBILE APP.

**Response to Request for Production No. 37:**

Plaintiff objects to this request as it seeks information that is disproportionate to the needs of the case as defined by Rule 26(b)(1). Therefore, Defendant seeks to expand discovery beyond what is proportional to the needs of this case and the burden to Plaintiff of the proposed discovery outweighs its likely benefit. Plaintiff objects to this request to the extent that it seeks discovery of documents beyond what are available from a reasonable search of Plaintiff's files likely to contain relevant or responsive documents. Plaintiff objects to this request to the extent it seeks information or documents protected by the attorney-client and/or work product privileges. Plaintiff objects to this request to the extent it purports to require Plaintiff to produce documents beyond those in his possession, custody or control. Plaintiff objects that this request infringes on his privacy rights. Plaintiff objects to this request because Defendant's website and the Defendant's mobile application are more available to Defendant and its counsel.

Subject to and without waiving said objections, Plaintiff responds as follows: Because it is unclear as to what form of documentation Defendant has requested, Plaintiff cannot identify, locate, or no longer has such documentation available to him. After making a diligent search and reasonable inquiry, Plaintiff is unable to locate documents responsive to this request. Details regarding Plaintiff's attempts to

access the website and mobile app are set forth in the operative complaint, previous responses to interrogatories, and other documents on record in this matter.

**Request for Production No. 38:**

All DOCUMENTS evidencing YOUR internet service provider (e.g. utility bills, cell phone bills, and/or cable bills).

**Response to Request for Production No. 38:**

Plaintiff objects to this request as it seeks information that is disproportionate to the needs of the case as defined by Rule 26(b)(1). Therefore, Defendant seeks to expand discovery beyond what is proportional to the needs of this case and the burden to Plaintiff of the proposed discovery outweighs its likely benefit. Plaintiff objects to this request to the extent that it seeks discovery of documents beyond what are available from a reasonable search of Plaintiff's files likely to contain relevant or responsive documents. Plaintiff objects to this request to the extent it seeks information or documents protected by the attorney-client and/or work product privileges. Plaintiff objects to this request to the extent it purports to require Plaintiff to produce documents beyond those in his possession, custody or control. Plaintiff objects that this request infringes on his privacy rights. Plaintiff objects to this request because Defendant's website and the Defendant's mobile application are more available to Defendant and its counsel.

Subject to and without waiving said objections, Plaintiff responds as follows: Plaintiff's will produce a current mobile phone bill under his name and an internet service provider bill for the internet he uses at his home, which is under his roommate's name.

Dated: December 5, 2019

             MANNING LAW, APC

            By: /s/ Joseph R. Manning Jr., Esq.
            Joseph R. Manning Jr., Esq.









📶 AT&T 📶  2:27 PM  @ ✈ 38% 🔋

❮ General        **About**

| Name | Guillermo Robles's iPhone ❯ |
|---|---|
| Software Version | 13.2.3 |
| Model Name | iPhone 8 |
| Model Number | MQ7Q2LL/A |
| Serial Number | C7CVN6LQJC6K |
| AppleCare+ | Expires: 12/11/19 ❯ |
| Network | AT&T |
| Songs | 757 |
| Videos | 217 |

## PLAINTIFF'S VERIFICATION

I, GUILLERMO ROBLES, hereby verify that the foregoing responses to Defendant's Requests for Production, Set Two, and Interrogatories propounded on me are true and correct.

Date: 12/5/2019

*Guillermo Robles*

GUILLERMO ROBLES

## PROOF OF SERVICE - CCP.1013A
### STATE OF CALIFORNIA, COUNTY OF ORANGE

I, the undersigned, am employed in the County of Orange, State of California. I am over the age of eighteen (18) years and not a party to the cause. My business address is 20062 SW Birch Street, Suite 200, Newport Beach, CA 92660

On December 5, 2019, I served the true copies of the foregoing document described as

**PLAINTIFF RESPONSES TO REQUEST FOR ADMISSIONS (SET ONE), PLAINTIFF RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS (SET TWO), PLAINTIFF RESPONSES TO SPECIAL INTERROGATORIES, SIGNED VERIFICATION.**

SheppardMullin
Gregory Hurley
Michael Chilleen
650 Town Center Drive, 4th Floor
Costa Mesa, CA 92626-1993

[X] BY United States Postal Service: The documents were mailed as set forth above by U.S. Mail and placed in sealed, addressed envelopes on the above date and deposited into a U.S. Postal Service Mail box on the date set forth above, with postage thereon fully prepaid at Newport Beach, California prior to the time for collection on that day.

[ ] BY Electronic Mail or Electronic Transmission. I caused each such document to be transmitted electronically to the parties at the e-mail address indicated via Onelegal e-service. To the best of my knowledge, the transmission was reported as complete and no error was reported that it was not completed.

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this affidavit was executed on December 5, 2019.

_____
Diana Lopez