# Exhibit G

| | |
|---|---|
| From: | Carrie Strand |
| To: | Joe Manning; mike@manninglawoffice.com; tristanj@manninglawoffice.com; ehill@browngold.com; jweber@browngold.com |
| Cc: | Greg Hurley; Brad Leimkuhler; Stacy Dominguez |
| Subject: | Robles v. Domino"s Pizza LLC Re Meet and Confer on Plaintiff"s Deficient Discovery Responses |
| Date: | Monday, August 10, 2020 4:19:58 PM |
| Attachments: | 2020-08-10 Ltr to Manning from Hurley Re Meet and Confer, 4819-1999-8151 v 1.pdf |

Dear Counsel

Please find attached Defendant's letter Re Meet and Confer. Hard copy to follow via U.S. Post.

Should you require anything further please contact me. Thank you very much.

**Carrie Strand** | Paralegal
+1 714-424-8220 | direct
CStrand@sheppardmullin.com

**Sheppard**Mullin
650 Town Center Drive, 10th Floor
Costa Mesa, CA 92626-1993
+1 714-513-5100 | main
www.sheppardmullin.com

**SheppardMullin**

Sheppard Mullin Richter & Hampton LLP
650 Town Center Drive, 4th Floor
Costa Mesa, CA 92626-1993
714.513.5100 main
714.513.5130 main fax
www.sheppardmullin.com

714.424.8205 direct
ghurley@sheppardmullin.com

August 10, 2020

File Number: 29SG-246799

**VIA E-MAIL AND U.S. MAIL**

Joseph Manning, Esq.
Michael Manning, Esq.
Tristan Jankowski, Esq.
Manning Law APC
20062 S.W. Birch St., Suite 200
Newport Beach, CA 92660
E-Mail: jmanning@manninglawoffice.com
E-Mail: mike@manninglawoffice.com
E-mail: tristanj@manninglawoffice.com

Eve Hill, Esq.
Jessica Weber, Esq.
Brown Goldstein Levy
120 E. Baltimore St. #1700
Baltimore, MD 21202
E-Mail: ehill@browngold.com
E-Mail: jweber@browngold.com

Re:   *Robles v. Domino's Pizza LLC*, Case No.: 2:16-cv-6599-JGB-FFM (C.D. Cal.); Meet and Confer on Plaintiff's Deficient Discovery Responses; Motion for Sanctions.

Dear Counsel:

We write on behalf of Defendant Domino's Pizza LLC ("Defendant") in an attempt to meet and confer regarding (1) Plaintiff Guillermo Robles' ("Plaintiff") deposition, (2) Plaintiff's severely deficient responses to Defendant's written discovery, and (3) Plaintiff's apparent destruction of evidence and Defendant's contemplated motion for sanctions. We are attempting to explore the possibility of resolving these issues without resorting to Court intervention.

Pursuant to Local Rule 37-1, please let us know a good date and time to meet and confer within the next 10 days.

The following responses from Plaintiff are inadequate for the reasons discussed below.

1.   **DEPOSITION OF PLAINTIFF**

We have previously agreed to determine mutually agreeable dates for the respective party depositions. Please provide at least three dates in late August or early September for the deposition of Plaintiff.

Given the ongoing public health situation, the deposition will have to take place remotely. Defendant will also require Plaintiff bring his computer and cell phone to this deposition.

Defendant is amenable to conducting the depositions by Zoom, but the parties should meet and confer beforehand to agree on parameters.

# SheppardMullin

Joseph Manning
August 10, 2020
Page 2

2. **INTERROGATORIES:**

Interrogatory No. 1:

This interrogatory asks Plaintiff to identify the <u>specific</u> injunctive relief he seeks in this action. Plaintiff states that "Plaintiff seeks a permanent injunction to cause a change in Defendant's corporate policies, practices, and procedures so that Defendant's website and mobile application will become and remain accessible to blind and visually-impaired consumers, which includes Plaintiff. Plaintiff seeks that Defendant operate, maintain and provide an accessible website, free of barriers, when read by screen-reading software and an accessible Mobile Application, free of barriers, when read by screen-reading software on a smartphone."

Plaintiff's response does not specify the particular barriers or injunctive relief sought. This is akin to stating that Defendant must provide an accessible restaurant but refuses to identify the specific features that he believes are inaccessible. This is improper.

As an initial matter, the website is "readily accessible and usable" by visually impaired individuals and the website is readable by standard screen reading software. Please identify the <u>specific</u> webpages Plaintiff contends are not usable by a visually impaired individual, the <u>specific</u> barriers Plaintiff contends exist on specific webpages, and the <u>specific</u> injunctive relief sought. Defendant's website is complex and multilayered. It is not sufficient for Plaintiff to make general assertions about inaccessibility.

Interrogatory No. 2:

This interrogatory asks Plaintiff to identify each feature of the website that Plaintiff contends violates disability access laws. Plaintiff's response is vague and incomplete and severely inadequate. Plaintiff's response does not identify the actual features Plaintiff contends are inaccessible. Please identify the specific portions of the website that are inaccessible and the features by which Plaintiff contends are not accessible.

Please identify the <u>specific</u> webpages Plaintiff contends are not usable by a visually impaired individual, if they extend beyond the homepage, and <u>each feature</u> Plaintiff contends violates disability access laws.

Interrogatory No. 6:

This interrogatory asks Plaintiff to identify the "large business entities" that follow "well-established" industry guidelines. Plaintiff makes this allegation in his Complaint. In the First Amended Complaint, this is now contained in paragraph 24. As Plaintiff is no doubt aware, there is wide disagreement regarding what constitutes an "accessible" website. Therefore, Defendant deserves to know the examples of "large business entities" that Plaintiff apparently intended to identify in making this allegation. If Plaintiff refuses to answer, then Defendant will infer that no such companies "successfully" follow these guidelines.

**SheppardMullin**

Joseph Manning
August 10, 2020
Page 3

Plaintiff's objections are without merit. Please respond.

Interrogatory No. 7 and 8:

These interrogatories ask Plaintiff to identify each claimed violation of disability access law that allegedly entitles Plaintiff to statutory damages. Again, Plaintiff provides a form, inadequate response and refuses to identify each violation. Plaintiff needs to <u>identify each violation</u>, including specific webpages and features on each webpage, and <u>why that entitles him to statutory damages</u>.

Interrogatory No. 10:

This interrogatory asks Plaintiff to identify each communication he had with Defendant. Plaintiff asserts boilerplate objections and refuses to respond. This is improper. Defendant deserves to know the nature of every communication that Plaintiff has had with one of its restaurant locations. For instance, if Plaintiff has ever attempted to order a pizza by phone or other means, those should be identified.

Additionally, if Plaintiff has attempted to communicate with Defendant regarding any accessibility problems he encountered in the past, then Plaintiff should identify those as well. If Plaintiff has never attempted to contact Defendant, then that should also be disclosed.

Please supplement your responses accordingly.

Special Interrogatory No. 10:

This interrogatory asks Plaintiff to identify each date he inspected the Website and/or Mobile App, including identification of all persons who may have been present, and what item he intended on purchasing.

Defendant's website is regularly maintained and updated. Therefore, in order for this response to be intelligible, and for Defendant to try to defend the claim, Plaintiff must identify what *specific* dates he attempted to use the website and/or mobile application. Plaintiff also fails to identify whether he was alone or with someone else when he attempted to do this.

Please supplement your responses accordingly.

Interrogatory No. 11:

This interrogatory seeks identification of any lawsuits Plaintiff filed or intends to file in California regarding the lack of accessibility of public accommodations, websites, and/or mobile applications. Plaintiff has sued many other businesses on similar grounds, including other pizza companies. This is relevant information to Plaintiff's motive and standing to bring these lawsuits.

Please supplement Plaintiff's responses to identify this information.

# SheppardMullin

Joseph Manning
August 10, 2020
Page 4

Interrogatory No. 13:

This interrogatory asks if there is any evidence documenting Plaintiff's visit to the subject website or mobile application. Plaintiff asserts boilerplate objections and refuses to respond. This is improper. If there is no evidence, then Plaintiff should state that. If there is, such as Plaintiff's browsing history, then Plaintiff should identify that and produce it.

Please supplement your responses accordingly.

3.  REQUESTS FOR PRODUCTION:

As an initial matter, please confirm that Plaintiff has (1) produced all documents that he has agreed to produce in his written responses, and (2) supplemented his responses with any additional or new documents that he may have discovered during the pendency of this litigation.

Request for Production No. 13:

This request ask Plaintiff to produce any medical records that establish the nature and extent of his claimed disability. Plaintiff responded that he was attaching responsive documents. After reviewing the production, Defendant did not see any responsive documents responsive to this request.

Please produce or direct Defendant to the relevant page of the production that discloses this information.

Requests for Production No. 18-19

These requests ask Plaintiff to produce the hard drives for all devices that he used or attempted to use to access the website and/or mobile application. Plaintiff provides only boilerplate objections to this request and an irrelevant response.

Boilerplate general objections may result in waivers of privilege per *Burlington Northern & Santa Fe Ry Co.* v. *U.S. Dist. Court* 408 F.3d 1142, 2005 WL 1175 922 (9th Cir.2005) [trial court affirmed in holding boilerplate objection without identification of documents is not the proper assertion of a privilege.].

Plaintiff's interrogatories identify a MacBook Pro (approximately a mid-2012 model) and an iPhone 6. Therefore, the information contained on the hard drives of these devices is directly relevant to Plaintiff's claims.

First, the browsing history on Plaintiff's laptop and cell phone is relevant to the ability of Defendant to determine and review whether Plaintiff actually attempted to visit the subject website and/or mobile application on the alleged dates and if he was able to access the alleged pages.

# SheppardMullin

Joseph Manning
August 10, 2020
Page 5

Second, as you are aware, the crux of this lawsuit is Plaintiff's contentions that he was unable to read Defendant's website. Of course, settings can be adjusted on screen reading software, web browsers, operating systems, and other assistive devices that can make a website work or not work as intended. Therefore, the information contained on these hard drives is directly and highly relevant to Plaintiff's allegations.

Therefore, these hard drives should be produced, at a minimum, for inspection by Defendant.

Request for Production Nos. 20-21:

These request asks Plaintiff to produce all devices that he used, attempted to use, and/or intended to use, to access the website. Plaintiff provides only boilerplate objections to this request and appears to refuse to produce them.

Boilerplate general objections may result in waivers of privilege per *Burlington Northern & Santa Fe Ry Co.* v. U.S. Dist. Court 408 F.3d 1142, 2005 WL 1175 922 (9th Cir.2005) [trial court affirmed in holding boilerplate objection without identification of documents is not the proper assertion of a privilege.].

Plaintiff's interrogatories identify a MacBook Pro (approximately a mid-2012 model) and an iPhone 6. Therefore, these devices should have been preserved and Defendant is entitled to information on these devices and demands that Plaintiff produce them.

First, the browsing history on Plaintiff's laptop and cell phone is relevant to the ability of Defendant to determine and review whether Plaintiff actually attempted to visit the subject website and/or mobile application on the alleged dates and if he was able to access the alleged pages.

Second, as you are aware, the crux of this lawsuit is Plaintiff's contentions that he was unable to read Defendant's website. Of course, settings can be adjusted on screen reading software, web browsers, operating systems, and other assistive devices that can make a website work or not work as intended. Therefore, the information contained on these hard drives is directly and highly relevant to Plaintiff's allegations.

Therefore, these devices should be produced, at a minimum, for inspection by Defendant.

Request for Production Nos. 22-23:

The request asks Plaintiff to produce all software programs Plaintiff used, attempted to use, and/or intended to use, to access the website and/or mobile application. Plaintiff provides only objections to this request and does not agree to produce them.

Boilerplate general objections may result in waivers of privilege per *Burlington Northern & Santa Fe Ry Co.* v. U.S. Dist. Court 408 F.3d 1142, 2005 WL 1175 922 (9th Cir.2005) [trial

**SheppardMullin**

Joseph Manning
August 10, 2020
Page 6

court affirmed in holding boilerplate objection without identification of documents is not the proper assertion of a privilege.]. Plaintiff is essentially refusing to provide the software by which he accessed Defendant's website and mobile application, which would include a history of Plaintiff's visits to the websites, pages viewed, and any software used to view the website and mobile application – all of which is critical to the evaluation of the Plaintiff's claims and requested relief.

This software should have been preserved and Defendant demands that Plaintiff produce it.

Requests for Production No. 25-26:

This request asks Plaintiff to produce all browsing history and/or search history concerning his visit(s) or attempt(s) to visit the website and/or mobile applications. Plaintiff responds with boilerplate objections.

Boilerplate general objections may result in waivers of privilege per *Burlington Northern & Santa Fe Ry Co.* v. *U.S. Dist. Court* 408 F.3d 1142, 2005 WL 1175 922 (9th Cir.2005) [trial court affirmed in holding boilerplate objection without identification of documents is not the proper assertion of a privilege.]. Defendant demands that Plaintiff produce this browsing history because it is direct evidence of the dates, times, and specific pages he visited and/or attempted to visit on the website. It may also shed light on precisely what problems he claims to have encountered.

Therefore, Defendant demands that this information be produced.

Request for Production No. 28:

This request asks Plaintiff to produce any screenshots demonstrating his alleged attempts to access the website. Plaintiff responds that responsive documents are attached. After reviewing the production, Defendant did not see any responsive documents responsive to this request.

Please produce or direct Defendant to the relevant page of the production that discloses this information.

4.     POTENTIAL SPOLIATION ISSUE

Spoliation is 'the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence[,] in pending or reasonably foreseeable litigation.'" *Reinsdorf v. Skechers U.S.A. Inc.*, 296 F.R.D. 604, 625-26 (C.D. Cal. 2013). Litigants have a duty to preserve direct evidence.

Plaintiff's written discovery responses appear to indicate that Plaintiff has failed to preserve direct evidence of his claim. Of specific concern, Plaintiff identified an iPhone 6 in response to Interrogatory No. 21 that he used to access the website and/or mobile application at

**SheppardMullin**

Joseph Manning
August 10, 2020
Page 7

issue. Requests for Production No. 20 and 21 called for the production of this device. Therefore, the information on this device, including how it interacted with Defendant's website and mobile application, including its software version number, browsing history, web browser, and screen reading software, is highly relevant to Plaintiff's claim.

As you know, shortly after Plaintiff responded to this discovery, the District Court dismissed Plaintiff's claims on due process grounds on March 20, 2017. Nevertheless, Plaintiff appealed that decision to the Ninth Circuit and, ultimately, obtained a reversal in an opinion from the Ninth Circuit dated January 15, 2019.

After the case ultimately resumed in the District Court, Defendant served additional written discovery on Plaintiff. In his response to request for production No. 34, Plaintiff states (in part) that: "Past iPhones, models, serial numbers, and firmware versions of his previous iPhone are no longer available to Plaintiff after he replaced it in December, 2018. Plaintiff recalls that he had an iPhone 6 but does not recall version details."

This is deeply troubling. Plaintiff's iPhone 6 appears to form the basis of his claim that he was unable to access Defendant's mobile application and/or website. As discussed above, this device contains information that is directly relevant to Plaintiff's claims. Additionally, Plaintiff knew that his iPhone 6 was the explicit subject of a request for production by Defendant – which Defendant was unable to follow up on due to the fact the case was on appeal. Moreover, Plaintiff claims to be a "tester" who brings many actions making similar allegations. As a result, Plaintiff is undoubtedly familiar with litigation and should be well-aware of his obligations to preserve evidence.

Therefore, Defendant would like to meet and confer with Plaintiff to determine why he was permitted to destroy his iPhone 6. Defendant also intends to discuss any potential resolution of this issue before bringing this to the Court's attention, whereby Defendant intends to seek Court guidance on the issue and all possible sanctions. *Leon v. IDX Systems Corp.*, 464 F3d 951, 958 (9th Cir. 2006) (sanctions for spoliation of evidence may be imposed under the court's inherent power to manage its own affairs); Fed. R. Civ. P. 37(e).

As mentioned above, please let us know when you would like to discuss these issues.

Very truly yours,

*Gregory F. Hurley*

Gregory F. Hurley
Bradley J. Leimkuhler
Stacy M. Dominguez
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

SMRH:4823-6504-1607.1