UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-6599-JGB(Ex) | Date | September 25, 2020 |
|---|---|---|---|
| Title | GUILLERMO ROBLES v. DOMINO'S PIZZA LLC | | |

| Present: The Honorable | Charles F. Eick, United States Magistrate Judge | |
|---|---|---|
| Stacey Pierson | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| **Attorneys Present for Plaintiffs:** | | **Attorneys Present for Defendants:** |
| None | | None |

**Proceedings:** (IN CHAMBERS)

On September 3, 2020, the District Judge referred to the Magistrate Judge "Defendant Domino Pizza LLC's Motion to Compel, etc." ("the Motion"), filed August 31, 2020. The Motion is now fully briefed and under submission. See Minute Order, filed September 3, 2020. The text entry effecting the referral of the Motion to the Magistrate Judge indicated that the referral was "for report and recommendation." Presumably, the entry so indicated because the Motion requests, inter alia, claim-dispositive sanctions beyond the Magistrate Judge's authority to grant. See 28 U.S.C. § 636. For the reasons discussed infra, the Magistrate Judge has concluded that such sanctions would not be appropriate at this time. Therefore, in the interests of expedience and efficiency, the Magistrate Judge is ruling on the Motion rather than issuing a report and recommendation for a ruling by the District Judge.

Plaintiff contends that the Motion is untimely in light of the September 21, 2020 discovery cutoff set by a July 15, 2020 text entry. Although this contention is arguable, the Magistrate Judge does not regard the Motion as untimely under the circumstances presented. The Motion was filed three weeks before the discovery cutoff. In arguing the Motion's alleged untimeliness, Plaintiff principally relies on a form order found on the Court's website, a form order the District Judge did not expressly enter in this case. An April 20, 2020 text entry did direct the parties to "familiarize themselves with Judge Bernal's Procedures and Schedules located on the Court's website." However, this directive may have intended to reference only the information located on the website under the subheadings "Law and Motion Schedule" and "Judge's Procedures." It is not at all clear that the April 20, 2020 text entry also intended the issuance any of the form orders located under the subheading "Orders & Additional Documents," most of which appear unsuited to this case as the case then existed. Additionally, had the District Judge regarded the Motion as untimely when the District Judge examined the Motion after the Motion's August 31, 2020 filing, presumably the District Judge would have denied the Motion summarily rather than referring the Motion to the Magistrate Judge.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-6599-JGB(Ex) | Date | September 25, 2020 |
|---|---|---|---|
| Title | GUILLERMO ROBLES v. DOMINO'S PIZZA LLC | | |

Plaintiff also contends that Defendant violated Local Rule 37. This contention must be rejected. It was Plaintiff, not Defendant, who failed timely to cooperate in Local Rule 37 procedures in advance of the filing of the Motion. See L.R. 37-1; Declaration of Bradley J. Leimkuhler, filed August 31, 2020, at ¶¶ 10-14 (and Exhibits referenced therein).

The Motion is denied as to Requests for Production Nos. 18, 19, 25 and 26 because those Requests are unreasonably overbroad and not proportional to the needs of the case. See Fed. R. Civ. P. 26(b).

The Motion is granted in part as to Requests for Production Nos. 20, 21, 22 and 23. As soon as practicable, Plaintiff shall permit Defendant to inspect all responsive devices still within Plaintiff's possession, custody or control. This inspection shall take place under reasonable limiting conditions to be agreed upon by the parties.

The Motion is granted in part as to Request for Production No. 28. Within fourteen (14) days of the date of this Order, Plaintiff shall produce to Defendant any as yet unproduced responsive documents within Plaintiff's possession, custody or control.

The Motion is denied as to Interrogatories Nos. 1 and 2 in light of: (a) the answers previously made to these interrogatories; and (b) other responsive information elsewhere provided. See id.

The Motion is granted in part as to Interrogatories Nos. 7 and 8. Within fourteen (14) days of the date of this Order, Plaintiff shall serve supplemental answers without objection to these interrogatories.

The Motion is granted in part as to Interrogatory No. 10. Within fourteen (14) days of the date of this Order, Plaintiff shall serve a supplemental answer without objection containing all responsive information available to Plaintiff after reasonable inquiry.

To the extent the Motion seeks sanctions for alleged spoliation of evidence (the destruction of information assertedly stored in cell phone(s) formerly belonging to Plaintiff), the Motion is denied without prejudice. Spoliation is "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence, in pending or future litigation." Kearney v. Foley & Lardner, LLP, 590 F.3d 638, 649 (9th Cir. 2009) (citation, quotations and footnote omitted). "In the past, two sources provide a court with authority to sanction a party for spoiling evidence: the inherent power of federal courts to levy sanctions in response to abusive litigation practices, and the availability of sanctions under Rule 37 against a party who fails to obey an order to provide or permit discovery." Nguyen v. Lotus by Johnny Dung, Inc., 2019 WL 1950294, at *4 (C.D. Cal. Mar. 14, 2019) (citation and quotations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-6599-JGB(Ex) | Date | September 25, 2020 |
|---|---|---|---|
| Title | GUILLERMO ROBLES v. DOMINO'S PIZZA LLC | | |

However, Rule 37(e) of the Federal Rules of Civil Procedure was amended to establish the findings necessary to support certain curative measures for failure to preserve electronically stored information. This amendment "forecloses reliance on inherent authority or state law to determine when certain measures should be used" to address spoliation of electronically stored information. See Fed. R. Civ. P. 37(e), Advisory Committee Note to 2015 Amendment (emphasis added).

Id. at *4 (original emphasis).[1]

Rule 37(e) provides:

(e)  Failure to Preserve Electronically Stored Information. If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:

(1)  upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or

(2)  only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:

   (A)  presume that the lost information was unfavorable to the party;
   (B)  instruct the jury that it may or must presume the information was unfavorable to the party; or
   (C)  dismiss the action or enter a default judgment.

---

[1] There appears to be some disagreement in this District regarding whether Rule 37(e) now provides the exclusive authority for imposition of a spoliation sanction regarding electronically stored evidence. See Colonies Partners, L.P. v. Cty. of San Bernardino, 2020 WL 1496444, at *2 n.2 (C.D. Cal. Feb. 27, 2020), adopted, 2020 WL 1491339 (C.D. Cal. Mar. 27, 2020) (citing cases). However, a number of courts, including this Court, have adhered to the statement in the Advisory Committee Notes that Rule 37 "forecloses reliance on inherent authority or state law to determine when certain measures should be used." See Nguyen v. Lotus by Johnny Dung, Inc., *4; see also Express Restoration Corp. v. ServiceMaster Glob. Holdings, 2020 WL 2084669, at *3 (C.D. Cal. Jan. 24, 2020); Waymo LLC v. Uber Techs., Inc., 2018 WL 646701, at *14 (N.D. Cal. Jan. 30, 2018).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-6599-JGB(Ex) | Date | September 25, 2020 |
|---|---|---|---|
| Title | GUILLERMO ROBLES v. DOMINO'S PIZZA LLC | | |

  Rule 37(e) applies to evidence stored on cell phones. See, e.g., Gaina v. Northridge Hospital Medical Center, 2018 WL 6258895 (C.D. Cal. Nov. 21, 2018). Defendant seeks, inter alia, the dismissal of certain of Plaintiff's claims with prejudice. In order to grant such relief, the Court would be required to make a finding that, in discarding or destroying the cell phone(s), Plaintiff acted with the intent to deprive Defendant of the use in this litigation of the information stored in the phone(s). See Fed. R. Civ. P. 37(e), Advisory Committee Note to 2015 Amendment ("Care must be taken, however, to ensure that curative measures under subdivision (e)(1) do not have the effect of measures that are permitted under subdivision (e)(2) only on a finding of intent to deprive another party of the lost information's use in the litigation."). A finding of negligence or gross negligence is insufficient to warrant imposition of the remedies provided in Rule 37(e)(2). See Hernandez v. Tulare Cty. Correction Center, 2018 WL 784287, at *4 (E.D. Cal. Feb. 8, 2018) (quoting Advisory Committee Notes' statement that the Rule "rejects cases . . . that authorize the giving of adverse inference instructions on a finding of negligence or gross negligence").

  Here, Defendant has not yet satisfied the requirements of Rule 37(e). The present record is insufficient to demonstrate that Plaintiff had the requisite intent for the imposition of sanctions under Rule 37(e)(2)(C). See Declaration of Guillermo Robles, filed September 15, 2020, at ¶¶ 8-10; see also Gaina v. Northridge Hospital Medical Center, 2018 WL 6258895, at *5. The present record is also insufficient to determine the nature and extent of Defendant's alleged prejudice, which is a requisite for the imposition of sanctions under Rule 37(e)(1). Moreover, these issues would be better addressed by the District Judge in the context of a fuller evidentiary record on summary judgment, during pretrial proceedings or at trial. See NuVasive, Inc. v. Kormanis, 2019 WL 1171486, at *12 (M.D.N.C. Mar. 13, 2019), adopted, 2019 WL 1418145 (M.D.N.C. Mar. 29, 2019) (deferring until trial the issue of proper non-monetary remedies for spoliation under Rule 37); Spencer v. Lunada Bay Boys, 2017 WL 10518023, at *12 (C.D. Cal. Dec. 13, 2017), adopted, 2018 WL 839862 (C.D. Cal. Feb. 12, 2018), aff'd on other grounds, 806 Fed. App'x 564 (9th Cir. 2020) (deferring until trial issue of whether adverse interference jury instruction should be given as sanction for spoliation of information stored in cell phone); Tesoriero v. Carnival Corp., 2017 WL 8895347, at *24 (S.D. Fla. Sept. 22, 2017), adopted, 2018 WL 1894717 (S.D. Fla. Mar. 23, 2018), aff'd on other grounds, Fed. App'x, 2020 WL 3969265 (11th Cir. July 14, 2020) (request for spoliation sanctions more appropriately determined by district judge after resolution of summary judgment motion, "and perhaps within the context of the admitted evidence and credibility of witnesses as offered at trial"; "[m]any of the considerations which guide whether a spoliation sanction is appropriate are factual matters that are best determined in the context of trial ruling, after dispositive motions are resolved") (citation and quotations omitted); Baskerville v. Albertson's, LLC, 2016 WL 7030446, at *2–3 (D. Nev. Jan. 7, 2016) (finding that party had failed to preserve evidence but declining to determine remedy; ruling that the District Judge, not the Magistrate Judge, should determine the appropriate sanction); Anderson v. Otis Elevator Co., 2012 WL 5493383, at *6 (E.D. Mich. Nov. 13, 2012) (denying spoliation motion without prejudice to reassertion at a "later appropriate phase of the proceedings" in light of the facts that the action was "still in the pre-trial phase" and the plaintiffs had not demonstrated prejudice or bad faith by defendant).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-6599-JGB(Ex) | Date | September 25, 2020 |
|---|---|---|---|
| Title | GUILLERMO ROBLES v. DOMINO'S PIZZA LLC | | |

    To the extent the Motion seeks monetary sanctions under Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure, the Motion is denied. Plaintiff's opposition to the Motion was "substantially justified," within the meaning of Rule 37(a)(5)(A).

    Except as expressly stated herein, the Motion is denied.

cc:    Judge Bernal
       All Counsel of Record                                         Initials of Deputy Clerk   SP