Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
**MANNING LAW, APC**
20062 S.W. Birch St., Suite 200
Newport Beach, CA 92660
Office: (949) 200-8755
Fax: (866) 843-8308
DisabilityRights@manninglawoffice.com

Eve L. Hill (*pro hac vice*)
Jessica P. Weber (*pro hac vice*)
**BROWN, GOLDSTEIN & LEVY, LLP**
120 East Baltimore Street, Suite 1700
Baltimore, Maryland 21202
Office: (410) 962-1030
Facsimile: (410) 385-0869
ehill@browngold.com
jweber@browngold.com

Attorneys for Plaintiff
Guillermo Robles

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| GUILLERMO ROBLES, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DOMINO'S PIZZA LLC, a limited liability corporation,<br>Defendant. | **Case No.:** 2:16-cv-06599- JGB-E<br><br>**NOTICE OF MOTION AND MOTION TO EXCLUDE DEFENSE EXPERT AARON CANNON; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**Filed concurrently with Declaration of Michael Manning**<br><br>**DATE: October 26, 2020**<br>**TIME: 9:00 a.m.**<br>**COURTROOM: 1** |

To Defendant and its attorneys of record:

Please take notice that on October 26, 2020, at 9:00 a.m. or as soon thereafter as this matter may be heard by this Court located at 3470 Twelfth Street, Riverside, Courtroom 1, CA 92501, Plaintiff Guillermo Robles will present his Motion to Exclude Defense Expert Aaron Cannon from testifying in this matter.

Trial for this matter is set for December 8, 2020.

At the time and place of the hearing, Plaintiff will present proof of the following matters: (1) Defendant designated Mr. Cannon on September 9, 2020, *after* the deadline for expert disclosure (a mere twelve days before the Discovery Cutoff of September 21, 2020); (2) Defendant would not make Mr. Cannon available for a deposition until after the Discovery Cutoff despite Plaintiff's counsel's best efforts to take his deposition prior to that time; and (3) Plaintiff has been severely prejudiced by Defendant's late expert disclosure and refusal to make Mr. Cannon available for a deposition before the Discovery Cutoff.

This motion is based on this notice, the Declaration of Michael Manning, Esq. and Exhibits filed herewith, and other matters which may be presented at the hearing. This motion is made following the required meet and confer pursuant to Local Rule 7-3, which took place by video conference on September 21, 2020, with counsel for defendant Domino's Pizza LLC.

Dated: September 28, 2020 By: *<u>/s/ Joseph R. Manning, Jr., Esq.</u>*
Joseph R. Manning Jr., Esq.
MANNING LAW, APC

Eve L. Hill (*pro hac vice*)
Jessica P. Weber (*pro hac vice*)
BROWN, GOLDSTEIN & LEVY, LLP

Attorneys for Plaintiff

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant designated its expert Aaron Cannon late on September 9, 2020, just a week and half before the Discovery Cutoff of September 21, 2020. Despite the extremely tight timing, Plaintiff made his best effort to complete expert discovery prior to this deadline by noticing Mr. Cannon's deposition the day after he was disclosed, on September 10, for September 17. Yet Defendant objected and refused to make Mr. Cannon available for a deposition prior to the September 21 Discovery Cutoff. Because Defendant has no justification for its late disclosure and Plaintiff is prejudiced by not being able to depose Mr. Cannon during the discovery period, submit a rebuttal report from his own expert prior to the close of discovery, or move for summary judgment with the benefit of expert discovery, this Court should exclude Defendant's proposed expert and preclude him from testifying in this matter.

## II. FACTS

The Discovery Cutoff date in this case was September 21, 2020. *See* Scheduling Notice and Order, ECF No. 89. Pursuant to the Civil Trial Scheduling Order, <u>the designation of experts was therefore due on July 13, 2020</u>. "[T]he required expert disclosures shall be made 70 days before the discovery cut-off date." *See* Judge Bernal's Civil Trial Scheduling Order at 3. "The discovery cut-off is the last date to complete discovery, including expert discovery." *Id.*

Although Plaintiff complied with the Court's orders by sending Domino's his expert disclosure on July 13, 2020, Defendant inexplicably waited until September 9, 2020, to designate its proposed expert Aaron Cannon (**Exhibit A**). This late disclosure was just a week and a half before the September 21, 2020 Discovery Cutoff.

Despite the untimeliness of Defendant's expert disclosure, Plaintiff worked diligently to minimize the prejudice to him by seeking to take Defendant's expert's deposition before the September 21 discovery deadline. Just one day after Defendant

designated its expert, on September 10, 2020, Plaintiff noticed Mr. Cannon's deposition to take place on September 17, 2020. (**Exhibit A**.) Defendant objected, however, and refused to produce Mr. Cannon. (Manning Decl. ¶ 6; **Exhibit B**) Furthermore, Defendant did not offer any alternative dates within the discovery period for Mr. Cannon's deposition. (Manning Decl. ¶ 7; **Exhibit C**) Instead, Defendant offered to produce Mr. Cannon for a deposition only on September 29, September 30, or October 1, 2020, well after the Discovery Cutoff of September 21, 2020, as well as the September 24 deadline for filing dispositive motions.[1] (*Id.*)

Because the discovery and motions deadlines in this case have already been extended several times and discovery has been ongoing since this case was remanded by the Ninth Circuit more than a year and a half ago, Plaintiff rejected Defendant's proposal to stipulate to an extension to the discovery period and dispositive motions deadline. (*Id.*) Extending the discovery deadlines further under these circumstances, where there was no excuse for Defendant's delay, did not appear to meet the "showing of good cause" required under this Court's standing order for approval of "[s]tipulations extending scheduling dates set by this Court." Standing Order of Judge Bernal at 11.

Because of Defendant's untimely expert disclosure and refusal to make Mr. Cannon available for a deposition within the discovery period, Plaintiff was forced to file his dispositive motion without the benefit of expert discovery.

## III. <u>ARGUMENT</u>

Federal Rule of Civil Procedure 37(c)(1) requires the exclusion on a motion, at a hearing, or at trial of a witness not properly disclosed pursuant to Federal Rule of Civil Procedure 26(a), unless the failure was substantially justified or is harmless. Because Domino's disclosed Mr. Cannon late and then refused to make him available for a

[1] Because the dispositive motions hearing deadline is October 26, 2020, the last day to file timely dispositive motions is September 24, 2020. See ECF No. 89.

deposition within the discovery period, it has failed to disclose Mr. Cannon in accordance with Rule 26(a). Domino's delay and refusal to allow a deposition was not substantially justified and greatly prejudiced Mr. Robles. Thus, this Court should exclude Mr. Cannon as a witness pursuant to Rule 37(c)(1).

## A. DEFENDANT'S UNTIMELY DESIGNATION OF PROPOSED EXPERT AARON CANNON WAS NOT SUBSTANTIALLY JUSTIFIED AND HARMED MR. ROBLES

Federal Rule of Civil Procedure 26(a)(2)(C) states that expert disclosures required under Rule 26(a)(2)(B) must be disclosed either 90 days prior to trial unless directed otherwise by the Court. Here, the Court directed that all experts be disclosed no later than July 13, 2020. *See* Judge Bernal's Civil Trial Scheduling Order at 3. Domino's September 9, 2020 expert disclosure was therefore untimely.

Domino's late disclosure was without justification. Discovery in this case has been ongoing for more than a year and a half. Plaintiff disclosed his expert witness on July 13, 2020. It is unclear why Domino's waited until about a week and a half before the close of discovery to first disclose its expert in this case.

Domino's delay was anything but harmless. The purpose of Rule 26(a) is to prevent unfair surprise at trial and to permit the opposing party to prepare rebuttal reports, to depose the expert, and to prepare for depositions and cross-examination at trial. *See Minebea Co., Ltd. v. Papst*, 231 F.R.D. 3, 5-6 (D.D.C. 2005). The Rule also prevents experts from "lying in wait" to express new opinions at the last minute, thereby denying the opposing party the opportunity to depose the expert on the new information, to closely examine the expert's new testimony, or prejudice the opposing party's ability to designate and produce rebuttal expert testimony and evidence. *See id*. at 6.

Domino's untimely designation of its expert resulted in just the sort of harm to Mr. Robles that Rule 26(a) is meant to guard against. It deprived Mr. Robles an opportunity to depose Mr. Cannon before the close of discovery, prepare a rebuttal

report within the discovery period, and incorporate expert discovery into his dispositive motion. Defendant should not be permitted to benefit from its own gamesmanship and deliberate withholding of discoverable information. The Ninth Circuit has explained:

> The theory of disclosure under the Federal Rules of Civil Procedure is to encourage the parties to *try cases on the merits, not by surprise, and not by ambush.* After disclosures of witnesses are made, a party can conduct discovery of what those witnesses would say on relevant issues, which in turn informs the party's judgment about which witnesses it may want to call at trial, either to controvert testimony or to put it in context. *Orderly procedure requires timely disclosure so that trial efforts are enhanced and efficient, and the trial process is improved.* The late disclosure of witnesses throws a wrench into the machinery of trial. A party might be able to scramble to make up for the delay, but last-minute discovery may disrupt other plans. And if the discovery cutoff has passed, the party cannot conduct discovery without a court order permitting the extension. This in turn threatens whether a scheduled trial date is viable. And it impairs the ability of every trial court to manage its docket.

*Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 862-63 (9th Cir. 2014) (emphasis added).

In *Ollier*, the Ninth Circuit affirmed the exclusion of the undisclosed witnesses. *Id.* at 863. "An adverse party should not have to guess which undisclosed witnesses may be called to testify. We – and the Advisory Committee on the Federal Rules of Civil Procedure – have warned litigants not to 'indulge in gamesmanship with respect to the disclosure obligations' of Rule 26." *Id*. (citing *Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 936 n.3 (9th Cir. 1994)). This Court should also refuse to reward Domino's gamesmanship by allowing Mr. Cannon to testify in this case.

## IV. DEFENDANT'S REFUSAL TO MAKE ITS PROPOSED EXPERT AVAILABLE FOR DEPOSITION WITHIN THE DISCOVERY PERIOD OFFERS FURTHER GROUNDS FOR EXCLUSION

Despite Defendant's belated, eleventh-hour expert disclosure, Mr. Robles

worked to mitigate the harm by immediately noticing Mr. Cannon's deposition—just one day after the disclosure was made. Yet Defendant refused to make Mr. Cannon available for a deposition at any time within the discovery period.

Courts regularly exclude proposed expert witnesses when the designating party refuses to make the witness available for deposition. *See, e.g.*, *Hoffman v. Corning Police Dep't*, No. 214CV2736MCEKJNP, 2018 WL 402236, at *4 (E.D. Cal. Jan. 12, 2018); *Mellanson v. Variety Wholesalers, Inc.*, No. 2:07CV272, 2008 WL 11512376, at *3 (E.D. Va. Jan. 31, 2008) (excluding party's expert witnesses from testifying after party had failed to make them available for depositions because the party's "failure and refusal to provide dates for depositions [was] a flagrant disregard of the deadlines that this Court ordered to complete discovery" and "an egregious discovery abuse"); *Anglin v. Sears, Roebuck & Co.*, 139 F. Supp. 2d 914, 918 (N.D. Ill. 2001), *modified on other grounds*, 179 F. Supp. 2d 836 (N.D. Ill. 2001); *see also Taylor v. Medtronics, Inc.*, 861 F.2d 980, 987 (6th Cir. 1988) (finding no abuse of discretion where court struck proposed expert's declaration after designating party refused to make witness available for deposition).

Defendant's conduct amounts to nothing more than an ambush and should be not be permitted. This is particularly true where Plaintiff followed the rules by timely disclosing his expert and allowing for her to be deposed within the discovery period. Defendant's conduct has prejudiced Plaintiff and has rendered an unfair advantage to Defendant.

For these reasons, the designation and testimony of Mr. Cannon should be excluded from this matter. Defendant should further not be allowed to designate an alternate expert for the reasons set forth herein.

## V. <u>CONCLUSION</u>

For the reasons discussed above, this Court should exclude Mr. Cannon as Defendant's expert in this matter and prohibit him from testifying. Plaintiff further

requests that Defendant not be granted leave to designate an alternate expert to circumvent this ruling.

Dated: September 28, 2020

Respectfully Submitted,

*/s/ Joseph R. Manning, Jr., Esq.*
Joseph R. Manning Jr., Esq.
MANNING LAW, APC

Eve L. Hill (*pro hac vice*)
Jessica P. Weber (*pro hac vice*)
BROWN, GOLDSTEIN & LEVY, LLP

Attorneys for Plaintiff