SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GREGORY F. HURLEY, Cal. Bar No. 126791
ghurley@sheppardmullin.com
BRADLEY J. LEIMKUHLER, Cal. Bar No. 261024
bleimkuhler@sheppardmullin.com
STACY M. DOMINGUEZ, Cal. Bar No. 279161
sdominguez@sheppardmullin.com
650 Town Center Drive, 10th Floor
Costa Mesa, California 92626-1993
Telephone:  714.513.5100
Facsimile:   714.513.5130

Attorneys for DOMINO'S PIZZA LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GUILLERMO ROBLES,<br><br>                    Plaintiff,<br><br>          v.<br><br>DOMINO'S PIZZA LLC,<br><br>                    Defendant. | Case No. 2:16-cv-06599<br>Hon. Jesus G. Bernal<br><br>**DEFENDANT DOMINO'S PIZZA LLC'S SEPARATE STATEMENT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Date:  October 26, 2020<br>Time:  9:00 a.m.<br>Ctrm:  1<br><br>Action Filed:  September 1, 2016<br>Trial Date:  December 8. 2020 |

Defendant Domino's Pizza LLC ("Defendant") hereby submits its Statement of Uncontroverted Facts and Conclusions of Law in support of its Motion for Summary Judgment ("Motion").

## STATEMENT OF UNCONTROVERTED FACTS

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 1. Defendant is a limited liability company organized under the laws of the State of Michigan, with its principal place of business in Ann Arbor, Michigan, which is not open to the public. | Declaration of Joe Devereaux ("Devereaux Decl.") at ¶ 2. |
| 2. Defendant does not own, operate, or lease any physical restaurant locations in California. | Devereaux Decl. at ¶ 2. |
| 3. Defendant grants to independently owned and operated franchises the right to operate "Domino's" franchises pursuant to franchise agreements. Through this franchise model, Defendant licenses intellectual property to independently owned and operated franchises. | Devereaux Decl. at ¶ 2. |
| 4. All "Domino's" restaurant locations in California are independently owned and operated by franchisees. | Devereaux Decl. at ¶ 2. |
| 5. Defendant does not own, lease, or operate any franchised locations in | Devereaux Decl. at ¶ 2. |

| | | |
|---|---|---|
| 1<br>2 | California, nor is Defendant involved in any individual real estate transactions. | |
| 3<br>4<br>5<br>6<br>7<br>8<br>9<br>10 | 6. Defendant does not maintain control, or have the right to control, the day-to-day operations of the independently owned and operated Domino's Pizza franchisees or control whether they meet the accessibility standards of the Americans with Disabilities Act ("ADA"). | Devereaux Decl. at ¶ 2. |
| 11<br>12<br>13<br>14<br>15 | 7. All independently owned and operated franchisees maintain their own restaurants and are solely responsible for enforcing policies related to accessibility at their own locations. | Devereaux Decl. at ¶ 2. |
| 16<br>17<br>18 | 8. All of the foregoing was true in 2015 and has remained true through the present. | Devereaux Decl. at ¶ 2. |
| 19<br>20<br>21<br>22<br>23<br>24 | 9. If Plaintiff Guillermo Robles ("Plaintiff") attempted to order a pizza from a Domino's location in Los Angeles County, he would have been ordering that pizza from a Domino's franchisee. | Devereaux Decl. at ¶ 2, Transcript of Deposition of Guillermo Robles ("Robles Tr.") at 46:14-47:13, 58:10-25 (Robles Tr. excerpts are attached as Exh. A to Declaration of Bradley J. Leimkuhler). |
| 25<br>26<br>27 | 10. Plaintiff admitted that the subject website, www.dominos.com (the "Website") did not deny him access to an | Robles Tr. 90:4-7 |
| 28 | | |

| | |
|---|---|
| actual, physical location. | |
| 11.  Plaintiff admitted that the subject mobile application on his iPhone (the, "Mobile App") did not deny him access to an actual, physical location. | Robles Tr. 90:8-12, 66:2-5. |
| 12.  Individuals using screen readers are able to order a pizza from a Domino's franchise using the Website. | Declaration of Aaron Cannon ("Cannon Decl.") at ¶¶ 12-14, Exh. B and D. |
| 13.  Individuals using screen readers are able to order a pizza from a Domino's franchise using the Mobile App. | Cannon Decl. Exh. C and ¶ 19, Roeser Decl. ¶ 4. |
| 14.  None of the alleged barriers found by Plaintiff's expert in May of 2019 are currently present on the Website or, in fact, are not barriers to screen reader users that would prevent them from using the Website. | Cannon Decl. ¶ 18a-ee and Exh. B. |
| 15.  Defendant actively ensures that its Website and Mobile App are accessible to screen reader users by continuously incorporating accessibility features into their regularly updated Website and Mobile App. | Declaration of Chris Roeser ("Roeser Decl.") at ¶ 2. |
| 16.  Defendant's Website contains an accessibility banner that directs users who access the Website with a statement | Roeser Decl. ¶ 3., Exh. A. |

| | | |
|---|---|---|
| 1<br>2<br>3 | that "If you are using a screen reader and are having problems using this website, please call 800-252-4031 for assistance." | |
| 4<br>5 | 17. This accessibility banner is able to be read by screen readers. | Robles Tr. at 62:4-13. |
| 6<br>7<br>8<br>9<br>10 | 18. If a blind or visually impaired individual calls the number, (800-252-4031), a live representative can provide assistance with using Defendant's Website. | Roeser ¶ 3. |

## CONCLUSIONS OF LAW

1. Plaintiff may challenge the online services provided by a brick-and-mortar store only if there is a nexus between the online services and the physical place. *Rios v. New York & Co.*, 2017 WL 5564530, *3 (C.D. Cal. 2017); *Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 905 (9th Cir. 2019); *Earll v. eBay, Inc.*, 2011 WL 3955485 (N.D. Cal. Sept. 7, 2011), *aff'd* 599 Fed. App'x. 695 (9th Cir. 2015). Defendant's Website and Mobile App are "online services." Therefore, Plaintiff, who is a California resident, must establish a "nexus" to an online service and an actual, physical place owned, operated, or leased by Defendant in California within the meaning of the Americans with Disabilities Act. *Thurston v. FCA US LLC*, 2018 WL 700939 at *5 (C.D. Cal. Jan. 26, 2018).

2. Franchisors cannot be held liable for alleged ADA violations at actual, physical brick-and-mortar locations because they do not "own, lease, or operate" places of public accommodation within the meaning of the ADA. *Neff v. American Dairy Queen Corp.*, 58 F.3d 1063 (5th Cir. 1995); *see also Lentini v. Cal. Ctr. for the Arts, Escondido*, 370 F.3d 837 (9th Cir. 2004) (adopting *Neff*); *Pona v. Cecil Whittaker's Inc.*, 155 F.3d 1034, 1036 (8th Cir. 1998) ("CW. . . as franchisor of the

-4-   Case No. 2:16-cv-06599
SMRH:4842-4227-7068.1   SEPARATE STATEMENT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

pizzeria, did not own, lease, or operate the pizzeria, and therefore cannot be liable under the ADA.").

3. While Defendant owns and operates the Website and Mobile App, Defendant does not own any actual, physical brick and mortar restaurant locations in California. Therefore, Plaintiff cannot establish a "nexus" between the Website and Mobile App and an actual, physical place "owned, operated, or leased" by Defendant. As a result, Plaintiff's claim under the ADA fails. *Thurston v. FCA US LLC¸* 2018 WL 700939 at *5 (C.D. Cal. Jan. 26, 2018).

4. The "nexus" rule further recognizes a "critical distinction between an inability to gain information about a physical location and an inability to use a website that impedes access to enjoy a physical location." *Strojnik v. Kapalua Land Co. Ltd.*, 2019 WL 4685412, *7 (D. Haw. Aug. 26, 2019) *aff'd* 801 Fed. App'x. 531 (9th Cir. 2020). Plaintiff has admitted that the Website and the Mobile App did not impede his access to enjoy a physical location, including one that is owned, operated, or leased by Defendant. Therefore, Plaintiff's claim under the ADA fails for this additional reason.

5. An Unruh Civil Rights Act ("UCRA") claim independent of an ADA claim may only be maintained where a plaintiff pleads and proves "intentional discrimination in public accommodations in violation of the terms of the UCRA." *Munson v. Del Taco, Inc.*, 46 Cal. 4th 661, 668 (2009). UCRA contemplates "willful, affirmative misconduct on the part of those who violate the UCRA" and that a plaintiff must establish more than the "disparate impact" of a facially neutral policy on a particular group. *Koebke v. Bernardo Heights Country Club*, 36 Cal. 4th 824, 853-854 (2005). Plaintiff has identified no "affirmative, willful misconduct" that would support a finding of intentional discrimination. *Greater Los Angeles Agency on Deafness, Inc. v. Cable News Network, Inc.*, 742 F.3d 414 (9th Cir. 2014) (facially neutral policy of not captioning videos insufficient to support UCRA claim independent of ADA); *Earll v. eBay, Inc.*, 2011 WL 3955485 (N.D. Cal. Sept. 7,

2011), *aff'd* 599 Fed. App'x. 695 (9th Cir. 2015); *Cullen v. Netflix, Inc.*, 880 F. Supp. 2d 1017 (N.D. Cal. 2012); *Young v. Facebook, Inc.*, 790 F. Supp. 2d 1110 (N.D. Cal. 2011). Therefore, Plaintiff's UCRA claim fails as a matter of law.

6. Even if the Court were to find Defendant's Website and Mobile App were subject to the ADA in this case, Plaintiff's claim for injunctive relief is moot. Screen reader users are able to use Defendant's Website and Mobile App for the purposes of ordering a pizza. *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) ("Damages are not recoverable under Title III of the ADA—only injunctive relief is available for violations of Title III."); *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011) (barriers remediated prior to trial can have the effect of "mooting" an ADA plaintiff's case); *Diaz v. Kroger Co.*, 2019 WL 2357531, *4 (S.D.N.Y. June 4, 2019) (ADA cases involving websites subject to same "mootness" standard as their structural counterparts).

Dated: September 28, 2020

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  */s/ Gregory F. Hurley*
GREGORY F. HURLEY

Attorneys for DOMINO'S PIZZA LLC