1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    A Limited Liability Partnership
2    Including Professional Corporations
   GREGORY F. HURLEY, Cal. Bar No. 126791
3  ghurley@sheppardmullin.com
   BRADLEY J. LEIMKUHLER, Cal. Bar No. 261024
4  bleimkuhler@sheppardmullin.com
   650 Town Center Drive, 10th Floor
5  Costa Mesa, California 92626-1993
   Telephone:  714.513.5100
6  Facsimile:  714.513.5130

7  Attorneys for DOMINO'S PIZZA LLC

8                  UNITED STATES DISTRICT COURT

9        CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10

11
   GUILLERMO ROBLES,                │ Case No. 2:16-cv-06599
12                                   │ Hon. Jesus G. Bernal
            Plaintiff,               │
13                                   │ **DEFENDANT DOMINO'S PIZZA**
        v.                           │ **LLC'S OPPOSITION TO MOTION**
14                                   │ **FOR SANCTIONS**
   DOMINO'S PIZZA LLC,               │
15                                   │ Filed Concurrently with Declaration of
            Defendant.               │ Bradley J. Leimkuhler
16                                   │
17                                   │ Judge:  Hon. Magistrate Judge Charles
                                     │ F. Eick
18                                   │ Date:    October 26, 2020
                                     │ Time:    9:00 a.m.
19                                   │ Crtrm.: 1
20                                   │
                                     │ Trial Date:      December 8. 2020
21

22

23

24

25

26

27

28

SMRH:4838-6638-4845.1        DEFENDANT'S OPPOSITION TO MOTION FOR SANCTIONS

# <u>TABLE OF CONTENTS</u>

**Page**

I.      INTRODUCTION ........................................................................................... 1

II.     RELEVANT BACKGROUND ...................................................................... 2

    A.   The Parties Have Engaged in Exhaustive Discovery Over Three Years and Have Been Able to Resolve Disputes Through Meet and Confer Efforts ................................................................................................... 2

    B.   Party Depositions and The Impact of COVID-19 ............................... 3

        1.   Impact of COVID-19 On Expected Timeline ......................... 3

        2.   Plaintiff's Counsel Refused To Meet and Confer Regarding Depositions ............................................................................... 4

        3.   Plaintiff Unilaterally Scheduled Deposition of Corporate Representative and Continued With Bad Faith Behavior ................... 4

    C.   Plaintiff's Gamesmanship and Bad Faith Has Now Led to Unnecessary Court Intervention On Several Occasions ....................... 5

III.    THERE ARE NO GROUNDS FOR SANCTIONS .................................... 5

    A.   Plaintiff Failed To Satisfy The Threshold Requirements for Sanctions ......... 6

        1.   Plaintiff Failed to Properly Notice the September 2020 Deposition ............................................................................... 6

        2.   Plaintiff Failed to Appear for the Deposition Or Take A Non-Appearance ............................................................................... 7

    B.   Plaintiff's Two Cases Do Not Show That Plaintiff Is Entitled To Sanctions ................................................................................................ 8

    C.   Plaintiff Does Not Suffer A Prejudice For Failing To Depose A Witness and Default Sanctions Would Be An Extreme Punishment ........... 10

    D.   There Are No Grounds For Sanctions, In Any Form .................................... 11

IV.     CONCLUSION ........................................................................................... 11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

Page(s)

Cases

*In re Air Crash at Taipei Taiwan*
   2002 U.S. Dist. LEXIS 466, 2002 WL 32155477 (C.D.Cal.2002)........................7

*Computer Task Group, Inc. v. Brotby*
   364 F.3d 1112 (9th Cir. 2004) ...................................................................9

*Consumer Fin. Prot. Bureau v. Morgan Drexen, Inc.*
   101 F. Supp. 3d 856 (C.D. Cal. 2015)....................................................9

*Honey v. Dignity Health*
   No. 2:12-CV-00416-LRH, 2013 WL 6709953 (D. Nev. Dec. 18,
   2013) ....................................................................................................7, 8

*Malone v. U.S. Postal Serv.*
   833 F.2d 128 (9th Cir. 1987) ................................................................ 10

*Nat'l Hockey League v. Metro. Hockey Club, Inc.*
   427 U.S. 639 (1976) ............................................................................... 8

*Paige v. Consumer Programs, Inc.*
   F.R.D. 272, 275 (C.D. Cal 2008)........................................................6, 9

*Paul v. Winco Holdings, Inc.*
   249 F.R.D. 643 (D. Idaho 2008)............................................................ 6

*Phoceene Sous–Marine, S.A. v. U.S. Phosmarine, Inc.*
   682 F.2d 802 (9th Cir.1982) ................................................................ 10

*In re Sulfuric Acid Antitrust Litigation*
   231 F.R.D. 320 (N.D.Ill.2005) .............................................................. 6

*Wyle v. R.J. Reynolds Indus., Inc.*
   709 F.2d 585 (9th Cir. 1983) ............................................................... 10

Other Authorities

Federal Rules of Civil Procedure Rule 30(b)(1) and 37(d) ......................... 6

Federal Rules of Civil Procedure Rule 37 .................................................. 8

SMRH:4838-6638-4845.1                    OPPOSITION TO MOTION FOR SANCTIONS

Federal Rules of Civil Procedure Rule 37(d) ........................................................ 5, 6

FRCP (b)(2)(E) ......................................................................................................... 7

Local Rule 37 ............................................................................................................ 5

Suspects

63 F.R.D. 641, 656 (1974) ....................................................................................... 9

SMRH:4838-6638-4845.1

OPPOSITION TO MOTION FOR SANCTIONS

1   I.   **INTRODUCTION**

2           In an overzealous play of gamesmanship, Plaintiff filed this Motion for

3   Sanctions and a Motion to Exclude Defendant's Expert witness simultaneously. [1]

4   Plaintiff attempts to paint a dire picture that does not exist.  Plaintiff accuses

5   Defendant of explicit refusal and a non-appearance at the deposition.  No evidence

6   supports this wild accusation.  In fact, the events surrounding Defendant's

7   deposition are far less interesting than Plaintiff outlines and were merely impacted

8   by an unexpected pandemic and Plaintiff's counsel's silence.

9           In an effort to focus on exclusion of Defendant's evidence rather than his

10  investigation of Defendant's evidence,  Plaintiff failed to satisfy the threshold

11  requirements for this Motion in failing to properly notice Defendant's deposition

12  and taking a non-appearance.  But, more importantly, Defendant's behavior does not

13  amount to willful obstruction and Plaintiff is not prejudiced by his choice to refuse

14  Defendant's deposition.  Plaintiff has not shown that there is a substantial

15  probability that his failure to take Defendant's deposition has prejudiced Plaintiff by

16  depriving him of any evidence necessary for his defense.

17          Default sanctions are available only in the most extreme cases; only when the

18  responding party violated a prior court order and the conduct was willful, or when

19  there was egregious misconduct.  None of these circumstances apply.  The Court has

20  never compelled Defendant to appear for deposition or determined Defendant to be

21  non-responsive.  Rather, the Magistrate Judge recently compelled Plaintiff to

22  supplement responses for his failure to engage in meet and confers and respond

23  appropriately to Defendant's discovery request.  This Motion reeks of bad faith and

24  _____

25  [1] Defendant notes that Plaintiff's notice of motion appears to designate this motion
    to be heard by Hon. Charles F. Eick, but the caption page of the notice sets the
26  hearing for October 26, 2020 before Hon. Jesus G. Bernal.  The body of the notice
    sets the hearing for October 28, 2020 at 9:00 a.m.  Defendant files its opposition
27  assuming the October 26 hearing date is correct.

28

a response to Defendant's earlier discovery motion as opposed to a legitimate interest in taking Defendant's deposition in preparation of trial.  Defendant has worked for years in good faith to comply with the extensive discovery requests in this case.  Defendant responded to 109 document requests, supplemented on three occasions based on Plaintiff's varying requests, and produced native files within weeks of a meet and confer on Defendant's document production.

In sum, there are no grounds for the default sanctions Plaintiff seeks, or for any other sanctions.  The established facts and prohibition of designated defenses sanctions Plaintiff seeks are just as severe as terminating sanctions; they would preclude Defendant from introducing any evidence on its defenses.  Because they are tantamount to default sanctions, they should be denied for the same reasons.

There is no prejudice or unfairness here.  Plaintiff has sought and obtained substantial discovery and Defendant has been amenable to busy calendars and discovery challenges for Plaintiff.  The Court should allow this case to proceed to final determination of the merits.

## II.   <u>RELEVANT BACKGROUND</u>

### A.   <u>The Parties Have Engaged in Exhaustive Discovery Over Three Years and Have Been Able to Resolve Disputes Through Meet and Confer Efforts</u>

Throughout the course of this case, the parties have engaged in exhaustive discovery.  In February 2017, the parties began propounding document requests and other written discovery.  (Declaration of Bradley J. Leimkuhler ("Leimkuhler Decl."), ¶ 3.)  Over the course of this litigation, Plaintiff propounded 109 document requests (two sets), 25 special interrogatories, and 50 requests for admissions.  (*Id*., ¶ 4.)  Defendant answered this discovery and supplemented these requests on three occasions, pursuant to Plaintiff's varying requests.  (*Id*., ¶ 4.)  Most recently in August 2020, in an effort to cooperate with Plaintiff, within three weeks of meet and confer efforts with Plaintiff's counsel, Gregory Care, Defendant produced native files of the previously produced documents and supplemented its responses to

1  written discovery.  (*Id*., ¶ 12.)  Defendant has continually been willing to cooperate
2  with Plaintiff's counsel and come to an informal resolution on the discovery issues
3  impacting this case.  (*Id*., ¶¶ 4, 10, 12, 13, 17, and 18.)

4        **B.**    <u>**Party Depositions and The Impact of COVID-19**</u>

5        However, cooperation ceased in regard to Defendant's potential witnesses.
6  (Leimkuhler Decl., ¶ 18.) Plaintiff's Motion attempts to establish evasive behavior
7  by Defendant through his reference of two deposition notices; when it was merely
8  an unexpected interference caused by COVID-19 and a breakdown in
9  communication by Plaintiff's counsel.

10        **1.**    **Impact of COVID-19 On Expected Timeline**

11        As noted in Plaintiff's Motion, in November 2019, Plaintiff served a Notice
12  for Deposition for November 25, 2019.  Defendant objected to the unilaterally set
13  date and counsel for Defendant agreed to discuss and coordinate on a mutually
14  agreeable date with counsel for Plaintiff.   (Leimkuhler Decl., ¶ 6.)  The underlying
15  bases for the objection was the concern of the breadth of categories of knowledge and
16  Defendant's need to select the correct individual with sufficient knowledge of the
17  thirty (30) topics, and further subtopics, outlined in Plaintiff's Notice.  (*Id*., ¶ 7.)
18  Further, Defendant needed to coordinate with that individual's schedule as an in-
19  person deposition would be required (at that relevant time) and Defendant's corporate
20  personnel were situated in various states throughout the country.  (*Id*., ¶7.)  With the
21  holidays and significant until trial, counsel for Defendant reasonably believed that
22  dates in 2020 would be appropriate.  (*Id*., ¶ 7.)  At the same time, Plaintiff objected to
23  Defendant's Notice of Deposition of Plaintiff on the same basis, indicating that the
24  date had been unilaterally set and the parties would discuss mutually agreeable
25  dates.  (*Id*., ¶ 8, Exh. B.)  Defendant and its counsel, and likely Plaintiff and his
26  counsel, could not have foreseen the disruption that COVID-19 would have on the
27  legal system, business travel, and coordination for depositions given the now-
28  competing home life obligations with business obligations while working from home.

Unfortunately, this case and its depositions of party witnesses has borne the brunt of that COVID-19 disruption.

### 2. Plaintiff's Counsel Refused To Meet and Confer Regarding Depositions

Following the most recent continuance and the orientation of the legal community to remote proceedings, the parties had a truncated time period to coordinate and cooperate in discovery.  To complicate matters further, Plaintiff's counsel refused to engage in conference calls to meet and confer regarding Plaintiff's discovery responses and depositions.  (Ex. C-G to Leimkuhler Decl., ¶ 10-18.)  On August 10, 2020, Defendant sent a letter regarding Plaintiff's deposition and requests for supplemental discovery.  (*Id.* ¶ 10, Exh. C.)  Plaintiff ignored Defendant's meet and confer correspondence and did not attempt to coordinate dates for a meet and confer in response to Plaintiff's letter.  (*Id.* ¶ 11.)   On August 19, 2020, on a call regarding Plaintiff's meet and confer letter regarding discovery, defense counsel asked whether Plaintiff's counsel, Greg Care, was prepared to speak on depositions.  (*Id.* ¶ 13.)  Mr. Care advised that Michael Manning, co-counsel for Plaintiff, would be handling that meet and confer.  (*Id.* ¶ 13.)  The next day, Mr. Manning sent an email scheduling Plaintiff's deposition for September 14, 2020, but did not provides dates for a call to meet and confer on Plaintiff's responses to discovery and other depositions.  (*Id.* ¶ 14-15, Exh. D, E.)  As such, on August 24, 2020, in follow up on Mr. Manning's correspondence, defense counsel sought Mr. Manning's availability for a meet and confer regarding the August 10, 2020 letter and the outstanding discovery issues.  (*Id.* ¶ 15, Exh. E).  Mr. Manning did not respond to that request.  (*Id.* ¶ 15.)

### 3. Plaintiff Unilaterally Scheduled Deposition of Corporate Representative and Continued With Bad Faith Behavior

Rather than ever scheduling a date to speak with counsel for Defendant, the week prior to the discovery cut-off, counsel for Plaintiff advised that (1) Plaintiff objected to the agreed-upon September 14, 2020, (2) requested a new date,

1  September 21, 2020, for Plaintiff's deposition, and (3) unilaterally noticed the

2  deposition of Defendant's Person Most Knowledgeable.  (Leimkuhler Decl., ¶¶ 16-

3  18.)  Rather than engaging in similar gamesmanship and refusing the new date for

4  Plaintiff's deposition, Defendant consented to September 21, 2020 for Plaintiff's

5  deposition.  (*Id*. ¶ 17, Exh. G.)  However, given his responsibilities in office, the

6  corporate representative was unavailable for deposition until September 25, 2020.

7  (*Id*. ¶ 16.)  As such, Defendant offered that first available date of September 25,

8  2020 for the deposition.  (*Id*. ¶ 18.)  Additionally, counsel for Defendant offered to

9  stipulate to a short continuance of the discovery cut-off and dispositive motion

10  deadline so that Plaintiff could also have the privilege of an extended deadline.  (*Id*.

11  ¶ 18.)  Plaintiff declined both the deposition and the stipulation.  (*Id*. ¶ 18.)

**C.    Plaintiff's Gamesmanship and Bad Faith Has Now Led to Unnecessary Court Intervention On Several Occasions**

As a result of Plaintiff's failure to engage in simple conversations and to cooperate regarding discovery, Defendant was forced to bring its Motion to Compel which resulted in the Court compelling the production of items and further responses.  (*See* Docket No. 96.)   In his Order, the Magistrate Judge recognized that "Plaintiff, not Defendant…failed timely to cooperate in Local Rule 37 procedures in advance of the filing of the Motion."  (*Id*.)  Plaintiff continues his gamesmanship here as Plaintiff declined both the deposition and stipulation for a continuance of deadlines and, instead, chose court intervention.  (Leimkuhler Decl., ¶ 18.) **Defendant remains willing to produce the corporate representative for deposition**; although, by the time this motion is heard, it will be more than a month past the original date proposed by Defendant.  (*Id*., ¶ 19.)  In fact, this motion was filed *after* the date proposed by Defendant.

**III.   THERE ARE NO GROUNDS FOR SANCTIONS**

Rule 37(d) of the Federal Rules of Civil Procedure provides that if a party, or an officer, director, or managing agent of a party, **fails to appear at a duly noticed**

**deposition**, the court in which the action is pending may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule.  (Emphasis added.)  Plaintiff wishes to use Rule 37(d) to its benefit; but, Plaintiff's Motion is scant on legal authority because he has no factual or legal basis establishing wrongful behavior by Defendant.  Rather, Plaintiff has continually dodged defense counsel regarding discovery and used the discovery cut-off and truncated timeline as a sword against a cooperative defendant.

### A.   Plaintiff Failed To Satisfy The Threshold Requirements for Sanctions

Notably, Plaintiff moves only for sanctions, and not a motion to compel the deposition of Defendant's corporate representative.  Plaintiff filed this Motion after the September 25, 2020 date proposed by Defendant.  (Leimkuhler Decl., ¶ 18.) Further, absent from the record is any evidence that Plaintiff's counsel appeared for the deposition of Defendant's corporate representative on the date noticed or that counsel for Plaintiff took a non-appearance.  Plaintiff was clearly never concerned about the actual deposition of Defendant's corporate representative, rather he and this Motion are motivated by trial strategy and gamesmanship.

### 1.   Plaintiff Failed to Properly Notice the September 2020 Deposition

Fed.R.Civ.Pro. 30(b)(1) and 37(d) provide that a party may take the deposition of any person upon **reasonable** notice.  (Emphasis added.)  The standard in the Ninth Circuit that courts should consider is "the time between the notice and the deposition, with an eye towards preparation and travel."  *Paul v. Winco Holdings, Inc.*, 249 F.R.D. 643, 656 (D. Idaho 2008) (citing *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 320, 327 (N.D.Ill.2005).)  In *Sulfuric Acid* (and one of the cases cited in Plaintiff's moving papers, *Paige v. Consumer Programs, Inc.*, F.R.D. 272, 275), the court implied that notice of ten (10) business days would generally be deemed reasonable.  (*Ibid.*)

Here, Plaintiff gave only three (3) business days in his notice of deposition.[2] (Leimkuhler Decl., ¶ 16; Exh. B to the Declaration of Michael Manning in support of Motion, Dkt. No. 100-3.)  Far below the reasonable ten (10) day standard.  Given the impending discovery cut-off and not wanting to abuse those dates, a shortened notice period may have been reasonable in this matter had Plaintiff's counsel conferred with counsel for Defendant on dates or accommodated the corporate representative's schedule as Defendant did for Plaintiff.  (Leimkuhler Decl., ¶ 17.) However, Plaintiff's notice was entirely in bad faith to create a record and dispose of quality witnesses and defenses.  This tactic has only been further exemplified by Plaintiff's refusal to take Plaintiff's deposition.

         **2.**        **Plaintiff Failed to Appear for the Deposition Or Take A Non-Appearance**

In making gamesmanship the priority and failing to take a non-appearance, Plaintiff failed to meet the threshold to bring this Motion.  *In re Air Crash at Taipei Taiwan* on Oct. 31, 2000., No. MDL1394-GAF(RCX), 2002 WL 32155477, at *5 (C.D. Cal. Oct. 23, 2002); *Honey v. Dignity Health*, No. 2:12-CV-00416-LRH, 2013 WL 6709953, at *2 (D. Nev. Dec. 18, 2013).  *In Honey v. Dignity Health*, the defendant sought terminating sanctions because plaintiff failed to appear for deposition.  The Court quoted directly:

> The Ninth Circuit has strictly construed the language of Rule 37(d)…In *Gee v. City of Chicago Public Schools*, 2002 U.S. Dist. LEXIS 12734, 2002 WL 1559704 (N.D.Ill.2002), a pro se plaintiff refused to appear for a deposition. Although Defendant agreed to postpone the deposition to give plaintiff more time to determine its propriety, plaintiff stated that she would not appear at any time. Notwithstanding the plaintiff's expressed intent not to appear for a deposition at any time, the court held that plaintiff was not subject to Rule 37(d) sanctions for failing to appear at a deposition that did not actually go forward. The court, instead, ordered plaintiff to appear for deposition and cautioned her that she would be subject to sanctions, including dismissal of her action, if

---

[2] Defendant further notes that it has never consented to electronic service of discovery documents as required by FRCP (b)(2)(E).  As a result, Defendant did not even receive the actual notice by mail until after the date and time scheduled for Defendant's deposition.

she failed to appear. In *In re Air Crash at Taipei Taiwan*, 2002 U.S. Dist. LEXIS 466, 2002 WL 32155477 (C.D.Cal.2002), the plaintiff moved for Rule 37(d) sanctions against an officer of the defendant who allegedly failed to appear for his deposition. The scheduled deposition did not take place on the date noticed, however, and the court found that there was an informal agreement that the deposition would not proceed while the defendant pursued legal remedies to overturn the court's order that the deponent appear for his deposition. Relying on *Estrada v. Rowland* and *Gee*, *supra*, the court held that plaintiff had failed to demonstrate that the witness actually failed to appear before the officer who was to take his deposition and that sanctions under Rule 37(d) were not proper.

Applying that standard to the facts of the case, the *Honey v. Dignity Health* court refused to grant sanctions.  Similarly here, the record is silent on whether the deposition proceeded on September 15, 2020.  In fact, Defendant does not know if Plaintiff took a non-appearance.

Although, Defendant fully intends to have its representative appear for deposition; under the law, assuming that Defendant had refused to appear, a non-appearance in addition to more egregious conduct is necessary for a Court to issue sanctions.

## B.    Plaintiff's Two Cases Do Not Show That Plaintiff Is Entitled To Sanctions

The two cases that Plaintiff cites do not establish that Defendant engaged in egregious behavior in its production of the corporate representative.  These two cases involve an express refusal to sit for deposition and serious and persistent discovery abuse and violations of court orders that is not present here.  In *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 640–41 (1976), plaintiffs continually failed to perform despite several admonitions by the Court and promises and commitments by the plaintiffs.  Moreover, the action was taken in the face of warnings that their failure to provide certain information could result in the imposition of sanctions under Fed.R.Civ.P. 37.  The Court went so far as to say "[i]f the sanction of dismissal is not warranted by the circumstances of this case, then the

1   Court can envisage no set of facts whereby that sanction should ever be applied."

2   63 F.R.D. 641, 656 (1974).

3       In the other case, the Central District of California found that plaintiff-

4   deponent was not excused from appearing at his deposition because he had appeared

5   previously for such a deposition, but it did not take place because he was arrested

6   when he appeared at the office of defendant's counsel.  *Paige v. Consumer*

7   *Programs, Inc.*, F.R.D. 272, 275 (C.D. Cal 2008).

8       In strong contrast to these two cases and the many others decidedly omitted

9   by Plaintiff, Defendant has not engaged in violations of the court's orders that are

10  due to willfulness or bad faith as is a prerequisite to invoking sanctions on a party.

11  *E.g. Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1115 (9th Cir. 2004)

12  (finding willfulness where defendant "engaged in a consistent, intentional, and

13  prejudicial practice of obstructing discovery by not complying with repeated court

14  orders and not heeding multiple court warnings"); *Consumer Fin. Prot. Bureau v.*

15  *Morgan Drexen, Inc.*, 101 F. Supp. 3d 856, 868 (C.D. Cal. 2015) (terminating

16  sanctions are warranted when the disobedient party has, inter alia, " 'engaged in

17  conduct utterly inconsistent with the orderly administration of justice' ") (quoting

18  *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983)).

19      Defendant has continually been willing and able to amend its discovery to

20  Plaintiff's liking and accommodate Plaintiff's witnesses, including last minute

21  requests for new dates and making modifications to how the depositions were

22  conducted to accommodate their disabilities.  (Leimkuhler Decl., ¶ 17.)  Defendant

23  supplemented its responses on three occasions and provided native data on the eve

24  of these depositions.  (*Id.*, ¶ 12.)  Defendant remains willing to produce its corporate

25  representative.  In these two cases, there is no indication that the courts would have

26  issued sanctions based on an inability to coordinate with counsel for Plaintiff or

27  produce a deponent on two unilaterally set dates.

28

**C.    Plaintiff Does Not Suffer A Prejudice For Failing To Depose A Witness and Default Sanctions Would Be An Extreme Punishment**

Assuming *arguendo* that Plaintiff established bad faith conduct (which he has not), to establish a request for default sanctions, a court then must weigh several factors identified by the Ninth Circuit when analyzing whether dismissal or terminating sanctions are justified, or if some lesser sanction is warranted: " '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.' " *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987).

Plaintiff addresses only his prejudice and ignores all other considerations.  In doing so, he drastically fails to provide support for his Motion.

Considering prejudice alone, Plaintiff contends in his Motion that he is severely prejudiced because he was unable to take Defendant's deposition in advance of filing the Motion for Summary Judgment or as he prepares for trial.  But, Plaintiff refused to communicate with counsel for Defendant for the entire month of August regarding Defendant's discovery *and* scheduling for depositions. (Leimkuhler Decl., ¶¶ 10-15.)  Then Plaintiff refused to take Defendant's deposition on an available date that is months in advance of trial.  (*Id.*, ¶ 18.)  Further, Plaintiff refused to extend deadlines after he refused to communicate with Plaintiff about discovery.  (*Id.*, ¶ 18.)  Defendant is still willing to make its witness available for deposition so that Plaintiff may adequately prepare for trial.  (*Id.*, ¶ 19.)

Alternatively, the prejudice to Defendant if default sanctions are granted is drastic.  The Ninth Circuit instructs "[b]efore dismissal, due process concerns further require that a relationship exist between the sanctioned party's misconduct and the matters in controversy such that the transgression "threaten[s] to interfere with the rightful decision of the case." *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 591 (9th Cir. 1983); *see also Phoceene Sous–Marine, S.A. v. U.S. Phosmarine,*

SMRH:4838-6638-4845.1

1  *Inc.*, 682 F.2d 802, 806 (9th Cir.1982) (holding default entry violated due process

2  where the sanctioned party's deception was wholly unrelated to the merits of the

3  controversy).  Defendant's conduct in no way warrants sanctions, especially such

4  extreme sanctions.  For these reasons, Plaintiff's Motion should be denied.

5          **D.**    **There Are No Grounds For Sanctions, In Any Form**

6          Like with default sanctions, all other proposed sanctions are only appropriate

7  when there was a failure to comply with a court order and the failure was willful, or

8  when there was egregious misconduct.  None of these circumstances exist, for all of

9  the reasons stated above.  Furthermore, the issue and evidentiary sanctions

10  Defendants seek—establishing facts for Plaintiff and prohibit Defendant from

11  opposing Mr. Robles' claims about the accessibility and costs of remediating the

12  Website and Mobile Application or supporting any defenses it may raise in this

13  matter—are so harsh that they are tantamount to default sanctions.  Even if sanctions

14  were warranted (which they are not), they must be limited to whatever is needed to

15  remedy the particular discovery problem.  Plaintiff's extreme requests extend far

16  beyond the discovery problems they assert.

17          The Court may order the deposition of Defendant's witness as Defendant would

18  be happy to comply and welcomes the opportunity to try this case on the merits rather

19  than a disposition resulting from Plaintiff's bad behavior and a technicality.

20  **IV.**    **CONCLUSION**

21          The parties have engaged in an extensive, years-long discovery process that

22  has resulted in the production of several pages of documents (and their native files)

23  and extensive responses and supplementing of written discovery.  Defendant has

24  acted in good faith, and has been cooperate and willing to meet and confer on all

25  discovery issues, including the deposition of its client.  Only Defendant will be

26  prejudiced by the proposed sanctions.  The Court should deny the Motion and allow

27  the case to be tried on the merits.

28

1 | Dated:  October 5, 2020

2

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

3

4

By _____
        /s/ *Gregory F. Hurley*
5          GREGORY F. HURLEY

6

7      Attorneys for DOMINO'S PIZZA LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SMRH:4838-6638-4845.1