SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GREGORY F. HURLEY, Cal. Bar No. 126791
ghurley@sheppardmullin.com
BRADLEY J. LEIMKUHLER, Cal. Bar No. 261024
bleimkuhler@sheppardmullin.com
STACY DOMINGUEZ, Cal. Bar No. 279161
sdominguez@sheppardmullin.com
650 Town Center Drive, 10th Floor
Costa Mesa, California 92626-1993
Telephone: 714.513.5100
Facsimile: 714.513.5130

Attorneys for DOMINO'S PIZZA LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GUILLERMO ROBLES,<br><br>  Plaintiff,<br><br>  v.<br><br>DOMINO'S PIZZA LLC,<br><br>  Defendant. | Case No. 2:16-cv-06599<br>Hon. Jesus G. Bernal<br><br>**DECLARATION OF BRADLEY J. LEIMKUHLER IN SUPPORT OF DEFENDANT DOMINO'S PIZZA LLC'S OPPOSITION TO MOTION FOR SANCTIONS**<br><br>Filed Concurrently with Memorandum of Points and Authorities<br><br>Judge: Hon. Magistrate Judge Charles F. Eick<br>Date: October 26, 2020<br>Time: 9:00 a.m.<br>Crtrm.: 1<br><br>Action Filed: September 1, 2016<br>Trial Date: December 8, 2020 |

Case No. 2:16-cv-06599

# DECLARATION OF BRADLEY J. LEIMKUHLER

I, Bradley J. Leimkuhler, declare as follows:

1. I am an attorney duly admitted to practice before this Court. I am an associate with Sheppard, Mullin, Richter & Hampton LLP, attorneys of record for Defendant, DOMINO'S PIZZA LLC ("Defendant"). If called as a witness, I could and would competently testify to all facts within my personal knowledge except where stated upon information and belief. This declaration is submitted in support of Defendant's Opposition to Motion For Sanctions ("Motion").

2. I am familiar with the procedural history, discovery, depositions, and communications between counsel regarding the same in this case.

3. Defendant propounded its first document requests in this case on February 7, 2017. Plaintiff propounded his first document requests in this case on November 20, 2016.

4. During discovery, Plaintiff propounded 109 document requests (two sets), 25 special interrogatories, and 50 requests for admissions. Defendant answered this discovery and supplemented these requests on three occasions, pursuant to Plaintiff's varying requests, over the three years of litigation.

5. Following the initial discovery requests, in March 2017, Defendant's Motion to Dismiss was decided in Defendant's favor. That decision resulted in appeals to the Ninth Circuit Court of Appeals and the United State Supreme Court. Ultimately, the case was remanded and discovery reopened.

6. In November 2019, Plaintiff served a Notice for Deposition for November 25, 2019. Defendant objected to the date as it was unilaterally set and counsel for Defendant agreed to discuss and coordinate on a mutually agreeable date with counsel for Plaintiff. Attached as **Exhibit A** to this Declaration is a true and correct copy of Defendant's Objection to Plaintiff's Notice of Taking Deposition of Defendant's Person or Person(s) Most Knowledgeable served on November 20, 2019.

7. Underlying the objection was the concern of the breadth of categories of knowledge and Defendant's need to select the correct individual with sufficient knowledge of the thirty (30) topics, and further subtopics, outlined in Plaintiff's Notice (not waiving that some of those topics and subtopics may be objectionable). Further, Defendant needed to coordinate with that individual's schedule as an in-person deposition would be required (at that relevant time) and Defendant's corporate personnel were situated in various states throughout the country. With the holidays and significant time until trial, it was reasonable to believe that dates in 2020 would be appropriate. Defendant and its counsel could not have foreseen the devastating impact of COVID-19 when it objected to the Notice in November of 2019.

8. At the same time, Plaintiff objected to Defendant's Notice of Deposition of Plaintiff on the same basis with presumably the same thought process as Defendant. Attached as **Exhibit B** to this Declaration is a true and correct copy of Plaintiff's Objection to Defendant's Notice of Taking Deposition of Plaintiff Guillermo Robles served on November 21, 2019.

9. This matter has been delayed by the COVID-19 pandemic which resulted in a further continuance of the trial date and related discovery deadlines, reopening discovery and allowing the parties to coordinate on depositions. Among other things, I wanted to ensure that all parties agreed on the procedure for conducting depositions, that they could be conducted remotely, and arrange for any appropriate modifications to the procedures in order to accommodate Plaintiff and his expert's disabilities.

10. Accordingly, in early August, I engaged in meet and confer efforts on several discovery issues, including party depositions. Attached as **Exhibit C** to this Declaration is a true and correct copy of the meet-and-confer letter dated August 10, 2020 I sent to Plaintiff's counsel regarding Plaintiff's responses to the document requests and interrogatories and possible spoliation of evidence.

11. Counsel for Plaintiff continually ignored Defendant's meet and confer correspondence and did not attempt to set a date to confer by phone in response to my letter.

12. On August 19, 2020, I met and conferred with Plaintiff's counsel, Greg Care, regarding supplemental responses to Defendant's discovery responses. Mr. Care advised for the first time that Plaintiff sought native files of Defendant's document production in response to Plaintiff's Requests for Production. Within three weeks of this call, Defendant produced those native files and its third round of supplemental responses to discovery requests.

13. During the call with Mr. Care, I asked whether he was prepared to speak on the August 10 meet and confer letter regarding Plaintiff's responses to discovery and party depositions. Mr. Care advised that Michael Manning, co-counsel for Plaintiff, would be handling that meet and confer and that I would hear from him shortly.

14. The following day, Mr. Manning sent me an advising of Plaintiff's available dates for deposition. Despite addressing Plaintiff's deposition, Mr. Manning did not provide dates for a call to meet and confer on further issues, including defendant's depositions and Plaintiff's discovery responses. Attached as **Exhibit D** to this Declaration is a true and correct copy of correspondence dated August 20, 2020 from Plaintiff's counsel failing to acknowledge further responses.

15. As such, in follow up on Mr. Manning's correspondence, I replied on August 24, 2020 to seek Mr. Manning's availability for a meet and confer regarding the August 10, 2020 letter and requested that Plaintiff hold September 14, 2020 for his deposition. Mr. Manning did not respond to this request. Attached as **Exhibit E** to this Declaration is a true and correct copy of the full correspondence between the parties regarding discovery dated August 24, 2020 that I sent to Plaintiff's counsel.

16. After being unavailable to discuss depositions, counsel for Plaintiff unilaterally noticed the deposition of Defendant's Person Most Knowledgeable only three business days prior to the deposition. In fact, the Notice of Deposition served by U.S. Mail was not received until the date of deposition passed. Unfortunately, given his responsibilities in office, the corporate representative was unavailable until September 25, 2020. Attached as **Exhibit F** to this Declaration is a true and correct copy of the full correspondence between the parties regarding discovery dated July to September 15, 2020 regarding depositions.

17. In the same week, after providing and agreeing to a September 14, 2020 date for Plaintiff's deposition on August 24, 2020, Plaintiff unexpectedly declined to appear on the agreed-upon date and was only available on September 21, 2020. Given it was the only date available for Plaintiff's deposition and in the spirit of cooperation, I accepted the September 21, 2020 date for Plaintiff's deposition. Attached as **Exhibit G** to this Declaration is a true and correct copy of the full correspondence between the parties regarding Plaintiff's deposition dated September 9-11, 2020; *also see* Exhibit F reflecting correspondence confirming Plaintiff's new deposition date.

18. Given the tight deadline and growing tension, I offered to produce the corporate representative on the first available date, due to other pending depositions and the representative's obligations, on September 25, 2020 (only four days after the cut-off). Further, I offered to stipulate to a brief extension of the discovery cutoff date and/or dispositive motion cut-off date so that neither party would be prejudiced. Counsel for Plaintiff declined both the deposition and the stipulation.

19.  Despite this deposition being unnecessarily delayed by this Motion, Defendant remains willing to produce the representative for deposition.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 5th day of October, 2020, at Costa Mesa, California.

                                        */s/ Bradley J. Leimkuhler*
                                        Bradley J. Leimkuhler