# Exhibit A

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GREGORY F. HURLEY, Cal. Bar No. 126791
ghurley@sheppardmullin.com
MICHAEL J. CHILLEEN, Cal. Bar No. 210704
mchilleen@sheppardmullin.com
BRADLEY J. LEIMKUHLER, Cal. Bar No. 261024
bleimkuhler@sheppardmullin.com
650 Town Center Drive, 10th Floor
Costa Mesa, California 92626-1993
Telephone:   714.513.5100
Facsimile:    714.513.5130

Attorneys for Defendant,
DOMINO'S PIZZA LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GUILLERMO ROBLES,<br><br>         Plaintiff,<br><br>    v.<br><br>DOMINO'S PIZZA LLC,<br><br>         Defendant. | Case No. 2:16-cv-06599-SJO-FFMx<br>Hon. S. James Otero<br><br>**DEFENDANT DOMINO'S PIZZA LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF GUILLERMO ROBLES' NOTICE OF TAKING DEPOSITION OF PMK IN ACCORDANCE WITH FRCP 30(b)(6)**<br><br>Date:   November 25, 2019<br>Time:   10:00 a.m.<br>Place:  17752 Skypark Circle, Suite 100<br>         Irvine, California 92614<br><br>Action Filed:   September 1, 2016<br>Trial Date:     March 24, 2020 |

PROPOUNDING PARTY:   PLAINTIFF GUILLERMO ROBLES

RESPONDING PARTY:    DEFENDANT DOMINO'S PIZZA LLC

PLEASE TAKE NOTICE that Defendant Domino's Pizza LLC ("Defendant") hereby serves its responses and objections to Plaintiff Guillermo Robles' ("Plaintiff") Notice of Taking Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) (the "Notice") as follows:

### OBJECTIONS TO DEPOSITION NOTICE

Plaintiff failed to meet and confer with Defendant before serving its notice of deposition, unilaterally selecting a date, time and location for deposition. Defendant and/or defense counsel are not available on the selected date. **No deponent will be produced on November 25, 2019.**

If the parties can come to an agreement regarding Defendant's objections, then Defendant will produce a deponent on a mutually convenient date.

### OBJECTIONS TO DEPOSITION TOPICS

**TOPIC NO. 1:**

The design, creation, implementation, release, maintenance, ownership, operation, and control of the WEBSITE. This topic includes:

a. The coding, design, and format of the WEBSITE;

b. How, when, where, and by whom (including third parties) the WEBSITE (including the content thereon) is or was designed, created, implemented, released, maintained, operated, and controlled; and

c. How, when, where, and by whom "bugs" or other defects of the WEBSITE are addressed or resolved.

**OBJECTIONS TO TOPIC NO. 1:**

Defendant objects to this Topic because it is overbroad, unduly burdensome, and/or not limited in time or scope, and seeks irrelevant and/or private information. Defendant also objects to this Topic to the extent it calls for legal conclusions or legal contention questions. Defendant further objects to this Topic to the extent it calls for information protected by the attorney-client and/or attorney work product privileges and/or for the early disclosure of expert information. Finally, Defendant objects to this Topic because it is vague, ambiguous, and unintelligible.

**TOPIC NO. 2:**

The design, creation, implementation, release, maintenance, ownership, operation, and control of the MOBILE APP. This topic includes:

    a.    The coding, design, and format of the MOBILE APP;

    b.    How, when, where, and by whom (including third parties) the MOBILE APP (including the content thereon) is or was designed, created, implemented, released, maintained, operated, and controlled; and

    c.    How, when, where, and by whom "bugs" or other defects of the MOBILE APP are addressed or resolved.

**OBJECTIONS TO TOPIC NO. 2:**

Defendant objects to this Topic because it is overbroad, unduly burdensome, and/or not limited in time or scope, and seeks irrelevant and/or private information. Defendant also objects to this Topic to the extent it calls for legal conclusions or legal contention questions. Defendant further objects to this Topic to the extent it calls for information protected by the attorney-client and/or attorney work product privileges and/or for the early disclosure of expert information. Finally, Defendant objects to this Topic because it is vague, ambiguous, and unintelligible.

**TOPIC NO. 3:**

The purpose, function, and use of YOUR WEBSITE.

**OBJECTIONS TO TOPIC NO. 3:**

Defendant objects to this Topic because it is overbroad, unduly burdensome, and/or not limited in time or scope, and seeks irrelevant and/or private information. Defendant also objects to this Topic to the extent it calls for legal conclusions or legal contention questions. Defendant further objects to this Topic to the extent it calls for information protected by the attorney-client and/or attorney work product privileges and/or for the early disclosure of expert information. Finally, Defendant objects to this Topic because it is vague, ambiguous, and unintelligible.

**TOPIC NO. 4:**

The purpose, function, and use of YOUR MOBILE APP.

**OBJECTIONS TO TOPIC NO. 4:**

Defendant objects to this Topic because it is overbroad, unduly burdensome, and/or not limited in time or scope, and seeks irrelevant and/or private information. Defendant also objects to this Topic to the extent it calls for legal conclusions or legal contention questions. Defendant further objects to this Topic to the extent it calls for information protected by the attorney-client and/or attorney work product privileges and/or for the early disclosure of expert information. Finally, Defendant objects to this Topic because it is vague, ambiguous, and unintelligible.

**TOPIC NO. 5:**

All marketing, consumer, and cost/benefit studies of YOUR WEBSITE.

**OBJECTIONS TO TOPIC NO. 5:**

Defendant objects to this Topic because it is overbroad, unduly burdensome, and/or not limited in time or scope, and seeks irrelevant and/or private information. Defendant also objects to this Topic to the extent it calls for legal conclusions or legal contention questions. Defendant further objects to this Topic to the extent it calls for information protected by the attorney-client and/or attorney work product privileges and/or for the early disclosure of expert information. Finally, Defendant objects to this Topic because it is vague, ambiguous, and unintelligible.

**TOPIC NO. 6:**

All marketing, consumer, and cost/benefit studies of YOUR MOBILE APP.

**OBJECTIONS TO TOPIC NO. 6:**

Defendant objects to this Topic because it is overbroad, unduly burdensome, and/or not limited in time or scope, and seeks irrelevant and/or private information. Defendant also objects to this Topic to the extent it calls for legal conclusions or legal contention questions. Defendant further objects to this Topic to the extent it calls for information protected by the attorney-client and/or attorney work product privileges and/or for the early disclosure of expert information. Finally, Defendant objects to this Topic because it is vague, ambiguous, and unintelligible.

**TOPIC NO. 7:**

All marketing plans for YOUR WEBSITE.

1 **OBJECTIONS TO TOPIC NO. 7:**

2       Defendant objects to this Topic because it is overbroad, unduly burdensome, and/or not limited in time or scope, and seeks irrelevant and/or private information. Defendant also objects to this Topic to the extent it calls for legal conclusions or legal contention questions. Defendant further objects to this Topic to the extent it calls for information protected by the attorney-client and/or attorney work product privileges and/or for the early disclosure of expert information. Finally, Defendant objects to this Topic because it is vague, ambiguous, and unintelligible.

8 **TOPIC NO. 8:**

9       All marketing plans for YOUR MOBILE APP.

10 **OBJECTIONS TO TOPIC NO. 8:**

11       Defendant objects to this Topic because it is overbroad, unduly burdensome, and/or not limited in time or scope, and seeks irrelevant and/or private information. Defendant also objects to this Topic to the extent it calls for legal conclusions or legal contention questions. Defendant further objects to this Topic to the extent it calls for information protected by the attorney-client and/or attorney work product privileges and/or for the early disclosure of expert information. Finally, Defendant objects to this Topic because it is vague, ambiguous, and unintelligible.

17 **TOPIC NO. 9:**

18       All efforts planned or contemplated to heighten the enjoyment and ease of use of YOUR WEBSITE to visitors.

20 **OBJECTIONS TO TOPIC NO. 9:**

21       Defendant objects to this Topic because it is overbroad, unduly burdensome, and/or not limited in time or scope, and seeks irrelevant and/or private information. Defendant also objects to this Topic to the extent it calls for legal conclusions or legal contention questions. Defendant further objects to this Topic to the extent it calls for information protected by the attorney-client and/or attorney work product privileges and/or for the early disclosure of expert information. Finally, Defendant objects to this Topic because it is vague, ambiguous, and unintelligible.

27 **TOPIC NO. 10:**

28       All efforts planned or contemplated to heighten the enjoyment and ease of use of YOUR

-4-

MOBILE APP to users.

**OBJECTIONS TO TOPIC NO. 10:**

Defendant objects to this Topic because it is overbroad, unduly burdensome, and/or not limited in time or scope, and seeks irrelevant and/or private information. Defendant also objects to this Topic to the extent it calls for legal conclusions or legal contention questions. Defendant further objects to this Topic to the extent it calls for information protected by the attorney-client and/or attorney work product privileges and/or for the early disclosure of expert information. Finally, Defendant objects to this Topic because it is vague, ambiguous, and unintelligible.

**TOPIC NO. 11:**

The actions taken to market goods and services available at YOUR retail locations through YOUR WEBSITE.

**OBJECTIONS TO TOPIC NO. 11:**

Defendant objects to this Topic because it is overbroad, unduly burdensome, and/or not limited in time or scope, and seeks irrelevant and/or private information. Defendant also objects to this Topic to the extent it calls for legal conclusions or legal contention questions. Defendant further objects to this Topic to the extent it calls for information protected by the attorney-client and/or attorney work product privileges and/or for the early disclosure of expert information. Finally, Defendant objects to this Topic because it is vague, ambiguous, and unintelligible.

**TOPIC NO. 12:**

The actions taken to market goods and services available at YOUR retail locations through YOUR MOBILE APP.

**OBJECTIONS TO TOPIC NO. 12:**

Defendant objects to this Topic because it is overbroad, unduly burdensome, and/or not limited in time or scope, and seeks irrelevant and/or private information. Defendant also objects to this Topic to the extent it calls for legal conclusions or legal contention questions. Defendant further objects to this Topic to the extent it calls for information protected by the attorney-client and/or attorney work product privileges and/or for the early disclosure of expert information. Finally, Defendant objects to this Topic because it is vague, ambiguous, and unintelligible.

-6-

**TOPIC NO. 13:**

YOUR POLICY or POLICIES regarding ACCESSIBLITY of the WEBSITE in effect in 2015, including:

    a.    All POLICY or POLICIES YOU developed or purported to follow regarding procurement of accessible information technology products and services that YOU use to communicate with or interact with the public, including copies of any such documents;

    b.    All POLICY or POLICIES YOU developed or purported to follow regarding making and maintaining the WEBSITE in an ACCESSIBLE state, including copies of any such documents;

    c.    All POLICY or POLICIES YOU developed or purported to follow for processing ACCESSIBILITY and other complaints from users of the WEBSITE; and

    d.    All POLICY or POLICIES YOU developed or purported to follow regarding service level agreements or other bug fix priority levels for the WEBSITE.

**OBJECTIONS TO TOPIC NO. 13:**

Defendant objects to this Topic because it is overbroad, unduly burdensome, and/or not limited in time or scope, and seeks irrelevant and/or private information. Defendant also objects to this Topic to the extent it calls for legal conclusions or legal contention questions. Defendant further objects to this Topic to the extent it calls for information protected by the attorney-client and/or attorney work product privileges and/or for the early disclosure of expert information. Finally, Defendant objects to this Topic because it is vague, ambiguous, and unintelligible.

**TOPIC NO. 14:**

YOUR POLICY or POLICIES regarding ACCESSIBLITY of the MOBILE APP in effect in 2015, including:

    a.    All POLICY or POLICIES YOU developed or purported to follow regarding procurement of accessible information technology products and services that YOU use to communicate with or interact with the public, including copies of any such documents;

    b.    All POLICY or POLICIES YOU developed or purported to follow regarding making and maintaining the MOBILE APP in an ACCESSIBLE state, including copies of any

such documents;

    c. All POLICY or POLICIES YOU developed or purported to follow for processing ACCESSIBILITY and other complaints from users of the MOBILE APP; and

    d. All POLICY or POLICIES YOU developed or purported to follow regarding service level agreements or other bug fix priority levels for the MOBILE APP.

**OBJECTIONS TO TOPIC NO. 14:**

Defendant objects to this Topic because it is overbroad, unduly burdensome, and/or not limited in time or scope, and seeks irrelevant and/or private information. Defendant also objects to this Topic to the extent it calls for legal conclusions or legal contention questions. Defendant further objects to this Topic to the extent it calls for information protected by the attorney-client and/or attorney work product privileges and/or for the early disclosure of expert information. Finally, Defendant objects to this Topic because it is vague, ambiguous, and unintelligible.

**TOPIC NO. 15:**

YOUR POLICY or POLICIES regarding ACCESSIBLITY of the WEBSITE in effect from 2016 to the present, including:

    a. All POLICY or POLICIES YOU have developed or purported to follow regarding procurement of accessible information technology products and services that YOU use to communicate with or interact with the public, including copies of any such documents;

    b. All POLICY or POLICIES YOU have developed or purported to follow regarding making and maintaining the WEBSITE in an ACCESSIBLE state, including copies of any such documents;

    c. All POLICY or POLICIES YOU have developed or purported to follow for processing ACCESSIBILITY and other complaints from users of the WEBSITE; and

    d. All POLICY or POLICIES YOU have developed or purported to follow regarding service level agreements or other bug fix priority levels for the WEBSITE.

**OBJECTIONS TO TOPIC NO. 15:**

Defendant objects to this Topic because it is overbroad, unduly burdensome, and/or not limited in time or scope, and seeks irrelevant and/or private information. Defendant also objects

-7-

to this Topic to the extent it calls for legal conclusions or legal contention questions. Defendant further objects to this Topic to the extent it calls for information protected by the attorney-client and/or attorney work product privileges and/or for the early disclosure of expert information. Finally, Defendant objects to this Topic because it is vague, ambiguous, and unintelligible.

**TOPIC NO. 16:**

YOUR POLICY or POLICIES regarding ACCESSIBLITY of the MOBILE APP in effect from 2016 to the present, including:

    a. All POLICY or POLICIES YOU have developed or purported to follow regarding procurement of accessible information technology products and services that YOU use to communicate with or interact with the public, including copies of any such documents;

    b. All POLICY or POLICIES YOU have developed or purported to follow regarding making and maintaining the MOBILE APP in an ACCESSIBLE state, including copies of any such documents;

    c. All POLICY or POLICIES YOU have developed or purported to follow for processing ACCESSIBILITY and other complaints from users of the MOBILE APP; and

    d. All POLICY or POLICIES YOU have developed or purported to follow regarding service level agreements or other bug fix priority levels for the MOBILE APP.

**OBJECTIONS TO TOPIC NO. 166:**

Defendant objects to this Topic because it is overbroad, unduly burdensome, and/or not limited in time or scope, and seeks irrelevant and/or private information. Defendant also objects to this Topic to the extent it calls for legal conclusions or legal contention questions. Defendant further objects to this Topic to the extent it calls for information protected by the attorney-client and/or attorney work product privileges and/or for the early disclosure of expert information. Finally, Defendant objects to this Topic because it is vague, ambiguous, and unintelligible.

**TOPIC NO. 17:**

YOUR efforts to make and maintain the WEBSITE in an ACCESSIBLE state. This topic includes:

    a. What reviews, evaluations, or audits have been done of the WEBSITE, including

-8-

how, when, where, why, and by whom the reviews, evaluations, or audits were done and results reported and transmitted;

  b. Challenges to making the WEBSITE ACCESSIBLE, including any security or cost concerns and any necessary "fundamental alterations"·

  c. What actions are necessary to make the WEBSITE ACCESSIBLE;

  d. The amount of time necessary to make the WEBSITE ACCESSIBLE;

  e. The personnel assigned and money allocated to make the WEBSITE ACCESSIBLE both prior and subsequent to the filing of this ACTION;

  f. Training of YOUR employees, partners, or contractors in methods and practices of making and maintaining websites in an accessible state;

  g. Those SCREEN READING SOFTWARE PROGRAMS that YOU own, lease, or for which YOU have a licensee;

  h. Those automated testing tools for determining the level of ACCESSIBILITY of websites for persons with disabilities that YOU own, lease, or for which YOU have a licensee and when that tool(s) has been utilized; and

  i. Testing YOU have conducted or caused to be conducted on the WEBSITE with individuals with disabilities.

**OBJECTIONS TO TOPIC NO. 17:**

Defendant objects to this Topic because it is overbroad, unduly burdensome, and/or not limited in time or scope, and seeks irrelevant and/or private information. Defendant also objects to this Topic to the extent it calls for legal conclusions or legal contention questions. Defendant further objects to this Topic to the extent it calls for information protected by the attorney-client and/or attorney work product privileges and/or for the early disclosure of expert information. Finally, Defendant objects to this Topic because it is vague, ambiguous, and unintelligible.

**TOPIC NO. 18:**

YOUR efforts to make and maintain the MOBILE APP in an ACCESSIBLE state. This topic includes:

  a. What reviews, evaluations, or audits have been done of the MOBILE APP,

-9-

including how, when, where, why, and by whom the reviews, evaluations, or audits were done and results reported and transmitted;

  b. Challenges to making the MOBILE APP ACCESSIBLE, including any security or cost concerns and any necessary "fundamental alterations";

  c. What actions are necessary to make the MOBILE APP ACCESSIBLE;

  d. The amount of time necessary to make the MOBILE APP ACCESSIBLE;

  e. The personnel assigned and money allocated to make the MOBILE APP ACCESSIBLE both prior and subsequent to the filing of this ACTION;

  f. Training of YOUR employees, partners, or contractors in methods and practices of making and maintaining mobile applications in an accessible state;

  g. Those SCREEN READING SOFTWARE PROGRAMS that YOU own, lease, or for which YOU have a licensee;

  h. Those automated testing tools for determining the level of ACCESSIBILITY of mobile applications for persons with disabilities that YOU own, lease, or for which YOU have a licensee and when that tool(s) has been utilized; and

  i. Testing YOU have conducted or caused to be conducted on the MOBILE APP with individuals with disabilities..

**OBJECTIONS TO TOPIC NO. 18:**

  Defendant objects to this Topic because it is overbroad, unduly burdensome, and/or not limited in time or scope, and seeks irrelevant and/or private information. Defendant also objects to this Topic to the extent it calls for legal conclusions or legal contention questions. Defendant further objects to this Topic to the extent it calls for information protected by the attorney-client and/or attorney work product privileges and/or for the early disclosure of expert information. Finally, Defendant objects to this Topic because it is vague, ambiguous, and unintelligible.

**TOPIC NO. 19:**

  The reasons YOU did not have an ACCESSIBLE WEBSITE in 2015.

**OBJECTIONS TO TOPIC NO. 19:**

  Defendant objects to this Topic because it is overbroad, unduly burdensome, and/or not

-10-

limited in time or scope, and seeks irrelevant and/or private information. Defendant also objects to this Topic to the extent it calls for legal conclusions or legal contention questions. Defendant further objects to this Topic to the extent it calls for information protected by the attorney-client and/or attorney work product privileges and/or for the early disclosure of expert information. Finally, Defendant objects to this Topic because it is vague, ambiguous, and unintelligible.

**TOPIC NO. 20:**

The reasons YOU did not have an ACCESSIBLE MOBILE APP in 2015.

**OBJECTIONS TO TOPIC NO. 20:**

Defendant objects to this Topic because it is overbroad, unduly burdensome, and/or not limited in time or scope, and seeks irrelevant and/or private information. Defendant also objects to this Topic to the extent it calls for legal conclusions or legal contention questions. Defendant further objects to this Topic to the extent it calls for information protected by the attorney-client and/or attorney work product privileges and/or for the early disclosure of expert information. Finally, Defendant objects to this Topic because it is vague, ambiguous, and unintelligible.

**TOPIC NO. 21:**

YOUR reports, reviews, evaluations, or audits that measure or evaluate ACCESSIBILITY of the WEBSITE and/or compliance with YOUR POLICY or POLICIES regarding ACCESSIBLITY of the WEBSITE.

**OBJECTIONS TO TOPIC NO. 21:**

Defendant objects to this Topic because it is overbroad, unduly burdensome, and/or not limited in time or scope, and seeks irrelevant and/or private information. Defendant also objects to this Topic to the extent it calls for legal conclusions or legal contention questions. Defendant further objects to this Topic to the extent it calls for information protected by the attorney-client and/or attorney work product privileges and/or for the early disclosure of expert information. Finally, Defendant objects to this Topic because it is vague, ambiguous, and unintelligible.

**TOPIC NO. 22:**

YOUR reports, reviews, evaluations, or audits that measure or evaluate ACCESSIBILITY of the MOBILE APP and/or compliance with YOUR POLICY or POLICIES regarding

ACCESSIBLITY of the MOBILE APPLICATION.

**OBJECTIONS TO TOPIC NO. 22:**

Defendant objects to this Topic because it is overbroad, unduly burdensome, and/or not limited in time or scope, and seeks irrelevant and/or private information. Defendant also objects to this Topic to the extent it calls for legal conclusions or legal contention questions. Defendant further objects to this Topic to the extent it calls for information protected by the attorney-client and/or attorney work product privileges and/or for the early disclosure of expert information. Finally, Defendant objects to this Topic because it is vague, ambiguous, and unintelligible.

**TOPIC NO. 23:**

Any and all alternatives to the WEBSITE YOU contend provide equal or greater access to YOUR goods, services, facilities, privileges, advantages, or accommodations than the WEBSITE.

**OBJECTIONS TO TOPIC NO. 23:**

Defendant objects to this Topic because it is overbroad, unduly burdensome, and/or not limited in time or scope, and seeks irrelevant and/or private information. Defendant also objects to this Topic to the extent it calls for legal conclusions or legal contention questions. Defendant further objects to this Topic to the extent it calls for information protected by the attorney-client and/or attorney work product privileges and/or for the early disclosure of expert information. Finally, Defendant objects to this Topic because it is vague, ambiguous, and unintelligible.

**TOPIC NO. 24:**

Any and all alternatives to the MOBILE APP YOU contend provides equal or greater access to YOUR goods, services, facilities, privileges, advantages, or accommodations than the MOBILE APP.

**OBJECTIONS TO TOPIC NO. 24:**

Defendant objects to this Topic because it is overbroad, unduly burdensome, and/or not limited in time or scope, and seeks irrelevant and/or private information. Defendant also objects to this Topic to the extent it calls for legal conclusions or legal contention questions. Defendant further objects to this Topic to the extent it calls for information protected by the attorney-client and/or attorney work product privileges and/or for the early disclosure of expert information.

Finally, Defendant objects to this Topic because it is vague, ambiguous, and unintelligible.

**TOPIC NO. 25:**

The training provided to personnel who answer calls to YOUR 800-252-4031 customer service line, including the training provided customer service operators in how to assist blind callers.

**OBJECTIONS TO TOPIC NO. 25:**

Defendant objects to this Topic because it is overbroad, unduly burdensome, and/or not limited in time or scope, and seeks irrelevant and/or private information. Defendant also objects to this Topic to the extent it calls for legal conclusions or legal contention questions. Defendant further objects to this Topic to the extent it calls for information protected by the attorney-client and/or attorney work product privileges and/or for the early disclosure of expert information. Finally, Defendant objects to this Topic because it is vague, ambiguous, and unintelligible.

**TOPIC NO. 26:**

Complaints or inquiries about or notice of the WEBSITE not being ACCESSIBLE or otherwise difficult for persons with disabilities to use.

**OBJECTIONS TO TOPIC NO. 26:**

Defendant objects to this Topic because it is overbroad, unduly burdensome, and/or not limited in time or scope, and seeks irrelevant and/or private information. Defendant also objects to this Topic to the extent it calls for legal conclusions or legal contention questions. Defendant further objects to this Topic to the extent it calls for information protected by the attorney-client and/or attorney work product privileges and/or for the early disclosure of expert information. Finally, Defendant objects to this Topic because it is vague, ambiguous, and unintelligible.

**TOPIC NO. 27:**

Complaints or inquiries about or notice of the MOBILE APP not being ACCESSIBLE or otherwise difficult for persons with disabilities to use.

**OBJECTIONS TO TOPIC NO. 27:**

Defendant objects to this Topic because it is overbroad, unduly burdensome, and/or not limited in time or scope, and seeks irrelevant and/or private information. Defendant also objects

-13-

to this Topic to the extent it calls for legal conclusions or legal contention questions. Defendant further objects to this Topic to the extent it calls for information protected by the attorney-client and/or attorney work product privileges and/or for the early disclosure of expert information. Finally, Defendant objects to this Topic because it is vague, ambiguous, and unintelligible.

**TOPIC NO. 28:**

The operational costs relating to YOUR WEBSITE and the revenues and profits received by YOU as a result, directly or indirectly, of the operation of YOUR WEBSITE.

**OBJECTIONS TO TOPIC NO. 28:**

Defendant objects to this Topic because it is overbroad, unduly burdensome, and/or not limited in time or scope, and seeks irrelevant and/or private information. Defendant also objects to this Topic to the extent it calls for legal conclusions or legal contention questions. Defendant further objects to this Topic to the extent it calls for information protected by the attorney-client and/or attorney work product privileges and/or for the early disclosure of expert information. Finally, Defendant objects to this Topic because it is vague, ambiguous, and unintelligible.

**TOPIC NO. 29:**

The operational costs relating to YOUR MOBILE APP and the revenues and profits received by YOU as a result, directly or indirectly, of the operation of YOUR MOBILE APP.

**OBJECTIONS TO TOPIC NO. 29:**

Defendant objects to this Topic because it is overbroad, unduly burdensome, and/or not limited in time or scope, and seeks irrelevant and/or private information. Defendant also objects to this Topic to the extent it calls for legal conclusions or legal contention questions. Defendant further objects to this Topic to the extent it calls for information protected by the attorney-client and/or attorney work product privileges and/or for the early disclosure of expert information. Finally, Defendant objects to this Topic because it is vague, ambiguous, and unintelligible.

**TOPIC NO. 30:**

The factual bases for each affirmative defense YOU assert in this ACTION.

**OBJECTIONS TO TOPIC NO. 30:**

Defendant objects to this Topic because it is overbroad, unduly burdensome, and/or not

SMRH:4842-3623-5949.1

limited in time or scope, and seeks irrelevant and/or private information. Defendant also objects to this Topic to the extent it calls for legal conclusions or legal contention questions. Defendant further objects to this Topic to the extent it calls for information protected by the attorney-client and/or attorney work product privileges and/or for the early disclosure of expert information. Finally, Defendant objects to this Topic because it is vague, ambiguous, and unintelligible.

Dated: November 20, 2019

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____
GREGORY F. HURLEY

Attorneys for Defendant,
DOMINO'S PIZZA LLC

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF ORANGE

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Orange, State of California. My business address is 650 Town Center Drive, 4th Floor, Costa Mesa, CA 92626-1993.

On November 20, 2019, I served true copies of the following document(s) described as **DEFENDANT DOMINO'S PIZZA LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF GUILLERMO ROBLES' NOTICE OF TAKING DEPOSITION OF PMK IN ACCORDANCE WITH FRCP 30(b)(6)** on the interested parties in this action as follows:

### SERVICE LIST

| | |
|---|---|
| Joseph R. Manning, Jr., Esq.<br>Michael J. Manning, Esq.<br>MANNING LAW, APC<br>20062 S.W. Birch Street, Ste. 200<br>Newport Beach, CA 92660<br>Tel: (949) 200-8755<br>Fax: (866) 843-8308<br>adapracticegroup@manninglawoffice.com | ***ATTORNEYS FOR PLAINTIFF***<br>***Guillermo Robles*** |
| Caitlyn J. Scott, Esq.<br>Strategic Legal Practices, APC<br>1840 Century Park East, Ste. 430<br>Los Angeles, CA 90067<br>(310) 929-4906<br>Fax: (310) 929-4986<br>cscott@slpattorney.com | Attorneys for Plaintiff<br>Guillermo Robles |

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 20, 2019, at Costa Mesa, California.

Carrie Strand

SMRH:4842-3623-5949.1                                                                 PROOF OF SERVICE