| | |
|---|---|
| 1 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP |
| |   A Limited Liability Partnership |
| 2 |   Including Professional Corporations |
| | GREGORY F. HURLEY, Cal. Bar No. 126791 |
| 3 | ghurley@sheppardmullin.com |
| | BRADLEY J. LEIMKUHLER, Cal. Bar No. 261024 |
| 4 | bleimkuhler@sheppardmullin.com |
| | STACY DOMINGUEZ, Cal. Bar No. 279161 |
| 5 | sdominguez@sheppardmullin.com |
| | 650 Town Center Drive, 10th Floor |
| 6 | Costa Mesa, California 92626-1993 |
| | Telephone:  714.513.5100 |
| 7 | Facsimile:   714.513.5130 |

Attorneys for DOMINO'S PIZZA LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GUILLERMO ROBLES, | Case No. 2:16-cv-06599 |
| Plaintiff, | Hon. Jesus G. Bernal |
| v. | **OPPOSITION TO MOTION TO EXCLUDE DEFENSE EXPERT AARON CANON** |
| DOMINO'S PIZZA LLC, | |
| Defendant. | Filed Concurrently with Declaration of Bradley J. Leimkuhler |
| | Date:  October 26, 2020 |
| | Time:  9:00 a.m. |
| | Crtrm.: 1 |
| | Action Filed:  September 1, 2016 |
| | Trial Date:    December 8. 2020 |

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........................................................................................... 1

II. FACTUAL BACKGROUND ......................................................................... 2

    A. Judge Bernal's Scheduling Notice and Order ........................................ 2

    B. Defendant's Expert Designation, Deposition, and Reports ................... 2

II. ARGUMENT ................................................................................................... 3

    A. Defendant's Expert Designation Was Timely ........................................ 3

    B. Plaintiff Is Not Prejudiced By The Timing of Mr. Cannon's Disclosure And Plaintiff's Refusal to Depose Mr. Cannon ................... 4

        1. Defendant's Conduct Was Not Egregious In Nature and the Timing of Its Production of Its Expert Was Reasonable ........ 5

        2. Defendant and the Court Will Be Severely Prejudiced By The Exclusion of Its Expert ......................................................... 6

    C. Plaintiff Continually Acts In Bad Faith And Should Not Reap The Benefits ............................................................................................ 8

III. CONCLUSION .............................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Barrett v. Atlantic Richfield Co.*
   95 F.3d 375 (5th Cir.1996) .......................................................................... 5

*Exxon Corp. v. Halcon Shipping Co., Ltd.*
   156 F.R.D. 586 (D.N.J.1994) ...................................................................... 5

*Macias v. Perez*
   No. 10CV973-MMA BGS, 2011 WL 2669475 (S.D. Cal. July 7, 2011) ........................................................................................................... 4

*Parker v. Freightliner Corp.*
   940 F.2d 1019 (7th Cir.1991) ...................................................................... 5

*UMG Recordings, Inc. v. Am. Home Assurance Co.*
   No. CV0404756DDPRNBX, 2006 WL 8451158 (C.D. Cal. Feb. 27, 2006) ........................................................................................................... 5

*Wendt v. Host Int'l, Inc.*
   125 F.3d 806 (9th Cir.1997) ........................................................................ 4

**Statutes**

Americans with Disabilities Act ......................................................................... 1

Cal. Civ. Proc. Code § 437(c) ............................................................................. 6

Cal. Civ. Proc. Code § 2034.230 ........................................................................ 6

California's Unruh Civil Rights Act ................................................................... 1

California's Unruh Civil Rights Act ............................................................. 1, 2

Manning Law ...................................................................................................... 9

**Other Authorities**

Fed R. Civ. P. 26(A)(2)(C) ..................................................................... 2, 3, 4, 6

Fed.R.Civ.P. 37 ................................................................................................... 4

Local Rule 37 ...................................................................................................... 8

Rule 37(b)(2) .................................................................................................... 5

Rule 37(c)(1) .................................................................................................... 4

## I. INTRODUCTION

Plaintiff Guillermo Robles ("Plaintiff") filed this form lawsuit against Defendant Domino's Pizza LLC ("Defendant") for allegedly denying Plaintiff, who claims to be visually impaired, full and equal access to its website and mobile application in alleged violation of the Americans with Disabilities Act ("ADA"), as well as California's Unruh Civil Rights Act ("Unruh Act"). Plaintiff seeks to exclude Defendant's expert Aaron Cannon ("Mr. Cannon"), co-founder of Accessible360 and an expert in the area of digital accessibility – a crucial witness for both Defendant's case and the fact-finder's education on accessibility software, mediums for websites and mobile applications, variations in operating systems, browsers, and devices, and the navigation of company websites and mobile applications as a visually-impaired user.

Plaintiff's motion should be denied for several, independent reasons. First, Defendant timely produced its expert designation under the law. Plaintiff's Motion conveniently omitted the timeline of the Court's Notice and Scheduling Order and the practical application of the law. Second, Plaintiff suffers no prejudice as a result of the dates proposed by Defendant. Contrary to his suggestion, Plaintiff provides no statutes or case law supporting his proposition that he entitled to expert depositions in advance of dispositive motions. Rather, this is a clear effort to exclude an expert witness damaging to Plaintiff's case. The prejudice to Defendant in excluding Mr. Cannon would far exceed any impact to Plaintiff's case. There are no disability access regulations or standards for websites or mobile applications that have been adopted under the ADA or the Unruh Act. Further, this is the first website accessibility case to go to trial in the Central District of California. Mr. Cannon's testimony provides high probative value to this Court. An exclusion of Mr. Cannon would amount to a default sanction to Defendant, which is not warranted given Defendant's general effort to comply with discovery deadlines and cooperate with counsel for Plaintiff.

To make matters worse, Plaintiff intentionally waited until after the discovery cut-off to bring this Motion and refused to coordinate with counsel for Defendant. Plaintiff has exhibited an interest in trial strategy over factual investigation and trying this case on the merits. He has repeatedly disregarded discovery rules and continually attempted to use the September 21, 2020 date as a sword against Defendant despite his refusal to meet and confer. The Court should not condone Plaintiff's misconduct and should deny outright his motion for exclude Defendant's expert Aaron Cannon.

## II. FACTUAL BACKGROUND

### A. Judge Bernal's Scheduling Notice and Order

On July 15, 2020, Judge Bernal issued a Scheduling Notice and Order listing "Trial is continued to 12/8/2020 at 9:00 a.m.; Final Pretrial Conference is continued to 11/23/2020 at 11:00 a.m.; Discovery Cut-Off: 9/21/2020; Dispositive Motion Cut-Off: 10/26/2020." (Dkt. No. 89.) The Scheduling Order was silent regarding form orders or expert discovery cut-off. (*Id.*).

### B. Defendant's Expert Designation, Deposition, and Reports

In compliance with Fed R. Civ. P. 26(A)(2)(C) and relying on the December 8, 2020 trial date, Defendant served its Expert Designation and expert Aaron Cannon's Report and Response to Plaintiff's Expert's Findings on September 9, 2020. (Declaration of Bradley J. Leimkuhler ("Leimkuhler Decl."), ¶ ¶ 5.) On September 10, 2020, Plaintiff noticed the deposition of expert Aaron Cannon for September 17, 2020 at 10:30 a.m. - the same date and time that the deposition of Plaintiff's expert, Rosemary Musachio, was scheduled to go forward. (*Id.*, ¶ 6, Exh. B to Leimkuhler Decl.) Given that expert was unavailable on that date, and all counsel were presumably unavailable as well due to the Musachio deposition, Defendant provided alternative dates to counsel for Plaintiff. (*Id.*, ¶ 7.) Plaintiff refused these available dates. (*Id.*, ¶ 7.) Despite Plaintiff's refusal to engage in further discussions regarding Mr. Cannon and his deposition, on September 24, 2020,

Mr. Cannon provided a supplemental report to counsel for Plaintiff in response to Ms. Musachio's deposition testimony from September 17, 2020. (*Id*., ¶ 8, Exh. C to Leimkuhler Decl.) Defendant and its counsel remain willing to produce Mr. Cannon for deposition at a mutually convenient date and time. (*Id*., ¶ 9.)

## II.  ARGUMENT

Plaintiff relies heavily on inapplicable case law and documentation, but his Motion ultimately fails under the relevant law and facts. Mr. Cannon's designation was timely and Plaintiff's gross mischaracterization of the record is another display of his bad faith discovery tactics to gain an advantage at trial.

### A.  Defendant's Expert Designation Was Timely

Plaintiff argues that the parties were to disclose their expert witnesses no later than July 13, 2020 based on the September 21, 2020 discovery cut-off date. (Motion, at p. 3.) However, Judge Bernal's Scheduling Order setting that discovery cut-off date was not issued until July 15, 2020 – two days after the date Plaintiff contends was the deadline to designate experts. (Dkt. No. 89.) That position is entirely illogical and unreasonable.

Under Federal Rule of Civil Procedure 26(A)(2)(C), expert "disclosures must be made…at least 90 days before the date set for trial or for the case to be ready for trial." Fed R. Civ. P. 26(A)(2)(C). Plaintiff acknowledges this Rule, but insists that Judge Bernal's Standard Civil Trial Scheduling Order controls expert disclosures. (Motion, at p. 3.) As outlined above, it was impossible for Defendant to know about the July 13 date at that time given that the discovery cut-off date was not set yet. Further, the Magistrate Judge addressed Plaintiff's misplaced reliance on the form order in his Minute Order on Defendant's Motion to Compel on September 25, 2020 stating:

> Plaintiff principally relies on a form order found on the Court's website, a form order the District Judge did not expressly enter in this case. An April 20, 2020 text entry did direct the parties to "familiarize themselves with Judge Bernal's procedures and Schedules located on the Court's website." However, this directive may have intended to

reference only the information located on the website under the subheadings "Law and Motion Schedule" and "Judge's Procedures." It is not at all clear that the April 20, 2020 text entry also intended the issuance any of the form orders located under the subheading "Orders & Additional Documents," most of which appear unsuited to this case as the case then existed.  (Dkt. No. 96.)

Since Defendant could not have reasonably known about the July 13, 2020 date until July 15, 2020 and Defendant's reliance on Fed R. Civ. P. 26(A)(2)(C) was entirely reasonable given the timeline, Defendant's expert designation of Aaron Cannon on September 9, 2020 must be considered timely.

### B. Plaintiff Is Not Prejudiced By The Timing of Mr. Cannon's Disclosure And Plaintiff's Refusal to Depose Mr. Cannon

Defendant offered to make Mr. Cannon available for deposition.  Plaintiff refused to discuss those dates.  Now, Plaintiff contends that he is prejudiced by his refusal to take Mr. Cannon's deposition.  Plaintiff's tactic in regards to depositions has been to prepare notice for unilaterally scheduled dates, refuse to communicate or accommodate witness schedules, and then move for punitive measures.  Any prejudice is a result of Plaintiff's own making and Defendant would truly be the prejudiced party.

Pursuant to Rule 37(c)(1), a party can dispute a request for exclusion by showing that the failure was substantially justified or is harmless."  The purpose of the "harmless" provision is "to avoid unduly harsh penalties in a variety of situations."  Fed.R.Civ.P. 37 advisory committee notes.  The Ninth Circuit "give[s] particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)."  *Macias v. Perez*, No. 10CV973-MMA BGS, 2011 WL 2669475, at *2 (S.D. Cal. July 7, 2011).  The following factors are used to guide the court's discretion: "1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to the defendants; 4) the public policy favoring disposition of cases on their merits; 5) the availability of less drastic sanctions."  *Wendt v. Host Int'l, Inc*., 125 F.3d 806, 814 (9th Cir.1997).

1. Defendant's Conduct Was Not Egregious In Nature and the Timing of Its Production of Its Expert Was Reasonable

The case law cited by Plaintiff in support of exclusion of experts is inapplicable as each case involves a party's explicit refusal to produce its expert witness. Cases that have upheld exclusion of the expert witness as a sanction under Rule 37(b)(2) for failure to comply with the court's scheduling conference order, involve multiple factors such as several missed deadlines, bad faith conduct, and disobeyed discovery orders. *Exxon Corp. v. Halcon Shipping Co., Ltd.*, 156 F.R.D. 586 (D.N.J.1994), order aff'd, 156 F.R.D. 589 (1994); *Parker v. Freightliner Corp.*, 940 F.2d 1019 (7th Cir.1991) (missed status hearing, failed to file discovery requests, no response to discovery, disobeyed discovery orders); *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375 (5th Cir.1996) (experts failed to appear at depositions, failed to have opinions set, experts failed to do necessary work to complete by deadline).) Unlike these parties, **Defendant was and is willing to produce its expert** and does not have a history of noncompliance; Plaintiff simply shutdown discussions relating to dates when he did not get the single date he requested. (Leimkuhler Decl., ¶¶ 7, 9.) Rather, Defendant timely designated its expert and included his report, continually attempted to work with Plaintiff's counsel, discussed possible stipulations regarding extension of discovery and dispositive motion deadlines, and did its best to produce its expert as soon as possible in a time period truncated by an unresponsive opposing counsel and several discovery issues. *UMG Recordings, Inc. v. Am. Home Assurance Co.*, No. CV0404756DDPRNBX, 2006 WL 8451158, at *2 (C.D. Cal. Feb. 27, 2006) (the Court denied Plaintiff's motion to strike the plaintiff's expert designations and reports and to preclude the defendant from offering any expert testimony because the punitive nature of other cases did not apply to the facts of the matter before the Court); (Leimkuhler Decl., ¶ 9.). Defendant's behavior simply does not amount to egregious, evasive, or in bad faith.

Of note, several of the cases cited by Plaintiff include factual backgrounds relating to the fact discovery cut-off and expert discovery cut-off. In those cases, the expert discovery often fell one week to one month following the fact discovery cut-off. Here, this would make sense, given that the Expert Disclosure was to be made by September 9, 2020 and any rebuttal experts could presumably be designated by October 9, 2020. Fed. R. Civ. Proc. 26(A)(2)(C). Plaintiff's hardline stance on the September 21, 2020 date and using it as a weapon against Defendant is not and was not in the spirit of cooperation and resolution of discovery issues. Particularly notable is that Plaintiff continually used the discovery cut-off against Defendant for production of its deponents, while Plaintiff refused to meet and confer regarding his own discovery responses. Due to Plaintiff's refusal to meet and confer, the Court has since ordered his supplemental responses no later than Friday, October 9, 2020 (nearly three weeks after the September 21, 2020 discovery cut-off date). (Dkt. No. 96.) Ideally, Mr. Cannon's deposition would have taken place as soon as possible; however, given the timeline, scheduled depositions of Plaintiff's deponents on September 17 and September 21, that did not happen and is being unnecessarily further delayed by this Motion. (Leimkuhler Decl., ¶¶ 6, 7, and 9.)

### 2. Defendant and the Court Will Be Severely Prejudiced By The Exclusion of Its Expert

Plaintiff contends that he is suffering prejudice, but that is manufactured by his refusal to cooperate. Plaintiff received three dates for which Mr. Cannon would be available for deposition, all within 10-12 days of the discovery cut-off. (Leimkuhler Decl., ¶ 7.) Plaintiff contends that those three dates were after various deadlines causing him harm. However, expert discovery deadlines routinely fall after dispositive motion and fact discovery deadlines. Under California law, expert disclosures take place fifty (50) days before trial. Cal. Civ. Proc. Code § 2034.230. Whereas, motions for summary judgment must be filed 105 days before trial. Cal. Civ. Proc. Code § 437(c). Although not specifically outlined in each case, federal

courts often mirror this structure.  Further, logically speaking, it is highly unlikely that Plaintiff's motion for summary judgment would be successful in light of disputed issues of fact based on competing expert testimony.  Plaintiff's argument that he was prejudiced in preparation of his dispositive motions is unpersuasive.

Rather than an actual prejudice to Plaintiff, in weighing whether Plaintiff wanted to try this case on the merits (including Mr. Cannon's testimony) against trial strategy and gamesmanship, Plaintiff chose the latter and refused the dates for Mr. Cannon's deposition.  Instead, Plaintiff unilaterally noticed the deposition for a date on unreasonably short notice, refused to discuss the date with Defendant, and insisted on an impossible schedule.  This is reflective of a pattern of discovery abuse and gamesmanship to avoid litigating this matter on the merits.

If Defendant's expert opining on the accessibility of the website and mobile application (the issues central to this case) is excluded from this matter, this exclusion will undoubtedly prejudice the Court and Defendant.  (Expert Aaron Cannon's Report, Exh. A to Manning Decl. in support of Motion for Sanctions; Video of Defendant's Expert, Dkt. No. 101-9.)  Mr. Cannon's testimony is highly informative and probative.  (*Id*.)  He is able to opine on the use of screen reader software, exemplify its use on various platforms, and thoroughly explain the variations in functionality – including different browsers, devices, potential user error, and the challenges associated frequent changes in technology to software and browsers.  (*Id*.) Mr. Cannon also raises a number of questions regarding the reliability of Plaintiff's expert's opinions and Plaintiff's contentions in this action.  This would be the first website accessibility case to go to trial in the Central District of California and will inform the legal community setting both factual and legal standards – a website expert adds great value to the claims at issue.  To exclude expert Aaron Cannon would substantially deny Defendant and this Court of valuable testimony to assist with the understanding of this complicated technology.

The delay in taking Mr. Cannon's deposition is of Plaintiff's making. Taking Mr. Cannon's deposition on September 29 – October 1 did not significantly prejudice Plaintiff's case. Those dates were nearly two months in advance of trial, within 10-12 days of the discovery cut-off, and Plaintiff was armed with two thorough expert reports regarding Mr. Cannon's testimony served on September 9, 2020 and September 24, 2020 – prior to dispositive motion deadlines. (Exh. B to Leimkuhler Decl.) Alternatively, Defendant will be severely prejudiced by Mr. Cannon's exclusion. Mr. Cannon's opinions are central to Defendant's case (as Plaintiff is aware), and an exclusion of Mr. Cannon would amount to a default judgment, the most severe of sanctions.

For these reasons, the Court should deny Plaintiff's Motion and order the parties to agree upon a mutually convenient date and time for Mr. Cannon's deposition.

### C. **Plaintiff Continually Acts In Bad Faith And Should Not Reap The Benefits**

Plaintiff has exhibited an interest in trial strategy over factual investigation and trying this case on the merits. He has repeatedly disregarded discovery rules and continually attempted to use the September 21, 2020 date as a sword against Defendant despite his refusal to meet and confer. (Dkt. Nos. 94 and 96.) As a result of Plaintiff's failure to engage in simple conversations and to cooperate regarding discovery (written discovery and party depositions), Defendant was forced to bring its Motion to Compel which resulted in the Court compelling Plaintiff to produce of items and further responses. (Dkt. No. 96.) In his Order, the Magistrate Judge recognized that "Plaintiff, not Defendant…failed timely to cooperate in Local Rule 37 procedures in advance of the filing of the Motion." (*Id*.) Although, the Magistrate Judge did not address the issue of spoliation, Plaintiff openly and cavalierly admits to the destruction of the relevant iPhone at issue in this case and views it as a non-issue. (Dkt. Nos. 90, 94-96.)

Plaintiff is trying to either bury that spoliation and/or fabricate discovery issues by Defendant to taint Defendant's image with the Court. The record speaks for itself. In fact, Plaintiff did not raise any issue with critical pieces of Defendant's defense and witnesses until September 15, 2020, after Defendant's Motion to Compel was filed and nearly fully briefed. On September 21, 2020, during the meet and confer on this motion, Defendant again offered to produce Mr. Cannon at a mutually convenient date. On September 28, 2020, Plaintiff's gamesmanship reached its peak in bringing two motions to exclude Defendant's expert and party witness, essentially the entirety of Defendant's case. (Dkt. Nos. 99 and 100.) Throughout August 2020, Defendant tried to schedule a meet and confer call with Plaintiff's counsel regarding written discovery and depositions. (Leimkuhler Decl., ¶ 4.) As the Magistrate Judge recognized in Defendant's Motion to Compel, Plaintiff refused to cooperate. (Dkt. No. 96.) Plaintiff declined deposition dates and misstates the evidence.

Most recently, Plaintiff's counsel has misrepresented the findings of Plaintiff's expert Rosemary Musachio in his Motion for Summary Judgment, directly conflicting with his expert's report. (Dkt. No. 97, 97-7 (Musachio Decl.)) Many of the facts outlined in the Motion for Summary relating to Musachio's opinions were never previously disclosed, specifically her review of the website on September 16, 2020. These new findings were not discussed in deposition, but, more importantly, Plaintiff never supplemented Musachio's July 2020 report.[1] To the contrary, during expert's deposition on September 17, 2020, counsel for Defendant directly asked Plaintiff's counsel about a September 16, 2020 report

---

[1] Plaintiff also failed to supplement her report to identify another matter where Ms. Musachio had given deposition testimony. Defendant learned that for the first time during Ms. Musachio's deposition that she had also given deposition testimony on July 24, 2020 in a separate website accessibility matter for the Manning Law Firm, thus depriving Defendant of the opportunity to fully prepare for the deposition.

mentioned by Musachio.  In response, counsel for Plaintiff advised that the September 16, 2020 report was just a "draft".

Despite the tactics and game play, Defendant wants to sift through the mud and get to the heart of the issues so that there is clarification for the court and legal community.  For these reasons, **Defendant remains willing to produce the expert for deposition**; although, by the time this motion is heard, it will be nearly a month past the original dates proposed by Defendant.

## III. CONCLUSION

For the above reasons, Defendant respectfully requests that the Court deny Plaintiff's motion for to exclude Defendant's expert Aaron Cannon.

Dated:  October 5, 2020

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By   */s/ Gregory F. Hurley*
    GREGORY F. HURLEY

Attorneys for DOMINO'S PIZZA LLC