# Exhibit A



**U.S. Department of Justice**

Office of Legislative Affairs

Office of the Assistant Attorney General                    *Washington, D.C. 20530*

SEP 2 5 2018

The Honorable Ted Budd
U.S. House of Representatives
Washington DC  20515-0001

Dear Congressman Budd:

This responds to your letter dated June 20, 2018, regarding website accessibility for public accommodations under the Americans with Disabilities Act (ADA). We apologize for our delay in responding your letter.

As you may know, on December 26, 2017, the Department of Justice (the Department) published a Notice of Withdrawal of Four Previously Announced Rulemaking Actions in the Federal Register. 82 Fed. Reg. 60932 (Dec. 26, 2017). Two of the withdrawn rulemakings were related to the accessibility of web information and services under the ADA. The first withdrawn rulemaking (RIN 1190-AA61) covered accessibility of web information and services of public accommodations. The second withdrawn rulemaking (RIN 1190-AA65) covered accessibility of web services of state and local governments.

As indicated in the Notice of Withdrawal, the Department is evaluating whether promulgating specific web accessibility standards through regulations is necessary and appropriate to ensure compliance with the ADA. The Department will also continue to review its entire regulatory landscape and associated agenda, pursuant to the regulatory reform provisions of Executive Order 13771, "Reducing Regulation and Controlling Regulatory Costs" and Executive Order 13777, "Enforcing the Regulatory Reform Agenda."

The Department first articulated its interpretation that the ADA applies to public accommodations' websites over 20 years ago. This interpretation is consistent with the ADA's title III requirement that the goods, services, privileges, or activities provided by places of public accommodation be equally accessible to people with disabilities.

The Honorable Ted Budd
Page Two

     Additionally, the Department has consistently taken the position that the absence of a specific regulation does not serve as a basis for noncompliance with a statute's requirements.[1]  Absent the adoption of specific technical requirements for websites through rulemaking, public accommodations have flexibility in how to comply with the ADA's general requirements of nondiscrimination and effective communication.  Accordingly, noncompliance with a voluntary technical standard for website accessibility does not necessarily indicate noncompliance with the ADA.

     We very much appreciate the concerns regarding the impact that the risk of litigation has on covered entities.  The Department remains committed to safeguarding accessibility for individuals with disabilities while also working with covered entities to ensure that compliance with the ADA is feasible and sustainable.  Given Congress' ability to provide greater clarity through the legislative process, we look forward to working with you to continue these efforts.

     We hope this information is helpful.  Please do not hesitate to contact this office if we may provide additional assistance regarding this or any other matter.

Sincerely,

Stephen E. Boyd
Assistant Attorney General

---

[1] In *Robles v. Dominos Pizza,* which you referenced in your letter, the court did not dispute that websites of public accommodations that provide goods or services are subject to the ADA's accessibility requirements.  Rather, the *Robles* court took issue with the plaintiff's position that compliance with a specific technical standard for web accessibility was necessary to comply with the ADA's requirements.