1 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
2 |   Including Professional Corporations
GREGORY F. HURLEY, Cal. Bar No. 126791
3 | ghurley@sheppardmullin.com
BRADLEY J. LEIMKUHLER, Cal. Bar No. 261024
4 | bleimkuhler@sheppardmullin.com
STACY M. DOMINGUEZ, Cal. Bar No. 279161
5 | sdominguez@sheppardmullin.com
650 Town Center Drive, 10th Floor
6 | Costa Mesa, California 92626-1993
Telephone:  714.513.5100
7 | Facsimile:   714.513.5130

8 | Attorneys for DOMINO'S PIZZA LLC

9 |

10 | UNITED STATES DISTRICT COURT

11 | CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

12 |

13 | GUILLERMO ROBLES,                    Case No. 2:16-cv-06599
                                        Hon. Jesus G. Bernal
          Plaintiff,
14 |                                     **DEFENDANT DOMINO'S PIZZA
     v.                                 LLC'S EVIDENTIARY
15 |                                     OBJECTIONS TO DECLARATION
     DOMINO'S PIZZA LLC,                 OF ROSEMARY MUSACHIO**
16 |
          Defendant.
17 |                                     Date:    October 26, 2020
                                        Time:    9:00 a.m.
18 |                                     Ctrm:    1

19 |
                                        Action Filed:   September 1, 2016
20 |                                     Trial Date:     December 8. 2020

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

Case No. 2:16-cv-06599

1    Defendant Domino's Pizza LLC ("Defendant") hereby submits its

2  Evidentiary Objections to Rosemary Musachio's Declaration in Support of Plaintiff

3  Robles' Motion for Summary Judgment as follows:

| Plaintiff's Material Objected To: | Defendant's Grounds for Objection |
|---|---|
| 1.    Declaration, in its entirety. | 1.    Lacks Foundation (Fed.. R. Evid. 602); Irrelevant (Fed.. R. Evid. 401, 403) since WCAG standards are non-enforceable (RJN, Exh. A and *Robles v. Domino's Pizza LLC*, 913 F.3d 898 (2019) ("Here, Robles does not seek to impose liability based on Domino's failure to comply with WCAG 2.0.").  Ms. Musachio used outdated technology and non-applicable devices (Android as opposed to iPhone).  (*See* Supp. Cannon Decl. ¶9-10. |
| 2.    There are well-established industry guidelines for designing, constructing and maintaining websites so they are accessible to and provide effective communication for blind and visually-impaired persons who use screen-reading software programs.  (¶ 9, lines 23-26.) | 2.    Lacks Foundation (Fed. R. Evid. 602); Irrelevant (Fed. R. Evid. 401, 403) since WCAG standards are non-enforceable. |
| 3.    These guidelines have existed for several years and are successfully followed by large business entities who want to ensure their websites are | 3.    Lacks Foundation (Fed. R. Evid. 602); Irrelevant (Fed. R. Evid. 401, 403) since WCAG standards are non-enforceable.  (RJN, Exh. A and *Robles v.* |

| Plaintiff's Material Objected To: | Defendant's Grounds for Objection |
|---|---|
| accessible to all people. The Web Accessibility Initiative, an initiative of the World Wide Web Consortium, developed guidelines on website accessibility.  (¶ 10, lines 28-3.) | *Domino's Pizza LLC*, 913 F.3d 898 (2019) ("Here, Robles does not seek to impose liability based on Domino's failure to comply with WCAG 2.0."). |
| 4.      The Web Content Accessibility Guidelines ("WCAG") 2.0 and 2.1 standards (available at https://www.w3.org/TR/WCAG20/ and https://www.w3.org/TR/WCAG21/, respectively), easily found on the Internet, recommend several basic components for making websites accessible, including, but not limited to: adding invisible alternative text ("alt-text") to graphics; ensuring all functions can be performed using a keyboard and not just a mouse; ensuring that image maps are accessible and by adding structured headings so blind and visually-impaired people can navigate websites just as sighted people do. WCAG 2.1 is the most recent version of the guidelines, which builds on, but does not | 4.      Lacks Foundation (Fed. R. Evid. 602); Irrelevant (Fed. R. Evid. 401, 403) since WCAG standards are non-enforceable.  (RJN, Exh. A and *Robles v. Domino's Pizza LLC*, 913 F.3d 898 (2019) ("Here, Robles does not seek to impose liability based on Domino's failure to comply with WCAG 2.0."). |

SMRH:4833-9427-9629.1
DEFENDANT'S EVIDENTIARY OBJECTIONS TO DECLARATION OF MUSACHIO

| Plaintiff's Material Objected To: | Defendant's Grounds for Objection |
|---|---|
| contradict, WCAG 2.0.  (¶ 11, lines 4-13.) | |
| 5.     In particular, WCAG 2.1 contains additional guidance for creating accessible mobile applications.  (¶ 11, lines 13-14.) | 5.     Lacks Foundation (Fed. R. Evid. 602); Irrelevant (Fed. R. Evid. 401, 403) since WCAG standards are non-enforceable.  (RJN, Exh. A and *Robles v. Domino's Pizza LLC*, 913 F.3d 898 (2019) ("Here, Robles does not seek to impose liability based on Domino's failure to comply with WCAG 2.0."). |
| 6.     Without these basic components, websites are inaccessible to a blind person using screen-reading software. (¶ 12, lines 15-16.) | 6.     To the extent that Ms. Musachio is indicated that the "basic components" are those guidelines listed in the WCAG, this statement is irrelevant (Fed. R. Evid. 401, 403) since WCAG standards are non-enforceable.  (RJN, Exh. A and *Robles v. Domino's Pizza LLC*, 913 F.3d 898 (2019) ("Here, Robles does not seek to impose liability based on Domino's failure to comply with WCAG 2.0."). |
| 7.     Numerous large business entities have used these guidelines, or have otherwise been able to make their websites accessible, including adding alt-text to graphics and ensuring that all functions can be performed using a keyboard.  (¶ 13, lines 17-19.) | 7.     Lacks Foundation (Fed.. R. Evid. 602); Irrelevant (Fed. R. Evid. 401, 403). Ms. Musachio has not established a foundation for this statement.  Despite working as an IT Accessibility Consultant, she has not established that her companies are "large" (use of "large" is also |

| Plaintiff's Material Objected To: | Defendant's Grounds for Objection |
|---|---|
| | objectionable given its vagueness and relevant to Defendant).  Further, this is immaterial because the WCAG standards are not a legal standard and non-enforceable.  Finally, Ms. Musachio testified that 80% of her total workload is simply reviewing websites for the Manning Law Firm.  Musachio Trancript at 14:15-18, from *Castillo v. Ruby's Red Ribbon, Inc.*, Los Angeles Superior Court Case No. 19PSCV00641 dated July 24, 2020   She did not testify to actual work for any named companies nor could she recall a single website that she believed to be accessible. Musachio Tr. 12:15-17. |
| 8.      I use JAWS as the recognized "gold-standard" screen-reading software program to evaluate services, such as websites and screen-reading software programs.  (¶ 16, lines 26-28.) | 8.      Lacks Foundation for a statement that JAWS is the "gold-standard".  (Fed. R. Evid. 602) |
| 9.      The built-in screen reader by Google integrated into Android devices is the Talkback program. Android also offers methods to integrate accessibility features and services to improve an application's | 9.      Lacks Foundation (Fed. R. Evid. 602); Irrelevant (Fed. R. Evid. 401, 403). Mr. Robles alleged and testified that he used an iPhone to access the Domino's Mobile Application.  As such, use of an Android device is irrelevant to his claims. |

Case No. 2:16-cv-06599

| Plaintiff's Material Objected To: | Defendant's Grounds for Objection |
|---|---|
| usability for users with disabilities. Accessibility resources for Android applications can be found through Android's development website (https://developer.android.com/guide/topics/ui/accessibility) (¶ 18, lines 8-12.) | *See Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 909 n.7 (9th Cir. 2011). |
| 10.    Upon request from counsel for Plaintiff Guillermo Robles, at various times throughout this litigation, in September 2016, March 2017, May 2019, January 30, 2020, May 29, 2020, and most recently on September 16, 2020, I conducted assessments of webpages on dominos.com and on Defendant's mobile application, to determine its accessibility to those with visual impairments.  (¶ 20, lines 20-24.) | 10.    Regarding Ms. Musachio's September 16, 2020 assessment, Ms. Musachio's finding are objectionable and should be stricken as she failed to opine on these findings at deposition and failed to disclose prior to or at the time of her deposition.  *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011) (opining that Plaintiff cannot raise "new" barriers for the first time at summary judgment.) Moreover, at deposition, when asked about what Ms. Musachio found in her most recent report, counsel for Plaintiff stated that it was a privileged "draft" and, therefore, not discoverable.  Musachio Tr. at 35:22-36:14.  Additionally, Ms. Musacio's findings in 2019 regarding the website are not relevant because they do not bear on the current state of the website and do not bear on Plaintiff's alleged |

| Plaintiff's Material Objected To: | Defendant's Grounds for Objection |
|---|---|
| | experience with the website in 2015 and 2016. |
| 11.   In evaluating Defendant's website, I used assistive technology, including JAWS screen-reading software.  (¶ 20, lines 24-26.) | 11.   Lacks Foundation (Fed. R. Evid. 602); Irrelevant (Fed. R. Evid. 401, 403). Ms. Musachio testified when she "tested" Defendant's website she used an outdated version of the JAWS screen reading software.  This calls into question all of her findings because it is not possible to know whether she could have replicated, or bypassed, the alleged issues with a more modern screen reader.   Supp. Cannon Declaration at 8. |
| 12.   In evaluating Defendant's mobile application, I used assistive technology, including the TalkBack screen reader.  (¶ 20, lines 24-26.) | 12.   Lacks Foundation (Fed. R. Evid. 602); Irrelevant (Fed. R. Evid. 401, 403). Mr. Robles testified that he used an iPhone to access the Domino's Mobile Application.  As such, use of Android is irrelevant to his claims. |
| 13.   I found a number of accessibility barriers and deficiencies in the Website that prevent blind individuals like Mr. Robles from accessing it on an equal basis as sighted users.  (¶ 22, lines 9-11.) | 13.   Lacks Foundation (Fed. R. Evid. 602); Irrelevant (Fed. R. Evid. 401, 403). Ms. Musachio testified when she "tested" Defendant's website she used an outdated version of the JAWS screen reading software.  This calls into question all of her findings regarding the website, this paragraph and all subsequent subparts, |

| Plaintiff's Material Objected To: | Defendant's Grounds for Objection |
|---|---|
| | because it is not possible to know whether she could have replicated, or bypassed, the alleged issues with a more modern screen reader. |
| 14.   My most recent review of Domino's Website on September 16, 2020, revealed new and continued barriers for blind and visually-impaired persons that include but are not limited to the following (¶ 23, lines 10-12.) | 14.   Regarding Ms. Musachio's September 16, 2020 assessment, Ms. Musachio's findings are objectionable and should be stricken as she failed to opine on these findings at deposition and failed to disclose prior to or at the time of her deposition. *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011) (opining that Plaintiff cannot raise "new" barriers for the first time at summary judgment.) Moreover, at deposition, when asked about what Ms. Musachio found in her most recent report, counsel for Plaintiff stated that it was a privileged "draft" and, therefore, not discoverable. |
| 15.  Thus, even while Domino's fixed certain barriers previously identified by Plaintiff, it introduced new barriers to its Website.  (¶ 24, lines 26-27.) | 15.  Lacks Foundation (Fed. R. Evid. 602); Irrelevant (Fed. R. Evid. 401, 403). Ms. Musachio testified when she "tested" Defendant's website she used an outdated version of the JAWS screen reading software.  This calls into question all of her findings regarding the website, this paragraph and all subsequent subparts, |

SMRH:4833-9427-9629.1           DEFENDANT'S EVIDENTIARY OBJECTIONS TO DECLARATION OF MUSACHIO

| Plaintiff's Material Objected To: | Defendant's Grounds for Objection |
|---|---|
| | because it is not possible to know whether she could have replicated, or bypassed, the alleged issues with a more modern screen reader.  Moreover, to the extent that these "new barriers" are only being raised in this Motion, those "new barriers" should be stricken as she failed to opine on these findings at deposition and failed to disclose prior to or at the time of her deposition and Plaintiff did not identify those barriers. *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011) (opining that Plaintiff cannot raise "new" barriers for the first time at summary judgment.); Fed. R. Civ. Proc. 26(e). |
| 16.    On January 30, 2020, I also evaluated the Domino's Mobile App and found a number of accessibility barriers and deficiencies that prevent blind individuals like Mr. Robles from access on an equal basis as sighted users. Those accessibility barriers for blind and visually-impaired individuals on the Mobile App on January 30, 2020, included, but were not limited to, the following (¶ 25, lines 28-4.) | 16.  Irrelevant (Fed. R. Evid. 401, 403). Mr. Robles testified that he used an iPhone to access the Domino's Mobile Application.  As such, use of Android is irrelevant to his claims.  *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011) (opining that Plaintiff cannot raise "new" barriers for the first time at summary judgment.) |
| 17.    On September 16, 2020, I | 17.    Irrelevant (Fed. R. Evid. 401, 403). |

SMRH:4833-9427-9629.1
DEFENDANT'S EVIDENTIARY OBJECTIONS TO DECLARATION OF MUSACHIO

| Plaintiff's Material Objected To: | Defendant's Grounds for Objection |
|---|---|
| reviewed the Mobile App again, which revealed the that the same barriers on the Mobile App remained the same as in January 2020.  (¶ 26, lines 2-4.) | Mr. Robles testified that he used an iPhone to access the Domino's Mobile Application.  As such, use of Android is irrelevant to his claims.  Moreover, Ms. Musachio's September 16, 2020 assessment is objectionable and should be stricken as she failed to opine on these findings at deposition and failed to disclose prior to or at the time of her deposition.  *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011) (opining that Plaintiff cannot raise "new" barriers for the first time at summary judgment.); Fed. R. Civ. Proc. 26(e).  Moreover, at deposition, when asked about what Ms. Musachio found in her most recent report, counsel for Plaintiff stated that it was a privileged "draft" and, therefore, not discoverable. |
| 18.    Domino's Website and Mobile App need not be inaccessible to the blind. Domino's could implement well-established industry guidelines for designing, constructing and maintaining accessible websites, WCAG. Domino's could implement WCAG 2.1 for both the Website and | 18.    Lacks Foundation (Fed. R. Evid. 602); Irrelevant (Fed. R. Evid. 401, 403) since WCAG standards are non-enforceable. |

SMRH:4833-9427-9629.1
DEFENDANT'S EVIDENTIARY OBJECTIONS TO DECLARATION OF MUSACHIO

| Plaintiff's Material Objected To: | Defendant's Grounds for Objection |
|---|---|
| Mobile App, which provides guidance for creating both accessible websites and mobile apps.  (¶ 27, lines 5-9.) | |
| 19.    Numerous large business entities have used these guidelines, or have otherwise been able to make their websites and mobile applications accessible, including adding alt-text to graphics and ensuring that all functions can be performed using a keyboard and without having to use sight to manipulate objects on a mobile device screen.  (¶ 28, lines 10-14.) | 19.    Lacks Foundation (Fed. R. Evid. 602); Irrelevant (Fed. R. Evid. 401, 403).  Ms. Musachio has not established a foundation for this statement.  Despite working as an IT Accessibility Consultant, she has not established that her companies are "large" (use of "large" is also objectionable given its vagueness and relevant to Defendant).  Further, this is immaterial because the WCAG standards are not a legal standard and non-enforceable.  Finally, Ms. Musachio testified that 80% of her total workload is simply reviewing websites for the Manning Law Firm.  She did not testify to actual work for any named companies nor could she recall a single website that she believed to be accessible. |
| 20.    It is my opinion, however, that Defendant has undertaken minimal to no effort over the last four years to make its Website and Mobile App accessible to persons who are blind or visually-impaired.  (¶ 29, lines 15-17.) | 20.    Lacks Foundation (Fed. R. Evid. 602).  Ms. Musachio has no personal knowledge as to the effort taken by Defendant regarding the accessibility of the Website and Mobile Application.  In ¶¶ 24 and 29, she acknowledges fixes to |

SMRH:4833-9427-9629.1     DEFENDANT'S EVIDENTIARY OBJECTIONS TO DECLARATION OF MUSACHIO

| Plaintiff's Material Objected To: | Defendant's Grounds for Objection |
|---|---|
| | alleged "barriers", which runs against her opinion that Defendant has "undertaken minimal effort". |
| 21.   Even as certain specific barriers that I identified in my expert report were corrected just this month, new barriers were introduced. This indicates that Domino's does not have the policies and procedures in place to maintain an accessible website.  (¶ 29, lines 17-20.) | 21.   Lacks Foundation (Fed. R. Evid. 602).  Ms. Musachio has no personal knowledge as to Defendant's policy regarding accessibility of the Website and Mobile Application.  Moreover, to the extent that these "new barriers" are only being raised in this Motion, those "new barriers" should be stricken as she failed to opine on these findings at deposition and failed to disclose prior to or at the time of her deposition and Plaintiff did not identify those barriers. *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011) (opining that Plaintiff cannot raise "new" barriers for the first time at summary judgment.); Fed. R. Civ. Proc. 26(e). |
| 22.   I estimate that it would cost between $5,000 and $20,000 to remediate Domino's website to provide an equal user experience to the blind, and another $5,000 to $20,000 to remediate the Mobile App.  (¶ 30, lines 21-24.) | 22.   Lacks Foundation (Fed.. R. Evid. 602); Irrelevant (Fed. R. Evid. 401, 403); Duty to Supplement Disclosures (Fed. R. Civ. Proc. 26(e). Ms. Musachio is not a programmer and has never done any coding.  (Musachio Tr. at 23:22-24:3).  As such, she lacks the basis for an opinion on the costs |

SMRH:4833-9427-9629.1   DEFENDANT'S EVIDENTIARY OBJECTIONS TO DECLARATION OF MUSACHIO
Case No. 2:16-cv-06599

| Plaintiff's Material Objected To: | Defendant's Grounds for Objection |
|---|---|
| | associated with her proposed "fixes". Further, Ms. Musachio failed to supplement her report to include this information.  *See* Leimkuhler Decl. ¶ 3, Exh. C. |

Dated:  October 5, 2020

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____/s/ *Gregory F. Hurley*_____
GREGORY F. HURLEY

Attorneys for DOMINO'S PIZZA LLC