```
 1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
       A Limited Liability Partnership
 2     Including Professional Corporations
    GREGORY F. HURLEY, Cal. Bar No. 126791
 3  ghurley@sheppardmullin.com
    BRADLEY J. LEIMKUHLER, Cal. Bar No. 261024
 4  bleimkuhler@sheppardmullin.com
    STACY M. DOMINGUEZ, Cal. Bar No. 279161
 5  sdominguez@sheppardmullin.com
    650 Town Center Drive, 10th Floor
 6  Costa Mesa, California 92626-1993
    Telephone:   714.513.5100
 7  Facsimile:   714.513.5130
 8  Attorneys for DOMINO'S PIZZA LLC
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GUILLERMO ROBLES,<br><br>  Plaintiff,<br><br>v.<br><br>DOMINO'S PIZZA LLC,<br><br>  Defendant. | Case No. 2:16-cv-06599<br>Hon. Jesus G. Bernal<br><br>**DEFENDANT DOMINO'S PIZZA LLC'S EVIDENTIARY OBJECTIONS TO DECLARATION OF PLAINTIFF GUILLERMO ROBLES**<br><br>Date:  October 26, 2020<br>Time:  9:00 a.m.<br>Ctrm:  1<br><br>Action Filed: September 1, 2016<br>Trial Date:   December 8. 2020 |

1  Defendant Domino's Pizza LLC ("Defendant") hereby submits its
2  Evidentiary Objections to Plaintiff Guillermo Robles' Declaration in Support of
3  Plaintiff Robles' Motion for Summary Judgment as follows:

| Plaintiff's Material Objected To: | Defendant's Grounds for Objection |
|---|---|
| 1.     I prefer to use the Job Access with Speech ("JAWS") screen reader on my laptop to access the Internet and Apple's built-in VoiceOver screen reader on my iPhone.  (¶ 4, lines 10-12.) | 1.     Plaintiff failed to preserve his iPhone or browser history in violation of longstanding discovery rules.  *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006) (quoting Fed. R. Civ. P. 37(b)(2) ); *Montoya v. Orange Cty. Sheriff's Dep't*, No. SACV 11-1922 JGB, 2013 WL 6705992, at *11 (C.D. Cal. Dec. 18, 2013).  As a result, Plaintiff cannot establish that he, in fact, used the JAWS software on his laptop or Apple iPhone or what version he was using in allegedly attempting to order a pizza.  Moreover, Defendant is foreclosed from testing Plaintiff's assertions regarding accessibility of the Mobile Application and Website.   This prejudices Defendant because the only testimony supporting his claim is his own self-serving statements. |
| 2.     I am a proficient JAWS and VoiceOver user and I regularly use both screen readers to access website and mobile applications.  (¶ 5, lines 13-14.) | 2.     Lacks Foundation (Fed. R. Evid. 602); Improper Opinion Testimony (Fed. R. Evid. 701, 702).

Plaintiff has provided no foundation for |

| Plaintiff's Material Objected To: | Defendant's Grounds for Objection |
|---|---|
| | his proficiency with VoiceOver technology.  Moreover, despite training on JAWS over twenty years ago, Plaintiff cannot accurately assess his skill level with either JAWS or VoiceOver software platforms. |
| 3.    Some examples of websites that I regularly use that are accessible to me are Amazon, Instacart, L.A. Times, Wal-Mart, Bath & Body Works, and BestBuy. Dunkin' Donuts, Applebee's, and IHOP, and Subway are other websites that I have gone to recently, and have found them to be accessible. (¶ 12, lines 5-8.) | 3.    Plaintiff is not qualified to offer an opinion as to what is "accessible."  Lacks Foundation (Fed. R. Evid. 602); Improper Opinion Testimony (Fed. R. Evid. 701, 702).  Further, Plaintiff has filed lawsuits and since received some form of settlement from the listed entities.  *See Robles v. Dunkin Brands*, Case No. 17-cv-01086 (filed 2/10/2017).  Additionally, Plaintiff destroyed his browser history and Plaintiff cannot support any statements relating to the accessibility of other websites.  *Montoya*, 2013 WL 6705992, at *11.  This prejudices Defendant because the only testimony supporting his claim is his own self-serving statements.  (Fed. R. Evid. 403.) |
| 4.    Mobile applications that I regularly use that I have found accessible on my iPhone include a lot of news apps like AP Mobile, ABC | 4.    Plaintiff destroyed his iPhone and Plaintiff cannot support any statements relating to the accessibility of other mobile application. *Montoya*, 2013 WL |

| Plaintiff's Material Objected To: | Defendant's Grounds for Objection |
|---|---|
| News, and the L.A. Times. Other mobile apps I use include Amazon, DoorDash, and Postmates.  (¶ 13, lines 9-11.) | 6705992, at *11.  This prejudices Defendant because the only testimony supporting his claim is his own self-serving statements.  (Fed. R. Evid. 403.)  Additionally, Plaintiff is not qualified to offer an opinion as to what is "accessible."  Lacks Foundation (Fed. R. Evid. 602); Improper Opinion Testimony (Fed. R. Evid. 701, 702). |
| 5.   An inaccessible website often does not have headings and has code bleeding where a graphic is just described as numbers and characters that are unintelligible.  (¶ 15, lines 19-21.) | 5.   Plaintiff is not qualified to offer an opinion as to what features of a website qualify as "inaccessible".  Lacks Foundation (Fed. R. Evid. 602); Improper Opinion Testimony (Fed. R. Evid. 701, 702). |
| 6.   Inaccessible websites also often have areas in the site that do not say anything or will not let me proceed when I use arrow and tab keys.  (¶ 15, lines 21-22.) | 6.   Plaintiff is not qualified to offer an opinion as to what features of a website qualify as "inaccessible."  Lacks Foundation (Fed. R. Evid. 602); Improper Opinion Testimony (Fed. R. Evid. 701, 702). |
| 7.   These types of inaccessible websites prevent me from locating and understanding products or information that I am interested in, or prevent me from ordering a product.  (¶ 15, lines 22-24.) | 7.   Plaintiff is not qualified to offer an opinion as to what features of a website qualify as "inaccessible".  Lacks Foundation (Fed. R. Evid. 602); Improper Opinion Testimony (Fed. R. Evid. 701, 702). |

| Plaintiff's Material Objected To: | Defendant's Grounds for Objection |
|---|---|
| 8. Domino's website was not coded properly for nonvisual access, and I was unable to order a pizza through the website. (¶ 16, lines 25-26.) | 8. Plaintiff failed to outline his education, training, or experience that would allow him to form opinion or conclusions regarding the coding of websites. Lacks Foundation (Fed. R. Evid. 602); Improper Opinion Testimony (Fed. R. Evid. 701, 702). Moreover, Plaintiff destroyed his browser history and Plaintiff cannot establish that he, in fact, attempted to order pizza via the subject website or even what problems he allegedly encountered. *Montoya*, 2013 WL 6705992, at *11. |
| 9. In particular, on Domino's website, I encountered barriers such as unlabeled buttons, boxes, and images without textual descriptions ("alt text"), rotating carousels containing information that did not have alt text and could not be paused, and unstructured headings, which either completely prevented me from accessing information or completing transactions, or made such tasks much more time consuming and laborious than they would be for a sighted user. (¶ 17, lines 27-5.) | 9. Plaintiff destroyed his browser history and Plaintiff cannot establish that he, in fact, attempted to order pizza via the subject website or even what problems he allegedly encountered. *Montoya*, 2013 WL 6705992, at *11. |

| Plaintiff's Material Objected To: | Defendant's Grounds for Objection |
|---|---|
| 10. Because of access barriers on Domino's website, I could not view promotional specials or customize and order my pizza when I attempted to do so on July 18, 2015. (¶ 18, lines 6-8.) | 10. Plaintiff is not qualified to offer an opinion as to what constitutes "access barriers". Lacks Foundation (Fed. R. Evid. 602); Improper Opinion Testimony (Fed. R. Evid. 701, 702). Moreover, Plaintiff destroyed his browser history and Plaintiff cannot establish that he, in fact, attempted to order pizza via the subject website or even what problems he allegedly encountered. *Montoya*, 2013 WL 6705992, at *11. |
| 11. I visited the Domino's website on my laptop again on July 25, 2016, in September 2016, and on February 28, 2017, but I continued to encounter access barriers that prevented me from customizing and ordering a pizza or accessing Domino's promotional specials. (¶ 19, lines 9-12 | 11. Plaintiff destroyed his browser history and Plaintiff cannot establish that he, in fact, attempted to order pizza via the subject website or even what problems he allegedly encountered. *Montoya*, 2013 WL 6705992, at *11. Further, Plaintiff is not qualified to offer an opinion or legal conclusion as to what constitutes "access barriers". Lacks Foundation (Fed. R. Evid. 602); Improper Opinion Testimony (Fed. R. Evid. 701, 702). |
| 12. I have also tried to order pizza, view promotional specials, and attempt to log into the Domino's Mobile Application, which I have accessed through my iPhones. (¶ 20, lines 13- | 12. Plaintiff failed to preserve his iPhone in violation of longstanding discovery rules. *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006) (quoting Fed. R. Civ. P. 37(b)(2) ). As a |

| Plaintiff's Material Objected To: | Defendant's Grounds for Objection |
|---|---|
| 15.) | result, Defendant is foreclosed from evaluating whether Plaintiff accessed the Mobile Application on his iPhone or that he even had the Mobile Application on his iPhone.  This prejudices Defendant because the only testimony supporting his claim is his own self-serving statements. *Montoya*, 2013 WL 6705992, at *11; Fed. R. Evid. 403. |
| 13.    I first attempted to use the Mobile Application on July 25, 2016, and again on June 19, 2019.  (¶ 21, lines 16-17.) | 13.    Plaintiff failed to preserve the relevant iPhone for these alleged days of use in violation of longstanding discovery rules.  *Leon*, 464 F.3d at 958 (quoting Fed. R. Civ. P. 37(b)(2) ).  As a result, Defendant is foreclosed from evaluating whether Plaintiff accessed the Mobile Application on his iPhone on these dates or that he even had the Mobile Application on his iPhone.  This prejudices Defendant because the only testimony supporting his claim is his own self-serving statements. *Montoya*, 2013 WL 6705992, at *11; Fed. R. Evid. 403. |
| 14.    On both occasions, however, I could not begin the pizza building experience, log into the app, or order a pizza on the Mobile App because of | 14.    Plaintiff failed to outline his education, training, or experience that would allow him to form opinion or conclusions regarding whether the Mobile |

| Plaintiff's Material Objected To: | Defendant's Grounds for Objection |
|---|---|
| the app's access barriers.  (¶ 22, lines 18-20.) | Application had "access barriers."  Lacks Foundation (Fed. R. Evid. 602); Improper Opinion Testimony (Fed. R. Evid. 701, 702).  Plaintiff failed to preserve his iPhone in violation of longstanding discovery rules.  *Leon*, 464 F.3d at 958 (quoting Fed. R. Civ. P. 37(b)(2) ).  As a result, Defendant is foreclosed from evaluating whether Plaintiff accessed the Mobile Application on his iPhone or that he even had the Mobile Application on his iPhone.   This prejudices Defendant because the only testimony supporting his claim is his own self-serving statements.  *Montoya*, 2013 WL 6705992, at *11; Fed. R. Evid. 403. |
| 15.    For example, because a menu button on the app was coded incorrectly…  (¶ 23, line 21.) | 15.    Plaintiff failed to outline his education, training, or experience that would allow him to form opinion or conclusions regarding the coding of mobile applications.  Lacks Foundation (Fed. R. Evid. 602); Improper Opinion Testimony (Fed. R. Evid. 701, 702).  Moreover, Plaintiff failed to preserve his iPhone in violation of longstanding discovery rules.  *Leon*, 464 F.3d at 958 (quoting Fed. R. Civ. P. 37(b)(2) ).  As a |

| Plaintiff's Material Objected To: | Defendant's Grounds for Objection |
|---|---|
|  | result, Defendant is foreclosed from testing this assertion, determining what version of iOS he had downloaded on his iPhone, or knowing what settings his screen reading software was set too.  This prejudices Defendant because the only testimony supporting his claim is his own self-serving statements. *Montoya*, 2013 WL 6705992, at *11; Fed. R. Evid. 403. |
| 16.   While I have visited the Website and Mobile App on various occasions since the start of this case to check on whether either are now usable, I have found both the Website and Mobile App to still be inaccessible. This has made me not want to order from Domino's, including by visiting its physical locations.  (¶ 24, lines 24-27.) | 16.   Plaintiff failed to outline his education, training, or experience that would allow him to form opinion or conclusions regarding the accessibility of websites and mobile applications.  Lacks Foundation (Fed. R. Evid. 602); Improper Opinion Testimony (Fed. R. Evid. 701, 702).  Moreover, Plaintiff failed to preserve his iPhone or browser history in violation of longstanding discovery rules. *Leon*, 464 F.3d at 958 (quoting Fed. R. Civ. P. 37(b)(2) ); *Montoya*, 2013 WL 6705992, at *11.  As a result, Defendant is foreclosed from testing Plaintiff's assertions regarding accessibility of the Mobile Application and Website.  This prejudices Defendant because the only testimony supporting his claim is his own |

| Plaintiff's Material Objected To: | Defendant's Grounds for Objection |
|---|---|
| | self-serving statements. |
| 17.   If Domino's fixed its website and mobile app, I would use them to order pizza from Domino's restaurants, as well as to view promotional specials, maintain an online rewards account, and locate the nearest stores. I also plan to use Domino's online platforms in the future when I need to order pizza for someone or if I feel like I want to have Domino's Pizza.  (¶ 25, lines 1-5.) | 17.   Plaintiff failed to outline his education, training, or experience that would allow him to form opinion or conclusions regarding whether the operative website and mobile application require "fixing".  Lacks Foundation (Fed. R. Evid. 602); Improper Opinion Testimony (Fed. R. Evid. 701, 702). Defendant also objects to this testimony on the grounds it is a "sham" declaration given that he does not always return to websites he has sued.  Robles Tr. at 101:14-109:25. |

Dated:  October 5, 2020

                                      SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


                By                 */s/ Gregory F. Hurley*
                                      GREGORY F. HURLEY

                                   Attorneys for DOMINO'S PIZZA LLC