1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GREGORY F. HURLEY, Cal. Bar No. 126791
ghurley@sheppardmullin.com
BRADLEY J. LEIMKUHLER, Cal. Bar No. 261024
bleimkuhler@sheppardmullin.com
STACY M. DOMINGUEZ, Cal. Bar No. 279161
sdominguez@sheppardmullin.com
650 Town Center Drive, 10th Floor
Costa Mesa, California 92626-1993
Telephone:  714.513.5100
Facsimile:  714.513.5130

Attorneys for DOMINO'S PIZZA LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GUILLERMO ROBLES,<br><br>      Plaintiff,<br><br>  v.<br><br>DOMINO'S PIZZA LLC,<br><br>      Defendant. | Case No. 2:16-cv-06599<br>Hon. Jesus G. Bernal<br><br>**DEFENDANT DOMINO'S PIZZA LLC'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Date:   October 26, 2020<br>Time:  9:00 a.m.<br>Ctrm:  1<br><br>Action Filed:  September 1, 2016<br>Trial Date:  December 8. 2020 |

SMRH:4817-9426-9389.4

Defendant Domino's Pizza LLC ("Defendant") hereby submits its Response to Plaintiff's Statement of Uncontroverted Facts as follows:

| Plaintiff's Undisputed Material Facts and Alleged Supporting Evidence | Defendant's Response and Supporting Evidence |
| --- | --- |
| 1.      Domino's provides goods and services to the public.  Declaration of Joseph R. Manning, Jr. ("Manning Decl.") ¶ 2; Exhibit A (Def. Responses to RFAs). | 1.      Undisputed.[1] |
| 2.      Domino's is a pizzeria chain that owns, leases, or operates pizza restaurants throughout California and the rest of the country.  Declaration of Joseph r. Manning, Jr. ("Manning Decl.") ¶ 3. | 2.      Disputed.  Declaration of Joe Deveraux ("Deveraux Decl." located at Dkt. 101-2) at ¶ 2.  Evidentiary Objection – Lacks foundation/personal knowledge. |
| 3.      Domino's owns, operates, controls and/or maintains a Website, Dominos.com, and Mobile App, both of which, among other things, allow individuals to review menu items, customize orders, learn about coupons and promotional specials, sign up for and use rewards accounts, submit online orders, track orders, and find | 3.      Disputed only to the extent that this purports to suggest that Defendant owns, operates, or leases physical "Domino's" locations in California.  Deveraux Decl. at ¶ 2. |

[1] Where a fact is "undisputed," it is undisputed for the purposes of this motion only.

SMRH:4817-9426-9389.4
DEFENDANT'S RESPONSE TO PLAINTIFF ROBLES' STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

| Plaintiff's Undisputed Material Facts and Alleged Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| nearby Dominos' physical locations. Manning Decl., ¶ 2; Exhibit A (Def. Responses to RFAs); Declaration of Rosemary Musachio ("Musachio Decl."), ¶ 21. | |
| 4.    When customers use the Domino's Website and Mobile App, they are viewing and/or purchasing the goods and services offered in connection with Domino's physical locations.  Manning Decl., ¶2; Exhibit A (Def. Responses to RFAs); Musachio Decl., ¶ 21. | 4.    Disputed only to the extent that this purports to suggest that Defendant owns, operates, or leases physical "Domino's" locations in California.  Deveraux Decl. at ¶ 2.  Evidentiary Objection – Lacks foundation/personal knowledge. |
| 5.    Mr. Robles is blind and uses screen-reader software to access the information presented visually on his computer and smartphone. Declaration of Guillermo Robles ("Robles Decl."), ¶ 2. | 5.    Undisputed. |
| 6.    Mr. Robles' screen readers convey the information displayed visually on a screen through speech output or by transmitting text to his refreshable Braille display (an electronic device with pins that rise and fall to form new lines of Braille). | 6.    Undisputed. |

SMRH:4817-9426-9389.4

| Plaintiff's Undisputed Material Facts and Alleged Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| Robles Decl., ¶ 3. | |
| 7.      Mr. Robles tends to use the Job Access with Speech ("JAWS") screen reader on his laptop to access the Internet and Apple's built-in VoiceOver screen reader on his iPhone.  Robles Decl., ¶ 4. | 7.      Undisputed. |
| 8.      Mr. Robles is a proficient JAWS and VoiceOver user and regularly uses both screen readers to access website and mobile applications.  Robles Decl., ¶¶ 5-8. | 8.      Disputed.  October 5, 2020 Declaration of Aaron Cannon ("Supp. Cannon Decl.") at ¶¶ 4-7, and Transcript of Robles Deposition at 76:14-77:14 (attached as Exh. A to October 5, 2020 Declaration of Bradley J. Leimkuhler). |
| 9.      On July 18, 2015, Mr. Robles and a friend were watching a movie and decided to order pizza.  Robles Decl., ¶ 9. | 9.      Disputed.  Evidentiary objection due to spoliation of evidence. |
| 10.     Mr. Robles knew that his friend's son liked Domino's pizza, so he got on his laptop, navigated to the Domino's Website, and attempted to order a customized pizza for delivery from the local Domino's store.  Robles Decl., ¶ 10. Case 2:16-cv-06599-JGB-E Document 97-2 Filed 09/28/20 Page 3 | 10.     Disputed.  Evidentiary objection due to spoliation of evidence.  Disputed to the extent that Plaintiff is suggesting that Defendant owns, controls, or leases a Domino's store in California.  Deveraux Decl. at ¶ 2. |

| Plaintiff's Undisputed Material Facts and Alleged Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| of 38. | |
| 11.  Mr. Robles regularly engages in online shopping, including ordering food from restaurants, and enjoys the convenience and independence of ordering food with a few clicks from his laptop or phone.  Robles Decl., ¶ 11. | 11.  Disputed.  Plaintiff is a serial litigant who files lawsuits for money.  Robles Tr. at 97:8-101:12. |
| 12.  Mr. Robles can recognize why and how a website or mobile app are accessible to him, and provide examples of accessible websites and mobile applications.  Robles Decl., ¶¶ 12-15. | 12.  Disputed.  Plaintiff is a serial litigant who files lawsuits for money.  Robles Tr. at 97:8-101:12; 76:14-77:14; Supp. Cannon Decl. at ¶¶ 4-7.  Evidentiary objection. |
| 13.  Mr. Robles can recognize why and how a website or mobile app are not accessible to him, and provide examples of inaccessible websites and mobile applications. Robles Decl., ¶¶ 12-15. | 13.  Plaintiff is a serial litigant who files lawsuits for money.  Robles Tr. at 97:8-101:12; 76:14-77:14; Supp. Cannon Decl. at ¶¶ 4-7.  Evidentiary objection. |
| 14.  Because Domino's Website is not coded properly for nonvisual access, Mr. Robles was unable to order a pizza through the Website on July 18, 2015.  Robles Decl., ¶ 16. | 14.  Disputed.  Supp. Cannon Decl. at ¶ 14, Exh. A; Robles Tr. 28:24-30:1, 52:14-17, 76:14-77:14, 32:7-22, Transcript of the Deposition of Rosemary Musachio at 28:25-30:1 (Leimkuhler Decl., Exh. B). |

| Plaintiff's Undisputed Material Facts and Alleged Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| 15.   In particular, on July 18, 2015, Mr. Robles encountered barriers such as unlabeled buttons (which left him guessing as to what buttons were for or what information was required in the edit fields), boxes, and images without textual descriptions ("alt text"), rotating carousels containing information that did not have alt text and could not be paused, and unstructured headings (that prevented him from viewing content in an organized fashion, as sighted people do who rely on visual headings in bold or larger font).  Robles Decl. ¶ 17. | 15.   Disputed.  Supp. Cannon Decl. at ¶14, Exh. A; Robles Tr. 28:25-30:1, 52:14-17, 76:14-77:14, 32:7-22, Transcript of the Deposition of Rosemary Musachio at 28:25-30:1 (Leimkuhler Decl., Exh. B). |
| 16.   These barriers either prevented him from accessing information or completing transactions or made such tasks much more time consuming and laborious than they would be for a sighted user. Robles Decl. ¶ 17. | 16.   Disputed.  Cannon Decl. at ¶ 14, Exh. A; Robles Tr. 28:25-30:1, 52:14-17, 76:14-77:14, 32: 7-22, Transcript of the Deposition of Rosemary Musachio at 28:25-30:1 (Leimkuhler Decl., Exh. B). |
| 17.   Because of access barriers, Mr. Robles could not view promotional specials or customize and order his pizza from the Domino's Website when he attempted to do so on July | 17.   Disputed.  Supp. Cannon Decl. at ¶14, Exh. A; Robles Tr. 28:25-30:1, 52:14-17, 76:14-77:14, 32:7-22, Transcript of the Deposition of Rosemary Musachio at 28:25-30:1 (Leimkuhler |

| Plaintiff's Undisputed Material Facts and Alleged Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| 18, 2015.  Robles Decl. ¶ 18. | Decl., Exh. B). |
| 18.    Mr. Robles visited the Domino's Website on his laptop again on July 25, 2016, in September 2016, and on February 28, 2017, but continued to encounter access barriers that prevented him from customizing and ordering a pizza or accessing promotional specials.  Robles Decl. ¶ 19. | 18.    Disputed.  Supp. Cannon Decl. at ¶ 14, Exh. A; Robles Tr. 28:25-30:1, 52:14-17, 59:15-20, 76:14-77:14, 32: 7-22, Transcript of the Deposition of Rosemary Musachio at 28:25-30:1 (Leimkuhler Decl., Exh. B). |
| 19.    When counsel for Domino's asked Mr. Robles to attempt to order a pizza through the Website during his deposition on September 21, 2020, Mr. Robles again encountered access barriers that prevented him from completing his transaction—in this case, an unlabeled edit box that Mr. Robles could not get past while trying to customize his pizza.  Manning Decl. ¶ 5; Exhibit C (Excerpts of the Deposition of Guillermo Robles ("Robles Dep.").  Robles Dep. at 88:11-90:15. | 19.    Disputed.  Supp. Cannon Decl. ¶ 7. This was due to a software bug on JAWS. |
| 20.    When attempting to order a pizza online, as requested by Domino's | 20.    Disputed.  Supp. Cannon Decl. ¶ 7. This was due to a software bug on JAWS. |

SMRH:4817-9426-9389.4

DEFENDANT'S RESPONSE TO PLAINTIFF ROBLES' STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

| Plaintiff's Undisputed Material Facts and Alleged Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| counsel during his deposition on September 21, 2020, Mr. Robles clearly made best efforts to proceed with the order, even trying an alternative method for accessing web content with his screen reader by turning off the reader's "forms mode" and attempting instead to access content by arrowing around the page. He still was not able to customize and order.  Manning Decl. ¶ 5; Exhibit C. Robles Dep. at 88:11-90:15. | Additionally, Plaintiff is not a proficient user on JAWS.  Robles Tr. 76:14-77:14, Cannon Decl. ¶¶ 4-7. Plaintiff also used Edge, which his expert concedes is poor for accessibility.  Robles Tr. 122:10-12; Musachio Tr. 29:17-30:1. |
| 21.    Robles has also attempted to order pizza, view promotional specials, and attempt to log into the Domino's Mobile Application, which he accessed through his iPhones. Robles Decl. ¶ 20. | 21.    Disputed.  Evidentiary objection due to spoliation of evidence. |
| 22.    Mr. Robles attempted to use the Mobile Application on July 25, 2016, and again on June 19, 2019.  Robles Decl. ¶ 21. | 22.    Disputed.  Evidentiary objection due to spoliation of evidence. |
| 23.    On both occasions, however, Mr. Robles could not begin the pizza building experience, log into the app, or order a pizza on the Mobile App | 23.    Disputed.  Evidentiary objection due to spoliation of evidence.  September 30, 2020 Declaration of Aaron Cannon at Dkt. 101-5 ("Cannon Decl.") ¶ 19. |

| Plaintiff's Undisputed Material Facts and Alleged Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| because of the app's access barriers. Robles Decl. ¶ 22. | |
| 24.   For example, because a menu button on the app was coded incorrectly, it was announced as "Nina Invoke" to Mr. Robles.  Robles Decl. ¶ 23. | 24.   Disputed.  Evidentiary objection due to spoliation of evidence.   Cannon Decl. ¶ 9. |
| 25.   Mr. Robles could not tell what clicking "Nina Invoke" would do as he attempted to use the app to order pizza.  Robles Decl. ¶ 23. | 25.   Disputed.  Evidentiary objection due to spoliation of evidence. Cannon Decl. ¶ 9. |
| 26.   While Mr. Robles has visited the Website and Mobile App on various occasions since this litigation commenced to check on whether either was now usable, the inaccessibility of the Website and Mobile App have deterred him from patronizing Domino's, including its physical locations.  Robles Decl. ¶ 24. | 26.   Disputed.  Deveraux Decl. ¶ 2; Robles Tr. 89:24-90:12. |
| 27.   Were Domino's to fix its Website and Mobile App, Mr. Robles would use these online platforms to order pizza from Domino's retail locations, as well as to view promotional specials, maintain an online rewards | 27.   Disputed.  Plaintiff is a serial litigant who files lawsuits for money. Robles Tr. at 97:8-101:12.  Plaintiff does not always return to the websites he sues. Robles Tr. at 101:14-109:25.  Deveraux Decl. ¶ 2. |

| Plaintiff's Undisputed Material Facts and Alleged Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| account, and locate the nearest Domino's storefront.  Robles Decl. ¶ 25. | |
| 28.    Mr. Robles also plans to use Domino's online platforms in the future when he needs to order pizza for someone or if he decides he would like a Domino's Pizza.  Manning Decl. ¶ 5; Exhibit C. Robles Depo at 45:4-9; 112:15-25. | 28.    Disputed.  Plaintiff is a serial litigant who files lawsuits for money. Robles Tr. at 97:8-101:12.  Plaintiff does not always return to the websites he sues. Robles Tr. at 101:14-109:25. |
| 29.    Rosemary Musachio, an expert in the accessibility of information technology, has evaluated the Website and Mobile App at various times throughout this litigation in September 2016, March 2017, May 2019, January 30, 2020, May 29, 2020, and most recently on September 16, 2020.  Musachio Decl. ¶¶ 2-4, 20. | 29.    Disputed. Evidentiary Objection. Musachio Tr. 35:22-36:14. |
| 30.    On each occasion, she has found improper coding in both the Website and Mobile App that prevents blind individuals like Mr. Robles from accessing these platforms on an equal basis as sighted users.  Musachio Decl. ¶¶ 22-26. | 30.    Disputed. Evidentiary Objection. Musachio Tr. 35:22-36:14.  Cannon Decl. ¶ 12-19, Supp. Cannon Decl. ¶¶ 2-14. Evidentiary Objection – Irrelevant. |

SMRH:4817-9426-9389.4
DEFENDANT'S RESPONSE TO PLAINTIFF ROBLES' STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

| Plaintiff's Undisputed Material Facts and Alleged Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| 31.    On the Domino's Website, on May 19, 2019, Ms. Musachio identified several examples of accessibility barriers that preclude an equal user experience for blind users. Musachio Decl. ¶ 22. | 31.    Disputed.  Cannon Decl. ¶17a-ee. Evidentiary Objection – Irrelevant. |
| 32.    On May 19, 2019 the accessibility barriers for blind or visually-impaired people like Mr. Robles on the Website included: On the "How Do You Want Your Domino's?" link, blind users encountered excessive "Order Carryout" links that did not contain heading commands to determine which "Order Carryout" link belonged to which listed brick-and-mortar location. When the "More Info" link listed for each location was activated, screen readers do not read the expanded content that appeared visually on the screen.  Musachio Decl. ¶ 22.a. | 32.    Disputed.  Cannon Decl. ¶17a. Evidentiary Objection – Irrelevant. |
| 33.    On May 19, 2019 the accessibility barriers for blind or visually-impaired people like Mr. Robles on the Website included: | 33.    Disputed.  Cannon Decl. ¶17b. Evidentiary Objection – Irrelevant. |

SMRH:4817-9426-9389.4
DEFENDANT'S RESPONSE TO PLAINTIFF ROBLES' STATEMENT OF
UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

| Plaintiff's Undisputed Material Facts and Alleged Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| Error messages listed on the "Tracker" link were inaccessible to screen-readers, preventing them from knowing which mistakes must be corrected before proceeding. Musachio Decl. ¶ 22.b. | |
| 34.   On May 19, 2019 the accessibility barriers for blind or visually-impaired people like Mr. Robles on the Website included: Blind users could not build their own pizzas because the crust, size, sauce, and topping options were inaccessible to screen-readers.  Musachio Decl. ¶ 22.c. | 34.     Disputed.  Cannon Decl. ¶17c. Evidentiary Objection – Irrelevant. |
| 35.   On May 19, 2019 the accessibility barriers for blind or visually-impaired people like Mr. Robles on the Website included: To complete an online order, customers must use an ordering system dialog box that pops out when on the main ordering page. Yet the Website was coded so that blind screen reader users read content on the main page, rather than in the ordering system | 35.     Disputed.  Cannon Decl. ¶17e. Evidentiary Objection – Irrelevant. |

| Plaintiff's Undisputed Material Facts and Alleged Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| dialog box. This prevented screen reader users from utilizing the ordering system.  Musachio Decl. ¶ 22.d. | |
| 36.   On May 19, 2019 the accessibility barriers for blind or visually-impaired people like Mr. Robles on the Website included: The "Special Instructions "+" links to expand options listed throughout the ordering system only read "plus" to screen reader users, thus leaving them without an indication of what the "plus" was for.  Musachio Decl. ¶ 22.e. | 36.     Disputed.  Cannon Decl. ¶17f. Evidentiary Objection – Irrelevant. |
| 37.   On May 19, 2019 the accessibility barriers for blind or visually-impaired people like Mr. Robles on the Website included: When sighted users select buttons in the ordering system, messages appear in associated list boxes that contain lists of options to select. This did not occur for screen reader users, depriving them of necessary information for completing an order. Musachio Decl. ¶ 22.f. | 37.     Disputed.  Cannon Decl. ¶17g. Evidentiary Objection – Irrelevant. |
| 38.   On May 19, 2019 the | 38.   Disputed.  Cannon Decl. ¶17h. |

| Plaintiff's Undisputed Material Facts and Alleged Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| accessibility barriers for blind or visually-impaired people like Mr. Robles on the Website included: Order headings were inaccessible to screen readers, which prevented blind users from being able to skim and jump to specific content, as sighted users do with headings that are visually set off in bold or larger fonts. Without proper headings, words on the screen appear as one long unbroken chain of text, rather than in organized sections. Musachio Decl. ¶ 22.g. | Evidentiary Objection – Irrelevant. |
| 39.    On May 19, 2019 the accessibility barriers for blind or visually-impaired people like Mr. Robles on the Website included: Button options could not be accessed with arrow keys after a selection was made. Because blind screen reader users do not use a mouse to navigate, instead relying on key strokes, this coding error effectively blocked blind users from accessing certain options. Musachio Decl. ¶ 22.h | 39.    Disputed.  Cannon Decl. ¶17i. Evidentiary Objection – Irrelevant. |
| 40.    On May 19, 2019 the | 40.    Disputed.  Cannon Decl. ¶17j. |

SMRH:4817-9426-9389.4

DEFENDANT'S RESPONSE TO PLAINTIFF ROBLES' STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

| Plaintiff's Undisputed Material Facts and Alleged Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| accessibility barriers for blind or visually-impaired people like Mr. Robles on the Website included: List boxes that indicate quantity did not read in tandem with their associated products. Thus a blind user would hear that two of something had been selected, for example, but not know to which item this number referred. This issue also applied to the "Edit" and "Remove" links. Musachio Decl. ¶ 22.i. | Evidentiary Objection – Irrelevant. |
| 41.   On May 19, 2019 the accessibility barriers for blind or visually-impaired people like Mr. Robles on the Website included: Defendant's checkout system contained mislabeled and unlabeled links, buttons, and headings, preventing a blind user from being able to complete their transaction. Musachio Decl. ¶ 22.j. | 41.      Disputed.  Cannon Decl. ¶17l. Evidentiary Objection – Irrelevant. |
| 42.   On May 19, 2019 the accessibility barriers for blind or visually-impaired people like Mr. Robles on the Website included: | 42.      Disputed.  Cannon Decl. ¶17m. Evidentiary Objection – Irrelevant. |

SMRH:4817-9426-9389.4
DEFENDANT'S RESPONSE TO PLAINTIFF ROBLES' STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

| Plaintiff's Undisputed Material Facts and Alleged Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| The content in the "Step 1: Confirm Your Selections" section was not accessible for screen-reading technology.  Musachio Decl. ¶ 22.k. | |
| 43.   On May 19, 2019 the accessibility barriers for blind or visually-impaired people like Mr. Robles on the Website included: Blind and visually-impaired users could not select a brick-and-mortar location as sighted users can do because of the inaccessible structure on various pages of the Defendant's Website.  Musachio Decl. ¶ 22.l. | 43.   Disputed.  Cannon Decl. ¶17n. Evidentiary Objection – Irrelevant. |
| 44.   On May 19, 2019 the accessibility barriers for blind or visually-impaired people like Mr. Robles on the Website included: Blind users could not tab out of the "Deals" banner, preventing them from tabbing anywhere else on the page. Musachio Decl. ¶ 22.m. | 44.   Disputed.  Cannon Decl. ¶17o. Evidentiary Objection – Irrelevant. |
| 45.   On May 19, 2019 the accessibility barriers for blind or visually-impaired people like Mr. Robles on the Website included: | 45.   Disputed.  Cannon Decl. ¶17p. Evidentiary Objection – Irrelevant. |

| Plaintiff's Undisputed Material Facts and Alleged Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| Radio buttons (e.g. "Delivery", "Now") were not programmed so that screen readers announced the heading associated with them (i.e. "Service Method" or "Order Timing"). This left blind users guessing as to what each button was referring to, while sighted users had this information clearly displayed visually.  Musachio Decl. ¶ 22.n. | |
| 46.   On May 19, 2019 the accessibility barriers for blind or visually-impaired people like Mr. Robles on the Website included: Dynamic error messages on the Website were not programmed to be announced by screen readers, leaving blind users unaware of errors that required correction before advancing through a transaction.  Musachio Decl. ¶ 22.o. | 46.   Disputed.  Cannon Decl. ¶17q. Evidentiary Objection – Irrelevant. |
| 47.   On May 19, 2019 the accessibility barriers for blind or visually-impaired people like Mr. Robles on the Website included: When sighted users select an item, | 47.   Disputed.  Cannon Decl. ¶17r. Evidentiary Objection – Irrelevant. |

SMRH:4817-9426-9389.4

DEFENDANT'S RESPONSE TO PLAINTIFF ROBLES' STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

| Plaintiff's Undisputed Material Facts and Alleged Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| they receive a visual notification that their selection has been added to their online shopping cart. Yet the Website provided no such notification for screen readers, requiring blind users to go through extra steps to determine if they had successfully added an order to their shopping carts.  Musachio Decl. ¶ 22.p. | |
| 48.   On May 19, 2019 the accessibility barriers for blind or visually-impaired people like Mr. Robles on the Website included: The Website offers sighted users a dropdown calendar from which they can select a date for a future delivery. Yet this calendar was completely inaccessible to screen readers. Musachio Decl. ¶ 22.q. | 48.     Disputed.  Cannon Decl. ¶17u. Evidentiary Objection – Irrelevant. |
| 49.   On May 19, 2019 the accessibility barriers for blind or visually-impaired people like Mr. Robles on the Website included: When sighted users activate the "Checkout" link, they see the "You Might Also Enjoy" dialog window, | 49.     Disputed.  Cannon Decl. ¶17v. Evidentiary Objection – Irrelevant. |

| Plaintiff's Undisputed Material Facts and Alleged Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| which suggests other items to the customer to complement their selections. Yet this dialog window was not accessible to screen reader users, who are thus not offered these suggestions. Musachio Decl. ¶ 22.r. | |
| 50.   On May 19, 2019 the accessibility barriers for blind or visually-impaired people like Mr. Robles on the Website included: After sighted users select a side, drink, or dessert, a dialogue window appears to select quantity, additional options or sides, and to add to the order. Yet the window was not coded to appear to screen readers, thus blind users could not access the window or any of the controls in it.  Musachio Decl. ¶ 22.s. | 50.    Disputed.  Cannon Decl. ¶17w. Evidentiary Objection – Irrelevant. |
| 51.   On May 19, 2019 the accessibility barriers for blind or visually-impaired people like Mr. Robles on the Website included: Radio buttons on all of the "Drinks" popup dialogs were unlabeled, leaving blind users to guess at what selections they may be making.  Musachio Decl. | 51.    Disputed.  Cannon Decl. ¶17x. Evidentiary Objection – Irrelevant. |

| Plaintiff's Undisputed Material Facts and Alleged Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| ¶ 22.t. | |
| 52.   On May 19, 2019 the accessibility barriers for blind or visually-impaired people like Mr. Robles on the Website included: In the check-out section of the Website, the "Order Summary" data table was not coded correctly so screen reader users could associate column headers with the information, making the content of the summary largely unintelligible to blind users.  Musachio Decl. ¶ 22.u. | 52.   Disputed.  Cannon Decl. ¶17y. Evidentiary Objection – Irrelevant. |
| 53.   On May 19, 2019 the accessibility barriers for blind or visually-impaired people like Mr. Robles on the Website included: When users activated the "?" links, screen readers did not say that a tooltip appeared or read its contents. Musachio Decl. ¶ 22.v. | 53.   Disputed.  Cannon Decl. ¶17aa. Evidentiary Objection – Irrelevant. |
| 54.   On May 19, 2019 the accessibility barriers for blind or visually-impaired people like Mr. Robles on the Website included: The "Pay at Store" radio button simply | 54.   Disputed.  Cannon Decl. ¶17bb. Evidentiary Objection – Irrelevant. |

-19-

SMRH:4817-9426-9389.4

Case No. 2:16-cv-06599
DEFENDANT'S RESPONSE TO PLAINTIFF ROBLES' STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

| Plaintiff's Undisputed Material Facts and Alleged Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| reads as "Cash" to screen reader users. Screen readers also could read the note associated with this radio button. Musachio Decl. ¶ 22.w. | |
| 55.    On May 19, 2019 the accessibility barriers for blind or visually-impaired people like Mr. Robles on the Website included: The first options for the "Month" and "Year" list boxes acted as temporary labels. When users selected other options, the form fields became unlabeled. This means that it was no longer clear to blind users what information should be entered in these form fields.  Musachio Decl. ¶ 22.x. | 55.    Disputed.  Cannon Decl. ¶17cc. Evidentiary Objection – Irrelevant. |
| 56.    On May 19, 2019 the accessibility barriers for blind or visually-impaired people like Mr. Robles on the Website included: When users navigated to the "Confirm Password" edit box, the instructions that appear visually just below the edit field were not announced to screen reader users.  Musachio Decl. ¶ 22.y. | 56.    Disputed.  Cannon Decl. ¶17dd. Evidentiary Objection – Irrelevant. |
| 57.    On May 19, 2019 the | 57.    Disputed.  Cannon Decl. ¶17ee. |

| Plaintiff's Undisputed Material Facts and Alleged Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| accessibility barriers for blind or visually-impaired people like Mr. Robles on the Website included: Although "Piece of The Pie Rewards," "Easy Order and Recent Order," "Payment and Personal Info" are visual headings, they were not coded as such for blind users to navigate to them and associate them with content.  Musachio Decl. ¶ 22.z. | Evidentiary Objection – Irrelevant. |
| 58.    Ms. Musachio's most recent review of Defendant's Website on September 16, 2020, revealed new and continued barriers.  Musachio Decl. ¶ 23. | 58.    Disputed.  Cannon Decl. ¶ 12-14, ¶17a-ee, Exh. D.  Evidentiary objection – Irrelevant and *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 909 n.7 (9th Cir. 2011).  Objection on the grounds that Plaintiff's counsel claimed her September 2020 finding as non-discoverable drafts.  Musachio Tr. at 35:22-36:14. |
| 59.    On September 16, 2020, the accessibility barriers for blind or visually-impaired people like Mr. Robles on the Website included: The Home page has several "Order Now" buttons that are not associated with items, leaving blind users with no idea of what they are "ordering now" if | 59.    Disputed.  Cannon Decl. ¶ 12-14, ¶17a-ee, Exh. D.  Evidentiary objection – Irrelevant and *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 909 n.7 (9th Cir. 2011).  Objection on the grounds that Plaintiff's counsel claimed her September 2020 finding as non-discoverable drafts.  Musachio Tr. at 35:22-36:14. |

Case No. 2:16-cv-06599
DEFENDANT'S RESPONSE TO PLAINTIFF ROBLES' STATEMENT OF
UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

| Plaintiff's Undisputed Material Facts and Alleged Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| they select these buttons.  Musachio Decl. ¶ 23.a. | |
| 60.    On September 16, 2020, the accessibility barriers for blind or visually-impaired people like Mr. Robles on the Website included: As screen reader users navigate through the "Order" links on the menu page, they cannot tell the menu items with which each link is associated. Screen reader users cannot use heading commands to determine the association since headings appear below and above each "Order" link.  Musachio Decl. ¶ 23.b. | 60.    Disputed.  Cannon Decl. ¶ 12-14, ¶17a-ee, Exh. D.  Evidentiary objection – Irrelevant and *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 909 n.7 (9th Cir. 2011).  Objection on the grounds that Plaintiff's counsel claimed her September 2020 finding as non-discoverable drafts. Musachio Tr. at 35:22-36:14. |
| 61.    On September 16, 2020, the accessibility barriers for blind or visually-impaired people like Mr. Robles on the Website included: The Store Locator options are simulated radio buttons that should be navigated with radio buttons but are not. Although screen reader users can invoke shortcuts for the radio buttons, they cannot navigate to the middle "Pickup" option.  Musachio Decl. ¶ | 61.    Disputed.  Cannon Decl. ¶ 12-14, ¶17a-ee, Exh. D.  Evidentiary objection – Irrelevant and *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 909 n.7 (9th Cir. 2011).  Objection on the grounds that Plaintiff's counsel claimed her September 2020 finding as non-discoverable drafts. Musachio Tr. at 35:22-36:14. |

SMRH:4817-9426-9389.4
DEFENDANT'S RESPONSE TO PLAINTIFF ROBLES' STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

| Plaintiff's Undisputed Material Facts and Alleged Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| 23.c. | |
| 62.   On September 16, 2020, the accessibility barriers for blind or visually-impaired people like Mr. Robles on the Website included: The Location Results location names are visual headings that are not coded as such for screen reader users to navigate to them and associate them with content.  Musachio Decl. ¶ 23.d. | 62.   Disputed.  Cannon Decl. ¶ 12-14, ¶17a-ee, Exh. D.  Evidentiary objection – Irrelevant and *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 909 n.7 (9th Cir. 2011).  Objection on the grounds that Plaintiff's counsel claimed her September 2020 finding as non-discoverable drafts. Musachio Tr. at 35:22-36:14. |
| 63.   On September 16, 2020, the accessibility barriers for blind or visually-impaired people like Mr. Robles on the Website included: The Location Results page has many "Order Carryout" and "More info" links that are not programmatically associated with locations, leaving blind users to guess which information applies to which location.  Musachio Decl. ¶ 23.e. | 63.   Disputed.  Cannon Decl. ¶ 12-14, ¶17a-ee, Exh. D.  Evidentiary objection – Irrelevant and *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 909 n.7 (9th Cir. 2011).  Objection on the grounds that Plaintiff's counsel claimed her September 2020 finding as non-discoverable drafts. Musachio Tr. at 35:22-36:14. |
| 64.   On September 16, 2020, the accessibility barriers for blind or visually-impaired people like Mr. Robles on the Website included: When users activate a "More Info" link | 64.   Disputed.  Cannon Decl. ¶ 12-14, ¶17a-ee, Exh. D.  Evidentiary objection – Irrelevant and *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 909 n.7 (9th Cir. 2011).  Objection on the grounds that |

| Plaintiff's Undisputed Material Facts and Alleged Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| for a location, screen readers do not say it expands or reads the expanded content properly.  Musachio Decl. ¶ 23.f. | Plaintiff's counsel claimed her September 2020 finding as non-discoverable drafts.  Musachio Tr. at 35:22-36:14. |
| 65.    On September 16, 2020, the accessibility barriers for blind or visually-impaired people like Mr. Robles on the Website included: The "Add Items to This Coupon" dialog includes a "Pizza" button that does not work with keyboard access, thus preventing blind screen reader users from selecting the button. Musachio Decl. ¶ 23.g. | 65.    Disputed.  Cannon Decl. ¶ 12-14, ¶17a-ee, Exh. D.  Evidentiary objection – Irrelevant and *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 909 n.7 (9th Cir. 2011).  Objection on the grounds that Plaintiff's counsel claimed her September 2020 finding as non-discoverable drafts.  Musachio Tr. at 35:22-36:14. |
| 66.    On September 16, 2020, the accessibility barriers for blind or visually-impaired people like Mr. Robles on the Website included: In the "Build Your Own Pizza" dialog, the "Add to Cart" button, "Quantity" edit box, and the button that goes to the next section are in a difficult location for screen reader users to locate and should be below all the options.  Musachio Decl. ¶ 23.h. | 66.    Disputed.  Cannon Decl. ¶ 12-14, ¶17a-ee, Exh. D.  Evidentiary objection – Irrelevant and *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 909 n.7 (9th Cir. 2011).  Objection on the grounds that Plaintiff's counsel claimed her September 2020 finding as non-discoverable drafts.  Musachio Tr. at 35:22-36:14. |
| 67.    On September 16, 2020, the | 67.    Disputed.  Cannon Decl. ¶ 12-14, |

| Plaintiff's Undisputed Material Facts and Alleged Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| accessibility barriers for blind or visually-impaired people like Mr. Robles on the Website included: In the "Build Your Own Pizza" dialog, when users navigate to the "Special Instructions +" link, screen readers say only "plus."  Musachio Decl. ¶ 23.i. | ¶17a-ee, Exh. D.  Evidentiary objection – Irrelevant and *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 909 n.7 (9th Cir. 2011).  Objection on the grounds that Plaintiff's counsel claimed her September 2020 finding as non-discoverable drafts.  Musachio Tr. at 35:22-36:14. |
| 68.    On September 16, 2020, the accessibility barriers for blind or visually-impaired people like Mr. Robles on the Website included: In the "Build Your Own Pizza" dialog, when users press the tab button, which aids users for faster navigation to the forms and links of a page, screen readers do not say the selection that the tab activated.  Musachio Decl. ¶ 23.j. | 68.    Disputed.  Cannon Decl. ¶ 12-14, ¶17a-ee, Exh. D.  Evidentiary objection – Irrelevant and *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 909 n.7 (9th Cir. 2011).  Objection on the grounds that Plaintiff's counsel claimed her September 2020 finding as non-discoverable drafts.  Musachio Tr. at 35:22-36:14. |
| 69.    On September 16, 2020, the accessibility barriers for blind or visually-impaired people like Mr. Robles on the Website included: In the "Build Your Own Pizza" dialog, when a checkbox or radio button is selected, screen readers do not read the message that appears on the pizza image. For example, if "medium" | 69.    Disputed.  Cannon Decl. ¶ 12-14, ¶17a-ee, Exh. D.  Evidentiary objection – Irrelevant and *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 909 n.7 (9th Cir. 2011).  Objection on the grounds that Plaintiff's counsel claimed her September 2020 finding as non-discoverable drafts.  Musachio Tr. at 35:22-36:14. |

| Plaintiff's Undisputed Material Facts and Alleged Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| under "Choose A Size" is chosen, screen readers don not announce the "Serves 3-5" message that appears visually on the screen.  Musachio Decl. ¶ 23.k. | |
| 70.   On September 16, 2020, the accessibility barriers for blind or visually-impaired people like Mr. Robles on the Website included: In the "Build Your Own Pizza" dialog, when users select a checkbox or radio button, screen readers do not say an associated list box appears, depriving blind users of critical information that is presented visually to sighted customers.  Musachio Decl. ¶ 23.l. | 70.     Disputed.  Cannon Decl. ¶ 12-14, ¶17a-ee, Exh. D.  Evidentiary objection – Irrelevant and *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 909 n.7 (9th Cir. 2011).  Objection on the grounds that Plaintiff's counsel claimed her September 2020 finding as non-discoverable drafts.  Musachio Tr. at 35:22-36:14. |
| 71.   On September 16, 2020, the accessibility barriers for blind or visually-impaired people like Mr. Robles on the Website included: In the "Build Your Own Pizza" dialog, screen reader users cannot use their keyboards to navigate "which side of pizza" radio buttons using arrow keys, the standard method of navigating for blind users like Mr. Robles.  Musachio | 71.     Disputed.  Cannon Decl. ¶ 12-14, ¶17a-ee, Exh. D.  Evidentiary objection – Irrelevant and *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 909 n.7 (9th Cir. 2011).  Objection on the grounds that Plaintiff's counsel claimed her September 2020 finding as non-discoverable drafts.  Musachio Tr. at 35:22-36:14. |

| Plaintiff's Undisputed Material Facts and Alleged Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| Decl. ¶ 23.m. | |
| 72.   On September 16, 2020, the accessibility barriers for blind or visually-impaired people like Mr. Robles on the Website included: After closing the "Build Your Own Pizza" dialog, when users navigate to a radio button (e.g. "Delivery", "Now"), screen readers do not say the heading that is associated with them (i.e. "Service Method" or "Order Timing"). Musachio Decl. ¶ 23.n. | 72.   Disputed.  Cannon Decl. ¶ 12-14, ¶17a-ee, Exh. D.  Evidentiary objection – Irrelevant and *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 909 n.7 (9th Cir. 2011).  Objection on the grounds that Plaintiff's counsel claimed her September 2020 finding as non-discoverable drafts. Musachio Tr. at 35:22-36:14. |
| 73.   On September 16, 2020, the accessibility barriers for blind or visually-impaired people like Mr. Robles on the Website included: After closing the "Build Your Own Pizza" dialog, screen reader do not read dynamic error messages and thus cannot tell where mistakes were made that must be corrected before continuing with the transaction. Musachio Decl. ¶ 23.o. | 73.   Disputed.  Cannon Decl. ¶ 12-14, ¶17a-ee, Exh. D.  Evidentiary objection – Irrelevant and *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 909 n.7 (9th Cir. 2011). Objection on the grounds that Plaintiff's counsel claimed her September 2020 finding as non-discoverable drafts. Musachio Tr. at 35:22-36:14. |
| 74.   On September 16, 2020, the accessibility barriers for blind or visually-impaired people like Mr. | 74.   Disputed.  Cannon Decl. ¶ 12-14, ¶17a-ee, Exh. D.  Evidentiary objection – Irrelevant and *Oliver v. Ralphs Grocery* |

| Plaintiff's Undisputed Material Facts and Alleged Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| Robles on the Website included: After closing the "Build Your Own Pizza" dialog, when users select an item, screen readers do not say it is added to the cart, even though this information is indicated visually for sighted customers. This omission requires blind users to go through extra steps to determine if they have successfully added an order to their shopping carts.  Musachio Decl. ¶ 23.p. | *Co.*, 654 F.3d 903, 909 n.7 (9th Cir. 2011).  Objection on the grounds that Plaintiff's counsel claimed her September 2020 finding as non-discoverable drafts.  Musachio Tr. at 35:22-36:14. |
| 75.    On September 16, 2020, the accessibility barriers for blind or visually-impaired people like Mr. Robles on the Website included: After closing the "Build Your Own Pizza" dialog, screen readers do not announce the "Build Your Own Pizza" option when users tab through the listed options.  Musachio Decl. ¶ 23.q. | 75.    Disputed.  Cannon Decl. ¶ 12-14, ¶17a-ee, Exh. D.  Evidentiary objection – Irrelevant and *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 909 n.7 (9th Cir. 2011).  Objection on the grounds that Plaintiff's counsel claimed her September 2020 finding as non-discoverable drafts.  Musachio Tr. at 35:22-36:14. |
| 76.    On September 16, 2020, the accessibility barriers for blind or visually-impaired people like Mr. Robles on the Website included: After closing the "Build Your Own | 76.    Disputed.  Cannon Decl. ¶ 12-14, ¶17a-ee, Exh. D.  Evidentiary objection – Irrelevant and *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 909 n.7 (9th Cir. 2011).  Objection on the grounds that |

SMRH:4817-9426-9389.4
DEFENDANT'S RESPONSE TO PLAINTIFF ROBLES' STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

| Plaintiff's Undisputed Material Facts and Alleged Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| Pizza" dialog, although screen readers say "Quantity" for the list boxes, they do not say the product item associated with each form field, leaving blind users to guess which items correspond to which numbers.  Musachio Decl. ¶ 23.r. | Plaintiff's counsel claimed her September 2020 finding as non-discoverable drafts. Musachio Tr. at 35:22-36:14. |
| 77.    On September 16, 2020, the accessibility barriers for blind or visually-impaired people like Mr. Robles on the Website included: After closing the "Build Your Own Pizza" dialog, the page has many "Change" and "Remove" links without programmatic information for screen readers to associate each link with the item. This means blind users do not know what they are being asked to "change" or "remove."  Musachio Decl. ¶ 23.s. | 77.    Disputed.  Cannon Decl. ¶ 12-14, ¶17a-ee, Exh. D.  Evidentiary objection – Irrelevant and *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 909 n.7 (9th Cir. 2011).  Objection on the grounds that Plaintiff's counsel claimed her September 2020 finding as non-discoverable drafts. Musachio Tr. at 35:22-36:14. |
| 78.    On September 16, 2020, the accessibility barriers for blind or visually-impaired people like Mr. Robles on the Website included: After closing the "Build Your Own Pizza" dialog, blind users cannot | 78.    Disputed.  Cannon Decl. ¶ 12-14, ¶17a-ee, Exh. D.  Evidentiary objection – Irrelevant and *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 909 n.7 (9th Cir. 2011).  Objection on the grounds that Plaintiff's counsel claimed her September |

| Plaintiff's Undisputed Material Facts and Alleged Supporting Evidence | Defendant's Response and Supporting Evidence |
| --- | --- |
| navigate to the "Future Date" field. Musachio Decl. ¶ 23.t. | 2020 finding as non-discoverable drafts. Musachio Tr. at 35:22-36:14. |
| 79.   On September 16, 2020, the accessibility barriers for blind or visually-impaired people like Mr. Robles on the Website included: After closing the "Build Your Own Pizza" dialog, both the "Future Time" and "Future Date" fields have title attributes instead of aria-label, which can prevent screen readers from reading the fields' name.  Musachio Decl. ¶ 23.u. | 79.   Disputed.  Cannon Decl. ¶ 12-14, ¶17a-ee, Exh. D.  Evidentiary objection – Irrelevant and *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 909 n.7 (9th Cir. 2011).  Objection on the grounds that Plaintiff's counsel claimed her September 2020 finding as non-discoverable drafts. Musachio Tr. at 35:22-36:14. |
| 80.   On September 16, 2020, the accessibility barriers for blind or visually-impaired people like Mr. Robles on the Website included: In the "Classic Salad" dialog, the "Quantity" spinbuttons are not associated with side items, again leaving blind users to guess which items are associated with which quantities.  Musachio Decl. ¶ 23.v. | 80.   Disputed.  Cannon Decl. ¶ 12-14, ¶17a-ee, Exh. D.  Evidentiary objection – Irrelevant and *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 909 n.7 (9th Cir. 2011).  Objection on the grounds that Plaintiff's counsel claimed her September 2020 finding as non-discoverable drafts. Musachio Tr. at 35:22-36:14. |
| 81.   On September 16, 2020, the accessibility barriers for blind or visually-impaired people like Mr. | 81.   Disputed.  Cannon Decl. ¶ 12-14, ¶17a-ee, Exh. D.  Evidentiary objection – Irrelevant and *Oliver v. Ralphs Grocery* |

| Plaintiff's Undisputed Material Facts and Alleged Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| Robles on the Website included: In the "You Might Also Enjoy" dialog, food item names are visual headings that are not coded as such for screen reader users to navigate to them and associate them with content.  Musachio Decl. ¶ 23.w. | *Co.*, 654 F.3d 903, 909 n.7 (9th Cir. 2011).  Objection on the grounds that Plaintiff's counsel claimed her September 2020 finding as non-discoverable drafts. Musachio Tr. at 35:22-36:14. |
| 82.   On September 16, 2020, the accessibility barriers for blind or visually-impaired people like Mr. Robles on the Website included: In the "You Might Also Enjoy" dialog, there are several "Add to Cart" links that are not programmatically associated with product items. Musachio Decl. ¶ 23.x. | 82.   Disputed.  Cannon Decl. ¶ 12-14, ¶17a-ee, Exh. D.  Evidentiary objection – Irrelevant and *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 909 n.7 (9th Cir. 2011).  Objection on the grounds that Plaintiff's counsel claimed her September 2020 finding as non-discoverable drafts. Musachio Tr. at 35:22-36:14. |
| 83.   On September 16, 2020, the accessibility barriers for blind or visually-impaired people like Mr. Robles on the Website included: In the Cart, although screen readers say "Quantity" for the list boxes, it does not say the product item associated with each form field. The issue also applies to the "Edit" and "Remove" links.  Musachio Decl. ¶ | 83.   Disputed.  Cannon Decl. ¶ 12-14, ¶17a-ee, Exh. D.  Evidentiary objection – Irrelevant and *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 909 n.7 (9th Cir. 2011).  Objection on the grounds that Plaintiff's counsel claimed her September 2020 finding as non-discoverable drafts. Musachio Tr. at 35:22-36:14. |

| Plaintiff's Undisputed Material Facts and Alleged Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| 23.y. | |
| 84.    On September 16, 2020, the accessibility barriers for blind or visually-impaired people like Mr. Robles on the Website included: In the Cart, although the "Step 1: Confirm Your Selections" contents are visually structured as a data table, it is not coded as such so screen reader users can navigate through the information with headers (e.g. {header} Price {data} $1.99). Musachio Decl. ¶ 23.z. | 84.    Disputed.  Cannon Decl. ¶ 12-14, ¶17a-ee, Exh. D.  Evidentiary objection – Irrelevant and *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 909 n.7 (9th Cir. 2011).  Objection on the grounds that Plaintiff's counsel claimed her September 2020 finding as non-discoverable drafts. Musachio Tr. at 35:22-36:14. |
| 85.    On September 16, 2020, the accessibility barriers for blind or visually-impaired people like Mr. Robles on the Website included: In the Cart, although screen readers say "Quantity" for the list boxes on the popup dialog, it does not say the product item associated with each form field.  Musachio Decl. ¶ 23.aa. | 85.    Disputed.  Cannon Decl. ¶ 12-14, ¶17a-ee, Exh. D.  Evidentiary objection – Irrelevant and *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 909 n.7 (9th Cir. 2011).  Objection on the grounds that Plaintiff's counsel claimed her September 2020 finding as non-discoverable drafts. Musachio Tr. at 35:22-36:14. |
| 86.    On September 16, 2020, the accessibility barriers for blind or visually-impaired people like Mr. Robles on the Website included: | 86.    Disputed.  Cannon Decl. ¶ 12-14, ¶17a-ee, Exh. D.  Evidentiary objection – Irrelevant and *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 909 n.7 (9th Cir. |

| Plaintiff's Undisputed Material Facts and Alleged Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| In the Checkout, the "Order Summary" data table is not coded correctly so screen reader users cannot associate column headers with the information. Musachio Decl. ¶ 23.bb. | 2011).  Objection on the grounds that Plaintiff's counsel claimed her September 2020 finding as non-discoverable drafts. Musachio Tr. at 35:22-36:14. |
| 87.    On September 16, 2020, the accessibility barriers for blind or visually-impaired people like Mr. Robles on the Website included: In the Checkout, when users activate the "?" links, screen readers do not read their content. Instead, screen readers continue to read payment options on the initial screen.  Musachio Decl. ¶ 23.cc. | 87.    Disputed.  Cannon Decl. ¶ 12-14, ¶17a-ee, Exh. D.  Evidentiary objection – Irrelevant and *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 909 n.7 (9th Cir. 2011).  Objection on the grounds that Plaintiff's counsel claimed her September 2020 finding as non-discoverable drafts. Musachio Tr. at 35:22-36:14. |
| 88.    On September 16, 2020, the accessibility barriers for blind or visually-impaired people like Mr. Robles on the Website included: In the Checkout, keyboard users cannot navigate the "Tipping" radio buttons.  Musachio Decl. ¶ 23.dd. | 88.    Disputed.  Cannon Decl. ¶ 12-14, ¶17a-ee, Exh. D.  Evidentiary objection – Irrelevant and *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 909 n.7 (9th Cir. 2011).  Objection on the grounds that Plaintiff's counsel claimed her September 2020 finding as non-discoverable drafts. Musachio Tr. at 35:22-36:14. |
| 89.    On September 16, 2020, the accessibility barriers for blind or visually-impaired people like Mr. | 89.    Disputed.  Cannon Decl. ¶ 12-14, ¶17a-ee, Exh. D.  Evidentiary objection – Irrelevant and *Oliver v. Ralphs Grocery* |

| Plaintiff's Undisputed Material Facts and Alleged Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| Robles on the Website included: In the Checkout, the aria-label for "Pay at Store" radio button is "Cash", which misleads screen reader users. Musachio Decl. ¶ 23.ee. | *Co.*, 654 F.3d 903, 909 n.7 (9th Cir. 2011). Objection on the grounds that Plaintiff's counsel claimed her September 2020 finding as non-discoverable drafts. Musachio Tr. at 35:22-36:14. |
| 90.   On September 16, 2020, the accessibility barriers for blind or visually-impaired people like Mr. Robles on the Website included: In the Tracker page, screen readers do not say error messages about available orders because the code is not set to aria-alert="atomic." This leaves blind users guessing as to where they made an error that needs to be corrected before continuing, while sighted users receive this information visually. Musachio Decl. ¶ 23.ff. | 90.   Disputed. Cannon Decl. ¶ 12-14, ¶17a-ee, Exh. D. Evidentiary objection – Irrelevant and *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 909 n.7 (9th Cir. 2011). Objection on the grounds that Plaintiff's counsel claimed her September 2020 finding as non-discoverable drafts. Musachio Tr. at 35:22-36:14. |
| 91.   On September 16, 2020, the accessibility barriers for blind or visually-impaired people like Mr. Robles on the Website included: In the Create A Pizza Profile, when users activate the "?" links in the payment section, screen readers do not read their contents. Musachio Decl. ¶ | 91.   Disputed. Cannon Decl. ¶ 12-14, ¶17a-ee, Exh. D. Evidentiary objection – Irrelevant and *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 909 n.7 (9th Cir. 2011). Objection on the grounds that Plaintiff's counsel claimed her September 2020 finding as non-discoverable drafts. Musachio Tr. at 35:22-36:14. |

| Plaintiff's Undisputed Material Facts and Alleged Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| 23.gg. | |
| 92.    On September 16, 2020, the accessibility barriers for blind or visually-impaired people like Mr. Robles on the Website included: In the Create A Pizza Profile, when users navigate to the "Confirm Password" edit box, screen readers do not announce the instructions that appear visually just below the edit field.  Musachio Decl. ¶ 23.hh. | 92.    Disputed.  Cannon Decl. ¶ 12-14, ¶17a-ee, Exh. D.  Evidentiary objection – Irrelevant and *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 909 n.7 (9th Cir. 2011).  Objection on the grounds that Plaintiff's counsel claimed her September 2020 finding as non-discoverable drafts.  Musachio Tr. at 35:22-36:14. |
| 93.    On September 16, 2020, the accessibility barriers for blind or visually-impaired people like Mr. Robles on the Website included: In the Create A Pizza Profile, although "Piece of The Pie Rewards," "Easy Order and Recent Order," "Payment and Personal Info" are visual headings, they are not coded as such for users to navigate to them and associate them with content.  Musachio Decl. ¶ 23.ii. | 93.    Disputed.  Cannon Decl. ¶ 12-14, ¶17a-ee, Exh. D.  Evidentiary objection – Irrelevant and *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 909 n.7 (9th Cir. 2011).  Objection on the grounds that Plaintiff's counsel claimed her September 2020 finding as non-discoverable drafts.  Musachio Tr. at 35:22-36:14. |
| 94.    On September 16, 2020, the accessibility barriers for blind or visually-impaired people like Mr. Robles on the Website included: | 94.    Disputed.  Cannon Decl. ¶ 12-14, ¶17a-ee, Exh. D.  Evidentiary objection – Irrelevant and *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 909 n.7 (9th Cir. |

| Plaintiff's Undisputed Material Facts and Alleged Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| On the Domino's Anywhere page, there are three "Learn More" links that are not programmatically associated with other information. Thus, blind users do not know what they are "learning more" about. Musachio Decl. ¶ 23.jj. | 2011). Objection on the grounds that Plaintiff's counsel claimed her September 2020 finding as non-discoverable drafts. Musachio Tr. at 35:22-36:14. |
| 95.    Thus, even while Domino's fixed certain barriers previously identified by Plaintiff, it introduced new barriers to its Website.  Musachio Decl. ¶ 24. | 95.    Disputed.  Cannon Decl. ¶ 12-14, ¶17a-ee, Exh. D.  Evidentiary objection – Irrelevant and *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 909 n.7 (9th Cir. 2011).  Objection on the grounds that Plaintiff's counsel claimed her September 2020 finding as non-discoverable drafts. Musachio Tr. at 35:22-36:14. |
| 96.    When Ms. Musachio evaluated the Domino's Mobile App on January 30, 2020, she found examples of access barriers.  Musachio Decl. ¶ 25. | 96.    Disputed.  Evidentiary Objection – Irrelevant, Lacks Foundation, Undisclosed Expert Opinion.  Ms. Musachio evaluated the Android version of Domino's Mobile App which is a different code base than the one for iOS (and used by Plaintiff). Declaration of Chris Roeser at Dkt. 101-3 ("Roeser Decl."), ¶ 4; Musachio Tr. at 51:15-17, 52:3-5; Supp. Cannon Decl. ¶¶ 9, 10, 12. |

| Plaintiff's Undisputed Material Facts and Alleged Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| 97.    On January 30, 2020, the accessibility barriers for blind or visually-impaired people like Mr. Robles on the Mobile App included: The menu button was unlabeled, which prevented blind users from using it. Musachio Decl. ¶ 25.a. | 97.    Disputed.  Evidentiary Objection – Irrelevant, Lacks Foundation, Undisclosed Expert Opinion.  Ms. Musachio evaluated the Android version of Domino's Mobile App which is a different code base than the one for iOS (and used by Plaintiff). Roeser Decl. at ¶ 4.; Musachio Tr. at 51:15-17, 52:3-5; Supp. Cannon Decl. ¶ 9-10. |
| 98.    On January 30, 2020, the accessibility barriers for blind or visually-impaired people like Mr. Robles on the Mobile App included: In the Address section, edit boxes were unlabeled. Because they were not labeled, blind users did not know which information was requested in each edit box.  Musachio Decl. ¶ 25.b. | 98.    Disputed.  Evidentiary Objection – Irrelevant, Lacks Foundation, Undisclosed Expert Opinion.  Ms. Musachio evaluated the Android version of Domino's Mobile App which is a different code base than the one for iOS (and used by Plaintiff). Roeser Decl. at ¶ 4.; Musachio Tr. at 51:15-17, 52:3-5; Supp. Cannon Decl. ¶ 9-10. |
| 99.    On January 30, 2020, the accessibility barriers for blind or visually-impaired people like Mr. Robles on the Mobile App included: In the Address section, the first option in the "State" list box acted as a label for the entire list box (where it should have been labeled "State" for screen | 99.    Disputed.  Evidentiary Objection – Irrelevant, Lacks Foundation, Undisclosed Expert Opinion.  Ms. Musachio evaluated the Android version of Domino's Mobile App which is a different code base than the one for iOS (and used by Plaintiff). Roeser Decl. at ¶ 4.; Musachio Tr. at 51:15-17, 52:3-5; Supp. Cannon Decl. ¶ 9- |

| Plaintiff's Undisputed Material Facts and Alleged Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| readers). When users selected another option, the field became completely unlabeled.  Musachio Decl. ¶ 25.c. | 10. |
| 100.   On January 30, 2020, the accessibility barriers for blind or visually-impaired people like Mr. Robles on the Mobile App included: In the Address section, the "Save this Address" edit box was unlabeled, leaving blind users to guess which information was required.  Musachio Decl. ¶ 25.d. | 100.   Disputed.  Evidentiary Objection – Irrelevant, Lacks Foundation, Undisclosed Expert Opinion.  Ms. Musachio evaluated the Android version of Domino's Mobile App which is a different code base than the one for iOS (and used by Plaintiff). Roeser Decl. at ¶ 4.; Musachio Tr. at 51:15-17, 52:3-5; Supp. Cannon Decl. ¶ 9-10. |
| 101.  On January 30, 2020, the accessibility barriers for blind or visually-impaired people like Mr. Robles on the Mobile App included: In the Pizza Profile section, the "E-mail" edit box was unlabeled, leaving blind users to guess which information was required.  Musachio Decl. ¶ 25.e. | 101.   Disputed.  Evidentiary Objection – Irrelevant, Lacks Foundation, Undisclosed Expert Opinion.  Ms. Musachio evaluated the Android version of Domino's Mobile App which is a different code base than the one for iOS (and used by Plaintiff). Roeser Decl. at ¶ 4.; Musachio Tr. at 51:15-17, 52:3-5; Supp. Cannon Decl. ¶ 9-10. |
| 102.  On January 30, 2020, the accessibility barriers for blind or visually-impaired people like Mr. Robles on the Mobile App included: In Create a New Profile section, edit | 102.   Disputed.  Evidentiary Objection – Irrelevant, Lacks Foundation, Undisclosed Expert Opinion.  Ms. Musachio evaluated the Android version of Domino's Mobile App which is a different code base than |

| Plaintiff's Undisputed Material Facts and Alleged Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| boxes have placeholders that acted as labels. When placeholders were deleted, the fields became unlabeled. Musachio Decl. ¶ 25.f. | the one for iOS (and used by Plaintiff). Roeser Decl. at ¶ 4.; Musachio Tr. at 51:15-17, 52:3-5; Supp. Cannon Decl. ¶ 9-10. |
| 103.  On January 30, 2020, the accessibility barriers for blind or visually-impaired people like Mr. Robles on the Mobile App included: In the Order Timing section, list boxes were unlabeled.  Musachio Decl. ¶ 25.g. | 103.   Disputed.  Evidentiary Objection – Irrelevant, Lacks Foundation, Undisclosed Expert Opinion.  Ms. Musachio evaluated the Android version of Domino's Mobile App which is a different code base than the one for iOS (and used by Plaintiff). Roeser Decl. at ¶ 4.; Musachio Tr. at 51:15-17, 52:3-5; Supp. Cannon Decl. ¶ 9-10. |
| 104.  On January 30, 2020, the accessibility barriers for blind or visually-impaired people like Mr. Robles on the Mobile App included: In the Details section, the screen had many "Tap to Add" buttons that were not programmatically associated with items, leaving blind users guessing as to what they were "tapping to add." Musachio Decl. ¶ 25.h. | 104.   Disputed.  Evidentiary Objection – Irrelevant, Lacks Foundation, Undisclosed Expert Opinion.  Ms. Musachio evaluated the Android version of Domino's Mobile App which is a different code base than the one for iOS (and used by Plaintiff). Roeser Decl. at ¶ 4.; Musachio Tr. at 51:15-17, 52:3-5; Supp. Cannon Decl. ¶ 9-10. |
| 105.  On January 30, 2020, the accessibility barriers for blind or visually-impaired people like Mr. | 105.    Disputed.  Evidentiary Objection – Irrelevant, Lacks Foundation, Undisclosed Expert Opinion.  Ms. Musachio evaluated |

| Plaintiff's Undisputed Material Facts and Alleged Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| Robles on the Mobile App included: In the Details section, the "Adjust Amount" and "Select which pizza side" radio buttons were unlabeled. Musachio Decl. ¶ 25.i. | the Android version of Domino's Mobile App which is a different code base than the one for iOS (and used by Plaintiff). Roeser Decl. at ¶ 4.; Musachio Tr. at 51:15-17, 52:3-5; Supp. Cannon Decl. ¶ 9-10. |
| 106.  On January 30, 2020, the accessibility barriers for blind or visually-impaired people like Mr. Robles on the Mobile App included: In the Details section, when users activated a "Decrease" or "Increase" button, the screen reader did not read the new quantity.  Musachio Decl. ¶ 25.j. | 106.   Disputed.  Evidentiary Objection – Irrelevant, Lacks Foundation, Undisclosed Expert Opinion.  Ms. Musachio evaluated the Android version of Domino's Mobile App which is a different code base than the one for iOS (and used by Plaintiff). Roeser Decl. at ¶ 4.; Musachio Tr. at 51:15-17, 52:3-5; Supp. Cannon Decl. ¶ 9-10. |
| 107.  On January 30, 2020, the accessibility barriers for blind or visually-impaired people like Mr. Robles on the Mobile App included: In the Cart section, "Quantity" listboxes were unlabeled.  Musachio Decl. ¶ 25.k. | 107.   Disputed.  Evidentiary Objection – Irrelevant, Lacks Foundation, Undisclosed Expert Opinion.  Ms. Musachio evaluated the Android version of Domino's Mobile App which is a different code base than the one for iOS (and used by Plaintiff). Roeser Decl. at ¶ 4.; Musachio Tr. at 51:15-17, 52:3-5; Supp. Cannon Decl. ¶ 9-10. |
| 108.  On January 30, 2020, the accessibility barriers for blind or | 108.   Disputed.  Evidentiary Objection – Irrelevant, Lacks Foundation, Undisclosed |

DEFENDANT'S RESPONSE TO PLAINTIFF ROBLES' STATEMENT OF
UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

| Plaintiff's Undisputed Material Facts and Alleged Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| visually-impaired people like Mr. Robles on the Mobile App included: In the Checkout section, checkboxes and radio buttons were unlabeled. Musachio Decl. ¶ 25.l. | Expert Opinion.  Ms. Musachio evaluated the Android version of Domino's Mobile App which is a different code base than the one for iOS (and used by Plaintiff). Roeser Decl. at ¶ 4.; Musachio Tr. at 51:15-17, 52:3-5; Supp. Cannon Decl. ¶ 9-10. |
| 109.  On January 30, 2020, the accessibility barriers for blind or visually-impaired people like Mr. Robles on the Mobile App included: In the Pay with Card section, edit boxes, listboxes, and checkboxes were unlabeled.  Musachio Decl. ¶ 25.m. | 109.   Disputed.  Evidentiary Objection – Irrelevant, Lacks Foundation, Undisclosed Expert Opinion.  Ms. Musachio evaluated the Android version of Domino's Mobile App which is a different code base than the one for iOS (and used by Plaintiff). Roeser Decl. at ¶ 4.; Musachio Tr. at 51:15-17, 52:3-5; Supp. Cannon Decl. ¶ 9-10. |
| 110.  On September 16, 2020, Ms. Musachio reviewed the Mobile App again, which revealed the that the same barriers on the Mobile App remained the same as in January 2020. Musachio Decl. ¶ 26. | 110.   Disputed.  Evidentiary Objection – Irrelevant, Lacks Foundation, Undisclosed Expert Opinion.  Ms. Musachio evaluated the Android version of Domino's Mobile App which is a different code base than the one for iOS (and used by Plaintiff). Roeser Decl. at ¶ 4.; Musachio Tr. at 51:15-17, 52:3-5; Supp. Cannon Decl. ¶ 9-10; Cannon Decl. ¶19. |

| Plaintiff's Undisputed Material Facts and Alleged Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| 111.  Domino's Website and Mobile App need not be inaccessible to the blind. Domino's could implement well-established industry guidelines for designing, constructing and maintaining accessible websites, the Web Content Accessibility Guidelines.  Musachio Decl. ¶ 27. | 111.   Disputed.  Letter Dated September 25, 2018 from Stephen E. Boyd, Assistant U.S. Attorney, to the Hon. Ted Budd, House of Representatives.  (Request for Judicial Notice, Exh. A); *Robles v. Domino's Pizza LLC*, 913 F.3d 898 (2019) ("Here, Robles does not seek to impose liability based on Domino's failure to comply with WCAG 2.0."); Cannon Decl. ¶¶ 12-14, 19, Exh. D. |
| 112.  WCAG 2.1 is the most recent version of the Web Content Accessibility Guidelines.  Musachio Decl. ¶ 11. | 112.   Undisputed, but irrelevant.  Letter Dated September 25, 2018 from Stephen E. Boyd, Assistant U.S. Attorney, to the Hon. Ted Budd, House of Representatives.  (Request for Judicial Notice, Exh. A); *Robles v. Domino's Pizza LLC*, 913 F.3d 898 (2019) ("Here, Robles does not seek to impose liability based on Domino's failure to comply with WCAG 2.0."). |
| 113.  WCAG 2.1 builds on, but does not contradict, WCAG 2.0.  Musachio Decl. ¶ 11. | 113.   Undisputed, but irrelevant.  Letter Dated September 25, 2018 from Stephen E. Boyd, Assistant U.S. Attorney, to the Hon. Ted Budd, House of Representatives.  (Request for Judicial |

SMRH:4817-9426-9389.4

DEFENDANT'S RESPONSE TO PLAINTIFF ROBLES' STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

| Plaintiff's Undisputed Material Facts and Alleged Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| | Notice, Exh. A); *Robles v. Domino's Pizza LLC*, 913 F.3d 898 (2019) ("Here, Robles does not seek to impose liability based on Domino's failure to comply with WCAG 2.0."). |
| 114.  In particular, WCAG 2.1 contains additional guidance for creating accessible mobile applications.  Musachio Decl. ¶¶ 11, 27. | 114.   Undisputed, but irrelevant.  Letter Dated September 25, 2018 from Stephen E. Boyd, Assistant U.S. Attorney, to the Hon. Ted Budd, House of Representatives.  (Request for Judicial Notice, Exh. A); *Robles v. Domino's Pizza LLC*, 913 F.3d 898 (2019) ("Here, Robles does not seek to impose liability based on Domino's failure to comply with WCAG 2.0."). |
| 115.  Domino's could implement WCAG 2.1 for both the Website and Mobile App, which provides guidance for creating both accessible websites and mobile apps.  Musachio Decl. ¶ 27. | 115.   Disputed.  Letter Dated September 25, 2018 from Stephen E. Boyd, Assistant U.S. Attorney, to the Hon. Ted Budd, House of Representatives.  (Request for Judicial Notice, Exh. A); *Robles v. Domino's Pizza LLC*, 913 F.3d 898 (2019) ("Here, Robles does not seek to impose liability based on Domino's failure to comply with WCAG 2.0."); Cannon Decl. ¶¶ 12-14, 19, Exh. D. |
| 116.  Numerous large business entities | 116.   Disputed.  Musachio Tr. 12:15-17. |

DEFENDANT'S RESPONSE TO PLAINTIFF ROBLES' STATEMENT OF
UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

| Plaintiff's Undisputed Material Facts and Alleged Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| have used the WCAG, or have otherwise been able to make their websites and mobile applications accessible, including adding alt-text to graphics and ensuring that all functions can be performed using a keyboard and without having to use sight to manipulate objects on a mobile device screen.  Musachio Decl. ¶ 28. | |
| 117.  Given the dynamic nature of websites and mobile applications, a one-time fix of coding does not ensure long-term accessibility unless accompanied by policies and procedures to ensure that all involved in website and app coding and oversight consider accessibility in adding, editing, or maintaining content or features on these platforms.  Musachio Decl. ¶ 31. | 117.    Disputed.  Roeser Decl. ¶ 2. |
| 118.  On September 9, 2020, Domino's shared a report with Plaintiff from its proposed expert Aaron Cannon, however, his report only discussed the state of the Website on September 8 and 9, 2020, and it does not offer an | 118.    Disputed. Cannon Decl. ¶ 3-19, Exh. B and C.  Also, Ms. Musachio did not evaluate the iOS version of Defendant's Mobile App.  Musachio Tr. at 51:15-17, 52:3-5.  In addition, Ms. Musachio's report did not identify any |

SMRH:4817-9426-9389.4

DEFENDANT'S RESPONSE TO PLAINTIFF ROBLES' STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

| Plaintiff's Undisputed Material Facts and Alleged Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| opinion on the state of the Website on any of the earlier dates on which Ms. Musachio evaluated it. Furthermore, Mr. Cannon does not evaluate the Mobile App.  Manning Decl. ¶ 4, Exhibit B (Domino's late Expert Witness Disclosure) | specific barriers on the Android version of Defendant's mobile application. (Leimkuhler Decl., Exh. C). |
| 119.  Even as Domino's has remedied certain barriers identified by Plaintiff in this case, it has added new barriers to its Website during the pendency of this litigation. Musachio Decl. ¶ 29. | 119.   Disputed – Evidentiary Objection. *Oliver v. Ralphs Grocery Co*., 654 F.3d 903, 909 n.7 (9th Cir. 2011). |
| 120.  It would cost between $5,000 and $20,000 to remediate Domino's website to provide an equal user experience to the blind.  Musachio Decl. ¶ 30. | 120.   Disputed.  Evidentiary Objection – Lacks Foundation (Musachio Tr. at 23:22-24:3) and Undisclosed Opinion. Leimkuhler Decl. ¶ 3, Exh. C; Supp. Cannon Decl. ¶ 13. |
| 121.  It would cost between $5,000 and $20,000 to remediate Domino's Mobile App.  Musachio Decl. ¶ 31. | 121.    Disputed.  Evidentiary Objection – Lacks Foundation (Musachio Tr. at 23:22-24:3) and Undisclosed Opinion. Leimkuhler Decl. ¶ 3, Exh. C; Supp. Cannon Decl. ¶ 13.  Supp. Cannon Decl. ¶ 13. |

SMRH:4817-9426-9389.4

DEFENDANT'S RESPONSE TO PLAINTIFF ROBLES' STATEMENT OF
UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendant also submits the following additional material facts in opposition to Plaintiff's Motion for Summary Judgment.

| **Defendant's Additional Material Facts** | **Supporting Evidence.** |
|---|---|
| 122.   Defendant's Website and/or Mobile App is accessible to blind and or visually impaired users because blind users can use the Website and/or Mobile App to order a pizza, assuming the person using it has requisite skill, a modern web browser, and up to date screen reading software. | Cannon Decl. ¶¶ 12-14, 19, Exh. D. |
| 123.  Defendant also provides alternative options, such as telephone support, to communicate with potential customers. | Roeser Decl. ¶ 3, Exh. A. |
| 124.  Defendant is a limited liability company organized under the laws of the State of Michigan, with its principal place of business in Ann Arbor, Michigan, which is not open to the public. | Devereaux Decl. at ¶ 2. |
| 125.  Defendant does not own, operate, or lease any physical restaurant locations in California. | Devereaux Decl. at ¶ 2. |
| 126.  Defendant grants to independently owned and operated franchises the right to operate "Domino's" franchises pursuant to franchise agreements. | Devereaux Decl. at ¶ 2. |

| Defendant's Additional Material Facts | Supporting Evidence. |
|---|---|
| Through this franchise model, Defendant licenses intellectual property to independently owned and operated franchises. | |
| 127.  All "Domino's" restaurant locations in California are independently owned and operated by franchisees. | Devereaux Decl. at ¶ 2. |
| 128.  Defendant does not own, lease, or operate any franchised locations in California, nor is Defendant involved in any individual real estate transactions. | Devereaux Decl. at ¶ 2. |
| 129.  Defendant does not maintain control, or have the right to control, the day-to-day operations of the independently owned and operated Domino's Pizza franchisees or control whether they meet the accessibility standards of the Americans with Disabilities Act ("ADA"). | Devereaux Decl. at ¶ 2. |
| 130.  All independently owned and operated franchisees maintain their own restaurants and are solely responsible for enforcing policies related to accessibility at their own locations. | Devereaux Decl. at ¶ 2. |
| 131.  All of the foregoing was true in 2015 and has remained true through the | Devereaux Decl. at ¶ 2. |

DEFENDANT'S RESPONSE TO PLAINTIFF ROBLES' STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

| Defendant's Additional Material Facts | Supporting Evidence. |
|---|---|
| present. | |
| 132.  Plaintiff did not disclose any report from Ms. Musachio that included the existence of alleged barriers in September 2020. | Leimkuhler Decl., Exh. C. |
| 133.  Plaintiff claimed work product protection over discovery into the existence of alleged barriers in September 2020. | Musachio Tr. 36:11-14. |
| 134.  The Manning Law Firm prepared Ms. Musachio's report. | Musachio Tr. 50:20-51:7. |
| 134.  Plaintiff did not preserve his browsing history on his laptop that would prove or disprove he actually attempted to visit the Website and indicate what barriers he encountered. | Robles Tr. at 122:13-123:11. |
| 135.  Plaintiff can order a pizza from a Domino's restaurant using the phone without difficulty. | Robles. Tr. 55:12-21. |
| 136.  In order for a blind user to be able to access a website, a number of prerequisites have to be met. | Cannon Decl. ¶ 6. |
| 137.  First, like any other user, the person needs to have access to a computer with internet access. | Cannon Decl. ¶ 6. |
| 138.  In addition, the computer must be | Cannon Decl. ¶ 6. |

| Defendant's Additional Material Facts | Supporting Evidence. |
|---|---|
| running a reasonably modern operating system and web browser. | |
| 139.  The user must also have the knowledge or training necessary to know how to use the computer, its software, and websites in general. | Cannon Decl. ¶ 6. |
| 140.  However, unlike a sighted user, a blind user is also subject to several additional requirements. | Cannon Decl. ¶ 6. |
| 141.  For instance, a blind user must have an additional piece of software called a screen reader installed on their computer. | Cannon Decl. ¶ 7. |
| 142.  The purpose of a screen reader is to interface with the web browser to convert the contents of websites that the user visits into speech and/or braille. | Cannon Decl. ¶ 7. |
| 143.  Because screen reader users are generally not able to use a mouse, the screen reader is also responsible for enabling the user to generate mouse clicks and other actions from the keyboard. | Cannon Decl. ¶ 7. |
| 144.  Unfortunately, screen readers are rather complex pieces of software, and this poses another barrier to blind users. | Cannon Decl. ¶ 8. |
| 145.  It generally requires several | Cannon Decl. ¶ 8. |

| Defendant's Additional Material Facts | Supporting Evidence. |
|---|---|
| weeks of training, and often months of frequent practice in order to become a skilled user. | |
| 146.  A user can probably pick up the basics in a relatively short period, but unfortunately, this is often not enough for such users to be able to navigate the complexities of the modern web. | Cannon Decl. ¶ 8. |
| 147.  What is more, because the screen reader is so deeply intertwined with the web browser and operating system, using an outdated screen reader can also cause significant barriers to accessibility. | Cannon Decl. ¶ 9. |
| 148.  This happens because the screen reader communicates with the web browser and operating system by means of an application programming interface, and these interfaces tend to change over time. | Cannon Decl. ¶ 9. |
| 149.  As a result, eventually the old screen reader is not able to communicate with the browser or operating system as well, or perhaps even at all. | Cannon Decl. ¶ 9. |
| 150.  Of course, the final requirement is that the website needs to be coded | Cannon Decl. ¶ 10. |

SMRH:4817-9426-9389.4
DEFENDANT'S RESPONSE TO PLAINTIFF ROBLES' STATEMENT OF
UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

| | Defendant's Additional Material Facts | Supporting Evidence. |
|---|---|---|
| 1 | | |
| 2 | correctly in order to support the use of | |
| 3 | screen readers. | |
| 4 | 151.  If this is not done, then the user | Cannon Decl. ¶ 10. |
| 5 | may be unable to read the content, or | |
| 6 | interact with the various parts of the | |
| 7 | user interface. | |
| 8 | 152.  Further, it is important to draw a | Cannon Decl. ¶ 11. |
| 9 | distinction between true barriers that | |
| 10 | prevent a user from moving forward, | |
| 11 | versus things which are only | |
| 12 | inconveniences or personal preferences. | |
| 13 | 153.  Headings allow screen reader | Cannon Decl. ¶ 11. |
| 14 | users to better understand the | |
| 15 | organization of content on the page, as | |
| 16 | well as enabling them to quickly jump | |
| 17 | to the content they are interested in. | |
| 18 | 154.  But removing the heading markup | Cannon Decl. ¶ 11. |
| 19 | from most pages would not make them | |
| 20 | unusable. | |
| 21 | 155.  A user would likely still be able | Cannon Decl. ¶ 11. |
| 22 | to find the content that they were | |
| 23 | interested in. | |
| 24 | 156.  Unfortunately, the less experience | Cannon Decl. ¶ 11. |
| 25 | a user has, the more likely they are to | |
| 26 | struggle with things like this, or to | |
| 27 | overestimate their import. | |
| 28 | 157.  Plaintiff did not preserve his cell | Robles Tr. 123:12-14, 126:17-127:8 |

| Defendant's Additional Material Facts | Supporting Evidence. |
|---|---|
| phone that he allegedly used to download and access the Mobile App in 2016. | Leimkuhler Decl. Exh. D (Plaintiff's response to request for production No. 21 dated March 13, 2017), Exh. E (Plaintiff's response to request for production No. 34 dated December 5, 2019) |
| 158.  Plaintiff did not maintain any records of his alleged "trade-in" of his iPhone in 2018. | Robles Tr. 128:9-22. |
| 159.  Aaron Cannon, Defendant's expert and who is totally blind, was able to order a Domino's pizza on multiples occasions from Defendant's Website beginning in 2011. | Supp. Cannon Decl. ¶ 14, Exh. A. |
| 160.  Plaintiff made an erroneous assertion regarding how screen readers speak aloud background images. | Supp. Cannon Decl. ¶ 6, Robles Tr. at 76:14-77:14. |
| 161.  Plaintiff admits that in 2015 and 2016, when he claims to have visited Defendant's website, he was using Internet Explorer. | Robles Tr. at 52:14-17, 59:15-17 |
| 162.  Internet Explorer is outdated and does not interact well with JAWS. | Musachio Tr. 29:17-30:1, Cannon Decl. ¶ 9. |
| 163.  Ms. Musachio admits that accessibility issues are sometimes caused by the web browser. | Musachio Tr. 28:16-29:3. |

| Defendant's Additional Material Facts | Supporting Evidence. |
|---|---|
| 164.  During Plaintiff's deposition, he was using the Microsoft Edge browser. | Robles Tr. 122:10-12. |
| 165.  The Microsoft Edge browser does not work well with JAWS. | Musachio Tr. 29:17-30:1 |
| 166.  Plaintiff admits that he installs the "free" updates for JAWS. | Robles Tr. 28:16-29:1. |
| 167.  JAWS is a screen reading program that, if one does not purchase the new version every year, does not keep up with the latest technology and stops working correctly. | Supp. Cannon Decl. at ¶ 4, 8. |
| 168.  Plaintiff admits that updating JAWS improves the accessibility experience. | Robles Tr. 32:11-17. |
| 169.  Plaintiff admits that updating his iPhone to the latest iOS improved ability of his screen reader to access websites because it also updated his iPhone to the latest version of VoiceOver. | Robles Tr. 72:21-74:14. |
| 170.  During Plaintiff's deposition, the issue that he encountered was caused by a bug in the JAWS screen reader, not Defendant's Website. | Supp. Cannon Decl. at ¶ 7. |
| 171.  The JAWS screen reader is not | Robles Tr. 28:12-15 |

| Defendant's Additional Material Facts | Supporting Evidence. |
|---|---|
| designed for use on Apple devices. | |
| 172.  Plaintiff used his JAWS screen reader using his 2012 MacBook Pro using a configuration where he ran Windows 10 on that device. | Robles Tr. 26:18-28:15 |
| 173.  Plaintiff states that the Safari web browser is cumbersome for him to use. | Robles Tr. 26:18-28:15 |
| 174.  Plaintiff's expert, Rosemary Musachio, when she "tested" Defendant's website, used an outdated version of the JAWS screen reading software. | Musachio Tr. 30:15-22, Supp. Cannon Decl. ¶ 8. |
| 175.  This calls into question all of her findings because it is not possible to know whether she could have replicated, or bypassed, the alleged issues with a more modern screen reader. | Supp. Cannon Decl. ¶ 8. |
| 176.  Ms. Musachio made several comments during her deposition that betray a lack of understanding of some core fundamentals regarding accessibility. | Supp. Cannon Decl. ¶¶11-13. |
| 177.  Ms. Musachio tested the Android version of Defendant's Mobile App. | Musachio Tr. 51:15-17, 52:3-5 |
| 178.  Worse, Ms. Musachio tested the mobiles application on an Android | Musachio Tr. 51:15-17.  Supp. Cannon Decl. ¶ 9. |

| Defendant's Additional Material Facts | Supporting Evidence. |
|---|---|
| Emulator. | |
| 179.  The Android version of Defendant's mobile application is based on an entirely different code base than the Mobile App that runs on an iPhone | Roeser Decl. ¶ 4, Cannon Decl. ¶ 18. |
| 180.  Ms. Musachio estimates that 80% of her total workload is simply reviewing websites for the Manning Law firm. | Musachio Trancript at 14:15-18, from *Castillo v. Ruby's Red Ribbon, Inc.*, Los Angeles Superior Court Case No. 19PSCV00641 dated July 24, 2020, attached to Leimkuhler Decl. as Exh. F. |
| 181.  Ms. Musachio cannot recall a single website she reviewed that she considers to be accessible to blind/visually impaired individuals. | Musachio Tr. 12:15-17. |
| 182.  Individuals using screen readers are able to order a pizza from a Domino's franchise using either the Website or the Mobile App. | Cannon Decl. at ¶¶ 12-14, Exh. B and D. |
| 183.  Individuals using screen readers are able to order a pizza from a Domino's franchise using the Website. | Cannon Decl. at ¶¶ 12-14, Exh. B and D. |
| 184.  Individuals using screen readers are able to order a pizza from a Domino's franchise using the Mobile App. | Cannon Decl. Exh. C and ¶ 19, Roeser Decl. ¶ 4. |
| 185.  None of the alleged barriers found by Plaintiff's expert in May of 2019 are | Cannon Decl. ¶ 18a-ee and Exh. B. |

SMRH:4817-9426-9389.4
DEFENDANT'S RESPONSE TO PLAINTIFF ROBLES' STATEMENT OF
UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

| Defendant's Additional Material Facts | Supporting Evidence. |
|---|---|
| currently present on the Website or, in fact, are not barriers to screen reader users that would prevent them from using the Website. | |
| 186.  Defendant actively ensures that its Website and Mobile App are accessible to screen reader users by continuously incorporating accessibility features into its constantly changing Website and Mobile App. | Roeser Decl. ¶ 2. |
| 187.   As part of its further effort to accommodate its blind and visually impaired customers, Defendant's Website contains an accessibility banner that direct users who access the website or mobile application with a statement that "If you are using a screen reader and are having problems using this website please call for assistance" and provides a number. | Roeser Decl. ¶ 3, Exh. A. |
| 188.   This statement is able to be read by screen readers. | Robles Tr. at 62:4-13. |
| 189.  If a blind individual calls that number, the person can provide assistance with Defendant's Website. | Roeser Decl. ¶ 4. |

| Defendant's Additional Material Facts | Supporting Evidence. |
|---|---|
| 190.  Plaintiff did not notify Defendant of the alleged problems he had with the Website or Mobile App before he sued. | Robles Tr. 95:17-20; 96:11-16. |

Dated:  October 5, 2020

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By         /s/ *Gregory F. Hurley*

GREGORY F. HURLEY

Attorneys for DOMINO'S PIZZA LLC

-57-                Case No. 2:16-cv-06599

SMRH:4817-9426-9389.4        DEFENDANT'S RESPONSE TO PLAINTIFF ROBLES' STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT