SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
GREGORY F. HURLEY, Cal. Bar No. 126791
ghurley@sheppardmullin.com
BRADLEY J. LEIMKUHLER, Cal. Bar No. 261024
bleimkuhler@sheppardmullin.com
STACY M. DOMINGUEZ, Cal. Bar No. 279161
sdominguez@sheppardmullin.com
650 Town Center Drive, 10th Floor
Costa Mesa, California 92626-1993
Telephone: 714.513.5100
Facsimile: 714.513.5130

Attorneys for DOMINO'S PIZZA LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| GUILLERMO ROBLES,<br><br>Plaintiff,<br><br>v.<br><br>DOMINO'S PIZZA LLC,<br><br>Defendant. | Case No. 2:16-cv-06599-JBE-E<br>Honorable Jesus G. Bernal<br><br>**DEFENDANT DOMINO'S PIZZA LLC'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 2: TO EXCLUDE REFERENCE TO WCAG BASED ON NINTH CIRCUIT COURT'S OPINION; and DECLARATION OF BRADLEY J. LEIMKUHLER**<br><br>Date: November 23, 2020<br>Time: 11:00 a.m.<br>Ctrm: 1<br><br>Action Filed: September 1, 2016<br>Trial Date: December 8. 2020 |

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on November 23, 2020, at 11:00 a.m., or as soon as the matter may be heard in Department 1 of the United States District Court located at George E. Brown, Jr. Federal Courthouse, 3470 Twelfth Street, Riverside, CA 92501-3801, Defendant Domino's Pizza LLC ("Defendant") will, and hereby does, move this Court for an order *in limine* instructing Plaintiff Guillermo Robles ("Plaintiff"), any of his witnesses and/or his counsel to refrain from referring to any reference to WCAG based on the Ninth Circuit Court's opinion in this case the liability does not turn on WCAG compliance.

Defendant requests an order instructing Plaintiff and his counsel not to attempt to introduce in any form, suggest, argue, comment on, or refer to WCAG based on the Ninth Circuit's opinion in this case the liability does not turn on WCAG compliance. Defendant also requests the Court order Plaintiff's counsel to inform Plaintiff's witnesses of these instructions and to direct them not to make any reference to the aforementioned evidence.

This Motion is based upon this notice, the memorandum of points and authorities attached hereto and all of the pleadings, the Declaration of Bradley J. Leimkuhler, the records and files in this action and upon such other matters as may be presented at the time of the hearing of this matter.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on October 13, 2020.

Dated: October 26, 2020

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By /s/ *Gregory F. Hurley*
GREGORY F. HURLEY

Attorneys for DOMINO'S PIZZA LLC

# TABLE OF CONTENTS

**Page**


I. INTRODUCTION ..... 1

II. ARGUMENT ..... 1

A. Application of WCAG 2.0 Standards Violates Due Process. ..... 1

B. Plaintiff Represented That He Does Not Seek To Impose Liability Based On WCAG 2.0 And Should Not Be Permitted to Change That Position. ..... 4

III. CONCLUSION ..... 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alexander v. Kuok*
158 F. Supp. 3d 1012 (E.D. Cal. 2016) .......... 3

*Anaya v. Marin Cnty. Sheriff*
2014 WL 7273544 (N.D. Cal. Dec. 22, 2014) .......... 4

*Camarillo v. Carrols Corp.*
2010 WL 2557209 (N.D.N.Y. Jun. 24, 2010) .......... 4

*Camarillo v. Carrols Corp.*
518 F.3d 153 (2d Cir. 2008) .......... 4

*Collins v. Dartmouth-Hitchcock Med. Ctr.*
2015 WL 268842 (D.N.H. Jan. 21, 2015) .......... 3

*Dobard v. San Francisco Bay Area Rapid Transit Dist.*
1993 WL 372256 (N.D. Cal. Sept. 7, 1993) .......... 3

*Robles v. Domino's Pizza, LLC*
913 F.3d 898 (9th Cir.), cert. denied, 140 S. Ct. 122, 205 L. Ed. 2d 41 (2019) .......... 4

*West v. Moe's Franchisor, LLC*
2015 WL 8484567 .......... 4

Statutes

Americans With Disabilities Act ("ADA") .......... *passim*

Unruh Civil Rights Act ("UCRA") .......... 1

Other Authorities

28 C.F.R. § 26.303(c)(1) .......... 3

28 C.F.R. § 36.303 .......... 3

75 Fed. Reg. 43460-01, 2010 WL 2888003 (July 26, 2010) .......... 2

www.dominos.com .......... 1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This action concerns Plaintiff Guillermo Robles' ("Plaintiff") allegation that Defendant Domino's Pizza LLC's ("Defendant") website, www.dominos.com, (the "Website") violates the Unruh Civil Rights Act ("Unruh Act") because it is allegedly inaccessible to the blind and/or visually impaired.

Plaintiff has retained an expert, Rosemary Musachio, who purportedly identifies numerous alleged "barriers" on Defendant's Website. However, Ms. Musachio's opinions and much of Plaintiff's case are heavily premised upon a software audit that applies WCAG 2.0 standards. In fact, Plaintiff heavily relies on the WCAG 2.0 standard in his Complaint. (Dkt. 66.) In doing so, Plainitff and his expert are attempting to import wholesale the WCAG 2.0 standards as being required for a private Website to violate the ADA, when the WCAG 2.0 has not been adopted by the DOJ or any authority as an applicable standard.

By this motion in *limine* Defendant request an order instructing Plaintiff and his counsel not to attempt to introduce in any form, suggest, argue, comment on, or refer to WCAG based on the Ninth Circuit's opinion in this case the liability does not turn on WCAG compliance. Defendant also requests the Court order Plaintiff's counsel to inform Plaintiff's witnesses of these instructions and to direct them not to make any reference to the aforementioned evidence and alleged standards.

## II. ARGUMENT

### A. Application of WCAG 2.0 Standards Violates Due Process.

In March 20, 2017, U.S. District Judge S. James Otero dismissed this lawsuit pursuant to the primary jurisdiction doctrine because Plaintiff's lawsuit violated fundamental principles of due process given that no enforceable standards exist that apply to private websites under the ADA. As noted by Judge Otero, the DOJ is the agency tasked with promulgating regulations to provide concrete guidance for businesses on how they should provide access to the disabled community. In 2010,

the DOJ issued a Notice of Proposed Rulemaking ("NOPR") wherein it announced it was "considering revising the regulations implementing Title III of the ADA in order to establish requirements for making the goods, services, facilities, privileges, accommodations, or advantages offered by public accommodations via the Internet, specifically at sites on the [web], accessible to individuals with disabilities." Nondiscrimination on the Basis of Disability; Accessibility of Web Information and Services of State and Local Government Entities and Public Accommodations, 75 Fed. Reg. 43460-01, 2010 WL 2888003 (July 26, 2010). In that same NOPR, the DOJ expressly noted that "a clear requirement that provides the disability community consistent access to Web sites and covered entities clear guidance on what is required under the ADA does not exist." *Id*. at *43464 (emphasis added). The DOJ has yet to announce any regulatory guidance and has withdrawn its efforts to conduct rulemaking in this area.

As a result of this backdrop, many businesses across the country have been sued under the ADA (and related state laws) for injunctive relief, damages, and attorneys' fees for their allegedly inaccessible websites. Judge Otero found that application of third party technical standards, including specifically WCAG 2.0 "flies in the face of due process." 2017 WL 1330216 at *5. Specifically, the Court observed that it placed "those subject to Title III in the precarious position of having to speculate which accessibility criteria their websites and mobile applications must meet." Id. This is because there is a formal procedure for the DOJ to adopt access regulations and standards and, thus far, it has failed to do so. Therefore, it would be fundamentally unfair to determine that covered entities have violated the ADA because their particular Website does not strictly comply with this unadopted, third party standard.

In the absence of any specific technical specifications, the DOJ has rejected the concept that a website must be programmed in accordance with the WCAG:

"Absent the adoption of specific technical requirements for websites

> through rulemaking, public accommodations have flexibility in how to comply with the ADA's general requirements of nondiscrimination and effective communication. Accordingly, noncompliance with a voluntary technical standard for website accessibility does not necessarily indicate noncompliance with the ADA."

*See* Letter Dated September 25, 2018 from Stephen E. Boyd, Assistant U.S. Attorney, to the Hon. Ted Budd, House of Representatives. (Leimkuhler Exh. A). The regulations implementing Title III of the ADA "requires places of public accommodations to 'furnish appropriate auxiliary aids and services . . . to ensure effective communication with individuals with disabilities.'" *Alexander v. Kuok*, 158 F. Supp. 3d 1012, 1020 (E.D. Cal. 2016); 28 C.F.R. § 26.303(c)(1). The type of auxiliary aid or service necessary to ensure effective communication will vary in accordance with the length and complexity of the communication involved; and the context in which the communication is taking place. 28 C.F.R. § 36.303. A public accommodation should consult with individuals with disabilities whenever possible to determine what type of auxiliary aid is needed to ensure effective communication, but the ultimate decision as to what measure to take rests with the public accommodation, provided that the method chosen results in effective communication. *Id*. In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability. *Id*. There is no one size fits all solution to satisfy the ADA's effective communication requirement.

In other words, the effective communication requirement does "not require that disabled persons be treated preferentially or necessarily given the accommodation of their choice." *Collins v. Dartmouth-Hitchcock Med. Ctr.*, 2015 WL 268842, *4-5 (D.N.H. Jan. 21, 2015); *see also Dobard v. San Francisco Bay Area Rapid Transit Dist*., 1993 WL 372256, at *3-4 (N.D. Cal. Sept. 7, 1993) (dismissing an effective communication claim where the plaintiff demanded the

public accommodation provide him with real-time captioning services because the ADA gave BART the discretion to achieve that goal and provided an alternative service in the regulation); *Anaya v. Marin Cnty. Sheriff*, 2014 WL 7273544, *5 (N.D. Cal. Dec. 22, 2014) ("The ADA does not require an entity to provide the best accommodations possible, only *reasonable* ones to ensure equal access to its services.").

As a further example, the ADA does not require restaurants to provide braille menus to blind customers. *E.g. Camarillo v. Carrols Corp.*, 518 F.3d 153, 157 (2d Cir. 2008) ("restaurants are not necessarily required to have on hand large print menus that Camarillo would be able to read, they are required to ensure that their menu options are effectively communicated to individuals who, like Camarillo, are legally blind."). Having a server read the menu to blind individuals is sufficient to comply with the ADA. *Camarillo v. Carrols Corp.*, 2010 WL 2557209, at *3 (N.D.N.Y. Jun. 24, 2010); *see also West v. Moe's Franchisor, LLC*, 2015 WL 8484567, at *2 ("A public accommodation can choose among various alternatives as long as the result is effective communication. For example, a restaurant would not be required to provide menus in Braille for patrons who are blind, if the waiters in the restaurant are made available to read the menu.").

Under the effective communications standard, compliance with a particular regulation or standard is not required. Instead, the relevant inquiry is whether Plaintiff can communicate effectively with Defendant.

**B. <u>Plaintiff Represented That He Does Not Seek To Impose Liability Based On WCAG 2.0 And Should Not Be Permitted to Change That Position.</u>**

In this case, the Ninth Circuit overturned the previous "due process" dismissal based upon upon Plaintiff's representation that he does not seek to impose liability based on WCAG 2.0. *Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 907 (9th Cir.), cert. denied, 140 S. Ct. 122, 205 L. Ed. 2d 41 (2019).

> Here, Robles does not seek to impose liability based on Domino's failure to comply with WCAG 2.0. Rather, Robles merely argues—and we agree—that the district court can order compliance with WCAG 2.0 as an equitable remedy if, after discovery, the website and app fail to satisfy the ADA. At this stage, Robles only seeks to impose liability on Domino's for failing to comply with § 12182 of the ADA, not for the failure to comply with a regulation or guideline of which Domino's has not received fair notice. *See Reed*, 2017 WL 4457508, at *5 ("[A]t this point in the litigation ... Plaintiff does not seek to require [Defendant] to adopt any particular set of guidelines. Plaintiff simply alleges that her difficulty accessing [Defendant's] website and mobile app violate the ADA."). *Robles v. Domino's Pizza*, *LLC*, 913 F.3d 898, 907 (9th Cir.), cert. denied, 140 S. Ct. 122, 205 L. Ed. 2d 41 (2019).

Given Plaintiff's representation to the Ninth Circuit underlies the basis for its decision, it would be improper and disingenuous for Plaintiff, his witnesses, and his counsel to use the WCAG 2.0 as a basis for liability at trial. Not only would referencing or mentioning WCAG 2.0 be irrelevant, but it would likely lead to confusion on the part of the jury. The jury may be confused and inappropriately apply the wrong standard – compliance with WCAG 2.0 – instead of the more flexible effective communications standard.

## **III. <u>CONCLUSION</u>**

Plaintiff should not be permitted to testify, make reference to, or rely upon the WCAG – or any other unofficial website accessibility guideline. Such testimony will only serve to introduce irrelevant concepts, create confusion for the trier of fact, and prejudice Defendant. Therefore, Defendant respectfully requests, for all of the foregoing reasons, the Court grant this motion in limine #2, to exclude reference to the WCAG or any other official website accessibility guideline.

Dated: October 26, 2020

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By /s/ *Gregory F. Hurley*
GREGORY F. HURLEY

Attorneys for DOMINO'S PIZZA LLC