UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-6599-JGB(Ex) | Date | November 2, 2020 |
|---|---|---|---|
| Title | GUILLERMO ROBLES v. DOMINO'S PIZZA LLC | | |

| Present: The Honorable | Charles F. Eick, United States Magistrate Judge | | |
|---|---|---|---|
| Stacey Pierson | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| **Attorneys Present for Plaintiffs:** | | **Attorneys Present for Defendants:** | |
| None | | None | |

**Proceedings:**     (IN CHAMBERS)

    On October 29, 2020, the District Judge referred to the Magistrate Judge Plaintiff's "Motion to Exclude Defense Expert Aaron Cannon" and "Motion for Sanctions" ("the Motions"), filed September 28, 2020. The Motions are fully briefed. The Magistrate Judge has read and considered all papers filed in support of and in opposition to the Motions and has taken the Motions under submission without oral argument.

    The text entry effecting the referral of the Motions to the Magistrate Judge indicated that the referral was "for report and recommendation." Presumably, the entry so indicated because the Motions effectively seek terminating sanctions beyond the Magistrate Judge's authority to grant. See 28 U.S.C. § 636. As discussed below, the Magistrate Judge has concluded that, if Defendant belatedly produces the subject witnesses for depositions and if Plaintiff receives an opportunity thereafter to file supplemental papers in connection with the pending summary judgment motions, then such sanctions would not be appropriate. Therefore, in the interests of expedience and efficiency, the Magistrate Judge is ruling on the Motions rather than issuing a report and recommendation for a ruling by the District Judge.

    On reasonable notice under the circumstances of Defendant's September 9, 2020 expert witness designation and the September 21, 2020 discovery cutoff, Plaintiff noticed the deposition of Defendant's expert witness Aaron Cannon ("Cannon") to occur on September 17, 2020. Defendant failed to produce Cannon for deposition on that date even though, prior to that date, Defendant had failed to file a motion or application seeking a protective order relieving Defendant of the obligation to do so. On reasonable notice under the circumstances outlined in paragraphs 3-6 of the "Declaration of Michael J. Manning, Esq. in Support of Motion for Sanctions," filed September 28, 2020, and the circumstance of the September 21, 2020 discovery cutoff, Plaintiff noticed the Rule 30(b)(6) deposition of Defendant to occur on September 15, 2020. Defendant failed to produce a Rule 30(b)(6) witness for deposition on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-6599-JGB(Ex) | Date | November 2, 2020 |
|---|---|---|---|
| Title | GUILLERMO ROBLES v. DOMINO'S PIZZA LLC | | |

that date even though, prior to that date, Defendant had failed to file a motion or application seeking a protective order relieving Defendant of the obligation to do so. Notwithstanding Defendant's objections, Defendant was not privileged to fail to produce these witnesses for depositions on the noticed dates. See Fed. R. Civ. P. 30, 37(d)(2); Pioche Mines Consol., Inc. v Dolman, 333 F.2d 257. 269 (9th Cir. 1964), cert. denied, 380 U.S. 956 (1965). Defendant's objections, including Defendant's objections to the scope of the Rule 30(b)(6) deposition, have been waived. See id.

  To the extent Defendant attempts to justify its discovery abuses by reference to discovery abuses allegedly committed by Plaintiff, Defendant's reference is unpersuasive. "In law as in life, two wrongs do not make a right." Mulero-Abreu v. Puerto Rico Police Dept., 675 F.3d 88, 92 (1st Cir. 2012); see Harrison v. Commissioner Gary Lanigan, 2016 WL 3626524, at *2 (D.N.J. July 1, 2016) ("there is no place for 'tit-for-tat' in a court of law. One party's failure to comply with certain rules and procedures is not an excuse for another party to do the same"); Genentech, Inc. v. Trustees of University of Pennsylvania, 2011 WL 7074208, at *1 (N.D. Cal. June 10, 2011) ("A party may not excuse its failure to comply with discovery obligations by claiming that its opponent is similarly delinquent. Nor may a party condition its compliance with discovery obligations on receiving discovery from an opponent.") (citations and quotations omitted).

  In evaluating the propriety of the drastic non-monetary sanctions sought in the Motions, the Magistrate Judge has considered the following factors: (1) the public's interest in the expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the moving party; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. See Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1385 (9th Cir. 1988); see also In re Tan, 2007 WL 7541007, at *6 n.19 (9th Cir. BAP Sept. 28, 2007) (Ninth Circuit's five factor test for terminating sanctions also applies to requests for "functional equivalents" of terminating sanctions, such as an order precluding the allegedly offending party from supporting or opposing claims or defenses); Bonds v. District of Columbia, 93 F.3d 801, 808-13 (D.C. Cir. 1996), cert. denied, 520 U.S. 1274 (1997) (considering factors applicable to request for terminating sanctions where the evidentiary sanction sought "approache[d] a default judgment in its severity"); United States v. Sumitomo Marine & Fire Ins. Co., Ltd., 617 F.2d 1365, 1369 (9th Cir. 1980) (analogizing dismissal sanction to a preclusion of evidence sanction "that is tantamount to dismissal"). On balance, these factors do not weigh in favor of the relief sought. In particular, and perhaps most significantly, the prejudice to Plaintiff from Defendant's unprivileged failures to produce the subject witnesses for depositions may be remedied if Defendant now belatedly produces the subject witnesses for depositions and if Plaintiff receives an opportunity thereafter to file supplemental papers in connection with the pending summary judgment motions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-6599-JGB(Ex) | Date | November 2, 2020 |
|---|---|---|---|
| Title | GUILLERMO ROBLES v. DOMINO'S PIZZA LLC | | |

  Accordingly, Defendant is ordered to make the subject witnesses available for depositions prior to the end of November, 2020. Failure timely to do so may result in the imposition of drastic sanctions, including, without limitation, the striking of Defendant's Answer and the entry of Defendant's default. Plaintiff may file supplemental papers in connection with the pending summary judgment motions prior to the end of December, 2020. At pages 5-6 of the "Memorandum of Points and Authorities" filed in support of the "Motion for Sanctions," Plaintiff "further requests that the Court order Defendant to pay the costs of the September 15, 2020 deposition for which it did not appear, as well as Plaintiff's attorneys' fees in pursuing Defendant's failure to appear." However, Plaintiff failed to submit any evidence attempting to prove the amount or the reasonableness of any such costs or fees incurred. See Henry v. Gill Industries, Inc., 983 F.2d 943, 946 (9th Cir. 1993) (for purposes of a monetary sanctions award, the moving party must submit evidence sufficiently detailed to enable the court to consider all necessary factors). Therefore, except as expressly stated herein, the Motions are denied.

cc: Judge Bernal
   All Counsel of Record

Initials of Deputy Clerk  SP