# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 16-6599-JGB(Ex) | Date | March 18, 2021 |
|---|---|---|---|
| Title | GUILLERMO ROBLES v. DOMINO'S PIZZA LLC | | |

Present: The Honorable    Charles F. Eick, United States Magistrate Judge

| Valencia Munroe | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| **Attorneys Present for Plaintiffs:** | **Attorneys Present for Defendants:** |
|---|---|
| None | None |

**Proceedings:**          (IN CHAMBERS)

On September 15, 2020, Defendant failed to produce a Rule 30(b)(6) witness for deposition in response to a proper deposition notice served by Plaintiff.  See Minute Order, filed November 2, 2020. Although the discovery cutoff passed on September 21, 2020, the Magistrate Judge ordered that Defendant produce the Rule 30(b)(6) witness(es) for deposition(s) after the discovery cutoff, so as to prevent Defendant from benefitting from its own discovery abuse.  See id.

At the Rule 30(b)(6) deposition, which occurred on December 9, 2020, the deponent refused to identify changes made to Defendant's website and mobile app subsequent to the events giving rise to this action.  At the same deposition, the deponent was unprepared to testify concerning complaints regarding the accessibility of the website and mobile app to persons with disabilities, although the deponent testified he knew of a "JIRA" system Defendant utilizes to track such complaints.  The deponent admitted he had not attempted to access the JIRA system in preparation for the deposition.  It also appears that Defendant may have failed to access the JIRA system when responding to Plaintiff's previous requests for the production of documents reflecting any complaints regarding the accessibility of the website or the mobile app to visually impaired users other than Plaintiff.  See Joint Stipulation, filed March 2, 2021, pp. 18-23.

On February 23, 2021, the District Judge reopened discovery for the sole purpose of litigating whether Plaintiff should be allowed to seek additional documents and deposition testimony under the circumstances outlined above.  See Minute Order, filed February 23, 2021.  At the same time, the District Judge referred this discovery dispute to the Magistrate Judge for determination.  See id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-6599-JGB(Ex) | Date | March 18, 2021 |
|---|---|---|---|
| Title | GUILLERMO ROBLES v. DOMINO'S PIZZA LLC | | |

On March 2, 2021, Plaintiff filed the "Joint Stipulation etc." ("the Motion"), which noticed a March 26, 2021 hearing date.  The parties failed to file any timely supplemental memoranda.  See L.R. 37-2.3 (supplemental memoranda, if any, must be filed no later than fourteen (14) days prior to the hearing date).

The previously noticed March 26, 2021 hearing date is vacated.  The Magistrate Judge has taken the Motion under submission without oral argument.  For the reasons discussed below, the Motion is granted in part and denied in part.

Documents reflecting complaints regarding the accessibility of the website and the mobile app to visually impaired users other than Plaintiff over a particular period of time, including documents on the JIRA system, are relevant, nonprivileged and proportional to the needs of the case.  See Fed. R. Civ. P. 26(b).  It is ordered that, within twenty (20) days of the date of this Order, Defendant shall conduct a reasonable, good faith search for any such documents generated from January 1, 2014 to December 9, 2020, and shall produce all such documents to Plaintiff.  It is further ordered that, within thirty (30) days of the date of this Order, Defendant shall produce for deposition Rule 30(b)(6) deponent(s) prepared to testify regarding these complaints.  To the extent Plaintiff seeks other complaint-related documents and testimony, e.g. complaints regarding accessibility to non-visually impaired, disabled users or testimony concerning Defendant's past or future searches for documents, such discovery would not be proportional the present needs of the case.  See Fed. R. Civ. P. 26(b).

In the Motion, Plaintiff also seeks Rule 30(b)(6) deposition testimony on the subject of the accessibility-related changes made to Defendant's website and mobile app subsequent to the events giving rise to this action.  Defendant argues, inter alia, that such deposition testimony: (1) would be outside the scope of Rule 26(b) of the Federal Rules ov Civil Procedure; (2) would be protected by the work product doctrine; and (3) should be barred under Rule 407 of the Federal Rules of Evidence.

The Magistrate Judge finds that testimony identifying the subsequent changes actually implemented on the website and mobile app which affected accessibility to visually impaired users would be relevant, nonprivileged and proportional to the present needs of the case.  Accordingly, within thirty (30) days of the date of this Order, Defendant shall produce for deposition Rule 30(b)(6) deponent(s) prepared to give such testimony.  Broader and more detailed testimony sought by Plaintiff, which would appear to include other changes, what work was done in advance of any changes, who did any such work and why any such work was done, would  not be proportional to the present needs of the case.  See Fed. R. Civ. P. 26(b).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-6599-JGB(Ex) | Date | March 18, 2021 |
|---|---|---|---|
| Title | GUILLERMO ROBLES v. DOMINO'S PIZZA LLC | | |

The work product doctrine does not protect the deposition testimony ordered herein. Defendant has failed to demonstrate that the subsequent changes actually implemented on the website and mobile app which affected accessibility to visually impaired users were prepared "in anticipation of litigation or for trial" within the meaning of Rule 26(b)(3) of the Federal Rules of Civil Procedure. Moreover, by implementing these changes and displaying them on the website and mobile app, Defendant waived any work product protection that might otherwise have existed. See, e.g., Griffith v. Davis, 161 F.R.D. 687, 699 (C.D. Cal. 1995) (work product protection is waived whenever the disclosure of the information "substantially increases the opportunity for potential adversaries to obtain the information") (citations omitted); see generally 8 Wright, Miller & Marcus, Federal Practice and Procedure, § 2024 at 532 (2010). As Defendant itself concedes, the display of these changes on the website and mobile app substantially increased the opportunity for Plaintiff to obtain the information. See Joint Stipulation, p. 14 ("Plaintiff could easily have tracked changes made to Defendant's website as the litigation progressed . . .").

Rule 407 of the Federal Rules of Evidence does not bar the deposition testimony ordered herein. First, "Rule 407 is a rule of admissibility at trial; it is not a rule governing pretrial procedure." Jumper v. Yellow Corp., 176 F.R.D. 282, 284 (N.D. Ill. 1997); see Dupree v. County of Los Angeles, 2010 WL 11597454, at * 8 (C.D. Cal. Feb. 3, 2010) (Rule 407 "does not pertain to pretrial discovery"). Second, information "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Third, subsequent remedial measures are admissible at trial for certain purposes, as for impeachment and as relevant to disputed issues of feasibility. See Fed. R. Evid. 407 ("the court may admit this evidence for another purpose, such as impeachment or - if disputed - proving ownership, control, or the feasibility of precautionary measures"). The Magistrate Judge cannot conclude on the present record that all evidence of subsequent changes to the website and mobile app necessarily will be inadmissible at trial. See Rhodes v. JLG Industries, Inc., 2015 WL 11199066, at *6 (N.D. Ga. April 30, 2015) ("In many cases it might be difficult if not impossible for the plaintiff to demonstrate the admissibility of evidence that has not been produced, particularly before the parties have narrowed the scope of the issues for trial").

Except as expressly stated herein, the Motion is denied.

cc:     Judge Bernal
        All Counsel of Record                          Initials of Deputy Clerk   __VMUN__