SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GREGORY F. HURLEY, Cal. Bar No. 126791
ghurley@sheppardmullin.com
MICHAEL J. CHILLEEN, Cal. Bar No. 210704
mchilleen@sheppardmullin.com
STACY M. DOMINGUEZ, Cal. Bar No. 279161
sdominguez@sheppardmullin.com
650 Town Center Drive, 10th Floor
Costa Mesa, California 92626-1993
Telephone:  714.513.5100
Facsimile:  714.513.5130

Attorneys for DOMINO'S PIZZA LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| GUILLERMO ROBLES,<br><br>Plaintiff,<br><br>v.<br><br>DOMINO'S PIZZA LLC,<br><br>Defendant. | Case No. 2:16-cv-06599-JBG-E<br>Honorable Jesus G. Bernal<br><br>**DEFENDANT DOMINO'S PIZZA LLC'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 5: TO EXCLUDE ANY EVIDENCE OF POST-COMPLAINT VISITS TO DEFENDANT'S WEBSITE AND/OR MOBILE APPLICATION**<br><br>Date:   June 28, 2021<br>Time:   11:00 a.m.<br>Ctrm:   1<br><br>Action Filed:   September 1, 2016<br>Trial Date:   July 13, 2021 |

1   **TO THE HONORABLE COURT, ALL PARTIES AND THEIR**

2   **COUNSEL OF RECORD:**

3      **PLEASE TAKE NOTICE** that on June 28, 2021, at 11:00 a.m., or as soon as

4   the matter may be heard in Department 1 of the United States District Court located

5   at George E. Brown, Jr. Federal Courthouse, 3470 Twelfth Street, Riverside, CA

6   92501-3801, Defendant Domino's Pizza LLC ("Defendant") will, and hereby does,

7   move this Court for an order *in limine* instructing Plaintiff Guillermo Robles

8   ("Plaintiff"), any of his witnesses and/or his counsel to refrain from referring to any

9   reference or testimony regarding any post-complaint visits to the subject website

10  and mobile application.  Defendant brings this motion pursuant to Federal Rules of

11  Evidence 401 and 403, F.R.C.P. 8 and 15(d) and *Oliver v. Ralphs Grocery Co.*, 654

12  F.3d 903 (9th Cir. 2011).

13     By this Motion in Limine, Defendant moves for an order excluding evidence

14  or testimony regarding any post-complaint visits to the subject website and mobile

15  application.  Plaintiff has not sought leave to file a supplemental pleading and thus

16  should not be allowed to refer to post-complaint visits.  The exclusion of this

17  evidence will prevent possible unfair prejudice, eliminate jury confusion, and

18  facilitate judicial economy.

19     Defendant requests an order instructing Plaintiff and his counsel not to

20  attempt to introduce in any form, suggest, argue, comment on, or refer to evidence

21  of any post-complaint visits to the subject website and mobile application.

22  Defendant also requests the Court order Plaintiff's counsel to inform Plaintiff's

23  witnesses of these instructions and to direct them not to make any reference to the

24  aforementioned evidence.

25     This Motion is based upon this notice, the memorandum of points and

26  authorities attached hereto and all of the pleadings, the records and files in this

27  action and upon such other matters as may be presented at the time of the hearing of

28  this matter.

1    This motion is made following the conference of counsel pursuant to L.R. 7-3

2  which took place on May 18, 2021.

3  Dated:  May 28, 2021

4                                                   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

5

6                                    By      _____
                                                        /s/ *Michael J. Chilleen*
7                                                      GREGORY F. HURLEY
8                                                      MICHAEL J. CHILLEEN
                                                    Attorneys for DOMINO'S PIZZA LLC
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### MEMORANDUM OF POINTS AND AUTHORITIES

**I.   INTRODUCTION**

This action concerns Plaintiff Guillermo Robles' ("Plaintiff") allegation that Defendant Domino's Pizza LLC's ("Defendant") website, www.dominos.com, (the "Website"), and its mobile application violates the Unruh Civil Rights Act ("Unruh Act") because it is allegedly inaccessible to the blind and/or visually impaired. Plaintiff contends he was denied access to Defendant's Website / Mobile App on unspecified dates "at least as early at 2015" and "while this case has been pending since September 2016…up to the date of this First Amended Complaint in May 2019."  (FAC ¶¶ 37, 42, 45).

Defendant brings this motion in limine 5 to exclude any reference to barriers allegedly encountered on Defendant's website/mobile application after the First Amended Complaint was filed on June 14, 2019.  Plaintiff has not sought leave to file a supplemental pleading under F.R.C.P. 15(d) and thus any post-complaint visits are not at issue in this lawsuit.

**II.   ARGUMENT**

   **A.   Plaintiff's Claims Are Limited To Those In The Complaint.**

The pleadings serve as the outer measure of a plaintiff's claims.  In disability access cases, the Ninth Circuit has held that the specific barriers at issues must be alleged in the Complaint.  *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011).  In *Oliver*, the Ninth Circuit adopted a bright-line rule that all barriers must be identified in the complaint:

> [F]or purposes of Rule 8, a plaintiff must identify the barriers that
> constitute the grounds for a claim of discrimination under the ADA in
> the complaint itself; a defendant is not deemed to have fair notice of
> barriers identified elsewhere.

*Id*. at fn. 7, 909.  District Courts have applied this rule to require an ADA plaintiff to *specifically* identify the alleged barrier at issue.  *See, e.g. Gray v. County of Kern*,

1    2015 WL 7352302 (E.D. Cal. Nov. 19, 2015) (granting summary judgment to

2    Defendant for in part due to lack of fair notice because Plaintiff's complaint had

3    scant details regarding the alleged barriers leaving Defendant to "guess their

4    location and specific barriers related to Plaintiff's disability"); *Paulick v. Starwood*

5    *Hotels & Resorts Worldwide, Inc.*, 2012 WL 2990760, *12-13 (N.D. Cal. 2012)

6    (requiring that *specific* barriers had to be identified in the complaint and holding that

7    "allegations listing general categories of barriers simply are not enough to provide a

8    defendant with fair notice regardless of what may be included in a plaintiff's expert

9    report"); *Strong v. Walgreen Co.*, 2009 WL 3711930, *4 (C.D. Cal. 2009)

10   (allegation "there is incorrect signage posted at the handicapped van accessible

11   parking space" was "conclusory and provided no indication of how the sign is

12   incorrect or even what the sign says" and granting summary judgment to

13   Defendant).

14          The Ninth Circuit has recently reaffirmed this rule in a series of recent

15   decisions affirming the dismissal of claims that were not plead with adequate

16   particularity.  In *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1177 (9th Cir.

17   2021), the Ninth Circuit dismissed a similar complaint reasoning as follows:

18          Here, the district court correctly concluded Whitaker's complaint did

19          not allege facts sufficient to support his ADA claim because the

20          complaint primarily recited legal conclusions. [] The complaint alleges

21          that Tesla "failed to provide accessible service counters," that Whitaker

22          "personally encountered" the inaccessible service counters, and that he

23          was denied "full and equal access." These allegations do little more

24          than recite the elements of an ADA claim, and fall short of putting

25          Tesla on notice of how the counters prevented Whitaker from full and

26          equal access to the Tesla facility. The complaint failed to answer basic

27          questions: Were the service counters too low? Or too high? Were they

28          positioned in an area that was inaccessible for another reason? Without

1   this sort of factual detail, the district court and Tesla were left in the

2   dark about how the service counters denied Whitaker from full and

3   equal enjoyment of the premises.

4   *Id*. at 1177; *see also Whitaker v. Panama Joes Invs. LLC*, 2021 WL 238401, at *2

5   (9th Cir. Jan. 25, 2021) ("As the district court observed, the complaint did not allege

6   facts identifying the specific deficiencies in the dining surfaces that prevented

7   Whitaker from fully accessing the restaurant. Nor did it describe how the restrooms

8   were inaccessible or which paths of travel in the patio area were inaccessible.");

9   *Whitaker v. Body, Art and Soul Tattoos Los Angeles, LLC*, 2021 WL 237321, *2

10   (9th Cir. Jan. 25, 2021) (same).

11      **B.**    **Plaintiff Should Not Be Allowed To Refer To Any Post-Complaint**

12   **Visits.**

13         Under F.R.C.P. 15(d), "on motion and reasonable notice, the court may, on

14   just terms, permit a party to serve a supplemental pleading setting out any

15   transaction, occurrence, or event that happened after the date of the pleading to be

16   supplemented."

17         In this case, Plaintiff intends to testify regarding the alleged access barriers he

18   encountered on Defendant's website/mobile application on dates that occurred after

19   the filing of the First Amended Complaint on June 14, 2019.  (Docket 66).  For

20   example, Plaintiff's supplemental discovery response No. 8 refers to several visits

21   that occurred after June 14, 2019.  (Plaintiff's supplemental response to

22   interrogatory No. 8, attached as Exhibit A to Chilleen Decl.).  Plaintiff cannot claim

23   damages for visits that occurred after June 14, 2019 since he has not sought leave to

24   file a supplemental pleading to include them – they are simply not part of this

25   lawsuit.  Defendant will be prejudiced by the inclusion of any evidence of post-

26   complaint visits and the jury will be confused because they may think it is

27   permissible for them to award damages to Plaintiff based on post-complaint visits

28   that are not part of this lawsuit.

1

**III.    <u>CONCLUSION.</u>**

2          For all of the foregoing reasons, Defendant respectfully requests the Court

3   should grant Defendant's motion in limine 5, and enter an order precluding Plaintiff

4   and his witnesses from introducing any evidence, testimony, or argument regarding

5   any post-complaint visits to Defendant's website and/or mobile application.

6

7   Dated:  May 28, 2021

8                                  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

9

10

11                  By    _____
                                   /s/ *Michael J. Chilleen*
12                              GREGORY F. HURLEY
                                MICHAEL J. CHILLEEN
13                          Attorneys for DOMINO'S PIZZA LLC

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28