# Exhibit A

Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
**MANNING LAW, APC**
20062 S.W. Birch St., Suite 200
Newport Beach, CA 92660
Office: (949) 200-8755
Fax: (866) 843-8308
info@manninglawoffice.com

Attorneys for Plaintiff GUILLERMO ROBLES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| GUILLERMO ROBLES, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DOMINO'S PIZZA LLC, a limited liability corporation,<br><br>Defendant. | Case No.: 2:16-cv-06599- JGB-E<br><br>**PLAINTIFF GUILLERMO ROBLES' SUPPLEMENTAL RESPONSES TO DEFENDANT DOMINO'S FIRST SET OF INTERROGATORIES** |

| | |
|---|---|
| PROPOUNDING PARTY: | DOMINO'S PIZZA LLC |
| RESPONDING PARTY: | GUILLERMO ROBLES |
| SET NUMBER: | ONE |

1

(one violation), and used it again on at least one other occasion and was deterred from further use because of the barriers (one deterrence violation). He is therefore entitled to at least $16,000 in statutory minimum damages at a minimum, but likely more as supported by facts and law. *See Johnson v. Guedoir*, 218 F. Supp. 3d 1096, 1100, 1103 (E.D. Cal. 2016).

**Interrogatory No. 8:**

IDENTIFY each claimed violation of DISABILITY ACCESS LAWS that allegedly entitles YOU to statutory damages pursuant to California Civil Code §52(a) as alleged in YOUR complaint in this ACTION.

**Response to Interrogatory No. 8:**

A prevailing plaintiff is entitled to minimum statutory damages of $4,000 for each time he was discriminated against. Cal. Civ. Code § 52(a). "[T]he full panoply of Unruh Civil Rights Act remedies . . . include injunctive relief, actual damages (and in some cases as much as treble damages), and a minimum statutory award of $4,000 per violation." *Jankey v. Lee*, 55 Cal.4th 1038, 1044 (2012).

Domino's has violated the UCRA *at least four times*. Mr. Robles visited the Website once and was denied full and equal access (one violation) and visited on other separate occasions and was deterred from further use because of the access barriers (one single deterrence violation). He used the Mobile App once and was denied access (one violation), and used it again on at least one other occasion and was deterred from further use because of the barriers (one deterrence violation). He is therefore entitled to at least $16,000 in statutory minimum damages at a minimum, but likely more as supported by facts and law. *See Johnson v. Guedoir*, 218 F. Supp. 3d 1096, 1100, 1103 (E.D. Cal. 2016).

The facts surrounding each occurrence that entitles Plaintiff to statutory damages pursuant to Cal. Civ. Code § 52(a) are as follows: On July 18, 2015, Mr. Robles and a friend, Sofia Geleano, were watching a movie and decided to order pizza. Mr. Robles knew that his friend's son liked Domino's pizza, so he got on his laptop,

navigated to the Domino's Website, and attempted to order a customized pizza for delivery from the local Domino's store. Yet because Domino's Website was not coded properly for nonvisual access, he was unable to order a pizza through the Website. Mr. Robles encountered barriers such as unlabeled buttons and edit fields (which left him guessing as to what buttons were for or what information was required in the edit fields), images without textual descriptions ("alt text"), rotating carousels containing information that did not have alt text and could not be paused, and unstructured headings (that prevented him from viewing content in an organized fashion, as sighted people do who rely on visual headings in bold or larger font). These barriers either prevented him from accessing information or completing transactions altogether or made such tasks much more time consuming and laborious than they would be for a sighted user. Because of these barriers, Mr. Robles could not view promotional specials or customize and order his pizza from the Domino's Website.

Mr. Robles visited the Domino's Website on his laptop again on July 25, 2016, in September 2016, and on February 28, 2017, but continued to encounter these access barriers that prevented him from customizing and ordering a pizza or accessing promotional specials. When counsel for Domino's asked Mr. Robles to attempt to order a pizza through the Website during his deposition on September 21, 2020, Mr. Robles again encountered access barriers that prevented him from completing his transaction—in this case, an unlabeled edit box that Mr. Robles could not get past while trying to customize his pizza.

Mr. Robles visited the Website again on September 21, 2020, as a demonstration during his deposition with his and Defendant's counsel. Mr. Robles visited the Website once more on October 1, 2020, with his attorneys, to try to order a pizza for a future date and to determine if the Website had improved accessibility, due to Defendant's representations in its motion for summary judgment.

Mr. Robles has also attempted to order pizza, view promotional specials, and log into the Domino's Mobile Application, which he accessed through his iPhones.

Mr. Robles attempted to use the Mobile Application on July 25, 2016, and again on June 19, 2019. On both occasions, however, Mr. Robles could not log into the Mobile App or otherwise order a pizza because of the app's access barriers. For example, because a menu button on the app was coded incorrectly, it was announced as "Nina Invoke" to Mr. Robles. Mr. Robles could not tell what clicking "Nina Invoke" would do as he attempted to use the app to order pizza.

**Interrogatory No. 10:**

IDENTIFY each date YOU visited, used, or inspected the WEBSITE and MOBILE APP, including identification of all parties who may have been present on particular date and what item(s) YOU were intending on purchasing and/or browsing on that particular date.

**Response to Interrogatory No. 10:**

On July 18, 2015, Mr. Robles and a friend, Sofia Geleano, were watching a movie and decided to order pizza. Mr. Robles knew that his friend's son liked Domino's pizza, so he got on his laptop, navigated to the Domino's Website, and attempted to order a customized pizza for delivery from the local Domino's store. Yet because Domino's Website was not coded properly for nonvisual access, he was unable to order a pizza through the Website. Mr. Robles encountered barriers such as unlabeled buttons and edit fields (which left him guessing as to what buttons were for or what information was required in the edit fields), images without textual descriptions ("alt text"), rotating carousels containing information that did not have alt text and could not be paused, and unstructured headings (that prevented him from viewing content in an organized fashion, as sighted people do who rely on visual headings in bold or larger font). These barriers either prevented him from accessing information or completing transactions altogether or made such tasks much more time consuming and laborious than they would be for a sighted user. Because of these barriers, Mr. Robles could not view promotional specials or customize and order his pizza from the Domino's Website.