Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
**MANNING LAW, APC**
20062 S.W. Birch St., Suite 200
Newport Beach, CA 92660
Office: (949) 200-8755
Fax: (866) 843-8308
DisabilityRights@manninglawoffice.com

Eve L. Hill (pro hac vice)
Jessica P. Weber (pro hac vice)
**BROWN, GOLDSTEIN & LEVY, LLP**
120 East Baltimore Street, Suite 1700
Baltimore, Maryland 21202
Office: (410) 962-1030
Facsimile: (410) 385-0869
ehill@browngold.com
jweber@browngold.com

Attorneys for Plaintiff
Guillermo Robles

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| GUILLERMO ROBLES, | Case No. 2:16-cv-06599- JGB-E |
| Plaintiff, | **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* NO. 3 TO EXCLUDE TESTIMONY RE: PLAINTIFF'S EXPERIENCE ON WEBSITE DUE TO FAILURE TO PRESERVE BROWSING HISTORY** |
| vs. | |
| DOMINO'S PIZZA LLC, | |
| Defendant. | |
| | **HON. JESUS G. BERNAL** |
| | Pretrial Conference Date: June 28, 2021 |
| | Time:                          11:00 a.m. |
| | Dept.:                          1 |

1

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 3**

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2           Plaintiff submits this memorandum in opposition to Defendant's third motion

3 *in limine* for an order excluding "testimony regarding Plaintiff's experience on the

4 website/mobile application based on his failure to preserve and produce browsing

5 history." (Def.'s Mot. in Limine 3 ("MIL") at 1, ECF No. 123.) Without evidence,

6 Defendant seeks to attribute bad faith where there is none. Defendant also ignores the

7 controlling standard applied to electronically stored information in an attempt to

8 exclude an excessively broad category of evidence and thereby hamstring Plaintiff's

9 case. There was no bad faith and there is no prejudice to Defendant in the lack of

10 access to Plaintiff's cell phone or browser history. Plaintiff's claims concern the

11 inaccessible state of Defendant's website and mobile application on the dates he

12 attempted to use them. The best evidence related to the state of the website and mobile

13 application on the dates in question was and continues to be in the possession of

14 Defendant. Further, Defendant's motion is premised in part on its requests for

15 "browsing history and/or search history evidencing" Mr. Robles' visits to the

16 Domino's website and mobile application—requests for production that Magistrate

17 Judge Eick already found to be overbroad and not proportional to the needs of the

18 case.[1]

19 **I.      Legal Standard**

20           As Magistrate Judge Eick stated in his minute order on Defendant's motion to

21 compel, "[Federal Rule of Civil Procedure] 37(e) applies to evidence stored on cell

---

[1] "The Motion is denied as to Requests for Production Nos. 18, 19, <u>25 and 26</u> because those Requests are unreasonably overbroad and not proportional to the needs of the case." (Sept. 25, 2020 Order at 2, ECF No. 96.)

<u>Request No. 25</u>: "All browsing history and/or search history evidencing YOUR visit(s) or attempt(s) to visit the WEBSITE." (ECF No. 90-3.)

<u>Request No. 26</u>: "All browsing history and/or search history evidencing YOUR visit(s) or attempt(s) to visit the MOBILE APP." (*Id.*)

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 3**

phones." (ECF No. 96 at 4 (citing *Gaina v. Northridge Hospital Medical Center*, 2018 WL 6258895 (C.D. Cal. Nov. 21, 2018). Federal Rule of Civil Procedure 37(e) provides:

> Failure To Preserve Electronically Stored Information. If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
> (1) upon finding *prejudice* to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>
> (2) *only* upon finding that the party acted with the *intent to deprive* another party of the information's use in the litigation may:
>
>> (A) presume that the lost information was unfavorable to the party;
>> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
>> (C) dismiss the action or enter a default judgment.

(emphasis added).

Similar to the instant Motion, Defendant's Motion to Compel sought to dismiss Plaintiff's claims with prejudice as they relate to Plaintiff's use of Defendant's mobile application. Judge Eick explained, however, that "[i]n order to grant such relief, the Court would be required to make a finding that, in discarding or destroying the cell phone(s), Plaintiff acted with the *intent to deprive* Defendant of the use in this litigation of the information stored in the phone(s)." (ECF. No. 96 at 4 (citing Fed. R. Civ. P. 37(e), Advisory Committee Note to 2015 Amendment)) (emphasis added). As Judge Eick noted, "[a] finding of negligence or gross negligence is insufficient to warrant imposition of the remedies provided in Rule 37(e)(2)." (*Id.* (citing *Hernandez v. Tulare Cty. Corr. Ctr.*, 2018 WL 784287, at *4 (E.D. Cal. Feb. 8, 2018) (quoting Advisory Committee Notes' statement that the Rule "rejects cases . . . that authorize the giving of adverse inference instructions on a finding of negligence or gross

3

1  negligence")).)

2       Defendant has failed to demonstrate either prejudice to Defendant from the loss

3  of information or any intent to deprive thereof on behalf of Plaintiff. Once again,

4  Defendant's request that the Court exclude "Plaintiff's argument or evidence relating

5  to the Mobile Application and browsing history" runs afoul of the controlling legal

6  standard. (MIL 3, p. 10.)

7  **II.     Plaintiff Did Not Intend to Deprive Defendant of Any Information.**

8       In its Motion, Defendant describes the loss of Plaintiff's browsing history as

9  "intentional destruction." (MIL at 5.) In fact, the excerpt from Plaintiff's deposition

10 provided by Defendant shows just the opposite. (*Id*.) Plaintiff testified that he

11 attempted to provide the browser history as requested by Defendant, but discovered

12 that his browser only retained its history for 30 days. (*Id*.) There is absolutely no

13 indication—and Defendant provides none—that Plaintiff proactively sought out and

14 intentionally destroyed his browser history. To the contrary, as Plaintiff has

15 previously explained, he attempted to recover the browser history requested by

16 Defendant by contacting both Microsoft and Apple. (Decl. of Guillermo Robles ¶¶ 6-

17 7, ECF. No. 94-6.)

18      Likewise, with regard to Plaintiff's cell phones, Defendant again and without

19 evidence alleges Plaintiff had a "culpable state of mind" when the alleged destruction

20 of evidence occurred. (MIL at 8.) Yet as Plaintiff has also previously explained, he

21 traded in his cell phones because his "iPhone 6 stopped working because the battery

22 and antennae failed…" and his "iPhone 8 sustained water damage…" (ECF No. 94-6

23 ¶¶ 8-9.)  Mr. Robles' reasons for trading in his broken cell phones clearly do not

24 indicate any intent to deprive Defendant of any information, but rather the

25 replacement of broken devices that has become standard. For this reason, and contrary

26 to Defendant's mischaracterization (MIL at 8:22-24), Judge Eick wrote, "[t]he present

27 record is insufficient to demonstrate that Plaintiff had the requisite intent for the

28

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 3**

1  imposition of sanctions under Rule 37(e)(2)(C)." (ECF No. 96 at 4.)

2      Defendant's baseless accusations of bad faith and culpability cannot sustain an

3  argument that Plaintiff intentionally deprived Defendant of information. To the

4  contrary, as Plaintiff has previously sworn: "I did not think that I needed to keep my

5  broken iPhone 6 since this case is about accessibility of defendant's mobile

6  application and website and their coding, and not my device settings." (Robles Decl.

7  ¶ 10, ECF No. 94-6.)

8      **III.    Defendant Has Not Been Prejudiced.**

9      Defendant's argument that it is "unable to defend itself against Plaintiff's

10  claims about the Mobile Application without [Plaintiff's iPhone6]" and that without

11  Plaintiff's browser history, it has been "denied full access to the evidence needed for

12  rebuttal on the issues," is baseless. (*Id.* at 8-10.) Plaintiff's claims concern the

13  inaccessibility of Defendant's website and mobile application during the time periods

14  alleged in Plaintiff's First Amended Complaint ("FAC"). (*See* FAC at pp. 22-26, ECF

15  No. 66.) The relevant versions of Defendant's website and mobile application did not

16  reside on Plaintiff's web browser or cell phone, or anyone's web browser or cell phone

17  for that matter. The relevant versions existed on the internet and on servers under the

18  control of Defendant. Defendant was and is still in the best position to access versions

19  of its own website and mobile application from certain time periods. If it wishes to

20  show that Mr. Robles' device settings were to blame for the barriers he experienced,

21  it can do so by demonstrating that the previous version of its mobile application

22  provided an accessible user experience on different devices. It does not need Mr.

23  Robles' broken old cell phones for this purpose.

24      As Magistrate Judge Eick wrote, "[t]he present record is also insufficient to

25  determine the nature and extent of Defendant's alleged prejudice, which is a requisite

26  for the imposition of sanctions under Rule 37(e)(1)." (ECF. No. 96 at 4.) Defendant

27  has done nothing to remedy this insufficiency besides a strained argument that

28

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 3**

Plaintiff's browser history and inoperable iPhone 6 are necessary to challenge Plaintiff's standing. (MIL at 9.) There is no reasonable possibility, based on concrete evidence, that the browser history or the cell phone, contained evidence favorable to Defendant. According to Apple, visits to Domino's website and mobile application from 2016 would not have remained saved on Mr. Robles' device years later. *See* Safari User Guide, "Search your web browsing history in Safari on Mac," https://support.apple.com/guide/safari/search-your-web-browsing-history-ibrw1114/mac (last visited June 4, 2021) ("Safari uses iCloud to keep your browsing history the same on your iPhone, iPad, iPod touch, and Mac computers that have Safari turned on in iCloud preferences. However, your Mac can keep your browsing history for as long as a year, while some *iPhone*, iPad, and iPod touch models keep browsing history *for a month*.") (emphasis added). Thus, the receipt of Mr. Robles' iPhone in 2017 or later would have told Domino's nothing about his browsing history from 2016.

Domino's conduct in this litigation also makes clear that its claims of prejudice are manufactured. Domino's waited more than three years to challenge Plaintiff's objections to his discovery requests through its August 31, 2020 Motion to Compel. (*See* Opp'n to Mot. to Compel at 3, ECF No. 94.) Among the issues raised in its motion was its supposed need for Mr. Robles' laptop, in addition to his old cell phones. As it does now with respect to the old phones, Domino's claimed in that motion that reviewing Mr. Robles' laptop was critical to its ability "to determine and review whether Plaintiff actually attempted to visit the subject website and if he was able to access the alleged pages. (Def.'s Mem. Supp. Mot. to Compel at 7, ECF No. 90-1.)  Domino's further asserted that it needed the laptop because the "hard drives may have information on them that would confirm or deny Plaintiff's story" and "would assist Defendant in determining how Plaintiff browses the internet and uses a computer." (*Id.*)

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 3**

Given Defendant's representations to the Court concerning the importance of obtaining Mr. Robles' laptop, one would expect that it would immediately seize the opportunity to inspect the laptop once Magistrate Judge Eick granted that portion of its motion. (*See* ECF No. 96 at 1.) Yet in the over five months since Judge Eick's Order, Defendant has *not once* followed up with Plaintiff to request access to the laptop. Defendant's conduct reveals that, just as with Mr. Robles' broken old cell phones, Mr. Robles' laptop does not contain anything particularly important or relevant to Domino's defense, or else it likely would have actually sought the laptop following the Order.

## IV.  Conclusion

Defendant has failed to cure the insufficiencies identified by Magistrate Judge Eick as to either prejudice or intent under Fed. R. Civ. P. 37(e). Plaintiff's declaration, attached to his Opposition to Defendant's Motion to Compel, demonstrates that he lacked any intent to deprive Defendant of useful information. The fact that Defendant still has access to information regarding its own website and mobile application, along with its prior conduct in this litigation, undermines any claim of prejudice. Defendant's third motion *in limine* should be denied.

Dated: June 7, 2021                     Respectfully Submitted,


                                         */s/ Joseph R. Manning, Jr., Esq.*
                                        Joseph R. Manning Jr., Esq.
                                        MANNING LAW, APC

                                        Eve L. Hill (*pro hac vice*)
                                        Jessica P. Weber (*pro hac vice*)
                                        BROWN, GOLDSTEIN & LEVY, LLP

                                        Attorneys for Plaintiffs

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 3**